MLM:CP:AG
F. No. 2009R01065/OCDETF # NYNYE-616

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ARTURO BELTRAN-LEYVA,
HECTOR BELTRAN-LEYVA,
IGNACIO CORONEL VILLAREAL,
   also known as "El Nacho,"
JOAQUIN GUZMAN-LOERA,
   also known as "El Chapo,"
ISMAEL ZAMBADA-GARCIA,
   also known as "El Mayo," and
JESUS ZAMBADA-GARCIA,
   also known as "El Rey,"

        Defendants.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 21, U.S.C., §§ 848(a),
848(b), 848(c), 853(p),
959(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii) and 963;
T. 18, U.S.C., §§ 2 and
3551 et seq.)

THE GRAND JURY CHARGES:

INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

    1.  Since the 1990s, the Mexican Federation, also known as the "Federation," "La Federacion," the "Sinaloa Cartel" and the "Alliance," has existed as an organized crime syndicate founded upon longstanding relationships between Mexico's major drug trafficking kingpins.  The Federation has functioned as a council with representatives from the respective drug trafficking organizations of its principal leaders, the defendants ARTURO BELTRAN-LEYVA and his brother HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN

GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and his brother JESUS ZAMBADA-GARCIA, also known as "El Rey," and others.

2.   The Federation operated through cooperative arrangements and close coordination with South American cocaine sources of supply.  Through a network of corrupt police and political contacts, the Federation directed a large-scale narcotics transportation network involving the use of land, air and sea transportation assets, shipping multi-ton quantities of cocaine from South America, through Central America and Mexico, and finally into the United States.  While at times there have been rifts and in-fighting among the leaders of the Federation, historically they coordinated their criminal activities, shared and controlled Mexico's trafficking routes, resolved conflicts over territory, minimized inter-organization violence and ensured their common political and judicial protection.

3.   The defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA employed "sicarios," or hitmen, who carried out hundreds of acts of violence, including murders, kidnapings, tortures and violent collections of drug debts, at their direction.

COUNT ONE
(Continuing Criminal Enterprise)

4.    The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

5.    On or about and between January 1, 1990 and April 30, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA committed violations of Title 21, United States Code, Sections 952(a), 959(a), 960 and 963, including Violations One through Seven set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA, in concert with five or more other persons, with respect to whom the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA,

-3-

ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA occupied supervisory and management positions, and were principal administrators, organizers and leaders of the continuing criminal enterprise, and from which continuing series of violations the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA obtained substantial income and resources, in excess of $10 million in gross receipts during a twelve-month period for the manufacture, importation and distribution of cocaine. Each violation involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Seven set forth below.

<u>Violation One</u>
(International Cocaine Distribution -
Approximately 84,000 Kilograms of Cocaine)

6.    On or about and between January 1, 1990 and January 31, 1995, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA, together with others, did knowingly and

-4-

intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Two
(International Cocaine Distribution -
Approximately 1,500 Kilograms of Cocaine)

7.    On or about and between April 1, 2003 and April 30, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Three
### (International Cocaine Distribution -
### Approximately 6,000 Kilograms of Cocaine)

8.   On or about and between March 1, 2004 and April 30, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Four
### (Attempted International Cocaine Distribution -
### Approximately 10,500 Kilograms of Cocaine)

9.   On or about and between September 1, 2004 and September 30, 2004, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA, together with others, did knowingly and intentionally distribute and attempt to

-6-

distribute a controlled substance, intending and knowing that
such substance would be unlawfully imported into the United
States from a place outside thereof, which offense involved five
kilograms or more of a substance containing cocaine, a Schedule
II controlled substance, in violation of Title 21, United States
Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and
963, and Title 18, United States Code, Section 2.

<u>Violation Five</u>
(Attempted International Cocaine Distribution -
Approximately 12,000 Kilograms of Cocaine)

10.   On or about and between September 1, 2004 and
September 30, 2004, both dates being approximate and inclusive,
within the extraterritorial jurisdiction of the United States,
the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA,
IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL
ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA, together with others,
did knowingly and intentionally distribute and attempt to
distribute a controlled substance, intending and knowing that
such substance would be unlawfully imported into the United
States from a place outside thereof, which offense involved five
kilograms or more of a substance containing cocaine, a Schedule
II controlled substance, in violation of Title 21, United States
Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and
963, and Title 18, United States Code, Section 2.

-7-

## Violation Six
(International Cocaine Distribution -
Approximately 10,000 Kilograms of Cocaine)

11.  On or about and between January 1, 2004 and

December 31, 2004, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO

CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL ZAMBADA-GARCIA

and JESUS ZAMBADA-GARCIA, together with others, did knowingly and

intentionally distribute a controlled substance, intending and

knowing that such substance would be unlawfully imported into the

United States from a place outside thereof, which offense

involved five kilograms or more of a substance containing

cocaine, a Schedule II controlled substance, in violation of

Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3)

and 960(b)(1)(B)(ii), and Title 18, United States Code, Section

2.

## Violation Seven
(Attempted International Cocaine Distribution -
Approximately 3,200 Kilograms of Cocaine)

12.  On or about and between January 1, 2005 and

January 31, 2005, both dates being approximate and inclusive,

within the extraterritorial jurisdiction of the United States,

the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA,

IGNACIO CORONEL VILLAREAL, JOAQUIN GUZMAN-LOERA, ISMAEL

ZAMBADA-GARCIA and JESUS ZAMBADA-GARCIA, together with others,

did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(International Cocaine Distribution Conspiracy)

13.   The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

14.   On or about and between January 1, 1990 and April 30, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey," together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside

-9-

thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3551 et seq.)

<u>COUNT THREE</u>
(International Distribution of Cocaine -
Approximately 84,000 Kilograms of Cocaine)

15.   The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

16.   On or about and between January 1, 1990 and January 31, 1995, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five

kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(International Distribution of Cocaine -
Approximately 1,500 Kilograms of Cocaine)

17.    The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

18.    On or about and between April 1, 2003 and April 30, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
### (International Distribution of Cocaine - Approximately 6,000 Kilograms of Cocaine)

19.    The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

20.    On or about and between March 1, 2004 and April 30, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
### (Attempted International Distribution of Cocaine - Approximately 10,500 Kilograms of Cocaine)

21.    The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

-12-

22.   On or about and between September 1, 2004 and September 30, 2004, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey," together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SEVEN
(Attempted International Distribution of Cocaine -
Approximately 12,000 Kilograms of Cocaine)

23.   The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

24.   On or about and between September 1, 2004 and September 30, 2004, both dates being approximate and inclusive,

-13-

within the extraterritorial jurisdiction of the United States,
the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA,
IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN
GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA,
also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as
"El Rey," together with others, did knowingly and intentionally
attempt to distribute a controlled substance, intending and
knowing that such substance would be unlawfully imported into the
United States from a place outside thereof, which offense
involved five kilograms or more of a substance containing
cocaine, a Schedule II controlled substance, in violation of
Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c),
960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States
Code, Sections 2 and 3551 et seq.)

COUNT EIGHT
(International Distribution of Cocaine -
Approximately 10,000 Kilograms of Cocaine)

25.   The allegations contained in paragraphs one
through three are realleged and incorporated as if fully set
forth in this paragraph.

26.   On or about and between January 1, 2004 and
December 31, 2004, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO

-14-

CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

<u>COUNT NINE</u>
(Attempted International Distribution of Cocaine -
Approximately 3,200 Kilograms of Cocaine)

27.    The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

28.    On or about and between January 1, 2005 and January 31, 2005, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as

-15-

"El Rey," together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
(Continuing Criminal Enterprise)

29.   The United States hereby gives notice to the defendants charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of their interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to at least approximately a sum of money equal to $4 billion in United States currency.

-16-

30.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS TWO THROUGH NINE
(International Cocaine Trafficking)

31.  The United States hereby gives notice to the defendants charged in Counts Two through Nine that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses

-17-

to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including but not limited to at least approximately a sum of money equal to $4 billion in United States currency.

32.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))


A TRUE BILL


_____
FOREPERSON


BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#2009R01065

FORM DBD-34

JUN 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*ARTURO BELTRAN-LEYVA, HECTOR BELTRAN-LEYVA, IGNACIO CORONEL VILLAREAL, also known as "El Nacho," JOAQUIN GUZMAN-LOERA, also known as "El Chapo," ISMAEL ZAMBADA-GARCIA, also known as "El Mayo," and JESUS ZAMBADA-GARCIA, also known as "El Rey,"*

Defendant.

## INDICTMENT

(T. 21, U.S.C., §§ 848(a), 848(b), 848(c), 853(p), 959(a), 959(c), 960(a)(3), and 960(b)(1)(B)(ii); T. 18, U.S.C., §§ 2 and 3551 et seq.)

A true bill.

_____
                              Foreman

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
                              Clerk

Bail, $ _____

_____

*Andrea Goldbarg, Assistant U.S. Attorney (718-254-7578)*