# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

          -against-

JOAQUIN ARCHIVALDO GUZMAN LOERA,
    also known as "El Chapo," "El
    Rapido," "Chapo Guzman,"
    "Shorty," "El Senor," "El
    Jefe," "Nana," "Apa," "Papa,"
    "Inge" and "El Viejo,"

          Defendant.

PROTECTIVE ORDER
09-CR-466 (BMC) (S-4)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Upon the application of ROBERT L. CAPERS, United States Attorney for the Eastern District of New York, by Assistant United States Attorney Patricia E. Notopoulos,

        IT IS HEREBY ORDERED that:

        1.    The government will produce material to defense counsel marked with the words "PROTECTED MATERIAL" (the "Protected Discovery"). The Protected Discovery will not be disclosed to anyone who is not assigned to, and directly involved in, the preparation of the defense in the above-referenced case, as defined below. This Protected Discovery will not be copied or disseminated to anyone other than Joaquin Archivaldo Guzman Loera (the "defendant"), Defense Counsel or Defense Counsel's Team (as defined below), and must remain in the custody of the defense counsel at all times.

        2.    "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or was admitted to the EDNY pro hac vice to represent the

1

defendant. "Defense Counsel's Team" is defined as a partner or associate in Defense Counsel's law firm who is assigned to assist in the preparation of the defense. It also includes those persons who are employed by defense counsel or who are formally engaged to assist in the preparation of the defense, including expert witnesses. Foreign nationals, including foreign attorneys who represented the defendant in Mexico, are not considered a part of the Defense Counsel's Team.

      3.      Defense Counsel shall review the terms of this Protective Order with the defendant and members of the Defense Counsel's Team. Further, Defense Counsel shall have the defendant and every member of the Defense Counsel's Team sign an acknowledgement form provided by the Government affirming that they understand the terms of the Protective Order and consequences of violating the Protective Order, prior to reviewing any of the Protected Discovery. Defense Counsel shall keep an accounting of the pages of the Protected Discovery provided to members of the Defense Counsel's Team.

      4.      Should Defense Counsel wish to have persons who are not part of the Defense Counsel's Team view copies of the Protected Discovery for the purposes of assisting in the defense of this case, Defense Counsel shall submit their names to the government for approval prior to their viewing of the Protected Discovery (collectively, "Approved Persons"). An Approved Person shall:

    a. appear before the Court so that the Court may instruct the Approved Person as to the provisions of the Protective Order and the ramifications of any violation of the Protective Order;

    b. sign the acknowledgement form described in paragraph 3 above, prior to viewing the Protected Discovery;

2

   c. view the Protected Discovery in the presence of Defense Counsel; Defense Counsel shall keep an accounting of the pages of the Protected Discovery provided to the Approved Person and ensure that all pages of the Protected Discovery remain in the custody of Defense Counsel or the Defense Counsel's Team; and

   d. not retain custody of any of the Protected Discovery.

 5. The Protected Discovery shall not be removed from the United States. This prohibition precludes the Protected Discovery from being emailed or transferred electronically, or otherwise being disseminated in any other format or by any other means, to persons located outside the United States.

 6. Absent prior agreement of the government or permission from the Court, Protected Discovery shall not be included in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain or the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Protective Order limit Defense Counsel in its use of materials independently obtained.

 7. Either party to this Protective Order may petition the court at any time for a modification of the Protective Order.

 8. A copy of this Protective Order shall be kept with the protected discovery at all times.

 9. At the conclusion of this criminal case, Protected Discovery must

3

be returned to the government, except that Defense Counsel may retain one copy in Defense Counsel's file for use in potential post-trial proceedings.

Dated:     Brooklyn, New York
           February ____, 2017


                         SO ORDERED:     _____
                                         The Honorable Brain M. Cogan
                                         United States District Judge

4