Federal Defenders
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

February 6, 2017

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: United States v. Joaquin Archivaldo Guzman Loera, 09 CR 466 (BMC)**

Your Honor:

We write to request that Court issue an order compelling the Mexican Consulate, or the United States Attorney's Office for the Eastern District of New York to comply with the Court's order of February 3, 2017, directing that the Mexican Consulate or the United States Attorney's office deliver upon the defendant through his counsel, the document in which the government alleges "the Mexican government has granted the request for the waiver of specialty (*sic*)." *See* Transcript, Status Conference February 3, 2017 at pp. 15-16, 19-20, attached hereto as Exhibit A.

On February 3, 20017, immediately after the status conference, as directed by the Court, defense counsel, Michelle Gelernt, paralegal Victor Flores of the Federal Defenders of New York, as well as officials from the Mexican Consulate, proceeded to the marshals' pens in order to receive service of the purported waiver of speciality by the Mexican government. *See* Exhibit A at 19-20. The officials from the Consulate again refused to allow either Mr. Guzman, or defense counsel to review the document and requested that Mr. Guzman sign the document. Contrary to the Court's specific direction, the consular officials again refused to turn over the document without Mr. Guzman's signature.

Pursuant to the Rule of Speciality, Article 17 of the Treaty of Extradition between the United States and Mexico, "[a] person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted . . . unless [t]he requested Party has given its consent to his detention, trial,

punishment or extradition . . . for an offense other than that for which the extradition was granted." *See* Extradition Treaty, May 4, 1978, [1979] U.S.- Mexico, 31 U.S.T. 5059, Article 17 1. c).

As the Court is aware, Mr. Guzman was arrested in Mexico in January of 2016. After his arrest, the United States government sought his extradition to answer charges in the Western District of Texas and the Southern District of California. *See* Exhibit A at 16. Mr. Guzman, through his attorneys in Mexico, challenged the legality of the extradition requests and was in the process of appealing the extradition order when he was transported to the United States on January 19, 2017.

On February 3, 2017, in open court, the government appeared to concede that the United States did not file an extradition petition in Mexico seeking to charge Mr. Guzman in the Eastern District of New York for the charges pending before this Court. The government further revealed that Mr. Guzman's prosecution in this District was dependent on an alleged waiver of the Rule of Speciality by the Mexican government. *See* Exhibit A at 16. The defendant does not concede that a waiver of the Rule of Speciality by the Mexican government alone would render an otherwise unlawful prosecution lawful. The defendant, himself, has not waived any of his rights under the Extradition Treaty and specifically under the Rule of Speciality.

For the above stated reasons, we respectfully request the Court order the United States Attorney's office and/or the Consulate of Mexico to comply with the Court's directive to serve the papers on the Federal Defenders of New York forthwith.

Thank you for your attention to this matter.

Respectfully submitted,

/s/

Michelle Gelernt, Esq.
Michael K. Schneider, Esq.

cc: Clerk of the Court [by ECF]
AUSA Patricia Notopoulos, Esq.
AUSA Andrea Goldbarg, Esq.
AUSA Michael Robotti, Esq.
AUSA Hiral Mehta, Esq.
Mr. Joaquin Guzman