

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP/AG:HDM  *271 Cadman Plaza East*
F. #2009R01065  *Brooklyn, New York 11201*

February 10, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Joaquin Archivaldo Guzman Loera
                Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

        The government respectfully submits this letter in response to the Court's February 8, 2017 Order requiring the government to file a supplemental letter to "explain the need for protective measures when it is producing a waiver where the affiant and witness information is redacted."

        As the Court is aware, on February 7, 2017, the government indicated that it would provide the defendant with a redacted copy of the Mexican government's order granting a waiver of the Rule of Specialty in connection with the defendant's extradition to the United States (the "ROS Waiver").  See Dkt. Entry No. 36.  Given the nature of the contents of the ROS Waiver, the government also respectfully requested that the content of the ROS Waiver not be disseminated beyond the defendant and his defense counsel (under the terms in the government's proposed protective order, see Gov't Proposed Protective Order, Dkt. Entry No. 28 (Ex. A)).

        The government made this request for protective measures because the ROS Waiver is only in the government's possession as a diplomatic courtesy of the Mexican government.  As the ROS Waiver is treated by the Mexican government as a confidential document that is not publicly available, the government requests that the ROS Waiver be treated with the diplomatic sensitivities that it merits, and that its contents not be disseminated beyond the defendant and his defense counsel.

        In addition, as previously discussed in the government's February 7, 2017 letter, the Mexican Consulate attempted to provide the ROS Waiver to the defendant, but the

defendant refused to sign a form acknowledging his receipt of the ROS Waiver.  The Department of Justice Judicial Attaché at the United States embassy in Mexico City conferred with her counterparts in the Mexican government, who confirmed that, under Mexican law, the defendant was required to sign this acknowledgement form in order to receive a copy of the ROS Waiver.  Under Mexican law, when the defendant failed to sign the acknowledgement form, he relinquished the opportunity to receive the ROS Waiver from the Mexican government.  Moreover, because the defendant refused to sign the acknowledgment form, service of the ROS Waiver was satisfied under Mexican law.

To the extent that the defendant may seek in the future to challenge the propriety of his extradition based on the Mexican government not providing the ROS Waiver, the defendant should be estopped from making such an argument because it was his decision not to accept the ROS Waiver in accordance with Mexican law.  Thus, the government respectfully requests that any order compelling production of the ROS Waiver also state that the defendant be precluded from making such an argument.

Respectfully submitted,

ROBERT L. CAPERS
UNITED STATES ATTORNEY
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

WIFREDO A. FERRER
UNITED STATES ATTORNEY
Southern District of Florida

cc.     Michelle Gelernt, Esq.
        Michael Schneider, Esq.