GMP:AG:MPR/PEN
F.# 2009R01065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

-against-

JOAQUIN ARCHIVALDO GUZMAN LOERA,
also known as "El Chapo," "El Rapido," "Chapo Guzman," "Shorty," "El Senor," "El Jefe," "Nana," "Apa," "Papa," "Inge" and "El Viejo,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PROTECTIVE ORDER
09 CR 466 (BMC)(S-4)

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court that a protective order be issued pursuant to Federal Rule of Criminal Procedure 16(d) ("Protective Order"), stating that:

1. The government will produce material to Defense Counsel (as defined below) marked with the words "PROTECTED MATERIAL," or otherwise identified in the government's sole discretion in writing as such (the "Protected Discovery"). The Protected Discovery will include:

a. Witness statements provided pursuant to 18 U.S.C. § 3500;

b. Information that could lead to the identification of potential witnesses, including civilian, foreign and domestic law enforcement witnesses and cooperating witnesses;[1]

c. Information related to ongoing investigations, including information that could identify the targets of such investigations; and

d. Information related to sensitive law enforcement techniques.

This Protected Discovery will not be copied or disseminated to anyone other than the defendant Joaquin Archivaldo Guzman Loera (the "defendant"), Defense Counsel or Defense Counsel's Team (as defined below), and must remain in the custody of the Defense Counsel at all times.

2. "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or was admitted to the EDNY pro hac vice to represent the defendant. "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense. Defense Counsel's Team also includes paralegals, investigators, translators, litigation support personnel and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense. Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including Expert Witnesses.[2] Foreign nationals, including foreign attorneys who represented the

---

[1] Where information regarding a domestic law enforcement agent's identity and specific role in an event previously has been disclosed in public court filings, such information will not be designated Protected Discovery.

[2] An "Expert Witness" is defined as a person who has been retained by Defense Counsel to offer testimony at trial pursuant to Federal Rule of Evidence 702.

defendant in Mexico, are **not** considered part of Defense Counsel's Team. Defense Counsel may request approval from the Court for foreign nationals to be considered part of Defense Counsel's Team under this Protective Order. Defense Counsel shall provide Firewall Counsel[3] for the government with the name of any such foreign national prior to its request for Court approval, and Firewall Counsel shall be provided the opportunity to respond to the Court prior to approval.

3. Defense Counsel shall review the terms of this Protective Order with the defendant and members of the Defense Counsel's Team. Further, Defense Counsel shall have the defendant and every member of the Defense Counsel's Team sign an acknowledgement form provided by the government affirming that they understand the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Protected Discovery. Defense Counsel shall keep an accounting of the pages of the Protected Discovery provided to members of the Defense Counsel's Team.

4. When negotiating with a Prospective Expert Witness[4] in anticipation of engaging that person to assist in the preparation of the defense, Defense Counsel, or any defense investigator or paralegal who is part of Defense Counsel's Team, may show (but not provide)

---

[3] "Firewall Counsel" have been designated as AUSA Marcia Henry, U.S. Attorney's Office for the Eastern District of New York, 271 Cadman Plaza, Brooklyn, NY 11201, tel: 718-254-7000; Trial Attorney Adrian Rosales, Department of Justice, Criminal Division, Narcotic and Dangerous Drug Section, 145 N Street, NE, East Wing, Second Floor Washington D.C., 20530, tel: 202-514-2000; and AUSA Walter Norkin, U.S. Attorney's Office for the Southern District of Florida, 99 N.E. 4th Street, Suite 718, Miami, FL 33132, tel: 305-961-9000.

[4] A "Prospective Expert Witness" is defined as a person who potentially may offer expert testimony at trial or who otherwise will provide scientific, technical or other specialized knowledge to Defense Counsel that is necessary to the preparation of the defense pursuant to Federal Rule of Evidence 702. A "Prospective Expert Witness" does not include potential fact witnesses, investigators or any person who is not qualified to offer testimony regarding scientific, technical or other specialized knowledge under Rule 702.

Protected Discovery to the Prospective Expert Witness, if it is determined that it is necessary to do so for the purpose of engaging the expert or preparing the defense of the case. Each Prospective Expert Witness to whom disclosure of Protected Discovery is made shall be provided a copy of this Protective Order by Defense Counsel and will be advised by Defense Counsel that he or she shall not further disseminate the Protected Discovery, except at the express direction of Defense Counsel and in accordance with the terms of this Protective Order. Defense Counsel shall have the Prospective Expert Witness sign an acknowledgement form provided by the government affirming that he or she understands the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Protected Discovery. Defense Counsel shall keep an accounting of the pages of the Protected Discovery shown to Prospective Expert Witnesses.

5. Should Defense Counsel wish to have persons who are not part of the Defense Counsel's Team, other than Prospective Expert Witnesses, view copies of the Protected Discovery for the purposes of assisting in the defense of this case, Defense Counsel shall submit their names to the Court for approval prior to their viewing of the Protected Discovery (collectively, "Approved Persons"). Defense Counsel shall provide Firewall Counsel for the government with the name of any such person prior to its request for Court approval, and Firewall Counsel shall be provided the opportunity to respond to the Court prior to approval. An Approved Person shall:

a. appear before the Court so that the Court may instruct the Approved Person as to the provisions of the Protective Order and the ramifications of any violation of the Protective Order;

b. sign the acknowledgement form described in paragraph 3, above, prior to viewing the Protected Discovery;

c. view the Protected Discovery in the presence of Defense Counsel. Defense Counsel shall keep an accounting of the pages of the Protected Discovery provided to the Approved Person and ensure that all pages of the Protected Discovery remain in the custody of Defense Counsel or the Defense Counsel's Team; and

d. not retain custody of any of the Protected Discovery.

6. The Protected Discovery may not be removed from the United States. This prohibition precludes the Protected Discovery from being emailed or transferred electronically, or otherwise being disseminated in any other format or by any other means, to persons located outside the United States.

7. The provisions of this Protective Order shall not be construed as preventing disclosure of any information in the public domain (other than through a violation of the Protective Order) or information obtained independently from the sources described in Paragraph 1 above; except witness statements produced pursuant to § 3500, even if available in the public domain, cannot be further disseminated by Defense Counsel or Defense Counsel's Team.

8. Absent prior agreement of the government or permission from the Court, Protected Discovery shall not be included in any public filing with the Court, and instead shall be submitted under seal. This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the Protective Order) or the public court record, including documents that have been received in evidence at other trials, except witness

statements produced pursuant to § 3500, even if available in the public domain or the public court record, shall not be included in public court filings, absent prior agreement of the government or permission from the Court.

9. If the government becomes aware that the justification for designating a particular document as Protected Discovery no longer exists, the government shall advise Defense Counsel and the Court that such material is no longer subject to the Protective Order.

10. Either party to this Protective Order may petition the Court at any time for a modification of the Protective Order. Defense Counsel may petition the Court at any time to challenge the government's designation of material as Protected Discovery.

11. Nothing in this Protective Order shall preclude the government from seeking a further Protective Order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3, to protect against disclosure in this case of any classified information disclosed by the government.

12. A copy of this Protective Order shall be kept with the Protected Discovery at all times.

13. At the conclusion of this criminal case, the Protected Discovery should be returned to the government, except that Defense Counsel may retain one copy in defense counsel's file for use in potential post-trial proceedings.

Dated: Brooklyn, New York
April ____, 2017

SO ORDERED: ______________________________
The Honorable Brain M. Cogan
United States District Judge