**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP: MPR/HDM
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 28, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

The government respectfully submits this letter in response to the defendant Joaquin Archivaldo Guzman Loera's ("Guzman" or the "defendant") April 21, 2017 letter requesting (1) a briefing schedule on the defendant's motion to dismiss the indictment due to the government's purported violation of the Rule of Specialty; (2) certain documents related to his extradition; (3) contact legal visits with defense counsel; and (4) a copy of the discovery that the defendant can maintain and control. See Dkt. No. 64. For the reasons stated below, (1) the government does not oppose setting a briefing schedule on the defendant's motion to dismiss; (2) the Court should deny the defendant's request for discovery of additional documents related to his extradition; (3) it should deny his request for contact legal visits; and (4) it should deny his request for a copy of the discovery that he can maintain and control as moot.

I. The Government Does Not Oppose Setting a Briefing Schedule on the Defendant's Motion to Dismiss

The defendant requests a briefing schedule on his motion to dismiss the indictment on the basis that prosecution in this district violates the Rule of Specialty of the Extradition Treaty between the United States and Mexico. As an initial matter, under Second Circuit law, the defendant has no standing to raise a purported Rule of Specialty violation. See United States v. Suarez, 791 F.3d 363, 367-68 (2d Cir. 2015), cert. denied, 136 S. Ct. 800

(2016).[1] Thus, there is no basis for his motion. Indeed, this Court, per Judge Glasser, recently held that a defendant did not have standing to argue that the government violated the Rule of Specialty in a violation of supervised release proceeding. See Tr. of June 9, 2016 Hr'g, United States v. Eduardo Barinas, 95-CR-621 (ILG), Dkt. No. 154, attached hereto as Ex. A. That decision is currently on appeal before the Second Circuit.[2] Nevertheless, the government does not oppose setting a briefing schedule at this time in light of the settled Second Circuit precedent on the standing issue.

II. The Court Should Deny the Defendant's Motion for Discovery of Documents Related to His Extradition

Notwithstanding the binding Second Circuit precedent in Suarez, in anticipation of his motion to dismiss the indictment based on a purported Rule of Specialty violation, the defendant requests certain documents related to his extradition. For the reasons stated below, the Court should deny the defendant's discovery motion.

As this Court is aware, in response to the defendant's motion to compel the government or the Mexican Consulate to produce the Mexican government's waiver of the Rule of Specialty ("ROS Waiver"), see Dkt. No. 35, on February 14, 2017, the government produced a redacted ROS Waiver to the defendant. The government redacted the names of certain cooperating witnesses, who submitted affidavits in support of the government's request for the Mexican government to issue the ROS Waiver, and the summaries of those affidavits.

---

[1] See id. at 367-68 ("As a matter of international law, the principle of specialty has been viewed as a privilege of the asylum state, designed to protect its dignity and interests, rather than a right accruing to the accused. . . . These concerns apply equally whether a criminal defendant objects based on the rule of specialty or based on the interpretation of an extradition treaty or Diplomatic Note.") (internal citations omitted); see also United States v. Garavito-Garcia, 827 F.3d 242, 247 (2d Cir. 2016).

[2] Barinas involves a claim by the defendant that the government violated the Rule of Specialty when it brought him to the Eastern District of New York to face violation of supervised release charges, because the government's extradition request did not specifically mention those charges. Relying on the Second Circuit's decision in Suarez, the district court ruled that the defendant lacked standing to raise a violation of the Rule of Specialty. See Ex. A at 16-22. Notwithstanding Second Circuit precedent that a defendant has no standing to raise a Rule of Specialty violation, the Federal Defenders have appealed this Court's decision in Barinas. See United States v. Barinas, 16-2218-CR. The parties have already briefed Barinas and the Second Circuit heard oral argument on Barinas on April 24, 2017. Regardless of the outcome in Barinas, the government submits that it would still prevail on the merits, as the Mexican government clearly waived the Rule of Specialty here. See Redacted ROS Waiver, 0000000001-0000000087, and Draft English Translation, 0000000464-0000000536. Thus, the government is prepared to proceed on the defendant's motion to dismiss the indictment.

The government redacted that information because its disclosure, especially at this early stage in the case, poses a significant risk of harm to the witnesses.[3] See Gov't Opp. to Mot. to Compel, Dkt. No. 36 at 2; see also Gov't Reply in Support of Mot. for Protective Order, Dkt. No. 44 (discussing expansive power of, and extreme violence committed by, the Sinaloa Cartel, which was led by the defendant, and dangers of disclosure of witness statements to defendant); Gov't Mot. for Detention, Dkt. No. 17 (same). Moreover, under 18 U.S.C. § 3500, the summaries of the statements made by these witnesses are not subject to disclosure at this stage of the litigation. See United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001) ("[The] Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."); Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500"). Aside from the witness statements and the summaries, the remainder of the ROS Waiver was unredacted, including the Mexican government's legal analysis and the list of specific charges that the Mexican government authorized the United States to prosecute in the Eastern District of New York. See Redacted ROS Waiver, 0000000001-0000000087, and Draft English Translation, 0000000464-0000000536.[4]

The defendant now renews his discovery request for an unredacted ROS Waiver and underlying documents. These underlying documents include the government's request to Mexico for the ROS Waiver and communications between the United States and Mexican governments related to the defendant's extradition, grand jury minutes, as well as the Southern District of California and Western District of Texas extradition packages submitted to Mexico in connection with the extradition (the "Extradition Packages") (collectively, the "Requested Documents"). In support of this request, the defendant argues that the Requested Documents are material to his motion to dismiss the indictment based on a violation of the Rule of Specialty. See Dkt. No. 63 at 1-2 & n.1 (stating that defendant needs discovery of these documents prior to filing motion to dismiss). The defendant, however, has failed to meet his burden to show that the Requested Documents are material under Federal Rule of Criminal Procedure 16(a)(1)(E)(i). Additionally, the Requested Documents are not subject to disclosure, because certain of the documents are not within the government's possession, custody or control under Rule 16(a)(1)(E)(i). Instead, they are "internal government documents" not subject to disclosure under Rule 16(a)(2). Moreover, certain documents are protected from disclosure under 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).

---

[3] The summaries of the affidavits would most likely allow the defendant to identify the government's witnesses against him.

[4] The government has provided redacted copies of the ROS Waiver and Draft English Translation to the Court with the filing of this letter.

A. The Requested Documents are Not Material under Rule 16(a)(1)(E)(i)

A defendant is entitled to discovery of documents within the government's possession, custody and control that are material to the defense. Fed. R. Crim. P. 16(a)(1)(E)(i). It is the defendant's "burden to make a prima facie showing that documents sought under Rule 16(a)(1)(E)(i) are material to preparing the defense." United States v. Rigas, 258 F. Supp. 2d 299, 307 (S.D.N.Y. 2003) (citation omitted). "To establish a showing of materiality, a defendant must offer more than the conclusory allegation that the requested evidence is material." Id. (citation omitted).

Even assuming the defendant has standing to bring his motion to dismiss the indictment based on the ROS Waiver (which he does not under Suarez), the Requested Documents have no bearing on that motion. The only issues on that motion are whether (1) the Mexican government issued a ROS Waiver and (2) the government's prosecution is within the scope of that waiver.[5] See Suarez 791 F.3d at 366 ("Based on international comity, the principle of specialty generally requires a country seeking extradition to adhere to any limitations placed on prosecution by the surrendering country."); Extradition Treaty between the U.S. and the United Mex. States, art. 17, May 4, 1978, 31 U.S.T. 5059 ("A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless . . . The requested Party has given its consent to his detention, trial, punishment or extradition to a third State for an offense other than that for which the extradition was granted."). Thus, the unredacted portions of the ROS Waiver provide all the information necessary for the defendant to challenge the validity of that waiver. The defendant does not need the witness names and summaries of their statements in the ROS Waiver for his anticipated motion, as this information has nothing to do with the Rule of Specialty. Likewise, the documents underlying the ROS Waiver, including communications between the United States and Mexican governments, and the Extradition Packages, which are related to charges in other cases pending in other districts, are completely irrelevant to the defendant's motion to dismiss the indictment based on the ROS Waiver.

Indeed, the only basis for seeking such documents would be to challenge Mexico's decision to extradite the defendant to the United States in general. But United States courts "cannot second-guess another country's grant of extradition to the United States." Garavito-Garcia, 827 F.3d at 247 (rejecting defendant's claim that his extradition violated extradition treaty between United States and Colombia); see id. ("It could hardly promote harmony to request a grant of extradition and then, after extradition is granted, have the requesting nation take the stance that the extraditing nation was wrong to grant the request."). As the defendant cannot challenge his extradition from Mexico, these documents are not material to his defense, and he thus is not entitled to them under Rule 16.

---

[5] Here, the ROS Waiver explicitly authorizes the government to try the defendant on the charges set forth in the Fourth Superseding Indictment in this case, which a grand jury returned on May 11, 2016. See Draft English Translation, at 0000000472-0000000473.

B. Certain of the Requested Documents are Not Within the Government's Possession, Custody and Control under Rule 16(a)(1)(E)(i)

The Court should also reject the defendant's renewed request, insofar as it seeks communications between the United States and Mexican governments, such as the requested diplomatic note and official letters dated January 19, 2017, that are within the possession, custody and control of the United States Department of State and the Department of Justice's Office of International Affairs ("OIA"). The Department of State and OIA are not part of the prosecution team in this matter. The prosecution team has not reviewed these communications with the government of Mexico regarding the defendant's extradition, and those communications are not in the prosecution team's possession, custody and control. The government therefore is not obligated to turn over such documents under Rule 16(a)(1)(E)(i). See, e.g., United States v. Connolly, No. 1:16-CR-00370 (CM), 2017 WL 945934, at *4 (S.D.N.Y. Mar. 2, 2017) ("Courts have typically required the prosecution to disclose under Rule 16 documents material to the defense that (1) it has actually reviewed, or (2) are in the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered part of the prosecution team.") (citation omitted); United States v. Chalmers, 410 F. Supp. 2d 278, 290 (S.D.N.Y. 2006) (same).

C. The Requested Documents are Internal Government Documents under Rule 16(a)(2)

The Court should also deny the defendant's renewed request for the documents underlying the ROS Waiver, including the documents submitted by the government requesting the ROS Waiver, and the Extradition Packages, because they are "internal government documents made by an attorney for the government . . . in connection with investigating and prosecuting the case," which are not subject to disclosure. Fed. R. Crim. P. 16(a)(2).

The government's request for the ROS Waiver and the Extradition Packages submitted to the Mexican government are not publicly available; rather, they are confidential documents that were prepared by government attorneys to request assistance from the Mexican government in prosecution of the defendant in the United States. These documents reflect summaries of the evidence in the respective cases prepared by the prosecutors. Aside from affidavits of cooperating witnesses, these documents contain affidavits from prosecutors and law enforcement agents that reflect the government's theory of the case against the defendant, highlight pieces of evidence that the government views as important, and discuss law enforcement techniques used to gather evidence, including at least one sensitive law enforcement technique outlined in the government's ex parte submission dated February 24, 2017. See Dkt. No. 44. Disclosure of these documents would provide the defense with a road map of the prosecution's case. These are precisely the type of documents that Rule 16(a)(2) was meant to shield from disclosure. United States v. Koskerides, 877 F.2d 1129, 1134 (2d Cir. 1989) (stating that Rule 16(a)(2) "clearly recognizes the prosecution's need for protecting communications concerning legitimate trial tactics" (internal quotation marks omitted));

United States v. Ghailani, 687 F. Supp. 2d 365, 369 (S.D.N.Y. 2010) (stating that document characterized as "order of proof" related to defendant's case not subject to disclosure).

D. Grand Jury Minutes are Not Discoverable under Rule 6(e)(3)(E)(ii)

The defendant also seeks the transcripts of the grand jury proceedings underlying the defendant's indictment and superseding indictments in this case, as well as in the cases pending in the Southern District of California and the Western District of Texas. The defendant has not made the requisite showing to warrant disclosure of the grand jury transcripts. Rule 6 prohibits disclosure of matters occurring before the grand jury, except in carefully delineated circumstances, including "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "Grand jury proceedings carry a 'presumption of regularity,'" United States v. Torres, 901 F.2d 205, 232 (2d Cir. 1990) (citation omitted), and "[t]he burden is on the party seeking disclosure to show a particularized need that outweighs the need for secrecy," In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d Cir. 1996) (emphasis added) (citation and internal quotation marks omitted). For this reason, "review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." Torres, 901 F.2d at 233. Here, the defendant has proffered no facts supporting his request for the grand jury minutes, let alone facts supporting the particularized showing required under the law. Accordingly, he has not satisfied his burden to obtain the grand jury minutes.

E. The Requested Documents Contain § 3500 Material

As the government previously noted, the redacted portion of the ROS Waiver contains § 3500 material that is not subject to disclosure at this time. See Coppa, 267 F.3d at 145. In addition, the government's request for the ROS Waiver and the Extradition Packages contain affidavits from cooperating witnesses and law enforcement agents that are § 3500 material, which likewise are not subject to disclosure at this time. See id. Lastly, the grand jury minutes, in addition to being protected under Rule 6(e)(3)(E)(ii), are § 3500 material for law enforcement agents, and it is protected for that reason, too. See id.

***

At the February 3, 2017 status conference, the Court stated: "The line is going to be this. If the papers are publicly available, produce them. If you can go to Mexico and go into a court and copy them out of a court file, produce them. If they are not, if they are sealed, then they need not be produced." Tr. of Feb. 3, 2017 Status Conf. at 21:19-23. For all the reasons set forth above, the government submits that the Court drew the appropriate line at the status conference. There is simply no basis under the law for the government to produce the Requested Documents, which are not publicly available in the United States or in Mexico. The Court thus should deny the defendant's motion for disclosure of the Requested Documents.

III. Contact Legal Visits with the Defendant Should Not Be Permitted

The defendant claims that contact visits with his counsel are necessary to review discovery more easily. The Bureau of Prisons ("BOP") has informed the government that 10 South, the MCC Unit that the defendant is housed in, is not set up to allow for contact visits.[6] BOP has informed the government that allowing such visits, which would require BOP staff to place the defendant in counsel's side of the visiting room, poses a significant safety risk because counsel's side of the room is not sufficiently secure. The BOP, however, has indicated to the government that it will work to make reviewing discovery easier for the defendant. For example, the BOP is looking into whether it can arrange for a speaker that can be held up to the window through which the defendant communicates with his counsel to facilitate the sound issues that counsel raised in its letter. In addition, the BOP plans to provide the defendant with an elevated chair to enable him to better view the discovery materials handled by counsel during legal visits.

IV. The Government Provided the Defendant with a Copy of Rule 16 Discovery and Thus His Motion Should be Denied as Moot

On April 24, 2017, the government provided the BOP with a laptop and two compact discs containing the government's discovery. The BOP has informed the government that the defendant has the laptop in his cell at the MCC, as well as the two compact discs of discovery, and is capable of reviewing it at his leisure. A Spanish-speaking counselor showed the defendant how to use the laptop. As the government continues to produce discovery on a rolling basis, the government will provide defense counsel with two copies of the government's discovery so that defense counsel can provide one copy to the defendant. The defendant's request for a copy of the discovery therefore should be denied as moot.

---

[6] The defendant states erroneously that contact visits have been allowed in 10 South, citing United States v. Savage, No. 07-550-03, 2010 WL 4236867, at *2 (E.D. Pa. Oct. 21, 2010). The defendant is incorrect. In Savage, for example, the defendant was "transported from MCC in New York to FDC in Philadelphia once per month for contact visits with his attorneys." See id. The defendant in Savage did not have any contact visits in 10 South. Given Guzman's notorious history of escaping prisons, the government submits that moving Guzman once a month back and forth from New York to another prison for contact visits is not feasible.

V. Conclusion

For the foregoing reasons, (1) the government does not oppose setting a briefing schedule on the defendant's motion to dismiss; (2) the Court should deny the defendant's request for discovery of additional documents related to his extradition; (3) it should deny his request for contact legal visits; and (4) it should deny his request for discovery that he can maintain and control as moot.

Respectfully submitted,

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida

cc. Michelle Gelernt, Esq.
Michael Schneider, Esq.
Edward Zas, Esq.