Federal Defenders
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

May 19, 2017

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: United States v. Joaquin Archivaldo Guzman Loera, 09 CR 466 (BMC)**

Your Honor:

Mr. Guzman was extradited to the United States from Mexico on January 19, 2017. The government concedes that the extradition requests made to the Mexican government that resulted in Mr. Guzman's extradition did not include the charges he now faces in this case. Since Mr. Guzman's first appearance in this district on January 20, 2017, the defense has indicated that it believes that Mr. Guzman's extradition was improper because, among other defects, it violated the internationally recognized doctrine of specialty, which is specifically incorporated in the extradition treaty between Mexico and the United Sates.

The defense intends to move to dismiss this prosecution based on the unlawful extradition. In order to do so, the defense has made four written requests for essential documents related to the extradition. (*See* Dkt. Nos. 21, 25, 35, and 63). But the government has refused to provide any of the requested documents, except for a redacted copy of a purported Rule of Specialty Waiver ("Redacted Waiver") dated January 19, 2017. The government produced this document only after the Court ordered it to do so on February 11, 2017. On April 28, 2017, the government submitted a letter asking the Court to deny Mr. Guzman's motion for additional documents related to his extradition. (Dkt. No. 69). The defense hereby responds to that letter and asks the Court, pursuant to Fed. R. Crim. P. 16(a) and the Constitution, to compel the government to provide the requested documents.[1]

[1] The requested documents include, but are not limited to, any request for Mr. Guzman's extradition made by the United States Department of State to the government of Mexico, including:
(a) the statement of the facts of the case;
(b) the transcript of any grand jury proceedings underlying any charge or indictment presented to the government of Mexico;
(c) the transcript of the grand jury proceedings which led to the indictment and all superseding indictments in this District;
(d) the text of the legal provisions describing the essential elements of

**ARGUMENT**

**The Court Should Compel the Government to Disclose Documents Related to Mr. Guzman's Extradition Because They Are Material to His Defense.**

Since he first appeared in this district, the defendant has notified the government that he intends to challenge his extradition to the Eastern District of New York. The government has consistently moved to frustrate this challenge.[2] The government first argued that that Mr. Guzman should be estopped from mounting certain challenges to his extradition because, by refusing to sign a document prepared by the Mexican government, he refused to "accept the [Redacted Waiver] in accordance with Mexican law." (Dkt. No. 39 at 2). The Court rejected the government's argument. Now, the government argues that Mr. Guzman supposedly has "no basis" to challenge his extradition—and allegedly even lacks standing to do so[3]—it will not

---

the offense;
(e) the text of the legal provisions describing the punishment for the offense;
(f) the text of the legal provisions relating to the time limit on the prosecution or the execution of the punishment of the offense;
(g) the facts and personal information of the person sought which permitted his identification and information concerning his location;
(h) the certified copy of the warrant of arrest issued by a judge or other judicial officer of the United States; and
(i) evidence which, in accordance with the laws of Mexico, would justify the apprehension and commitment for trial of the person sought if the offense had been committed in Mexico.

The requested documents also include any communications to and from the government of Mexico relating to the request for, and issuance of, the Redacted Waiver, including diplomatic notes.

[2] The government was initially unwilling even to confirm that the Mexican government granted extradition only for charges pending in the Western District of Texas and the Southern District of California—not the current charges in New York—and that the United States was relying instead on a purported waiver of the Rule of Specialty. *See* Transcript of January 20, 2017 status conference, at 9, attached hereto as Exhibit A.

[3] The government attempts to avoid its discovery obligations by arguing that the defendant has no standing to challenge the legality of his extradition. However, in reviewing decisions considering this issue, regardless of what outcome the court may have reached, it is readily apparent that the defendant was provided with the extradition documents necessary to file his motion or bring his challenge. *See, e.g.*, *United States v. Suarez*, 791 F.3d 363, 365, 367 (2d Cir. 2015) (citing the "resolution ordering [defendant's] extradition" and "the orders and Diplomatic Note that achieved [defendant's] extradition"); *United States v. Bout*, 731 F.3d 233, 240 (2d Cir. 2013) (addressing violation-of-specialty claim on the merits and noting that district court had reviewed "the record of the [extradition] proceedings" in the foreign country). *See also*

produce the requested documents. (Dkt. No. 69 at 2). The government's attempts to prevent Mr. Guzman from even seeing the documents bearing on his extradition are unfair and have no basis in law. Those documents are material to whether his extradition was improper and whether he has standing to challenge it. Without them, Mr. Guzman's ability to challenge his extradition will be severely impeded. Accordingly, the Court should compel the government to disclose the documents.

### A. <u>The requested documents are material to Mr. Guzman's motion challenging his extradition to this District.</u>

Under the Federal Rules of Criminal Procedure, the government must produce documents in its control that are material to the defense:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense[.]

Fed. R. Crim. P. 16(a)(1)(E)(i).

In assessing materiality, the Court should "consider[] not only the logical relationship between the information and the issues in the case, but also the importance of the information . . . ." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). Here, the requested information is not only logically related to Mr. Guzman's challenge to his extradition to this district, it is of critical importance to that challenge. Indeed, the Court has already made a finding that the purported specialty waiver is "essential to defendant's specialty defense." (*See* Court's Order of February 11, 2017).

The other requested documents are equally crucial to Mr. Guzman's ability to challenge his extradition. It is important to note that Mr. Guzman's anticipated motion to dismiss may not be limited to challenging whether the government of Mexico could and did validly waive the Rule of Specialty over his objection. Defendant's motion may also include other challenges to

---

*United States v. Bout*, No. 08 Cr. 365 (SAS, at *11 (S.D.N.Y. Aug. 2, 2011) (district court opinion discussing "the full extradition request" and the foreign court's description of the United States charges and the basis for extradition).

Mr. Guzman will fully address the standing issue when he files his motion to dismiss. For present purposes, it is enough to note that, while the Supreme Court has never expressly addressed the question of standing, the violation by the United States of the principle of specialty in an extradition has been actionable by the extradited defendant for over a century. *See United States v. Rauscher*, 119 U.S. 407, 418–19 (1886). The requested documents are essential to Mr. Guzman's ability to show that such a violation occurred here.

his extradition, such as whether Mr. Guzman's current conditions of confinement violate assurances or representations made to obtain the Redacted Waiver or to secure the granting of the underlying extradition petitions. Such assurances, if made, would likely be contained in the requested documents.[4] Important information relevant to the actual charges underlying the extradition order(s) issued in Mexico will be found only in the original extradition requests and related documents.

Further, the government argues that because it secured the Redacted Waiver from the Mexican government, Mr. Guzman is not entitled to the underlying extradition petitions or related documents. The government, however, routinely provides these documents when a defendant has been extradited to this district to stand trial. And after the documents are provided, the defendant's opportunity to challenge his extradition is not limited to violations of the Rule of Specialty, but to any violation of any other provision of the extradition treaty. In this case, the Redacted Waiver was not issued independently of the underlying extradition petition, and is not itself a grant of extradition. Extradition must be granted first before a waiver of the Rule of Specialty can be requested.

As the Redacted Waiver explicitly states, Mexico granted extradition to the United States only for charges pending in the Southern District of California and the Western District of Texas. *See* Redacted Waiver at 2-3, Draft Transcript at 465-466. While the government claims that it obtained a valid waiver of the Rule of Specialty, that claim should not limit the defendant's ability to challenge whether his extradition violates other provisions of the treaty. Allowing the government to conceal even the underlying extradition petitions would render the defendant powerless to mount such a challenge.

## B. <u>The government routinely provides extradition documents in other cases.</u>

There can be no doubt that the requested extradition documents are material to the defense. Defense counsel have personally represented clients who were extradited to the Eastern District of New York from other countries. In those cases, as in other extradition cases, the government has always provided the defense with documents related to the extradition. A non-

---

[4] It is not unusual for countries to condition a grant of extradition on certain promises from the requesting nation, such as that the extradited individual will be treated humanely and not be subjected to certain punishments. These limitations are often found in documents related to the extradition, but not in the extradition requests themselves. *See United States v. Cifuentes-Villa*, 07 CR 20508, Dkt. No. 179 at 36 (JAL) (S.D. Fla.) (requesting as a condition of extradition that the defendant not be subject to "cruel and unusual punishment, degrading or inhumane treatment"). In Mr. Guzman's case, the government concedes that the Mexican government extradited Mr. Guzman subject to the condition that the government would not seek the death penalty. Any other conditions regarding the treatment or prosecution of Mr. Guzman would likely be described in the requested documents.

exhaustive list of cases, in this district and others, where the government voluntarily provided extradition documents to the defense follows:

*United States v. Barinas*, 95 CR 621 (ILG) (E.D.N.Y.)
*United States v. Efrosman*, 06 CR 95 (NGG) (E.D.N.Y.)
*United States v. Cifuentes-Villa*, 07 CR 20508 (JAL) (S.D. Fla.)
*United States v. Lopez-Perez*, 11 CR 199 (CBA), Dkt. Nos. 8 and 9 (E.D.N.Y.)
*United States v. Cuero*, 15 CR 125 (PKC) (S.D.N.Y)
*United States v. Nasirlioglu*, 16 CR 764 (PAE) (S.D.N.Y.)

Moreover, courts have soundly rejected government efforts to withhold documents related to a defendant's extradition. In *United States v. Trabelsi*, the defendant moved to dismiss the indictment, alleging various violations of the extradition treaty that brought him before the court. *United States v. Trabelsi*, No. CR 06-89 (RWR), 2015 WL 5175882, at *1 (D.D.C. Sept. 3, 2015). The defendant also moved to compel the government to produce correspondence and documents related to his extradition. *Id*. The government opposed, arguing that the documents requested were not relevant or discoverable and were privileged. *Id*. The court rejected the government's arguments and ordered it to provide specific documents to the defendant. *Id*.

Other courts have reached similar conclusions when confronted with government refusals to provide documents necessary for a defendant to challenge his extradition. *See, e.g. United States v. Balogun*, 971 F. Supp. 1215, 1243 (N.D. Ill. 1997) (defendant entitled to the information related to extradition, including transcripts and pleadings); *United States v. Karake*, 281 F. Supp. 2d 302, 308 (D.D.C. 2003) ("Defendants are entitled to seek information to support their claim, as it is crucial to their ability to file motions to suppress defendants' statements made abroad, and may reveal mitigating evidence arising from the circumstances of their extradition."); *Weatherhead v. United States*, 157 F.3d 735, 742 (9th Cir. 1998), *vacated and remanded*, 528 U.S. 1042 (1999), and *vacated as moot*, 199 F.3d 1375 (9th Cir. 2000) (letter from British Foreign Office to U.S. State and Justice Departments disclosed to extradited defendant under FOIA).

## C. **The defendant is not requesting internal or confidential government documents.**

Mr. Guzman's request for documents related to his extradition extends only to the extradition requests presented to the Mexican government and communications between the two governments concerning his extradition. By definition, documents presented to another country are not "internal," and the defendant has not sought confidential internal memoranda or reports. The defendant does not seek "confidential documents that were prepared by government attorneys to request assistance from the Mexican government in prosecution of the defendant." (Dkt. No. 69 at 5). Instead, he seeks the documents that caused the Mexican government to surrender him to the United States for prosecution.

The defendant's request, therefore, does not implicate Fed. R. Crim. P. 16(a)(2) at all. That rule recognizes "the prosecution's need for protecting communications concerning

legitimate trial tactics." *United States v. Pfingst*, 490 F.2d 262, 275 n.14 (2d Cir. 1973). The cases cited by the government in support of this argument are simply not relevant. The defendant has not asked for the government's "order of proof" at trial or for any other internal investigatory documents. *Cf. United States v. Koskerides*, 877 F.2d 1129, 1133-34 (2d Cir. 1989) (denying tax defendant's request for agent's report that included analysis of tax liability); *United States v. Ghailani*, 687 F. Supp. 2d 365, 369 (S.D.N.Y. 2010) (denying defendant's request to discover government memorandum described as an "order of proof").

**D. <u>The requested documents are within the government's control.</u>**

The government argues that to the extent the defense seeks diplomatic notes and official letters, those documents are not within the government's control. (*See* Dkt. No. 69 at 5). The government concedes, however, that the requested documents are in the custody of the Department of Justice. (*Id.*) (admitting that the diplomatic note and official letters are within the possession of the Department of Justice's Office of International Affairs). Nonetheless, the government claims that it is not required to turn these documents over because they are not in the possession of the "prosecution team."

The government's assertion that the requested documents are in the custody of another office of the Department of Justice does not relieve the government of its discovery obligations. The court must look to the degree of involvement between the prosecution and the agency in possession of the documents. *See United States v. Connolly*, No. 16-CR-370 (CM), 2017 WL 945934 (S.D.N.Y. Mar. 2, 2017). Here the "prosecution team" was intimately involved in the actions of the Department of State in facilitating Mr. Guzman's extradition. It was the prosecution team that initiated the request to have Mr. Guzman extradited. Additionally, the communications sought by Mr. Guzman implicate sworn statements made by prosecuting Assistant United States Attorneys and other documents created by the prosecution team. This fact is evident from the face of the Redacted Waiver itself, which includes references to sworn affidavits supplied by Assistant United States Attorneys from the Eastern District of New York. *See* Redacted Waiver at 7, 19-20, 61 and Draft Transcript at 470, 481, 482, 517.

Additionally, the government does not claim that the documents are in the possession of an entirely different government agency, but only a separate division within the Department of Justice itself. The Department of Justice, Criminal Division, is, of course, part of the large team prosecuting Mr. Guzman. Under these circumstances, the documents requested are "in the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered part of the prosecution team" and thus discoverable. *Connolly*, 2017 WL 945934, at *4.[5]

---

[5] Further, the fact that some documents may be in the physical possession of the Mexican government does not eliminate the United States from its discovery obligations. Where, as here, the United States and a foreign government have been working together as part of a joint investigation, the prosecution has a duty, at a minimum, to request relevant documents from the foreign government. *See Connolly*, 2017 WL 945934, at *8 ("The Second Circuit has found that a joint investigation undertaken by the United States and foreign law enforcement can impose

**E. <u>The requested disclosure does not create a security risk.</u>**

Contrary to the government's claim, no security risk justifies redacting the Specialty Waiver or not disclosing the other requested documents. The severe restrictions on Mr. Guzman's ability to communicate with the outside world under the Special Administrative Measures alleviate any security concerns. Additionally, the underlying extradition requests for the Western District of Texas and the Southern District of California were disclosed to Mr. Guzman while he was awaiting extradition in Mexico. Further, any remaining concerns can be addressed by providing the discovery pursuant to a protective order.

**F. <u>18 U.S.C. § 3500 does not justify non-disclosure.</u>**

The fact that the requested material may contain information that also qualifies as "§ 3500 material" does not preclude disclosure. Rule 16 establishes a floor, not a ceiling, setting the minimum required to be disclosed. The rule does not limit a judge's authority to order disclosure. *See* Advisory Committee Note to Fed. R. Crim. P. 16 (1974 amendment). The one case cited by the government in its opposition to defendant's motion to compel does not command a difference result. *See United States v. Coppa*, 267 F.3d 132 (2d Cir. 2002). In *Coppa*, the District Court held that the Constitution required the government to produce immediately all exculpatory and impeachment evidence to the defense, without regard to its materiality. In reversing, the Second Circuit noted that, while immediate disclosure was not constitutionally required, nothing precluded the District Court from ordering prompt disclosure in its discretion "as a matter of sound case management." *Id.* at 146. Here, since the Court has set trial for April 2018, "sound case management" counsels in favor of immediate disclosure of the requested extradition documents.

---

certain limited duties on the U.S. Government with respect to obtaining materials in the possession of a foreign government," i.e., "making a 'good-faith effort' to obtain the sought-after documents").

**CONCLUSION**

For these reasons, we respectfully request that the Court direct the government to produce the requested extradition documents to the defense as soon as possible.

Respectfully submitted,

/s/

Michelle Gelernt, Esq.
Michael K. Schneider, Esq.
Edward S. Zas, Esq.

cc: Clerk of the Court [by ECF]
AUSA Patricia Notopoulos, Esq.
AUSA Andrea Goldbarg, Esq.
AUSA Michael Robotti, Esq.
AUSA Hiral Mehta, Esq.
Mr. Joaquin Guzman