UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | : 09-CR-00466(BMC)(JO) |
| -against- | : United States Courthouse<br>: Brooklyn, New York |
| JOAQUIN ARCHIVALDO GUZMAN LOERA, | : Friday, January 20, 2017<br>: 2:00 p.m. |
| Defendant. | : |

- - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
BEFORE THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For the Government: ROBERT L. CAPERS, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
BY: PATRICIA E. NOTOPOULOS, ESQ.
Assistant United States Attorney

For the Defendant: FEDERAL DEFENDERS OF NEW YORK
16 Court Street
3rd Floor
Brooklyn, New York 11201
BY: MICHAEL K. SCHNEIDER, ESQ.
MICHELLE A. GELERNT, ESQ.

Court Reporter: VICTORIA A. TORRES BUTLER, CRR
225 Cadman Plaza East/Brooklyn, NY 11201
VButlerRPR@aol.com

Proceedings recorded by mechanical stenography, transcript produced by Computer-Aided Transcription.

(In open court.)

(Judge JAMES ORENSTEIN enters the courtroom.)

THE COURTROOM DEPUTY: All rise.

THE COURT: Good afternoon, have a seat, please.

THE COURTROOM DEPUTY: Can I have Mr. Guzman Loera out.

(Defendant enters the courtroom.)

THE COURTROOM DEPUTY: Counsel, are you ready?

MR. SCHNEIDER: Yes.

MS. GELERNT: Yes.

THE COURTROOM DEPUTY: Criminal cause for arraignment, Case Number 09-CR-466, United States versus Joaquin Archivaldo Guzman Loera.

Counsel, state your names for the record.

MS. NOTOPOULOS: Good afternoon, Your Honor.

Patricia Notopoulos for the Government. Present with me are my fellow prosecutors from the Eastern District of New York, the Southern District of Florida and the Narcotics and Dangerous Drug Section in Main Justice, sitting at Counsel table. We are all present because this is a joint prosecution.

THE COURT: All right, good afternoon.

Good afternoon to all of you.

MS. GELERNT: Good afternoon, Your Honor.

Federal Defenders by Michelle Gelernt for

Mr. Guzman. Along with me is Michael Schneider.

THE COURT: Good afternoon.

MR. SCHNEIDER: Good afternoon.

THE COURTROOM DEPUTY: Also present is the Spanish interpreter, Maristela Verastegui, previously sworn.

THE COURT: Are you Mr. Guzman?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Guzman, with the assistance of the interpreter, are you able to understand me so far?

THE DEFENDANT: Yes, I do understand you.

THE COURT: If you have any difficulty understanding me, let me know.

Will you do you that, please?

THE DEFENDANT: Thank you.

THE COURT: All right.

Mr. Guzman, you are here because a Grand Jury has accused you of 17 crimes. They relate to drug-trafficking and conspiracy, firearms use and money laundering. The charges are written down in a document called a superseding indictment.

Have you had a chance to read that document or have the charges explained to you by your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you feel that you understand what you have been accused of?

THE DEFENDANT: Well, I was, I didn't know until now.

(Pause in the proceedings.)

THE COURT: Sir, I see you have had a chance to confer with Counsel. I want to make sure you understand.

I want to make sure you understand why you are here, what the charges are. I am going to explain your rights to you and then I will ask you to enter a plea. So, the first step is to see if you understand; if you feel that you understand what you have been accused of.

Do you feel that you understand what the accusations against you are?

THE DEFENDANT: Yes, sir.

THE COURT: All right.

Before I ask you to respond to the charges, I want to make sure you understand certain rights. First of all, you have the right to an attorney.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, you may wish to engage private Counsel later, but at least for today's purpose and until you engage your own Counsel, if you do, I have appointed Ms. Gelernt and Mr. Schneider to represent you.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Have you had a chance to meet with them and discuss your case?

THE DEFENDANT: Yes.

THE COURT: You also have the right not to make any statements.

I do not know if you have said anything to the Government or anyone else about this case so far. If you have, you do not need to continue if you do not want to. If you decide later you to wish to say something, you can stop any time you like. You must understand that anything you do say can be used as evidence against you.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You also have the right to have the United States Government notify the Mexican Consul here in New York so that your Government can provide any assistance that they believe to be appropriate under the circumstances.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Ms. Notopoulos, obviously, in light of the circumstances, the Mexican Government knows of Mr. Guzman's presence, but has the consulate itself been notified?

MS. NOTOPOULOS: Yes, Your Honor, we did speak to the consulate this morning. They provided us contact

information for the defendant to have. We have provided that to Ms. Gelernt.

THE COURT: All right.

Also, before I go on, Ms. Notopoulos, to the extent there are any identified victims of the offenses charged in the superseding indictment, have they been notified of today's proceeding?

MS. NOTOPOULOS: Yes, Your Honor. As the Court is aware the charges in this case are primarily drug charges; therefore, there are no identifiable victims under of the wording of the statute.

There are aspects of violence to this case. At this time we have no identifiable victims within the meaning of the statute, but we will be vigilant in attempting to identify victims in the future and we will certainly comply with the statute.

THE COURT: All right, thank you.

Mr. Guzman, do you feel that you understand the rights that I have explained to you?

THE DEFENDANT: Yes. Yes, sir.

THE COURT: Ms. Gelernt or Mr. Schneider, does your client waive a formal public reading of the indictment?

MS. GELERNT: Yes, Your Honor.

THE COURT: How does he plead to each of the 17 charges?

MS. GELERNT: Your Honor, we enter a plea of not guilty on his behalf.

THE COURT: All right.

I understand that you have a date to appear before Judge Cogan on February 3rd; is that correct?

MS. NOTOPOULOS: That's correct, Your Honor, at 9:30 in the morning.

THE COURT: All right.

Mr. Guzman, I see you have signed a document here called Application and Order of Excludable Delay. I want to make sure you understand what the document is about.

Normally, the Government would have 70 days to start your trial now that you have appeared in court. What this document suggests is that we should not count the time against that 70-day period from now until February 3rd when you first see the trial Judge because the case is anticipated to be so complex.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, if I do as your lawyer and the prosecutor have suggested, the Government will have an extra two weeks or so to start your trial.

Are you willing to have me give them that extra time because of the complexity of the case?

THE DEFENDANT: Uh, yes.

THE COURT: Did you understand the question?

THE DEFENDANT: Yes, sir.

THE COURT: And you are willing to have me give them that time?

THE DEFENDANT: All right.

THE COURT: Okay.

Now, with respect to the issue of release on conditions, Ms. Gelernt or Mr. Schneider, is there any bail application for today?

MR. SCHNEIDER: We don't have a bail application today, but we would like to reserve our right to make a bail application if and when we when we think it's appropriate.

THE COURT: Yes, of course. I will enter a permanent order with leave to re-apply.

Is there anything else for today?

MR. SCHNEIDER: One issue, Your Honor.

We are going to be making a discovery application either later today or early next week, but it's come to our attention Mr. Guzman was extradited recently and there may be an issue on the charges he was extradited upon and appearing in this district on these charges, under the Rule of Specialty.

So, I am just asking, I'm sure there is lots of discovery in this case, but I think the Government can get us the extradition paperwork sooner rather than later because

that's going to be an issue we need to address.

THE COURT: Ms. Notopoulos, do you want to respond to that?

MS. NOTOPOULOS: Yes, Your Honor.

We certainly will work with Defense Counsel on this issue and they are clearly free to file whatever motions they feel they need to do in the future.

THE COURT: All right, that is fine. If there is an issue, of course, you will raise it with the Court.

Is there anything else for today, folks?

MS. GELERNT: No, Your Honor.

MS. NOTOPOULOS: No, Your Honor.

THE COURT: Thank you all, have a good day.

ALL: Thank you, Your Honor.

(Matter concluded.)

oooOooo



*I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter*
/s/ Victoria A. Torres Butler January 20, 2017