GMP:HDM
F. #2009R01065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JOAQUIN ARCHIVALDO GUZMAN LOERA, also known as "El Chapo," "El Rapido," "Chapo Guzman," "Shorty," "El Senor," "El Jefe," "Nana," "Apa," "Papa," "Inge" and "El Viejo,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DECLARATION OF [redacted]

Criminal Docket No, 09-CR-466 (S-4)(BMC)

I, [redacted], declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that to the best of my knowledge and based in part on my review of relevant records,

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP") as a [redacted] in the Metropolitan Detention Center in Brooklyn, New York ("MDC"). I have been employed by the BOP since 2000, and I have held the position of [redacted] at the MDC for the last 2.5 years.

2. As part of my duties as a [redacted] In the course of my duties, I have gained familiarity with the operations of the MDC, including, among other things, applicable policies and procedures concerning inmates

housed under Special Administrative Measures ("SAMs") and the conditions of confinement thereof at the MDC.

3. The MDC has a limited ability to house SAMs inmates, and is a last resort for SAMs inmates. To the extent the MDC houses inmates who are held under SAMs, it holds SAMs inmates in its Special Housing Unit ("SHU").

4. Based on my knowledge of SAMs conditions, SAMs inmates are generally not allowed to communicate with other inmates under any circumstances. The MDC SHU is not conducive to housing SAMs inmates because the individual cells are arranged in a straight line, down a hall, which makes it easy for inmates in the SHU to communicate with the inmates housed in the cells next to them. Due to the SHU's physical layout, MDC staff cannot feasibly restrict verbal or written communications between inmates, consistent with the SAMs. Consequently, MDC rarely houses SAMs inmates because it is difficult for MDC staff to enforce the SAMs. The BOP transfers SAMs inmates held in MDC to MCC as soon as possible.

5. In the past few years, the MDC housed a SAMs inmate in the SHU. MDC did not permit that defendant to have contact legal visits with his defense counsel, despite the fact that other inmates, not subject to SAMs, in the MDC SHU were permitted to have contact legal visits with their counsel. Current procedures at MDC do not allow SAMs inmates to have contact legal visits.

6. In or about 2007, an inmate named Vincent Basciano was housed at the MDC while under SAMs for a brief period of time. During that period, Basciano was held in the SHU and permitted contact legal visits in the legal visiting room in the SHU. BOP

transferred Basciano to MCC, however, after an incident that occurred during the course of a contact legal visit at the MDC while he was under SAMs.

7. If the defendant in the above-referenced case, who I understand to be subject to SAMs, were to be housed at the MDC under SAMs, the SHU would have to be shut down every time he is in legal visiting. There would be no other inmates permitted in the SHU law library. It would inhibit other inmates in the SHU from having visitation.

8. There are no alternative visiting rooms in which a SAMs inmate could have a contact legal visit in the MDC. For example, the attorney-client rooms on the first floor also cannot be used by SAMs inmates for attorney-client contact visits. These rooms are for the general population. Allowing a SAMs inmate to use that area would require the BOP to restrict access to that room by every other inmate at the MDC, in effect preventing any of the other hundreds of inmates from meeting with their respective attorneys while the defendant meets with his counsel. In addition, because of the security risks associated with this particular defendant, the facility would have to be locked down completely every time BOP staff moved the defendant to this area, which would substantially affect the functioning of the MDC. The MDC would also have to increase staffing in order to facilitate both housing the defendant, due to his high-profile nature, and moving the defendant within the MDC, as only certain staff would be able to have contact with him.

Dated: New York, New York
June 23, 2017

[redacted]