UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,       :

   - against -                        :         **S4 09 Cr. 466 (BMC)**

JOAQUIN ARCHIVALDO GUZMAN LOERA,   :

                Defendant.         :

------------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF DEFENDANT JOAQUIN ARCHIVALDO GUZMAN LOERA'S MOTION TO DISMISS AS TIME-BARRED COUNTS TEN, ELEVEN, FOURTEEN, AND FIFTEEN OF THE FOURTH SUPERSEDING INDICTMENT**

                                Federal Defenders of New York, Inc.
                                One Pierrepont Plaza, 16th Floor
                                Brooklyn, New York 11201
                                (718) 330-1200

                                *Counsel for Joaquin Archivaldo Guzman Loera*

Michelle A. Gelernt
Michael K. Schneider
Edward S. Zas
    *Of Counsel*

## PRELIMINARY STATEMENT

The Court should dismiss Counts Ten, Eleven, Fourteen, and Fifteen of the Fourth Superseding Indictment (the "Challenged Counts") because they are barred by the applicable five-year statute of limitations. *See* 18 U.S.C. § 3282(a). The Challenged Counts allege, respectively, that Mr. Guzman and others distributed large quantities of cocaine around December 2008 (Count Ten), February 3, 2006 (Count Eleven), January 2004–March 2004 (Count Fourteen), and January 25, 2004 (Count Fifteen). But none of these counts was timely charged within five years of the date the offense was allegedly completed. Accordingly, the counts are untimely and must be dismissed.

## FACTS

Five indictments have been filed in this case. The original indictment was filed against Mr. Guzman and five other defendants on July 10, 2009. It contained nine counts, with the last alleged criminal conduct occurring on April 30, 2005. The first superseding indictment (the "S-1 Indictment") was filed against Mr. Guzman and one other defendant, Ismael Zambada Garcia, on September 25, 2014. It contained 21 counts. The second superseding indictment (the "S-2 Indictment") was filed against defendant Hector Beltran Leyva only. The Third Superseding indictment (the "S-3 Indictment") was filed against Mr. Guzman and Mr. Zambada Garcia on March 9, 2016. Finally, the current indictment, the Fourth Superseding Indictment (the "S-4

1

Indictment"), was filed against Mr. Guzman and Mr. Zambada Garcia on May 11, 2016. It includes four substantive counts relevant to this motion: Counts Ten, Eleven, Fourteen, and Fifteen.

Each of these counts alleges that, on or about a particular date, Mr. Guzman and others violated 21 U.S.C. §§ 959(a), 959(c), 960(a)(3), and 960(b)(1)(B)(ii) by distributing a controlled substance, i.e., five kilograms or more of cocaine, intending that it would be unlawfully imported into the United States from a place outside the United States. The alleged dates of each offense are: "[i]n or about December 2008" (Count Ten), "[o]n or about February 3, 2006" (Count Eleven), "[i]n or about and between January 2004 and March 2004" (Count Fourteen), and "[o]n or about January 25, 2004" (Count Fifteen). *See* S-4 Indictment, Counts Ten, Eleven, Fourteen, and Fifteen.

## ARGUMENT

### I.

### **The Challenged Counts are time-barred.**

Counts Ten, Eleven, Fourteen, and Fifteen of the Fourth Superseding Indictment are subject to the five-year statute of limitations that generally applies to non-capital federal offenses. *See* 18 U.S.C. § 3282(a); *United States v. Dixon*, 648 F.3d 195, 202 (3d Cir. 2011) ("[T]he statute of limitations for drug offenses is five years.") (citing § 3282(a)). Section 3282(a) provides:

2

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

Thus, for the offenses charged in Counts Ten, Eleven, Fourteen, and Fifteen to be timely, they must have been included in an indictment filed within five years of their commission. As shown below, they weren't.

**A. Count Ten is time-barred.**

The statute of limitations for the offense charged in Count Ten expired on December 31, 2013. But the offense alleged in Count Ten was not charged until the First Superseding Indictment was filed on September 25, 2014. *See* S-1 Indictment, Count Eleven. That was nine months too late.

**B. Count Eleven is time-barred.**

Count Eleven is untimely for similar reasons. For the offense alleged in Count Eleven to be timely, it had to be charged no later than February 3, 2011. But the offense alleged in Count 11 was not charged until the First Superseding Indictment was filed on September 25, 2014. *See* S-1 Indictment, Count Thirteen. Again, that was too late.

**C. Count Fourteen is time-barred.**

The January–March 2004 offense alleged in Count Fourteen had to be charged no later than March 31, 2009. But it was not charged—as an

3

independent substantive offense—until the Third Superseding Indictment was filed on March 9, 2016. *See* S-3 Indictment, Count Fourteen. Thus, it is untimely.

**D. Count Fifteen is time-barred.**

Finally, the January 25, 2004 offense charged in Count Fifteen had to be filed no later than January 25, 2009. But that crime was not charged until the First Superseding Indictment was filed on September 25, 2014. *See* S-1 Indictment, Count Eighteen.[1] Thus, it too is barred by the statute of limitations.

## II.

**The "relation-back" doctrine cannot save the Challenged Counts.**

The government may argue that the charges contained in Counts Ten, Eleven, Fourteen, and Fifteen of the Fourth Superseding Indictment are timely because they "relate back" to other charges that were timely filed in

---

[1] The original indictment did allege that the defendants committed a substantive cocaine-distribution offense "[o]n or about and between January 1, 2004 and December 31, 2004." *See* Original Indictment, Count Eight, ¶ 26. Since that indictment was filed on July 10, 2009—i.e., less than five years after the charged crime was allegedly completed in December 2004—the allegation, on its face, appeared to be timely. But the government has now limited the date of the charged crime to "[o]n or about January 25, 2004." *See* S-4 Indictment, Count Fifteen. Since that alleged offense was completed more than five years before the original indictment was filed in July 2009, it is untimely.

4

one or more of the earlier indictments against Mr. Guzman. Any such argument would fail under Second Circuit precedent.

"[A] superseding indictment that supplants a pending timely indictment relates back to the original pleading and inherits its timeliness" only if "the later indictment does not materially broaden or substantially amend the original charges." *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003) (citing *United States v. Gengo*, 808 F.2d 1, 3 (2d Cir. 1986)). "In determining whether a superseding indictment materially broadens or amends the original charges," courts examine "whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *Id.* (citing *United States v. Ben Zvi*, 168 F.3d 49, 55 (2d Cir. 1999)). "No single factor is determinative; rather, the 'touchstone' of [the] analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue." *Id.* (citing *Gengo*, 808 F.2d at 3).

Here, the charges in Counts Ten, Eleven, and Fourteen of the S-4 Indictment "materially broaden" and "substantially amend" the charges that were timely filed against Mr. Guzman in the prior indictments. (Count Fifteen is untimely for the reasons stated above at p.4 n.1.) The crime charged in Count Ten, for example, was first alleged in the First Superseding

5

Indictment, filed on September 25, 2014—nine months after the statute of limitations for that offense expired in December 2013. Nothing in the original 2009 indictment "fairly alerted" Mr. Guzman that he was being charged with a separate, substantive offense of international cocaine-trafficking committed in December 2008. Indeed, the last date of criminal conduct alleged in the original indictment was April 30, *2005*. *See* Original Indictment, Count One, ¶ 5; Count Two ¶ 14.

The same analysis applies to Counts Eleven and Fourteen. As noted, the offense charged in Count Eleven of the Fourth Superseding Indictment was not brought until the First Superseding Indictment was filed on September 25, 2014—more than eight years after the offense was allegedly committed in February 2006. And, since the last date of criminal conduct alleged in the original indictment was April 30, 2005, nothing in the original 2009 indictment alerted Mr. Guzman that he was being charged with a substantive offense that took place in February 2006.

Likewise, the offense alleged in Count Fourteen was charged for the first time in the Third Superseding Indictment, filed in March 2016—twelve years after the crime was allegedly completed in March 2004. Nothing in the earlier indictments gave fair notice to Mr. Guzman that he was being charged with that offense as an independent substantive crime. To the extent the original indictment charged substantive criminal offenses occurring in and around

6

March 2004 (*see*, *e.g.*, Original Indictment, Count Five), those charges were already time-barred *even when they were first brought*—in July 2009.

In sum, the "relation-back" doctrine does not render the Challenged Counts timely. They should therefore be dismissed.

## CONCLUSION

For these reasons, the Court should dismiss Counts Ten, Eleven, Fourteen, and Fifteen of the Fourth Superseding Indictment.

Respectfully submitted,

_____*/s/*_____
Michelle A. Gelernt
Michael K. Schneider
Edward S. Zas

Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
(718) 330-1204

*Counsel for Defendant Joaquin
   Archivaldo Guzman Loera*