**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

September 15, 2017

The Honorable Roanne L. Mann
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**Re: United States v. Joaquin Archivaldo Guzman Loera, 09 CR 466 (BMC)**</u>

Your Honor:

  We write to provide the Court with the attached Declaration of Michael Schneider, Esq. ("Schneider Declaration"), in reply to the government's letters of September 12 and September 13, 2017. Attached to the government's letters were two declarations ("Sept. 12 Decl." and "Sept. 13 Decl.") from an employee of the Metropolitan Correctional Center ("MCC") concerning modifications that have been made to conditions at the MCC in response to Mr. Guzman's request for contact visits with his attorneys. (*See* Dkt. No's. 132, 133, 135 and 136.)

  The assertions made in the Declarations provided by the government do not justify the government and Bureau of Prison's ("BOP") continued refusal to provide Mr. Guzman with contact visits with his counsel, or to take any meaningful steps toward modifying the facility in order to permit such visits.

  Despite the Court's expressed concerns and directions to work toward negotiating a solution which would permit contact visits, the BOP acknowledges that it has not made a single improvement to the counsel visit area since Your Honor's site inspection on July 6, 2017. As noted in Mr. Schneider's declaration, the modifications made to the visit area since June 2, 2017 have not improved the conditions for reviewing discovery, and have in fact created new problems. (*See* Sept. 13 Decl. at ¶6, Schneider Declaration at ¶9.)

  According to the Sept. 12 Decl., the MCC is unable to provide contact attorney visits. The declarant claims that the security risks presented necessitate such extensive modifications that it would "cost as much as $150,000 and take at least 18 months, but possibly as much to 36 months, to complete." (*See* Sept. 12 Decl. at ¶7.) As should be patently obvious from the Court's inspection of the counsel area, the drastic renovations described in the September 12 Declaration are not only unnecessary, but merely designed to persuade the Court that, even were the BOP willing to spend the required money, the renovation could not be accomplished in time to assist Mr. Guzman in his trial preparation.

One of the more specious claims raised in the Sept. 12 Decl. is that the BOP would need to relocate the "fire suppression systems." *Id*. Presumably this relates to the government's preposterous claim that Mr. Guzman could rip the sprinkler system piping from the ceiling during the contact counsel visit and cause a flood. As noted in the Schneider Declaration, the thick metal pipes in question run along the ceiling some 6 ½ to 7 feet off the ground. (Schneider Declaration at ¶8.) And as Your Honor's clerk pointed out during the visit, that same sprinkler system is currently accessible to Mr. Guzman in his interview booth. (*Id.*)

We are not in a position to provide evidentiary estimates regarding the cost of renovations. However, we note that the government has not provided the Court any documentation in support of its exorbitant estimate: no request for proposal; no breakdown of costs; nor contractor's estimate. The one perhaps justifiable expense, replacing the outside door to the visiting booth with a secure door, hardly seems like a costly or time-consuming renovation. The MCC has made that renovation to the 3rd floor attorney visit area to permit non-SAMs SHU inmates to visit in the regular visit area. (*See* Schneider Dec. at ¶8.) Having paid for this work in the past, the BOP surely could have included this estimate in the declaration. Further, the BOP cannot justify the impermissible burden on Mr. Guzman's Fifth Amendment right to access to the courts and his Sixth Amendment right to participate in his defense on the grounds that providing contact legal visits would be costly. *See Detainees of Brooklyn House of Det. for Men v. Malcolm*, 520 F.2d 392, 399 (2d Cir. 1975) ( "[i]nadequate resources of finances can never be an excuse for depriving detainees of their constitutional rights.").

Among the more troubling statements in the Sept. 12 Decl. is that, only now, almost nine months after Mr. Guzman arrived in the District has BOP "begun to investigate" modifications to the existing counsel area on10 South to accommodate contact legal visits.( *See* Sept. 12 Decl. at ¶7. This is despite the fact that the SAMs themselves expressly allow for contact visits[1], defense counsel initially raised this issue with the Court in April, and Your Honor alerted the government in May that defendants housed in 10 South will undoubtedly, like Mr. Guzman, be involved in "very complex cases" and the issue of contact visits is, and will be, a "recurring issue." (*See* Dkt. No. 95, Exhibit B, at 27.) One can only conclude that the BOP has purposefully delayed making necessary modifications in an attempt to render the issue moot. Had the BOP addressed the structural inadequacies in the facility over 10 years ago, when Magistrate Judge Levy found that the non-contact attorney policy infringed upon the right to counsel and was an "exaggerated response to the government's security concerns" there would be no need to litigate the issue now. *See Basciano v. Martinez*, 2007 WL 2119908, at 8 (E.D.N.Y. May 25, 2007), report and recommendation adopted sub nom. *Basciano v. Lindsay*, 530 F. Supp. 2d 435 (E.D.N.Y. 2008).

---

[1] (*See* SAMs ¶2.C.)

**Conclusion**

For these reasons we ask the Court to order the Bureau of Prisons to permit contact visits between Mr. Guzman and his defense team.

Respectfully submitted,

/s/

Michelle Gelernt, Esq.
Michael K. Schneider, Esq.
Edward Zas, Esq.

cc: Clerk of the Court [by ECF]
Mr. A. Eduardo Balarezo
AUSA Patricia Notopoulos, Esq.
AUSA Andrea Goldbarg, Esq.
AUSA Michael Robotti, Esq.
AUSA Hiral Mehta, Esq