

September 27, 2017

Andrea Goldbarg, Esq. *et al.*
Assistant United States Attorneys
United States Attorney's Office for the
   Eastern District New York
271 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *United States v. Joaquín Guzmán Loera*
                  Case No. 09-CR-0466(S-4)(BMC)

Dear Counsel:

      I write on behalf of my client, Joaquín Guzmán Loera, to request compliance with the Special Administrative Measures (SAMS) imposed upon him by the government. His present conditions of confinement make it impossible to prepare for trial and to provide an adequate defense. Even when the SAMS are properly administered it is difficult to meet the requirements of the Fifth and Sixth Amendments to the United States Constitution. When SAMS protocol are not properly applied, as I believe is the case now, Mr. Guzmán is denied due process and the effective assistance of counsel.

      Mr. Guzmán's requests are as follows:

    1.    <u>Legally Privileged Calls</u>

      The SAMS authorize "legally privileged telephone calls" SAMS § 2(g). Mr. Guzmán needs to have the ability to make legally privileged calls to me. I request that you and the Metropolitan Correctional Center (MCC) make appropriate arrangements as soon as possible so that USMS/BOP/DF staff are available to initiate the calls. I can discuss with you a specific schedule for the calls so that resources can be properly allocated.

    2.    <u>Documents Provided to Inmate by Attorney</u>

      The SAMS allow me to provide Mr. Guzmán with documents related to his defense during my visits with him. SAMS § 2(h). Currently, the procedure is for me to have a lieutenant called, wait for the lieutenant to arrive, provide the document to the lieutenant and then have the lieutenant provide the document to Mr. Guzman. If Mr. Guzmán has to return the document to me, the process is reversed. If the documents are in Spanish, as many in the discovery are, the MCC staff will not allow the exchange if they cannot understand them.

400 Seventh street, NW   ste 306   Washington, DC 20004

A. Eduardo Balarezo, Esq.       tel 202-639-0999       email aeb@balarezolaw.com
Admitted in DC, NY & MD       fax 202-639-0899       web www.balarezolaw.com

BALAREZO LAW
CRIMINAL DEFENSE

I am currently engaged in the review of discovery with Mr. Guzman. Given the sheer volume of paper discovery this process is needlessly cumbersome and a waste of valuable time. Therefore, I request that you and the MCC make appropriate arrangements to allow me and my staff to directly provide Mr. Guzmán with defense related documents for his review during my visits without the intervening steps. I am an officer of the Court, I have signed the SAMS and I understand my obligations. This request is consistent with Magistrate Judge Mann's Report and Recommendation. (Doc. 144).

    3.    <u>Legal Mail</u>

The SAMS allow Mr. Guzmán to send and receive legal mail. SAMS § 2(i). I previously sent Mr. Guzman two letters clearly marked "legal mail." One was never delivered and the other was delivered weeks later. I do not understand the SAMS to authorize the government or the MCC to review authorized legal mail, a possible explanation for the delay. The delay and failure to deliver legal mail from me is not acceptable. As we prepare for trial, such obstacles will further hinder my ability to represent him. I request that you and the MCC facilitate the sending and receiving of legal mail without needless delay. I am prepared to provide self-addressed stamped envelopes for Mr. Guzman's use in sending me legal mail; to have his letters to me picked up by hand; and to have my letters hand-delivered to him to avoid any issues with the United States Mail.

    4.    <u>Non-Legally Privileged Telephone Calls</u>

At your request, Mr. Guzmán has been held effectively incommunicado from his family since his arrival in the United States. Also at your request, he has been denied visits with his wife. His sister has been allowed a short visit. Unfortunately, the government voided her visa shortly thereafter and she can no longer enter the United States. Mr. Guzmán does not have other adult family members who can visit him.

The SAMS allow Mr. Guzmán to make non-privileged telephone calls to his immediate family members at least once a month. SAMS § 3(a). I understand that he has unsuccessfully asked MCC staff to make such calls. I am requesting that you and the MCC make appropriate arrangements pursuant to the SAMS for Mr. Guzmán to make calls to his family. Since Mr. Guzmán is effectively not allowed to have family visits, I request that he be authorized to make weekly calls to his immediate family. I am prepared to provide you specific names, times, dates and telephone numbers to facilitate the telephone calls.

    5.    <u>Non-Legal Mail</u>

The SAMS authorize Mr. Guzmán to correspond with his immediate family. SAMS § 3(g). I understand that mail to and from his family has not been delivered or received. Considering that there is an inexplicable glitch somewhere in the system, I am prepared to facilitate the process if you allow me to receive outgoing letters from Mr. Guzmán and to immediately forward the mail to the designated authorities for review and analysis. As stated before, I am an officer of the Court, I have signed the SAMS and I understand the SAMS

2

requirements. If this procedure is not acceptable to you, I request that you and the MCC allow the receipt and sending of non-legal mail without unreasonable delay.

6. Religious Visitation

The SAMS authorizes religious visits and Mr. Guzmán has a First Amendment right to exercise his religion. SAMS § 5. To date, he has not had any meaningful religious visits. The one or two very brief visits he did have were with an unknown English-speaking religious visitor through a cell door – hardly the free exercise of religion. I request that Mr. Guzman be allowed weekly visits by a religious representative of his choice. I am prepared to provide you with the identity of a religious representative to facilitate approval of the visits. I also request that he be allowed access to a Bible to be provided by me or by a vendor.

7. Access to Books

The SAMS authorizes Mr. Guzmán access to books. SAMS § 9. I request that he be allowed access to books and magazines to read. I can arrange for these items to be delivered directly from the vendors.

Mr. Guzmán's attempts to follow MCC's established procedures to effectuate his requests have been routinely ignored or denied. I trust that the government does not have any objections to these requests. If you do, please let me know by Friday, September 29, so that we can take the matter up with the Court.

Thank you in advance for your assistance.

Sincerely,

A. Eduardo Balarezo

*Counsel for Joaquín Guzmán Loera*

cc: Adam Johnson, Esq.
    Supervisory Staff Attorney
    Metropolitan Correctional Center

3