

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:PEN
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 20, 2017

<u>By Hand and ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>United States v. Joaquin Archivaldo Guzman Loera</u>
           <u>Criminal Docket No. 09 CR 466 (S-4) (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this response to a letter filed September 6, 2017, from A. Eduardo Balarezo, Esq. ("Balarezo"), retained counsel for the above-referenced defendant Joaquin Archivaldo Guzman Loera ("Guzman"), which advised the Court of a potential conflict of interest and sought a hearing pursuant to <u>United States v. Curcio</u>, 680 F.2d 881 (2nd Cir. 1982). <u>See</u> Dkt. No. 126. For the reasons set forth below, the government agrees that the Court should conduct a <u>Curcio</u> inquiry of the defendant on this matter.

      The potential conflict of interest stems from Balarezo's representation of one of a Guzman's co-defendants in the initial indictment of this case, <u>United States v. Beltran Leyva</u>, <u>et al.</u>, 09 CR 466 (BMC). <u>See</u> Dkt. No. 1. Belarezo submits that he had no direct communication with the co-defendant, and that instead he communicated through the co-defendant's Mexican attorney. While there may not have been any direct communications between Balarezo and the co-defendant, the acknowledged communications between the Mexican attorney and Balarezo fall within the ambit of the co-defendant's attorney-client privileged communications. The Mexican attorney's representation of the co-defendant was intertwined with Balarezo's representation of the co-defendant in a case pending in the United States. <u>See</u> <u>United States v. Mejia</u>, 655 F. 3d 126, 132 (2nd Cir. 2011) ("While as a general matter the attorney-client privilege applies only to communications between lawyers and their clients, we have held that '[u]nder certain circumstances . . . the privilege for communication

with attorneys can extend to shield communications to others when the purpose of the communication is to assist the attorney in rendering advice to the client.'").[1]

Thus, we believe that a potential conflict of interest exists in Balarezo's representation of both the co-defendant and Guzman, because, at the very least, Balarezo's representation of Guzman violates his duty of loyalty to the co-defendant and impairs his representation of the defendant. For example, Balarezo would be conflicted in his ability to render advice to one client on the potential benefits of providing cooperation against the other, or to develop a particular defense from facts learned from one client to the benefit of the other. See Gov't Motion Requesting Curcio Hearing; Dkt. No. 65 at 4-5. However, given the apparent limited nature of the communications with, and duration of Balarezo's representation of, the co-defendant, the government believes that this conflict is subject to a knowing and intelligent waiver by the defendant.

Accordingly, the government respectfully requests that the Court hold a Curcio hearing on this matter at the next status conference currently scheduled for November 8, 2017.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN GREENBERG
Acting United States Attorney
Southern District of Florida

cc: A. Eduardo Balarezo, Esq. (by ECF)

---

[1] The co-defendant is currently facing extradition proceedings on the indictment and, accordingly, has not yet been presented for arraignment on the charges contained therein. Thus, the government is not in a position to communicate with the co-defendant to seek a waiver of his attorney-client privilege.