

October 2, 2017

The Honorable Brian M. Cogan
United States District Judge
   for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *United States v. Joaquín Archivaldo Guzmán Loera*
                Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

      I respectfully submit this request for authorization for a defense expert to have a contact visit with Mr. Guzmán to conduct a thorough neuropsychological evaluation of him.

      As the Court is aware, since his extradition in January of this year, Mr. Guzmán has been detained under extremely restrictive conditions pursuant to government-imposed "Special Administrative Measures" at the Metropolitan Correctional Center.[1] The conditions include:

    a.    complete isolation from other inmates
    b.    complete isolation from his wife and other loved ones;[2]
    c.    no communications with anyone except the defense team;[3]
    d.    no pastoral visits;
    e.    no reading material except discovery;
    f.    one hour per day outside his cell to exercise;
    g.    frigid cell temperatures;
    h    lack of clean bed covers (no clean blankets since he arrived at MCC);
    i.    constant lighting in his cell preventing restful sleep;
    j.    minimal medical care;
    k.    no fresh air.

---

[1] The Federal Defenders of New York accurately described the conditions under which Mr. Guzmán is held. *See* Doc. 50.
[2] In nine months of detention, Mr. Guzmán has been allowed but one hour-long visit with his daughters and one hour-long visit with his sister. Shortly after the visit with his sister, the government revoked her visa and she can no longer enter the United States. The MCC did allow Mr. Guzmán one 15-minute call with his sister today.
[3] Due to his solitary confinement, the defense has been forced to spend tremendous resources with constant visits so that Mr. Guzmán is not completely isolated in his cell, which would lead to further psychological deterioration.

400 Seventh Street NW   Ste 306   Washington, DC 20004

A. Eduardo Balarezo, Esq.     tel 202.639.0999     email aeb@balarezolaw.com
Admitted in DC, NY & MD     fax 202.639.0899     web www.balarezolaw.com



Counsel has been visiting with Mr. Guzmán since February and has noticed that during the last month Mr. Guzmán has suffered a marked deterioration in his mental state. This deterioration has manifested itself in his inability to remember people, places and events. Specifically, he has complained about 1) auditory hallucinations; 2) the government "recording" his cell and legal visits; 3) feeling persecuted; and 4) depression. Counsel has noticed that Mr. Guzmán has begun repeating himself often and sometimes forgetting what the discussion is about. In addition to his apparent mental decline, Mr. Guzmán also suffers from myriad physical problems, including constant headaches, ringing in his ears and throat pain. None of these symptoms have been addressed. He has also suffered indignities such as being denied the ability to buy approved items from the canteen list, including bottled water, batteries for his radio and personal hygiene items. Counsel and Mr. Guzmán engage in what to an outsider may appear to be normal conversation; however, it is plain to the defense team that something is not right with Mr. Guzmán.

Due process requires that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, *to consult with counsel, and to assist in preparing his defense* may not be subjected to a trial." *Drope v. Missouri,* 420 U.S. 162 (1975) (emphasis added). Because this constitutional right spans the duration of a criminal proceeding, "a trial court *must always be alert* to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Id.* at 181 (emphasis added). The issue of whether there is "reasonable cause" under 18 U.S.C. § 4241(a) "rests in the discretion of the [trial] court." *United States v. Vamos,* 797 F.2d 1146, 1150 (2d Cir. 1986). As such, a district court may consider "many factors" when determining whether "reasonable cause" to order a competency hearing exists, including (but not limited to) its "observations of the defendant's demeanor during the proceeding." *United States v. Quintieri,* 306 F.3d 1217, 1233 (2d Cir. 2002).

Mr. Guzmán's physical problems, his mental decline and the long-term isolated confinement in the MCC appear to have had a profound effect on Mr. Guzmán's overall condition and his ability to assist counsel in preparation for his trial in April 2018. At this time, counsel does not allege that Mr. Guzmán is not competent. Rather, counsel suggests that Mr. Guzmán's condition may eventually result in a finding of incompetence if it is not addressed soon.

Counsel has requested authorization from firewall counsel to allow Cynthia A. Munro, a Board Certified Clinical Neuropsychologist on the faculty of the Johns Hopkins School of Medicine to evaluate Mr. Guzmán. Dr. Munro ideally requires a contact visit with Mr. Guzmán so that she can conduct her examination. Firewall counsel has approved the visit for the evaluation but denied a contact visit pursuant to the Court's Order. *See* Doc. 155. While Dr. Munro has informed counsel that the evaluation can be completed during a non-contact visit, the results may be influenced by the conditions under which the tests are given, rendering an incorrect diagnosis or evaluation. *See* Exh. 1.



      For the reasons stated, Mr. Guzmán respectfully requests that the Court authorize Dr. Munro to have a contact visit with him to conduct a thorough neuropsychological evaluation to determine whether the harsh conditions of confinement are affecting Mr. Guzmán's ability to assist counsel with his defense.

      Thank you in advance for your consideration of this request.

      Respectfully yours,

      A. Eduardo Balarezo, Esq.
      *Counsel for Joaquín Guzmán Loera*

cc: the Parties via ECF