

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:AJN/BCR                                    *271 Cadman Plaza East*
F. #2009R01065                                 *Brooklyn, New York 11201*

November 22, 2017

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11217

Re: United States v. Joaquin Archivaldo Guzman Loera
<u>Criminal Docket No. 09 CR 466 (S-4) (BMC )</u>

Dear Judge Cogan:

The government respectfully submits this application for an order permitting deferred disclosure of materials that identify cooperating witnesses, as well as photographs of the government's witnesses and the defendant's co-conspirators that the government plans to introduce at trial (collectively, the "Materials").[1]  The Materials, as described in greater detail and with further specificity in the <u>ex parte</u> letter filed simultaneously with this application ("Sixth <u>Ex Parte</u> Submission"), provide information about cooperating witnesses whose identities as cooperating witnesses and/or potential trial witnesses have not yet been disclosed to the defendant, his counsel, or the public.  These witnesses, together with their families, would face serious safety risks if their cooperation and status as prospective trial witnesses were revealed at this time.  Because of the sensitivity of the information contained in the Materials and the negative effect that disclosure of the Materials could have on the security of the government's cooperating witnesses, the government seeks to defer production of the Materials in Rule 16 discovery until the time that the government provides the defendant with Title 18, United States Code, Section 3500 material ("§ 3500 material") for each witness identified by the Materials.

---

[1] The parties have agreed that any response by the defendant to this application shall be due two weeks from the date of filing, on December 6, 2017, and that any reply thereto by the government shall be due on December 13, 2017.

I.      Background

On May 11, 2016, a grand jury sitting in this District returned the above-captioned superseding indictment (the "Indictment"), which charged the defendant with various offenses relating to his narcotics trafficking, use of a firearm, and money laundering, including operating a Continuing Criminal Enterprise ("CCE") in violation of Title 21, United States Code, Section 848.  As part of the CCE charge, the Indictment alleged that the defendant, as one of the leaders of the Sinaloa Cartel (the "Cartel"):

> [E]mployed "sicarios," or hitmen, who carried out hundreds of acts of violence, including murders, assaults, kidnappings, assassinations and acts of torture at the direction of the defendants.  The defendants directed and ordered these acts of violence for a variety of reasons, including but not limited to:
>
> > (c)      Enforcing discipline amongst its members and associates by punishing disloyalty and failure; and
> >
> > (d)      Protecting members of the Sinaloa Cartel from arrest and prosecution by silencing potential witnesses and retaliating against anyone who provided information or assistance to law enforcement authorities.

The Indictment also alleged that the leaders of the Cartel engaged in "corruption and enforcement activities undertaken to preserve and protect its illegal activities."

On January 19, 2017, the defendant was extradited from Mexico, and he was arraigned before a magistrate judge the following day.  At arraignment, the magistrate judge entered a permanent order of detention.  Since that time, the defendant has been incarcerated at the Metropolitan Correctional Center ("MCC") in New York, New York, under the imposition of Special Administrative Measures ("SAMs"), pursuant to 28 C.F.R. § 501.3, based on the substantial risk that the defendant's communications or contacts with people inside or outside of the prison could result in death or serious bodily injury, or substantial damage to property that would entail the risk of death or serious bodily injury.

II.     Facts Justifying Delayed Disclosure of the Materials

The government has produced the vast majority of Rule 16 discovery currently in its possession to the defendant.  To date, the government has provided the defendant with, among other things, more than 290,000 pages of documents and hundreds of thousands of recorded conversations.  See Dkt. No. 167.  A protective order that allows for deferred disclosure of the Materials until the time of the government's disclosure of § 3500 material would not prejudice the defendant, but would properly reduce the safety risks for the cooperating witnesses identified by the Materials.

A.     <u>The Nature of the Materials</u>

The Materials, and details concerning the cooperating witnesses who provided many of the Materials to the government, will be described with greater specificity in the accompanying Sixth <u>Ex Parte</u> Submission.  In general, though, the Materials comprise the following documents and objects:

- Consensual video and/or audio recordings of cooperating witnesses;

- Photographs related to the defendant taken by cooperating witnesses;

- Copies of travel documents related to cooperating witnesses' travel to meet with the defendant or otherwise conduct business on his behalf;

- Photographs of cooperating witnesses which, though not taken by cooperating witnesses, would nonetheless reveal the identity of cooperating witnesses when produced as part of the government's Rule 16 obligations;

- Documents detailing drug transactions between the defendant and cooperating witnesses;

- Other materials that are discoverable pursuant to Rule 16, the description of which would necessarily reveal the source of the material.

B.     <u>Concerns Regarding the Disclosure of Witnesses' Identities and Cooperation</u>

Each of the documents and objects for which the government seeks to delay disclosure will, once produced, reveal to the defendant the identity of cooperating witnesses who the government expects to call to testify against the defendant at trial.  In order to protect the witnesses, their families, and the integrity of ongoing investigations, however, the government has not informed the defendant or the public of the cooperation status or the identities of these witnesses.

The government has previously explained in detail the basis of its concern for the security of cooperating witnesses in this case in its previous <u>ex parte</u> filings, <u>see</u> Dkt. Nos. 31, 45, 66, 78, 120 and provides additional detail regarding the specific concerns related to the Materials in the Sixth <u>Ex Parte</u> Submission accompanying this filing.

C.     <u>Applicable Law</u>

The Federal Rules of Criminal Procedure provide in pertinent part as follows:

At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written

>statement that the court will inspect ex parte.  If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).  The Advisory Committee Notes to the 1966 Amendments to the Rules make clear that "[a]mong other considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals."  A decision to withhold discovery under Rule 16(d)(1) is left to the sound discretion of the trial court, and will not be disturbed on appeal absent a showing that "the substantial rights of the defendant have been prejudiced."  United States v. Coiro, 785 F. Supp. 326, 330 (E.D.N.Y. 1992) (Glasser, J.); see also In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); United States v. Delia, 944 F.2d 1010, 1018 (2d Cir. 1991) (noting that because the language of Rule 16(d)(1) "is . . . permissive," the district court may "limit or otherwise regulate discovery had pursuant to the Rule.").  Indeed, in this case, the Court has held that, under Rule 16, "it is well within its discretion to defer production of certain discovery related to cooperating witnesses [and] confidential sources . . . until later down the line."  June 29, 2017 Mem. & Order, Dkt. No. 101 at 8 (denying defendant's motion to compel disclosure of such information in government ex parte submissions).

## D.   Discussion

Here, delayed discovery is warranted because disclosure of the Materials would reveal the identity of the cooperating witnesses who are identified by the Materials, posing significant risks to the safety of the witnesses and their families and increasing the risk of witness intimidation and/or obstruction of justice in this case.  See United States v. Yousef, 327 F.3d 56, 168 (2d Cir. 2003) (affirming district court's determination that file should remain sealed, in part, to protect confidential sources); United States v. Stoddard, 710 F.3d 21, 23-24 (2d Cir. 1983) (per curiam) (government has interest "in preserving the secrecy of ongoing criminal investigation").

As detailed in the Sixth Ex Parte Submission, the government is concerned that, if these witnesses' cooperation were revealed or the government's witnesses were otherwise identified at this juncture in the case, the defendant, his co-conspirators, or even persons not formally affiliated with the defendant but who wish to curry favor with him, could undertake a campaign of harassment – or even bodily harm or death – against the witnesses and their family members prior to trial in order to punish them for their cooperation, dissuade them from testifying against him at trial and deter the cooperation of others.[2]  Courts in this District have

---

[2]  As the government has previously explained in public filings, the defendant's history of criminal activity has included corruption and violence, including violence against those suspected of providing assistance to law enforcement against the interests of the Cartel. See, e.g., Govt. Mem. of Law in Support of Pretrial Detention, Dkt. No. 17  at 9 (defendant has

previously acknowledged witness security as a compelling interest justifying deferred production of discovery.  See, e.g., United States v. Webb, No. 15-CR-252 (PKC), Dkt. No. 624 at 3-4; see also Webb, Dkt. No. 579.  And, this Court has recognized that the identification of a potential witness in connection with this case raises "the most serious security concerns."  March 21, 2017 Mem. & Order, Dkt. No. 51 at 7 (prohibiting defense counsel from disseminating § 3500 material that would connect potential witnesses to this case).  The significant media coverage of this case will only exacerbate the adverse effects of the disclosure of these witnesses' cooperation to the witnesses and their families, effects that can be reduced if disclosure is deferred until much closer to trial.

There will be no prejudice to the defendant if the Court permits the government to defer disclosure of the Materials.  The purpose of Rule 16 is to enable a defendant to obtain any of his own statements and other materials that are relevant to the charges to allow him to "prepare properly to face the evidence that may be introduced against him at trial."  United States v. Gleason, 616 F.2d 2, 24 (2d Cir. 1979); see also United States v. McElroy, 697 F.2d 459, 463 (2d. Cir. 1982) ("Pretrial discovery prevents the defendant from being unfairly surprised with his statements at trial and enhances the ability of defense counsel to suppress inadmissible statements.").  Here, the proposed protective order would require the government to disclose the Materials identifying each witness no later than the time at which the government discloses 18 U.S.C. § 3500 material for that witness.[3]  The defendant and his counsel, then, will have sufficient time to review the relatively limited volume of the Materials

---

paid millions in bribes to law enforcement and employed "sicarios" to murder rivals and potential witnesses).  The government has also detailed the defendant's demonstrated history of violence against suspected cooperating witnesses in its prior ex parte submissions.  See Dkt. Nos. 31, 45, and 78.  Finally, individuals not apparently under the defendant's control have indicated a desire and willingness to aid the defendant.  For instance, public reporting has indicated that a group of federal prisoners in California released a video shortly after the defendant's extradition in which they stated that they were the "hitmen who are going to take care of [the defendant]" and that in them, the defendant had "more than 3,500 soldiers."  Veronia Rocha, "Video Shows California Prisoners Offering Protection and Escape Help to Drug Lord 'El Chapo,'" Los Angeles Times (Jan. 26, 2017), available at http://www.latimes.com/local/lanow/la-me-ln-california-prisoners-el-chapo-escape-protection-video-20170126-story.html.

[3] As the government has previously noted, it intends to disclose § 3500 material on a rolling basis.  See Dkt. No. 162 at 8-9.  Specifically, the government will provide the defendant with § 3500 material for law enforcement witnesses two months in advance of trial.  The government will disclose § 3500 material with respect to most of its lay and cooperating witnesses one month in advance of trial.  Due to safety concerns related to particular witnesses, the government may delay disclosure of § 3500 material for certain witnesses until closer to the date of the witness's testimony at trial.

and to file any motions relating to their admissibility.[4]  A protective order permitting deferred disclosure would therefore protect the safety of cooperating witnesses while also satisfying the objectives of Rule 16.

III.    Conclusion

For the foregoing reasons, the government respectfully moves under Rule 16(d)(1) for a protective order permitting the government to defer disclosure of the Materials to the defendant until the government's disclosure of § 3500 material for each witness.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN GREENBERG
Acting United States Attorney
Southern District of Florida

cc:  A. Eduardo Balarezo, Esq.

---

[4] The government anticipates that the production comprising the Materials will be limited in size and not voluminous.