

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:AJN/BCR  *271 Cadman Plaza East*
F. #2009R01065  *Brooklyn, New York 11201*

**TO BE FILED UNDER SEAL**

December 13, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11217

      Re: United States v. Joaquin Archivaldo Guzman Loera
        Criminal Docket No. 09 CR 466 (S-4) (BMC)

Dear Judge Cogan:

      The government respectfully submits this reply in support of its application to defer disclosure of materials that identify cooperating witnesses, as well as photographs of the government's witnesses and the defendant's co-conspirators that the government plans to introduce at trial (collectively, the "Materials").  As the government explained in its application, see Dkt. No. 168, good cause exists to defer the production of the Materials because, once disclosed, they will reveal the identities of witnesses and therefore expose those witnesses and their families to safety risks.  In the defendant's letter opposing the government's application, see Dkt. No. 171 ("Def. Ltr."), the defendant argues that the danger to the government's witnesses is "at best, speculative," and that delayed disclosure will prejudice the defendant.  Neither contention has merit.

      First, as an initial matter, the defendant's opposition concedes that protective orders under Rule 16 can be appropriately employed in order to limit the discovery or dissemination of materials that, if disclosed, would pose a threat to witness safety.  See Def. Ltr. at 3 (citing United States v. Barbeito, 2009 WL 3645063 (S.D. W. Va. Oct. 30, 2009)). The two other criminal cases cited by the defendant, United States v. Bulger, 283 F.R.D. 46 (D. Mass. 2012), and United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007), though out-of-jurisdiction, similarly confirm a district court's power to enter a protective order under Rule 16 for good cause.  See also In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 122 (2d Cir. 2008) (noting that Fed. R. Crim. P. 16(d)(1) permits a court, for good cause, to establish the "precise conditions under which the defense may obtain access to discoverable information").

Second, contrary to the defendant's argument that there is only "speculative" danger to the government's witnesses, the government has in fact made a "particular showing" as to the defendant's history of interference with the judicial process and retaliation against potential witnesses. See, e.g., Gov't Mem. of Law in Support of Pretrial Detention, Dkt. No. 17, at 5-6 (corruption of prison officials), 9 (payment of bribes to law enforcement and employment of "sicarios" to murder rivals and potential witnesses); see also Dkt. Nos. 31, 45, 66, 78, 120 (ex parte submissions providing additional detail concerning defendant's history of attempts to silence and intimidate potential witnesses). And, in the ex parte submission accompanying the government's application to defer disclosure of the Materials (the "Sixth Ex Parte Submission"), see Dkt. No. 169, the government provided the Court with a specific, witness-by-witness explanation of the safety risks faced by each of the witnesses who are identified by the Materials. Moreover, it is simply not the case that the government's cooperating witnesses are all in custody and that their families are all under government protection.[1]

Finally, the defendant argues that the delayed disclosure of the Materials will prejudice the defense by distracting the defense team from other pretrial preparation. But the defendant's own assertions demonstrate the limited size and import of the Materials in relation to the broader trial preparation and discovery review already underway. According to the defendant, the defense team has already begun to undertake its review of the more than 290,000 pages of Rule 16 discovery already produced by the government, in addition to listening to hundreds of thousands of recorded conversations, identifying and interviewing witnesses, and various other tasks. See Def. Ltr. at 3. The defendant also acknowledges that the volume of § 3500 material – which is not the subject of this application – will be substantial. See id. at 4. The Materials, by contrast, are not voluminous. The government estimates that the Materials will comprise less than 1% of the total document production to the defense (i.e., a few thousand pages of documents and a few dozen audio/video recordings). Thus, their delayed disclosure will not meaningfully impact the defense team's trial preparation, and does not risk prejudice to the "substantial rights of the defendant." United States v. Coiro, 785 F. Supp. 326, 330 (E.D.N.Y. 1992) (Glasser, J.).

The defendant also suggests, in the conclusion to his letter in opposition, that providing the Materials for "counsel's eyes only" would permit the government to disclose the Materials immediately while avoiding the risks outlined in the government's motion. Def. Ltr. at 4. But defense counsel has not met its burden to demonstrate a need for the identities of the government's witnesses, and it is not entitled to those identities at this stage of the litigation. See June 29, 2017 Mem. & Order, Dkt. No. 101 ("When considering the Government's interest

---

[1] The defendant also contends that there is no need for caution regarding the identities of the cooperating witnesses here because the defendant is in confinement and has few visitors. See Def. Ltr. at 1, 3. But those restrictions do not eliminate the risk to the government's witnesses: the defendant does maintain contact with persons outside of the jail through phone calls and letters and has been visited by family members. See, e.g., Dkt. Nos. 50, 145.

against a defendant's right to a fair trial, the 'defendant bears the burden of showing the need for disclosure of an informant's identity,' and that without such disclosure, he is 'deprived of his right to a fair trial'" (quoting United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997)); United States v. Russotti, 747 F.2d 945, 950 (2d Cir. 1984) (stating that informant's identity need not be disclosed unless "essential to the defense"); United States v. Cannone, 528 F.2d 296, 302 (2d Cir. 1975) (defense must make particularized showing for government's witness list that outweighs countervailing safety concerns). Moreover, disclosure of the Materials as "counsel's eyes only" would present defense counsel with an untenable choice. If defense counsel learned of a particular government witness or avenue of investigation from the Materials, defense counsel would have to either avoid discussing it with the defendant, including potentially misleading the defendant and concealing information from him if conversations touched on the subject matter of the Materials, or else risk disclosing the witness identities to the defendant, which is the precise outcome that the government seeks to avoid.

Additionally, the government has learned in recent weeks that defense counsel and individuals claiming to act on behalf of defense counsel have made contact with persons who the defense believes to be potential witnesses, in some instances through those persons' counsel. Although the government acknowledges that it is not impermissible or inappropriate for defense counsel to attempt to contact individuals who might be willing to voluntarily assist the defense, here, defense counsel has passed along messages from the defendant to these persons. At least one recipient of such a message has interpreted the message as a threat. To limit the identities of the cooperating witnesses revealed in the Materials to counsel's eyes only, therefore, may not fully protect and eliminate the risk to the government's witnesses.[2]

\*   \*   \*

For the foregoing reasons, as well as the reasons set forth in the government's application for deferred disclosure, see Dkt. No. 168, and the Sixth and Seventh Ex Parte Submissions, the government respectfully moves the Court for a protective order permitting

---

[2] Concurrently with this filing, the government is filing a supplemental ex parte letter providing the Court with additional facts and information to aid the Court's consideration of this issue (the "Seventh Ex Parte Submission").

the government to defer disclosure of the Materials until the government's disclosure of 18 U.S.C. § 3500 material for each witness.

                                      Respectfully submitted,

                                      BRIDGET M. ROHDE
                                      Acting United States Attorney
                                      Eastern District of New York

                                      ARTHUR G. WYATT, CHIEF
                                      Narcotic and Dangerous Drug Section
                                      Criminal Division,
                                      U.S. Department of Justice

                                      OF COUNSEL:

                                      BENJAMIN GREENBERG
                                      Acting United States Attorney
                                      Southern District of Florida

cc:  A. Eduardo Balarezo, Esq.