

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:AJN/BCR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 13, 2017

**SUBMITTED <u>EX</u> <u>PARTE</u> AND UNDER SEAL**

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11217

         Re:  United States v. Joaquin Archivaldo Guzman Loera
             Criminal Docket No. 09 CR 466 (S-4) (BMC )

Dear Judge Cogan:

      The government respectfully submits this <u>ex parte</u> letter (the "Seventh <u>Ex Parte</u> Submission") in further support of its application for a protective order permitting the government to defer production of materials that identify cooperating witnesses, as well as photographs of the government's witnesses and the defendant's co-conspirators that the government plans to introduce at trial (collectively, the "Materials").  This <u>ex parte</u> letter specifically addresses the defendant's suggestion that "counsel's eyes only" disclosure of the Materials is an appropriate alternative to the deferred disclosure sought by the government.

      The government has been generally aware that counsel for the defendant have been contacting persons who the defense believes are potential trial witnesses, including some who are actually cooperating witnesses whom the government intends to present at trial.  In many cases, and appropriately, defense counsel have made such contact through attorneys for these witnesses.  As set forth in the under seal filing accompanying this <u>ex parte</u> submission, the government acknowledges that the defense is entitled to attempt to contact potential witnesses and other persons in order to determine whether such witnesses are willing to voluntarily aid the defense.

      In recent weeks, however, the government has learned that when defense counsel contacted counsel for one potential witness (a witness who is indeed cooperating with the government), counsel for the potential witness informed defense counsel that the potential

witness would not voluntarily speak with the defense, and defense counsel then asked counsel for the potential witness to pass on a message to his client, namely, that the defendant wished to say hello and send his "warm regards." Although potentially innocuous on its face, in the context of the defendant's criminal history and his relationship with the witness, the cooperating witness interpreted the message as a threat. Indeed, the witness and his/her counsel contacted the government immediately following this interaction, because of their concern that the message represented a threat.

The government has also learned from another attorney for a potential witness located in Mexico (who is in contact with the government but is not anticipated to be a witness in this case) that the potential witness was approached by members of the defendant's family, who urged him/her to speak with defense counsel in this case. The family members indicated that defense counsel would shortly be calling the witness, regarding the defendant's trial, and that the potential witness should not miss his call. The potential witness's U.S. counsel brought this matter to the government's attention, due to concerns that defense counsel had initiated contact with the potential witness without contacting his/her U.S. counsel.

Finally, the government has learned from an attorney for a third potential witness, who is currently in federal custody in the United States, that the defendant's family also approached this third potential witness and informed him/her to expect a call or visit from the defendant's counsel and urged the potential witness to speak with defense counsel. This potential witness's counsel also brought the matter to the government's attention due to concerns that defense counsel had initiated contact with an incarcerated person without first contacting his/her counsel.

The government raises these incidents here only to aid the Court's resolution of the government's application for delayed disclosure of the Materials. These incidents highlight the means by which defense counsel may be used – even unwittingly – to further the defendant's illicit acts. To restrict the Materials to counsel, therefore, will not fully alleviate the risk to the government's cooperating witnesses from disclosure of their identities.

\*   \*   \*

The government respectfully requests permission to submit this letter under seal and ex parte, as well as to file its reply partially under seal, with a redacted version on the public docket. Sealing and ex parte filing is warranted because of the concerns discussed supra regarding the safety of the witnesses and their families, and the danger posed by disclosing the witnesses' identities and their cooperation with the government. See Fed. R. Crim. P. 16(d)(1) (stating that court may permit party to show good cause for protective order "by a written statement that the court will inspect ex parte"); June 29, 2017 Mem & Order, Dkt. No. 101 at 4-9 (describing appropriate circumstances for submitting information ex parte, including to protect witness safety); United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses and the identities of cooperating witnesses, and to prevent interference, flight, and other obstruction, may be a compelling reason justifying sealing). Indeed, the description of the specific facts

regarding the potential witnesses' interactions with defense counsel could reveal their identities to the defense counsel and the defendant. As the facts set forth herein provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d. Cir. 2006), the government respectfully requests that the Court file this ex parte supplement to the government's application for a protective order permitting delayed disclosure under seal. Should any order of the Court regarding this application describe the evidence or witnesses in question with particularity, rather than in general (as in the government's accompanying public filing and proposed order), the government likewise requests that such order be filed under seal and ex parte.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN GREENBERG
Acting United States Attorney
Southern District of Florida