```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  UNITED STATES,                                            :
                                                            :
                         - against -                        :   MEMORANDUM DECISION &
                                                            :   ORDER
  JOAQUIN ARCHIVALDO GUZMAN                                 :
  LOERA,                                                    :   09-cr-0466 (BMC)
                                                            :
                         Defendant.                         :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The Government requests a protective order under Federal Rule of Criminal Procedure 16, permitting it to defer disclosing certain discovery materials that identify cooperating witnesses to defendant until it discloses those witnesses' statements pursuant to 18 U.S.C. § 3500, much closer to trial. The Government claims that this protective order is necessary to protect the cooperating witnesses and their families from intimidation and possible harm by defendant or his supporters. Defendant argues that this delayed disclosure is unnecessary and would make it impossible for his team to prepare for trial effectively. Because I am convinced that such an order is necessary to protect the cooperating witnesses and will not prevent defense counsel from preparing effectively for trial, I hereby grant the Government's motion. The Government may divulge to the defense Rule 16 materials which identify a cooperating witness at the same time that the Government provides the § 3500 material for that witness or category of witnesses.

## DISCUSSION

### I.     Background

Defendant and several co-conspirators are charged with operating a continuing criminal

enterprise, in violation of 21 U.S.C. § 848. The indictment alleges that defendant, as a leader of the Sinaloa Cartel, employed "sicarios," or hitmen, who carried out hundreds of acts of violence, including murders, assaults, and kidnappings. According to the indictment, defendant directed these acts of violence to enforce discipline among the cartel's members, to punish disloyal members, and to protect the cartel's members from arrest and prosecution by silencing potential witnesses and retaliating against those who provided information to law enforcement. In part because of this history, defendant has, since his extradition and arraignment, been held under special administrative measures, including restrictions on his communications and solitary confinement, which this Court largely upheld, based on the substantial risk that defendant's communications or contacts with people outside the prison could result in death or bodily harm to people cooperating with the Government. See 28 C.F.R. § 501.3.

In its motion, the Government states that it has already provided defendant with the bulk of the materials that are discoverable under Federal Rule of Criminal Procedure 16(a)(1), and that the protective order it seeks would cover only those materials that identify cooperating witnesses. It describes these materials generally as consensual video or audio recordings of cooperating witnesses, photographs related to the defendant taken by cooperating witnesses, copies of cooperating witnesses' travel documents from travel to meet defendant or conduct business on his behalf, photographs of the cooperating witnesses, documents detailing drug transactions between defendant and the cooperating witnesses, and other materials, the description of which would necessarily reveal the cooperating witnesses as the source of the material. The Government stated in its reply that these documents represent approximately 1% of its overall disclosures to defendant and will number "a few thousand pages of documents and a few dozen audio/video recordings."

**II.     Analysis**

Federal Rule of Criminal Procedure 16 governs covers discovery in criminal cases, and it provides that the court may, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Advisory Committee Notes on the 1966 Amendment to Rule 16(d) states that among the considerations that the court should take into account will be "the safety of witnesses and others, a particular danger or perjury or witness intimidation, [and] the protection of information vital to the national security."

The Government argues that a protective order is necessary here to protect cooperating witnesses and their families. The Government has made *ex parte* filings in support of this and earlier motions in which it has detailed times when defendant's organization threatened or allegedly killed suspecting cooperating witnesses or kidnapped suspected witnesses' family members. See, e.g., United States v. Loera, No. 09CR466, 2017 WL 2821546, at *2 (E.D.N.Y. June 29, 2017) (discussing the Fourth Ex Parte Submission, which described how defendant used intermediaries, including family members, to threaten potential witnesses).

Defendant argues that there has been no particular showing of a witness being threatened or harmed in this case, so the Government's asserted need to protect witnesses is unfounded. Defendant points out that the extremely restrictive conditions placed on his confinement would prevent him from causing or directing harm to any cooperators. Defendant also argues that he will be severely prejudiced if the Government releases the information for which it seeks this protective order a mere week or two before a given witness testifies, because his trial team will not have enough time to review the materials. Defendant suggests, as an alternative, that the Government immediately disclose the materials to defense counsel for counsel's eyes only, so that he may conduct any necessary investigations to effectively represent defendant.

As an initial matter, the Court is not persuaded by defendant's argument, which boils down to: the Government must first wait for a witness to be threatened or harmed before it may seek and receive a protective order. In *ex parte* submissions as part of this motion and prior motions, the Government has provided the Court many examples of defendant or his organization threatening or harming those they believed to be cooperating with Mexican or United States law enforcement. As reflected in the Committee Notes, threats to witness safety are the kind of good cause for which disclosure may be delayed. See United States v. Smith, No. 09CR82S, 2009 WL 1346867, at *2 (W.D.N.Y. May 13, 2009).

And while the Court acknowledges that delayed disclosure will be less convenient for defense counsel than immediate disclosure, the Court is not convinced that the disclosure the Government requests here will violate defendant's due process rights – particularly given the Government's representation that all of this material will comprise no more than a few thousand pages of documents and a few dozen audio/video recordings. In its motion, the Government states that it will produce the sensitive materials discussed in its motion at the same time as its disclosures under 18 U.S.C. § 3500. It has committed to producing the § 3500 materials for law enforcement witnesses two months before trial, and for most of the lay and cooperating witnesses one month before trial. Only for certain witnesses will the Government delay disclosure until closer to the date of the witness's testimony.

The Court takes these representations as to the number of witnesses and the quantity of materials seriously, and will not hesitate to adjourn the trial if it becomes clear that the Government plans disclose significantly more material to defense counsel at the last minute.

As to defendant's alternative proposal for an attorneys' eyes-only disclosure, because the Court concludes that the Government's proposed schedule for disclosure is adequate, given the

4

quantity of materials involved and the security risk, the Court declines this alternative. Moreover, the Court is skeptical that defense counsel would be able to make significant use of the materials without consulting the defendant as to their contents and the witnesses they identify. Delayed disclosure, timed according to the relative safety risk to each witness or category of witnesses, and with sufficient time for defendant to prepare for cross-examination, more appropriately addresses the safety concerns and will permit defense counsel to make full use of the materials.

## CONCLUSION

The Government's [168] motion for a protective order is GRANTED.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 14, 2017