

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:AG  *271 Cadman Plaza East*
F# 2009R01065  *Brooklyn, New York 11201*

December 15, 2017

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

> Re: United States v. Joaquin Archivaldo Guzman Loera
>     Criminal Docket No. 09-0466 (S-4) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in partial opposition to the defendant Joaquin Archivaldo Guzman Loera's (the "defendant") Motion Requesting a Modification to the Protective Order ("Motion"), filed on December 12, 2017, <u>see</u> Dkt. No. 172, to allow his paralegals to maintain a copy of the Protected Material, as well as to eliminate the requirement to maintain a log of the Protected Material handled by the paralegals.  The government does not oppose allowing the paralegals to maintain a copy of the Protected Material as discussed in the letter, however, defense counsel still should be required to "keep an accounting of the pages of the Protected Discovery provided to members of the Defense Counsel's Team," including the paralegals.  Protective Order, Dkt. No. 57 at 3.

      The defendant asserts that the requirement that the paralegals account for the Protected Material that they handle is overly burdensome.  <u>See</u> Dkt. No. 172 at 2.  The government disagrees.  The purpose of this provision of the Protective Order is to ensure that the Protected Material is properly handled by members of the Defense Counsel's Team when the documents are not in the possession of defense counsel.  The requirement is not burdensome.  The government has Bates-stamped the discovery produced to the defendant.  If the paralegals are in possession of a single hard drive, then the accounting log can simply reflect the Bates-range of the documents contained on that hard drive.  Similarly, if, for example, the paralegals decide to print certain Protected Material and review those documents with the defendant or another approved member of the Defense Counsel's Team, it is not burdensome for the paralegals to account for those specific pages, which are Bates-numbered.  This accounting provision is an important mechanism for ensuring that members of the Defense Counsel's Team handle the Protected Material appropriately and carefully.  Indeed, because non-attorney members of Defense Counsel's Team are not members of the bar, and

therefore not held to the same ethical obligations as defense counsel, this modest and reasonable requirement is warranted.

In light of the reasonable requirements set forth in the Protective Order, the government requests that the accounting provision not be excised as per the defendant's request.

    Respectfully submitted,

    BRIDGET M. ROHDE
    ACTING UNITED STATES ATTORNEY
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, New York 11201

    ARTHUR G. WYATT, CHIEF
    Narcotic and Dangerous Drug Section
    Criminal Division,
    U.S. Department of Justice

    OF COUNSEL:

    BENJAMIN GREENBERG
    ACTING UNITED STATES ATTORNEY
    Southern District of Florida

cc: A. Eduardo Balarezo, Esq.
    William Purpura, Esq.