UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
    UNITED STATES OF AMERICA,

                - against -                     **MEMORANDUM DECISION AND ORDER**

    JOAQUIN ARCHIVALDO GUZMAN LOERA,                     09-cr-0466 (BMC)

                            Defendant.
---------------------------------------------------------- X

**COGAN**, District Judge.

    The Government moves *in limine* for an anonymous and partially sequestered jury for defendant's trial to protect the integrity of the trial and to mitigate any fear of harassment or intimidation in the jurors' minds. Defendant opposes the motion, arguing primarily that an anonymous jury would undermine his presumption of innocence and create an unfair impression that he is a dangerous person, as well as impair his ability to conduct meaningful *voir dire*. The Court concludes that the Government's concerns are warranted, and therefore grants the motion for an anonymous and partially sequestered jury.

    In its motion, the Government requests that the names, addresses, and places of employment of the prospective and selected jurors be withheld from the parties and the press, and that, each trial day, the jury be transported to and from the courthouse by the U.S. Marshals Service ("USMS") and be sequestered from the public while in the courthouse. Although these types of precautionary measures have "serious implications for a defendant's interest in effectively conducting *voir dire* and in maintaining the presumption of innocence," United States v. Wong, 40 F.3d 1347, 1376 (2d Cir. 1994), they are nonetheless constitutional when genuinely warranted and properly implemented. Id.

The standard for evaluating the Government's motion requires me to consider whether there is "strong reason to believe that the jury needs protection." United States v. Amuso, 21 F.3d 1251, 1264 (2d Cir. 1994) (quoting United States v. Thomas, 757 F.2d 1359,1365 (2d Cir. 1985)). In determining whether the jury needs protection, relevant factors to consider include: "(1) the seriousness of the charges, (2) the threat of corruption of the judicial process, and (3) the expectation of publicity." United States v. Gotti, No. S8 02CR743, 2004 WL 2274712, at *2 (S.D.N.Y. Oct. 7, 2004). Moreover, as part of this evaluation, I can rely on the Government's proffer of facts showing that the jury needs protection. See, e.g., Wong, 40 F.3d at 1376-77. If I conclude that there is strong reason to believe that the jury needs protection, I must take "reasonable precaution[s] . . . to minimize the effect that such a decision might have on the jurors' opinions of the defendant[]." Amuso, 21 F.3d at 1264 (quoting Thomas, 757 F.2d at 1365).

Here, the Government has presented strong and credible reasons to believe that the jury needs protection. Although defendant is not charged with any violent crimes, the indictment alleges that defendant, as a leader of the Sinaloa Cartel, employed "sicarios," or hitmen, who carried out hundreds of acts of violence, including murders, assaults, and kidnappings. According to the indictment, defendant directed these acts of violence to enforce discipline among the cartel's members, to punish disloyal members, and to protect the cartel's members from arrest and prosecution by silencing potential witnesses and retaliating against those who provided information to law enforcement. Since his extradition and arraignment, defendant has been subject to special administrative measures, including solitary confinement and restrictions on his communications, which I upheld in part based on the risk that his communications or contacts with people outside the prison could result in harm to people cooperating with the

Government. See 28 C.F.R. § 501.3; ECF No. 71.

Based on the allegations in the indictment and the evidence that the Court has reviewed in connection with other motions, it seems likely that the "trial evidence will depict a pattern of violence by the defendant[] and his associates such as would cause a juror to reasonably fear for his own safety." United States v. Vario, 943 F.2d 236, 241 (2d Cir. 1991). Defendant's history of violence alone – violence done at his direction or on his behalf – would be sufficient to warrant an anonymous and partially sequestered jury, but that many of the allegations involve murder, assault, kidnapping, or torture of potential witnesses or those suspected of assisting law enforcement makes the Government's concerns particularly salient.

Second, as the Government has noted, there appear to be some dangerous individuals, apparently not under defendant's control, who have expressed a desire to assist him. The Government refers specifically to a group of federal prisoners in California who, shortly after defendant's extradition, released a video pledging to be "hitmen who are going to take care of [the defendant]" and stating that "[h]ere you have more than 3,500 soldiers." Defendant maligns the reference to these federal prisoners as "nothing short of a bad joke," and argues that any alleged criminal organization is "local" and located in Mexico. Given the length and breadth of defendant's alleged continuing criminal enterprise – which the Government asserts took place over 25 years and two continents – defendant's claim that the activities of his associates and allies are limited to Mexico is simply not credible.

Third, this case has generated significant media coverage, which is likely to only increase once the trial begins. As the Second Circuit has recognized, "[p]re-trial publicity may militate in favor of an anonymous jury because [such publicity] can 'enhance the possibility that jurors' names would become public and thus expose them to intimidation by defendants' friends or

3

enemies, or harassment by the public.'" Vario, 943 F.2d at 240 (quoting United States v. Persico, 621 F. Supp. 842, 878 (S.D.N.Y. 1985)).

Finally, any potential prejudice to defendant will be mitigated when the Court advises the jury that their names are not being publicly disclosed out of respect and concern for their privacy, which is true, and that neither the Government nor defendant will know their identities. It is speculative, considering the evidence expected to be produced in this case, that the jurors will think defendant is violent because their privacy has been protected. It is just as arguable, perhaps even more so, that the protection of their identities will promote the jury's impartial consideration of the evidence.

There is, therefore, more than sufficient evidence to warrant an anonymous and partially sequestered jury. The Government's motion [182] is GRANTED; defendant's request for a hearing in his opposition brief [185] is DENIED. The names, addresses, and specific places of employment of prospective and selected jurors will not be revealed to the parties or the press. Each trial day, jurors will be transported to and from the courthouse by the USMS and will be sequestered from the public while in the courthouse. The Court will instruct the jurors that their daily transportation and escort within the courthouse are provided to protect their privacy and to ensure that the trial proceeds expeditiously.

**SO ORDERED.**

s/BMC
_____
U.S.D.J.

Dated: Brooklyn, New York
       February 5, 2018