

April 26, 2018

<u>**UNDER SEAL**</u>

The Honorable Brian M. Cogan
United States District Judge
   for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

          Re:    *United States v. Joaquín Archivaldo Guzmán Loera*
                 Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

      Counsel respectfully writes the Court to inform it of a possible security issue, to request that the Court prohibit the public dissemination of information related to the issue and to direct the government to make a modification of the SAMs to allow counsel to share that information with Mr. Guzmán.

      After the close of business on April 25, 2018, a Spanish-speaking male called counsel's office and left a message. The message stated roughly:

> Hello Mr. Balarezo, I am Joaquin Guzmán's son and I only want to tell you to please tell my father to take care of himself, that we are waiting here … that my brother Alfredo and I are waiting … we are going to get him out … we are planning it … just wanted him to know. We'll be waiting. Take care attorney.

Counsel has never spoken with, or otherwise communicated with, any of Mr. Guzman's sons and does not recognize the caller. Counsel asked one of Mr. Guzman's family members, who personally knows his sons, to listen to the call. The family member informed counsel that he/she also did not recognize the caller and that it must be a hoax.[1] Counsel also believes the call to be a hoax,[2] but out of ethical, legal and security concerns counsel must disclose this information to the Court, the government (firewall counsel) and the United States Marshals Service, which is

---

[1] To the extent that the call was not a hoax, it may relate to a collateral matter relating to Mr. Guzmán and his sons. Counsel is aware that two of Mr. Guzmán's sons, who are indicted in the United States, may be attempting to negotiate an agreement with the government that possibly includes Mr. Guzmán. Perhaps the reference to getting Mr. Guzmán "out" is a reference to this.

[2] Counsel has received numerous calls and emails pertaining to Mr. Guzmán that are obvious hoaxes.

400 Seventh Street NW   Ste 306   Washington, DC 20004

A. Eduardo Balarezo, Esq.      tel 202.639.0999      email aeb@balarezolaw.com
Admitted in DC, NY & MD      fax 202.639.0899      web www.balarezolaw.com



tasked with providing security for this case.

### Need to Prevent Disclosure of Information

Due to the potential prejudice to Mr. Guzman if this information were publicly disseminated, counsel respectfully requests that the Court issue an order directing the government (firewall counsel), the Marshals Service and any other person or entity with a need to know the information from disclosing it to the public or media.  Much has been made in the media about the reasons for the Court's ordering an anonymous and partially sequestered jury – including claims of violence and prison escapes by Mr. Guzmán.  Adding news of a possible "jail break" will further prejudice the potential jury pool and deny Mr. Guzmán a fair trial, especially when there is no evidence that Mr. Guzmán has anything to do with, or even has knowledge of, the supposed plans mentioned in the call.

Additionally, if the government were to become aware of this information, it may seek to use the evidence against Mr. Guzmán at trial.  Counsel cannot not be placed in a position of providing evidence against his client or to possibly become a witness in the case.  For this reason, counsel respectfully requests that the Court specifically order firewall counsel and the Marshals Service not to disclose this information to the prosecutors in this case.

### Need to Discuss the Call with Mr. Guzmán

Although counsel has allowed a family member of Mr. Guzman to listen to the call, counsel has an ethical obligation to discuss the call with Mr. Guzmán and to allow him to also listen to the call.  First, counsel's failure to disclose the call to Mr. Guzmán may create issues of trust and possibly disrupt the attorney-client relationship. It is an issue that relates directly to him and, as noted above, the government may seek to use it against him at trial. Additionally, the disclosure of this information may result in harsher conditions being imposed upon Mr. Guzmán.  Second, Mr. Guzmán is in the best position to identify the voice of a son.  If the call was not made by one of his sons, that can be easily determined by Mr. Guzmán.  If the call is legitimate, then Mr. Guzmán may be in a position to attempt to prevent any plans from being carried out.  Because the SAMs prohibit counsel from transmitting any messages from third-parties to Mr. Guzmán, counsel respectfully requests that the Court direct the government to make a one-time modification to the SAMs to allow counsel to play the message to Mr. Guzmán for the sole purpose of having him possibly identify the caller.

The issue discussed herein implicates security concerns that counsel is obligated to disclose.  Out of an abundance of caution, counsel is disclosing this letter to the Marshals Service along with a recording of the call.  Counsel respectfully requests a prompt resolution by the Court of these requests so that counsel can also provide the information to the government (firewall counsel).



   At the time of this filing, counsel is about to enter the MCC to visit with Mr. Guzmán. Should the Court desire to discuss this issue further with the defense, please contact co-counsel William Purpura, Esq. at 410-215-0759 (cell).

   Thank you in advance for your attention to this matter.

             Respectfully submitted,

             **BALAREZO LAW**

      By: _____
             A. Eduardo Balarezo, Esq.
             EDNY Bar # AB7088
             400 Seventh Street, NW
             Suite 306
             Washington, DC 20004
             Tel: (202) 639-0999
             Fax: (202) 639-0899
             E-mail: aeb@balarezolaw.com

             *Counsel for Joaquín Guzmán Loera*

cc:

Dolores Garza, DUSM
*(via email)*