```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :  **MEMORANDUM**
                                                            :  **DECISION AND ORDER**
                      - against –                           :
                                                            :  09-cr-0466 (BMC)
JOAQUIN ARCHIVALDO GUZMAN                                   :
LOERA,                                                      :
                                                            :
                                      Defendant.            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This order addresses several pre-trial motions before the Court. Defendant's motions *in limine* [209, 210, 211] are granted in part and denied in part; and the Government's motion *in limine* [213] is granted in part and denied in part. Defendant's motion for a pretrial determination of conspiracy [215] is denied.

## DISCUSSION

### I. Defendant's Motions *In Limine*

Defendant's motions *in limine* are resolved as follows.

#### A. Motion to Compel

##### 1. Foreign Wiretap Evidence

Defendant seeks any foreign wiretaps from which the Government has derived evidence, along with the underlying applications, affidavits, orders or other paperwork. The Government states that it has produced the foreign wiretap evidence that it intends to rely upon at trial, including intercepted statements made by defendant. Furthermore, the Government states that it has disclosed, or will promptly disclose, documents related to foreign judicial authorizations to make the interceptions that it intends to introduce at trial. Because the Government has already

produced or will produce the evidence defendant seeks, defendant's motion is denied as unnecessary.

>    2. *Parallel Construction Evidence from the DEA Special Operations Division*

Defendant requests that the Court order the Government to evaluate whether certain evidence obtained from the DEA's Special Operations Division exists, and if so, to produce it. The Government states that it has already conducted that review, and that it is aware of its discovery obligations. The Court denies defendant's motion as to these materials based on the Government's representation that, if it becomes aware of any discoverable information, including information related to the DEA's Special Operations Division, it will provide that information to defendant.

>    3. *FISA/NSA "Prism" Program Evidence*

Defendant requests that the Court order the Government to provide notice of its intent to use FISA/NSA Prism Program evidence, pursuant to 50 U.S.C. § 1806(c), sufficiently prior to trial to allow him to prepare his defense. The Government has not yet provided such notice, and has stated that it does not expect to do so, but that it will abide by the relevant notice provisions if its position changes. Section 1806(c) only requires the Government to provide such notice "prior to trial . . . or at a reasonable time prior to an effort to so disclose or so use that information or submit it in evidence" if it intends to use such evidence. Section 1806(c) does not require the Government to notify defendant that it will *not* use FISA/NSA Prism Program evidence. Defendant's motion is denied as premature because the Government has not yet sought to use such evidence. However, the Government is cautioned that if it unreasonably delays in notifying defendant under § 1806(c), the Court may exclude later-proffered evidence.

*4. GPS and Historical Cell Site/Tower Evidence*

Defendant requests that the Court order the Government to produce evidence obtained through warrantless use of a GPS device, or through the warrantless use of cell site/tower data. The Government contends that defendant has not identified any legal theory to which such evidence would be material. The Government also claims that, "to the extent that law enforcement officers obtained evidence through searches of location data associated with persons other than the defendant, the defendant lacks standing to challenge those searches."

The Government has put the cart before the horse. Defendant is not, at this stage, seeking to challenge the admissibility of this evidence (and he could not, given that he does not know what it is). Instead, he seeks evidence that may be material to his defense. It is not unreasonable to think that the evidence defendant describes may be material, independent of whether he could move to suppress it. Defendant is correct when he points out that it is the Court's role and not the Government's to determine admissibility, which is of course a discrete inquiry from materiality. Finally, the Government's cited cases concluding that defendants are not entitled to search warrants and supporting materials are inapposite. Defendant's motion is granted.

*5. Photo Identification Procedures*

Defendant seeks a court order directing the Government to produce information about photo-identification procedures used with its cooperating witnesses and the actual photographs the Government used in its identification procedures. The Government claims that it has provided a list of cooperating witnesses who have made photo identifications, the method used for those identifications, and the year of the identification. The Government also states that by the close of discovery on May 18, 2018, it will have disclosed the photograph or video used for each identification (except for certain photographs subject to delayed disclosure). Defendant has

not argued that the Government has failed to meet its obligations. Accordingly, defendant's motion is denied.

### B. Expert Notice

Defendant seeks an order directing the Government to immediately disclose a summary of the opinion of each expert it intends to call at trial, as well as the bases and reasons for that opinion, and the witness' qualifications. The Government states that it intends to do so by June 8, 2018. This is sufficiently in advance of trial to allow defendant to prepare his defense. Accordingly, this prong of his motion is denied. The Government also moves the Court to set a deadline by which defendant must provide notice of any expert witnesses he intends to present at trial. By July 25, 2018, defendant must make such disclosures.

Defendant also moves to limit the breadth and scope of witness testimony. Specifically, defendant seeks to bar the Government from presenting expert witness testimony about the history and significant of the Sinaloa Cartel, opining about violence by cartel members, or consisting of inadmissible hearsay. The Government states that it does not intend to call expert witnesses to testify about the history of the Sinaloa Cartel, or about violence by cartel members. As for inadmissible hearsay in the guise of expert testimony, defendant has not pointed to anything suggesting that the Government will not comply with the Rules of Evidence. This prong of defendant's motion is denied, without prejudice to renewal at trial.

### C. Early Disclosure of <u>Brady</u>, <u>Giglio</u>, and § 3500 Material

Defendant moves the Court to order the Government to provide early disclosures of <u>Brady</u>, <u>Giglio</u>, and § 3500 material. The Court already addressed the schedule for the disclosure of this material at the November 8, 2017 conference: the Government will provide defendant with the identity of its law enforcement witnesses and with § 3500 and <u>Giglio</u> material for those

4

witnesses, two months in advance of trial. The Government will provide defendant with the identity of and Giglio and § 3500 material for most of its lay and cooperating witnesses one month in advance of trial. Respective disclosures for certain witnesses with safety concerns will be delayed until two weeks prior to their testimony. The Government shall identify via *ex parte* submission to the Court which witnesses are in this third, safety-concern category and the grounds for the Government's security concern no later than July 25, 2018, so that the Court can determine whether that designation is appropriate in advance of the more general one-month disclosure mark. This schedule provides defendant sufficient time to prepare. Defendant's motion is otherwise denied.

## II. Government's Motion *In Limine*

The Government's motion *in limine* is resolved as follows.

### A. Acts of Violence and Drug Trafficking Activity

The Government moves to introduce several categories of evidence: 1) evidence of alleged kidnapping, torture, and other acts of violence committed or directed by defendant; 2) evidence of his alleged drug trafficking prior to the charged period; 3) evidence of his alleged drug trafficking while in prison; and 4) evidence of his alleged fentanyl trafficking. The Government's proffer is not specific enough for the Court to rule on it here. Most or all of the described evidence will be elicited from cooperating witnesses, but without descriptions of those witnesses and their testimony, the Court has no way to determine if and to what extent those witnesses will be entitled to testify on these subjects. Assuming adequate foundation, the Government can likely introduce some of this evidence as direct evidence of the charged continuing criminal enterprise and conspiracy.

The Court notes that evidence of kidnapping and torture may be direct evidence that supports Violation 85 (conspiracy to commit murder) under 21 U.S.C. §§ 846 and 848(e). Although the Second Circuit has not specifically answered this question, other circuits to address this issue have concluded that § 848(e) is a substantive offense in part because the statute internally refers to § 848(e) as an "offense." See United States v. Snow, 48 F.3d 198, 200 (6th Cir. 1995); see also United States v. Honken, 541 F.3d 1146, 1154 (8th Cir. 2008); United States v. Tidwell, 521 F.3d 236, 248 (3d Cir. 2008); United States v. NJB, 104 F.3d 630, 633 (4th Cir. 1997); United States v. Chandler, 996 F.2d 1073, 1100 (11th Cir. 1993). This Court agrees with those courts' reasoning; § 848(e) is a substantive offense, not just a penalty enhancement. Under § 846, conspiracy to violate § 848(e) is a substantive offense itself and evidence which directly supports that offense may be admissible, but the Court cannot rule on it without knowing what the evidence is.[1] In the same vein, the same evidence may also be admissible under Rule 404(b), but the Court is not in a position to rule on that based on what the Government has submitted.

Evidence that defendant used or carried a firearm in relation to a drug-trafficking crime outside the United States is not inherently inadmissible. As the Court concluded in United States v. Mardirossian, 818 F. Supp. 2d 775, 777 (S.D.N.Y. 2011), § 924(c) applies extraterritorially where the Government can prosecute a defendant's underlying extraterritorial drug-trafficking crime. See also United States v. Yousef, 327 F.3d 56, 88 (2d Cir. 2003) (concluding that where U.S. courts have jurisdiction over a substantive crime, Congress also vested jurisdiction over an extraterritorial conspiracy to commit that crime). The continuing criminal enterprise that

---

[1] Defendant's opposition to the Government's motion *in limine* stated that he planned to file a motion *in limine* to dismiss Violation 85, but he never did so.

defendant has been charged undisputedly apply extraterritorially, 21 U.S.C. § 959(d), and therefore § 924(c) does in this case as well.

Additionally, although the described evidence is probably relevant, the lack of specifics precludes the Court from determining whether the evidence is unduly prejudicial, and therefore from undertaking a Rule 403 analysis.

### B. Defendant's Flight from Justice

The Government moves to introduce evidence related to separate events involving what it describes as "the defendant's flight from justice." The Government's proffer is too vague to permit a pretrial ruling, but the described evidence is likely admissible as direct evidence and as probative of consciousness of guilt, assuming the Government lays adequate foundation and the evidence is admissible under Rule 403.

The Government has also states that it will move the Court to take judicial notice of significant public rewards that the Government offered for defendant's arrest, as well as five public indictments it filed against him. The Court will consider doing so when the issue is properly before it.

### C. Intercepted and Recorded Communications and Video Evidence

The Government states that at trial it will seek to admit various intercepted and recorded wire and electronic communications, as well as video evidence. At this stage, the Government seeks four limited rulings that 1) its proposed methods of authenticating such evidence satisfy the standards of Federal Rules of Evidence 901(a); 2) certain portions of the evidence do not contain inadmissible hearsay under Federal Rules of Evidence 801, 802 and 803; 3) the Government's use of translations and transcripts is proper; and 4) cooperating witnesses may explain the

meaning of such evidence based on their personal knowledge under Federal Rules of Evidence 701 and 702.

First, the Government's proposed methods of authenticating intercepted and recorded conversations are proper. Defendant does not contend otherwise.

The news footage the Government intends to introduce is self-authenticating. As this Court has previously ruled, "[v]ideos may be authenticated 'on the same principles as still photographs." Linde v. Arab Bank, PLC, 97 F. Supp. 3d 287, 338 (E.D.N.Y. 2015), vacated on other grounds, 882 F.3d 314 (2d Cir. 2018) (quoting Mikus v. United States, 433 F.2d 719, 725 (2d Cir. 1970). It would be extremely difficult to forge news videos. See Advisory Committee Notes to Fed. R. Evid. 902(6) ("The likelihood of forgery of newspaper or periodicals is slight indeed. Hence no danger is apparent in receiving them."); United States v. Vayner, 769 F.3d 125, 132 (2d Cir. 2014) ("[T]he contents or 'distinctive characteristics' of a document can sometimes alone provide circumstantial evidence sufficient for authentication."). The remaining videos are not self-authenticating, and the Government will have to authenticate them some other way

Second, the Government has described how it intends to establish that certain BBM communications between defendant and others are not hearsay. There is nothing for the Court to rule on at this time.

The Government does, however, seek a ruling that certain statements by news correspondents and hostages in its video evidence are present sense impressions, and therefore admissible. The Government states in a footnote that it will identify the specific statements that it seeks to admit at trial as present sense impression when it discloses its exhibits. The Court is skeptical that a journalist's description of his environs qualifies as a present sense impression,

8

but any ruling on the motion is premature until the Government identifies the particular statements it wants to introduce.

Third, the Government's request to introduce translated transcripts of intercepted and recorded communications into evidence, to aid the jury in their review of the materials, is granted.  See United States v. Ben-Shimon, 249 F.3d 98, 101 (2d Cir. 2001) ("Where the recorded conversation is conducted in a foreign language, an English language transcript may be submitted to permit the jury to understand and evaluate the evidence.").  The Government is to provide defendant with final transcripts with side-by-side translations prior to trial.

Fourth, the Government requests a "limited" ruling that a certain type of evidence is admissible:  testimony from cooperating witnesses regarding the meaning of intercepted and recorded communications and video evidence.  The Court is unable to make a pretrial ruling without first seeing the specific statements to be admitted, but the referenced cooperating witness testimony is likely admissible if a proper foundation is laid.

### D.  2015 Interview Video, and Preclusion of Certain Portions

The Government seeks to admit as defendant's admissions portions of a video interview that he gave in 2015.  Defendant does not challenge the admission of the video, and this portion of the Government's motion is granted.

The Government also seeks to preclude defendant from admitting any portion of defendant's interview that it does not introduce.  The Government has provided a transcript of the interview, and has highlighted specific portions it seeks to exclude.  Defendant wrongly claims that the Government has not identified those portions.  The Court has reviewed the transcript (which the Government states that it provided to defendant) and grants the Government's motion to preclude defendant from introducing the highlighted portions.  See

United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("The completeness doctrine does not, however, require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages."); United States v. Jackson, 180 F.3d 55, 73 (2d Cir.), on reh'g, 196 F.3d 383 (2d Cir. 1999) (holding that the rule of completeness does not require the introduction of "self-serving statements").

### E. Satellite Photographs

The Government moves to introduce into evidence satellite photographs of the location of defendant's ranch. The Government anticipates that it will introduce the photographs through a federal law enforcement agent who will explain how the images were obtained, and authenticate them. The Government's proffer is too vague to permit a pretrial ruling, but this evidence is likely admissible assuming adequate foundation and authentication.

### F. Drug Ledgers

The Government seeks a ruling admitting various alleged drug ledgers and an address book as either coconspirator statements under Federal Rule of Evidence 801(d)(2)(e) or business records under Federal Rule of Evidence 803(6). The Government states that an expert witness will interpret the drug ledgers as records of drug trafficking, and that one or more cooperating witnesses will authenticate the address book at trial. The Government correctly points to numerous cases admitting evidence similar to what the Government has described. However, the Government has not proffered evidence in a specific enough form for the Court to rule on it now.

### G. Witness Identifying Information

The Government moves to allow certain protected witnesses to testify under aliases, or by using their initials, and to preclude defendant from examining government witnesses regarding certain identifying information. The Government moves relatedly to preclude defendant from

disseminating the protected witnesses' true names, to permit other government witnesses to use pseudonyms to refer to them, and to instruct defense witnesses to use pseudonyms when referring to them. To date, the Government has only identified one such as a protected witness. Defendant does not object to the substance of the Government's motion, but does request that the identified protected witness "be provided with a highly common name," and that a "pseudonym be used as opposed to initials." The Government argues that this might confuse other witnesses who testify about the witness, especially if the Government later requests that the Court permit other witnesses to testify using aliases.

The Court grants the Government's motion as to the protected witnesses, with a few caveats. The currently identified protected witness and any other subsequently designated protected witnesses will testify under a pseudonym. The Court recognizes the Government's concern that at some point, the risk for witness confusion arising out of protected witnesses testifying using pseudonyms will become intolerable. The Court declines to set a hard and fast number of designated protected witnesses that will justify allowing such witnesses to testify under initials, rather than pseudonyms, and will revisit the issue if and when the need arises.

The Government is to state whether a witness will be protected and therefore testify under a pseudonym at the time it provides its witness list.

The Government also moves to limit cross-examination of specific identifying information of its witnesses, such as their home and work addresses, phone numbers, and identities of their employers. The Government is not seeking to limit defendant's access to this information, only to limit his counsel's ability to cross-examine them about it in open court. Defendant did not address this portion of the Government's motion in his opposition. Because of the media attention this case has attracted already and will likely continue to attract at trial, the

Court grants the Government's motion to limit the possibility that the Government's witnesses will be subject to reprisals or harassment.  See United States v. Marti, 421 F.2d 1263, 1266 (2d Cir. 1970).

### H.  Preclude Selective Prosecution Evidence

The Government moves to preclude defendant from arguing to the jury that the governments of the United States and Mexico selectively targeted him for prosecution.  "The Supreme Court has observed that a selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."  United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997) (internal quotation marks and citation omitted).  Accordingly, "[b]ecause it involves a defect in the institution of the prosecution, the selective prosecution defense is an issue for the court rather than the jury."  Id. (internal quotation marks and citation omitted).  Any selective-prosecution argument by defendant to the jury would therefore be improper.  However, defendant has not stated that he intends to make such an argument, so the Government's motion is denied as premature.

### I.  Preclude Irrelevant/Unfairly Prejudicial

The Government moves to preclude the admission of evidence or argument by defendant regarding a number of topics it claims are either irrelevant, or would likely confuse the issues, mislead the jury, or result in unfair prejudice to the Government.

The Government's motion is premature, vague, and unnecessary to the extent that defendant has stated he does not intend to introduce evidence or argument on some of these topics.  If defendant moves to introduce evidence or argument that the Government thinks is inadmissible, it can make an appropriate motion.

**III.    Defendant's Motion for a Pretrial Determination of Conspiracy**

Defendant moves for a pretrial hearing to determine the admissibility of alleged coconspirator statements under Federal Rule of Evidence 801(d)(2)(E).  Defendant's motion is denied, subject to the procedure in United States v. Geaney, 417 F.2d 1116 (2d Cir.1969), for co-conspirators' statements.  When the existence of the underlying illicit conspiracy is disputed, as it is here, courts in the Second Circuit follow the Geaney protocol.  See United States v. Saneaux, 365 F. Supp. 2d 488, 491-93 (S.D.N.Y. 2005) (collecting cases).  Under that protocol, "statements proffered as coconspirator statements may be admitted in evidence on a conditional basis, subject to the later submission of the necessary evidence" establishing "that a conspiracy existed, that the defendant and declarant were members, and that the statements were made during the course of and in furtherance of the conspiracy." United States v. Tracy, 12 F.3d 1186, 1199 (2d Cir. 1993).  The Court sees no reason to deviate from that procedure here, where the presentation at the hearing defendant requests would likely replicate the evidence presented at trial.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       June 7, 2018