UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | : |
| | :  Criminal No. 09-0466(BMC) |
| JOAQUÍN GUZMÁN LOERA, | :  Trial Date: 9/5/18 |
| | : |
| *Defendant.* | : |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant Joaquín Guzmán Loera ("Guzmán"), by and through undersigned counsel, respectfully moves this Court to suppress statements allegedly made by him to government agents during his extradition. In support of this Motion,[1] Mr. Guzmán states as follows:

**FACTS**

This matter is before the Court on a fourth superseding indictment filed on May 11, 2016, which charges Mr. Guzmán and codefendant Ismael Zambada Garcia with a laundry list of offenses, including operating a continuing criminal enterprise (Count 1); participating in a wide-ranging narcotic trafficking conspiracy (Counts 2, 3 and 4); eleven counts of specific acts of distribution of cocaine (Counts 5 through 15); use of a firearm during a drug trafficking crime (Count 16); and conspiracy to launder narcotics proceeds (Count 17).

The government has provided extensive discovery, in effect a document dump without any index, including "more than 320,000 pages of documents, and thousands of intercepted and recorded audio and electronic communications and dozens of videos." Doc. # 229 at 3. On January 31, 2017 (Doc. # 25) and on September 19, 2017 (Doc. # 141) Mr.

---

[1] The government has indicated that it will respond to this motion by June 28. The defense will reply by July 5.

Guzmán made very specific requests for any statements allegedly made by him. In response to these requests, the government informed the defense that: "The government is aware of, and has complied with, its obligations to produce the defendant's statements pursuant to Rule 16(a)(1)(A)-(B). The government has produced and will continue to produce the defendant's statements that are discoverable under Rule 16." Doc. # 162 (Nov. 6, 2017).

On June 4, 2018, "out of an abundance of caution," the government saw fit to finally disclose to the defense that Mr. Guzman had allegedly made statements "during his extradition to the United States" on January 19, 2017. The government did not disclose whether the statements were made pursuant to a *Miranda* waiver or provide any other context for the statements.[2] Because the government filed its notice under seal, Doc. # 238, Mr. Guzmán will not set forth the alleged statements in this motion. Mr. Guzmán believes that the government may seek to use at least some of the statements against him at trial and moves to suppress them. For the reasons stated below, the Court should grant this motion.

## ARGUMENT

It is well-settled that statements made during custodial interrogation are generally inadmissible unless a defendant first has been advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436 (1966). *See also Colorado v. Connelly,* 479 U.S. 157, 168-69 (1986). In *Miranda,* the Supreme Court held that the prosecution may not use a defendant's statements that are the product of custodial interrogation unless it demonstrates that the defendant was first warned of his Fifth Amendment privilege against self-incrimination and then voluntarily waived that right. *See Miranda v. Arizona,* 384 U.S. at 444.

---

[2] On June 7, 2018, the defense sent the government a letter requesting additional information; however, the government did not respond.

2

**Mr. Guzmán Was in Custody**

Custodial interrogation exists when a law enforcement official questions an individual and that questioning was (1) conducted in custodial settings that have inherently coercive pressures that tend to undermine the individual's will to resist and to compel him to speak (the "in custody" requirement) and (2) when the inquiry is conducted by officers who are aware of the potentially incriminating nature of the disclosures sought (the "investigative" intent requirement). *See United States v. Rodriguez,* 356 F.3d 254, 258 (2d Cir. 2004) (citing *United States v. Morales,* 834 F.2d 35, 38 (2d Cir. 1987) (internal citations omitted)).

In the instant case, the government cannot seriously contend that Mr. Guzmán was not in custody. In fact, he was being extradited from Mexico to the United States, *i.e.,* Mexican authorities had handed him over to United States authorities so that he could face trial. He was then placed on a DEA plane under the custody of federal agents and flown to the EDNY.

Additionally, the governments knew that Mr. Guzmán was already under indictment in this country and were actively investigating him. Thus, any questioning of Mr. Guzmán was for investigative purposes, not just conversation. Finally, the apparently extensive statements the government attributes to Mr. Guzmán appear to be in response to questioning by government agents, not merely spontaneous utterances by Mr. Guzmán.

**Mr. Guzmán Was Not Advised of and Did Not Waive His *Miranda* Rights**

To establish a valid waiver, the government must prove by preponderance of the evidence (1) that the relinquishment of rights was voluntary, and (2) with a full awareness of the right being waived and of the consequences of waiving that right. *See United States v. Jaswal,* 47 F.3d 539, 542 (2d Cir. 1995) (citing *Moran v. Burbine,* 475 U.S. 412, 421 (1986)).

The Court must "consider the totality of circumstances surrounding [defendant's] statement and determine if that statement was the result of a knowing, voluntary, and intelligent waiver of the protections implicit in the *Miranda* warnings." *United States v. Tyler,* 164 F.3d 150, 158 (3rd Cir. 1998). Such circumstances vary according to the facts of the particular case, including the background, experience, and conduct of the suspect, *see Oregon v. Bradshaw,* 462 U.S. 1039, 1046 (1983), as well as any indicia of coercion.

The government has not disclosed any information that indicates that the agents advised Mr. Guzmán of his rights or that he waived them. Thus, his statements were not knowing because they were made without having a full awareness of his rights nor of the consequences of waiving those rights.

The Court must determine the voluntariness of a confession by looking at the totality of the circumstances to decide whether it was coerced or the product of a rational intellect and a free will. *See Withrow v. Williams,* 507 U.S. 680, 693 (1993). Voluntariness is "determined after a careful evaluation of the totality of the surrounding circumstances, including the accused's characteristics, the conditions of interrogation, and the conduct of law enforcement officials. . . . Voluntariness cannot be taken literally to mean a knowing choice. . . . Rather, a voluntary statement is the product of an essentially free and unconstrained choice by its maker . . . . where his will has [not] been overborne and his capacity for self-determination [not] critically impaired." *United States v. Garcia,* 780 F. Supp. 166, 171 (S.D.N.Y. 1991) (quotations omitted). *See also Colombe v. Connecticut,* 367 U.S. 568, 602 (1961).

Here, federal agents questioned Mr. Guzmán as he was shackled on a DEA plane on its way to NY and the agents did not advise him of his rights. As a result, Mr. Guzmán felt

that he had no other choice but to answer the questions put to him. Such a setting for his interrogation was one providing "inherently coercive pressures that tend to undermine the individual's will to resist and to compel him to speak." *United States v. Morales*, 834 F.2d 35, 38 (2nd Cir. 1987). Thus, Mr. Guzmán's responses were not the result of a "free and unconstrained" choice and must be suppressed.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, and any other that may become apparent to the Court, Mr. Guzmán respectfully requests that this motion be **GRANTED**.

Dated: Washington, DC
       June 14, 2018　　　　　　　　　　　Respectfully submitted,

**BALAREZO LAW**

By: _____
A. Eduardo Balarezo, Esq.
EDNY Bar # AB7088
400 Seventh Street, NW
Suite 306
Washington, DC  20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Defendant Joaquín Guzmán Loera*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of June 2018, I caused a true and correct copy of the foregoing Defendant's Motion to Suppress Statements to be delivered via Electronic Case Filing to the Parties in this case

_____
A. Eduardo Balarezo, Esq.