UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES, : | |
| : | |
| *v.* : | |
| : | Criminal No. 09-0466(BMC) |
| JOAQUÍN GUZMÁN LOERA, : | Trial Date: 9/5/18 |
| : | |
| *Defendant.* : | |

**DEFENDANT'S MOTION TO CONTINUE TRIAL AND TO PRECLUDE**

**DEFENDANT** Joaquín Guzmán Loera ("Guzmán"), by and through undersigned counsel, respectfully submits this Motion to Continue Trial and to Preclude, and states as follows:

To date, Mr. Guzmán has received nineteen discovery productions from the government. In a recent filing, the government represented to the Court that it had produced "more than 320,000 pages of documents, and thousands of intercepted and recorded audio and electronic communications and dozens of videos." (Doc. No. 229 at 3). Reviewing the material has been an extremely laborious process given the random and unidentified nature of the productions.

The Court has previously set discovery deadlines of March 19, 2018 (Tr. 2/19/18 at 4:3 – 4:12) and May 18, 2018 (Tr. 4/17/18 at 10:17 – 11:10). On June 25, 2018, the day before the last status conference, the government filed yet another discovery notice (Doc. No. 249), the nineteenth one, informing Mr. Guzmán that it was producing intercepted wire communications, intercepted electronic communications, documents related to drug seizures, statements of the defendant and a video related to a drug seizure. (*Id.*) At the status hearing on

1

June 26, 2018, the government represented that it had completed its discovery obligations, (Tr. 6/26/18 at 14:22 – 15:4) but did not make any representations about the amount of discovery. Apparently the government had good reason not to inform the Court or Mr. Guzmán about the scope of the latest production.

Counsel received the 19th production on July 3, 2018. A cursory review of that discovery reveals that the government produced – two months before trial – more than 82 gigabytes of data containing approximately *117,000 sound files*; *1,125 pages of documents*; dozens of pictures and at least one video recording. As has been the government's practice, it did not identify the parties to the conversations; did not indicate how the conversations were obtained; did not identify the dates or times the pictures were taken or provide any other information from which the defense could make any sense of the material. Although the government apparently intends to use only sixteen recordings at trial, Mr. Guzmán is obligated to review all the new material because he does not have any idea whether the information is relevant to this case or to his defense; or whether there is any exculpatory evidence in the production.

In addition to the latest discovery production, the government also produced approximately *3,500 pages of Jencks/§3500* material for law enforcement witnesses. As with the discovery, Mr. Guzmán is obligated to review all this material in order to be fully prepared for trial. Trial is less than two months away and the government continues to sandbag the defense by producing thousands of recordings and documents after the Court's deadline knowing that the defense has to allocate precious resources to review material that may or may not be relevant to the case at all. Of course, because the government never provided an index for the discovery production, Mr. Guzmán must review the material one by one in order to ensure that

he knows what has been produced.

   The government's last-minute production of massive quantities of discovery obliterates any semblance of due process and Mr. Guzmán's ability to have a fair trial. Mr. Guzmán cannot reasonably be prepared for trial given the most recent government dump of over 117,000 sounds files and other documents as well as the approximately 3,500 pages of §3500 material with at least 10,000 more expected in the coming weeks. Additionally, the parties have to review approximately 1,000 jury questionnaires in early August and Mr. Guzmán is expecting to review hundreds, if not thousands, of transcripts from the government by the middle of August. Although the government seemingly has infinite resources to devote to this case, Mr. Guzmán does not. As a result, Mr. Guzmán reluctantly requests that the Court continue the trial in this matter in order to give the defense sufficient time to review and assess all the new discovery and that the Court preclude the government from using at trial any evidence not produced by June 26, 2018.

   Given the current schedule, Mr. Guzmán respectfully requests an expedited ruling on this motion.

**WHEREFORE**, for the foregoing reasons and any other that may become apparent to the Court, Mr. Guzmán respectfully requests that this Motion be **GRANTED**.

Dated: Washington, DC
      July 6, 2018                       Respectfully submitted,

                                        **BALAREZO LAW**

                                            /s/
                      By: _____
                           A. Eduardo Balarezo, Esq.
                           EDNY Bar No. AB7088
                           400 Seventh Street, NW
                           Suite 306
                           Washington, DC  20004
                           Tel: (202) 639-0999
                           Fax: (202) 639-0899
                           E-mail: aeb@balarezolaw.com

                           *Counsel for Defendant Joaquín Guzmán Loera*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of July 2018, I caused a true and correct copy of the foregoing Defendant's Motion to Continue Trial and to Preclude to be delivered via Electronic Case Filing to the parties in this case.

/s/
_____
A. Eduardo Balarezo