

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:AJN
F.#2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 22, 2018

<u>By Email and ECF</u>

A. Eduardo Balarezo, Esq.
400 Seventh Street, N.W.
Suite 306
Washington, DC 20004

William B. Purpura, Esq.
8 East Mulberry Street
Baltimore, MD 21202

      Re:   <u>United States v. Joaquin Archivaldo Guzman Loera</u>
             <u>Criminal Docket No. 09-466(S-4) (BMC)</u>

Dear Counsel:

      On June 8, 2018, the government provided you with a list of categories of proposed stipulations for the defendant's consideration. Those categories included: (1) Physical Evidence, (2) Chain of Custody Evidence, (3) Laboratory Analysis and Testimony of Chemists, (4) Ledgers, (5) Video Recordings, (6) Recorded Communications, (7) Judicially Authorized Recorded Wire and Electronic Communications, (8) Digital Device Forensic Data Extraction, (9) Public Records, (10) Records of Regularly Conducted Activity, and (11) Certified Translations. <u>See</u> Dkt. No. 241. Shortly thereafter on June 12, 2018, you provided the government with a succinct response rejecting the offer to stipulate to categories (1)-(8) while reserving the right to consider categories (9)-(11) upon disclosure of the materials related to those stipulation categories. <u>See</u> Dkt. No. 244.

      On June 26, 2018, the parties appeared before the Court for a scheduled status conference where the following exchange occurred:

> THE COURT: Let's talk for a minute about the length of trial. You don't have to tell me, but is there a strategic reason, just yes or no, why the defense doesn't want to give the normal stipulations that are given to shorten trials?
>
> MR. PURPURA: That's a yes and a no.
>
> THE COURT: Okay.

MR. PURPURA: What we'll do, and we mean this with all sincerity, no one is going to benefit by delaying the trial and bringing unnecessary witnesses in. When we collectively catch our breath, we will, again, go back through the stipulations and see if there is something we can stipulate to to shorten the trial.

Once the trial commences, if there's areas to stipulate, we will give the government notice in advance on those as well to save time to the Court. We will, again, go through those stipulations. I guess that's a yes and a no answer.

THE COURT: Well, I'm hopeful you will do that.

MR. PURPURA: We will.

THE COURT: If it does not succeed, then I'm held to go with the government's estimate and tell the jurors that they have to be cleared for four months.

The reason for that is obvious. If you tell jurors they're going to be needed for three months, then you can be sure they will make plans to resume their lives on the first day after the three months, and there will be medical appointments, and jobs, and vacations and all kinds of things we will run into. So if we don't get back the original estimate we were on, then I am going to tell the jurors that they have to be prepared for four months in order to avoid that situation.

Tr. of June 26, 2018 Status Conf. at 22:23-24:3.

The remarks made in Court on June 26, 2018 demonstrate a different sentiment regarding the defendant's receptiveness to the stipulation categories proposed by the government than what you communicated in your June 12, 2018 letter. As the Court correctly noted, the defendant's unwillingness to commit to proposed categories of stipulations at this stage necessarily increases the estimated length of trial. In this regard, a Court Order issued on June 27, 2018, see Dkt. No. 254, altered the jury questionnaire to reflect a lengthier trial. On July 5, 2018, the government disclosed to you Section 3500 material for its law enforcement officer witnesses, which included materials relating to its chemist and chain of custody witnesses' testimony. Given that you have the opportunity to review these materials well in advance of trial, the government requests that you reconsider reaching stipulations with us in advance of the date on which the Court will finalize the jury questionnaire for the new trial date of November 5, 2018.

The government anticipates that acceptance of the proposed stipulations would prevent the need to call between 45-60 additional witnesses at trial. The majority of these witnesses fall into stipulation categories (2), Chain of Custody Evidence, and (3), Laboratory Analysis and Testimony of Chemists. Given your acknowledgement that, "no one is going to benefit by delaying the trial and bringing in unnecessary witnesses in," it would be helpful for both parties to agree upon categories of stipulations prior to the issuance of the jury questionnaires. Accordingly, please contact us no later than August 10, 2018, to advise

whether the defendant will agree to any of the proposed stipulations prior to the issuance of the jury questionnaires.

    Very truly yours,

    RICHARD P. DONOGHUE
    UNITED STATES ATTORNEY
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, New York 11201

    ARTHUR G. WYATT, CHIEF
    Narcotic and Dangerous Drug Section
    Criminal Division,
    U.S. Department of Justice

    OF COUNSEL:
    BENJAMIN G. GREENBERG
    UNITED STATES ATTORNEY
    Southern District of Florida

cc:    Clerk of Court (BMC) (via ECF)