

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:ASF/MPR/AJN
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 13, 2018

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Joaquin Archivaldo Guzman Loera
      Criminal Docket No. 09 CR 466 (S-4) (BMC )

Dear Judge Cogan:

    The government respectfully submits this supplemental application for an order permitting deferred disclosure of additional Rule 16 documents and items that, once disclosed, will expose the identity of cooperating witnesses (collectively, the "Supplemental Materials").[1] On November 22, 2017, the government first moved for a similar order permitting deferred disclosure of materials that would identify cooperating witnesses (the "First Deferred Disclosure Motion"). <u>See</u> Dkt. Nos. 168, 169. The Court granted that motion, permitting the government to disclose the covered materials at the same time as its disclosures under 18 U.S.C. § 3500. <u>See</u> Dkt. No. 176. Subsequently, on March 19, 2018, the government filed a second motion for delayed disclosure (the "Second Deferred Disclosure Motion"). <u>See</u> Dkt. Nos. 204, 205. The Court granted that motion on April 4, 2018, again authorizing the government to disclose the covered materials at the same time as its disclosures under 18 U.S.C. § 3500. <u>See</u> Dkt. No. 207.

    The Supplemental Materials, as described in greater detail in the <u>ex parte</u> letter filed simultaneously with this application ("Twelfth <u>Ex Parte</u> Submission"), <u>see</u> Dkt. No.

---

[1] The Supplemental Materials at issue on this motion either (1) were not in the government's possession at the time of the government's first motion for deferred disclosure or (2) the government had not yet identified them as discoverable material at that time, and they since have become discoverable under Rule 16 (where, for example, the government has only recently decided it may introduce a document in its case-in-chief at trial and disclosure thus is required pursuant to Rule 16(a)(1)(E)(ii)).

283, provide information that would identify one or more cooperating witnesses. These witnesses, together with their families, would face serious safety risks if the government revealed their cooperation or status as prospective trial witnesses at this time. Accordingly, for largely the same reasons described in the Court's order granting the First Deferred Disclosure Motion, see Dkt. No. 176 at 3-4, and the Second Deferred Disclosure Motion, see Dkt. No. 207 at 1-2, the government requests that the Court grant its motion to defer production of the Supplemental Materials until the time at which the government provides the defendant with 18 U.S.C. § 3500 material for each witness identified by the Supplemental Materials.

I.   Facts Justifying Delayed Disclosure of the Supplemental Materials[2]

The government has produced the Rule 16 discovery currently in its possession to the defendant. To date, the government has provided the defendant with, among other things, more than 329,000 pages of documents and hundreds of thousands of intercepted and recorded conversations. See, e.g., Dkt. Nos. 167, 184, 205, 281. A protective order that permits the deferred disclosure of the Supplemental Materials until the time of the government's disclosure of 18 U.S.C. § 3500 material would not prejudice the defendant, but would properly reduce the safety risks for the cooperating witnesses identified by the Supplemental Materials.

A.   The Supplemental Materials

The Supplemental Materials, and details concerning the witnesses who provided many of the Supplemental Materials to the government, are described with greater specificity in the accompanying Twelfth Ex Parte Submission. In general, though, the Supplemental Materials comprise a limited set of the following documents and objects:

- Photographs and maps showing the locations of clandestine landing strips;
- A news video depicting the aftermath of a shootout; and
- Ledgers of narcotics transactions between cooperating witnesses, the defendant and others.

B.   Safety Concerns Related to the Disclosure of Witnesses

Each of the documents and objects for which the government seeks to delay disclosure will, once produced, likely reveal to the defendant the identity of one or more cooperating witnesses whom the government expects to call to testify against the defendant

---

[2] Rather than repeat here the details of the charges against the defendant, his extradition and detention, the government respectfully refers the Court to its initial application for deferred production of Rule 16 discovery for the relevant background. See Dkt. No. 168 at 2.

at trial. To protect the witnesses, their families and the integrity of ongoing investigations, however, the government has not informed the defendant or the public of the cooperation or the identities of these witnesses.

The government previously explained in detail its concern for the security of cooperating witnesses in this case in its previous ex parte filings, see, e.g., Dkt. Nos. 31, 45, 66, 78, 120, 169, 175, and it provides additional detail regarding the specific concerns related to the Supplemental Materials in the Twelfth Ex Parte Submission accompanying this filing.

II.     Applicable Law

As the Court acknowledged in granting the First and Second Deferred Disclosure Motions, "Federal Rule of Criminal Procedure 16 governs [] discovery in criminal cases, and it provides that a court may, 'for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.'" Dkt No. 176 at 3 (citing Fed. R. Crim. P. 16(d)(1)). The Court also explained, moreover, that pursuant to the relevant Advisory Committee Notes to Rule 16(d), in making a decision to defer or restrict discovery, a court may take into account the "safety of witnesses and others, a particular danger of perjury or witness intimidation, [and] the protection of information vital to the national security." Id.[3]

III.    Discussion

Addressing the First and Second Deferred Disclosure Motions, the Court concluded that the government's proposed delayed disclosure would not violate the defendant's due process rights, and that disclosure of the limited set of deferred Rule 16 materials at the time that 18 U.S.C. § 3500 materials are produced would still permit the defendant the opportunity to sufficiently prepare for trial. See Dkt. No. 176 at 4; Dkt. No. 207 at1-2. The same is true here.

Delayed discovery of the Supplemental Materials is warranted because their disclosure would reveal the identity of one or more cooperating witnesses, posing significant risks to the safety of those witnesses and their families and increasing the risk of witness intimidation and/or obstruction of justice in this case. See United States v. Yousef, 327 F.3d 56, 168 (2d Cir. 2003) (affirming district court's determination that file should remain sealed, in part, to protect confidential sources); United States v. Stoddard, 710 F.3d 21, 23-24 (2d Cir. 1983) (per curiam) (government has interest "in preserving the secrecy of ongoing criminal investigation").

As detailed in the Twelfth Ex Parte Submission, if the witnesses' cooperation were revealed or the government's witnesses were otherwise identified at this juncture in the

---

[3] The government also refers the Court to the legal authorities cited in its first application to defer disclosure of certain Rule 16 materials, and it incorporates that argument here by reference. See Dkt. No. 168 at 3-5.

3

case, it would pose a significant risk of harm to the witnesses and their families. The defendant, his co-conspirators or even persons not formally affiliated with the defendant but who wish to curry favor with him, could undertake a campaign of harassment against—or cause bodily harm or death to—the witnesses and their family members prior to trial in order to punish them for their cooperation, dissuade them from testifying at trial and deter the cooperation of others. See Feb. 5, 2018 Mem. & Order Granting Gov't Mot. for Anonymous and Partially Sequestered Jury, Dkt. No. 187 at 2-3 (concluding that defendant's actions could pose risk of harm to cooperating witnesses). As this Court previously recognized, "threats to witness safety are the kind of good cause for which disclosure may be delayed." Dkt. No. 176 at 4; see also, e.g., United States v. Webb, No. 15-CR-252 (PKC), Dkt. No. 624 at 3-4; Webb, Dkt. No. 579. And, this Court has recognized that the identification of a potential witness in connection with this case raises "the most serious security concerns." March 21, 2017 Mem. & Order, Dkt. No. 51 at 7 (prohibiting defense counsel from disseminating § 3500 material that would connect potential witnesses to this case). The significant media coverage of this case will only exacerbate the adverse effects of the disclosure of the witnesses' cooperation to the witnesses and their families—effects that can be reduced if disclosure is deferred until much closer to trial.

There will be no prejudice to the defendant if the Court permits the government to defer disclosure of the Supplemental Materials. The purpose of Rule 16 is to enable a defendant to obtain any of his own statements and other materials that are relevant to the charges to allow him to "prepare properly to face the evidence that may be introduced against him at trial." United States v. Gleason, 616 F.2d 2, 24 (2d Cir. 1979); see also United States v. McElroy, 697 F.2d 459, 463 (2d Cir. 1982) ("Pretrial discovery prevents the defendant from being unfairly surprised with his statements at trial and enhances the ability of defense counsel to suppress inadmissible statements."). Here, the proposed protective order would require the government to disclose the Supplemental Materials identifying each witness no later than the time at which the government discloses 18 U.S.C. § 3500 material for that witness.[4] The defendant and his counsel, then, will have sufficient time to review the relatively limited volume of the Supplemental Materials—which consist of approximately 158 pages and one video—and to file any motions relating to their admissibility. Indeed, even with the addition of the Supplemental Materials, the government continues to estimate that the total volume of its delayed production—both the previous materials for which the Court has already granted delayed disclosure, as well as the Supplemental Materials—will comprise less than 1% of the total document production to the defense (i.e., a few thousand pages of documents and a few dozen audio/video recordings). A protective order permitting deferred disclosure therefore would protect the safety of cooperating witnesses while also satisfying the objectives of Rule 16.

---

[4] As the government has previously noted, it will disclose § 3500 material with respect to most of its lay and cooperating witnesses one month in advance of trial. Due to safety concerns related to particular witnesses, the government may delay disclosure of § 3500 material for certain witnesses until closer to the date of the witness's testimony at trial.

4

IV.     Conclusion

For the foregoing reasons, the government respectfully moves under Rule 16(d)(1) for a protective order permitting the government to defer disclosure of the Supplemental Materials to the defendant until the government's disclosure of 18 U.S.C. § 3500 material for each witness identified in the Supplemental Materials.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney
    Eastern District of New York

    ARTHUR G. WYATT, CHIEF
    Narcotic and Dangerous Drug Section
    Criminal Division,
    U.S. Department of Justice

    OF COUNSEL:

    BENJAMIN GREENBERG
    United States Attorney
    Southern District of Florida

cc:     A. Eduardo Balarezo, Esq.
       William B. Purpura, Esq.