```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :    **ORDER TO SHOW CAUSE**
            - against -                                     :
                                                            :    09-cr-0466 (BMC)
JOAQUIN ARCHIVALDO GUZMAN                                   :
LOERA,                                                      :
                                                            :
                                    Defendant.              :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Defendant has filed a motion to preclude evidence pertaining to Violation 85 of the indictment, or, in the alternative, to compel disclosure of evidence relating to Violation 85 and to continue his trial. As part of that motion, defendant argues that the Court should strike Violation 85, which charges him with conspiracy to commit murder in the course of violating 21 U.S.C. §§ 846(b)(1)(A) and 960(b)(1). In evaluating the parties' arguments on defendant's motion to preclude, the Court has reexamined its June 7, 2018 order ruling on the parties' motions *in limine*, particularly the Court's conclusion that 21 U.S.C. § 848(e) states a substantive offense. This Court's decision on that point relied primarily on decisions from Courts of Appeals outside of the Second Circuit,[1] which focused on the fact that other subsections of § 848 refer to subsection (e) as an offense.

The Court is no longer convinced that it reached the correct conclusion on that issue. The structure of § 848 and the plain language of subsection (e) suggest that it is a sentencing enhancement or an additional penalty for a certain category of continuing criminal enterprise

---

[1] As the Court noted in its June 7, 2018 order, the Second Circuit has not addressed this question. See United States v. Jackson, 658 F.3d 145, 151 (2d Cir. 2011) (declining to reach the defendant's argument that § 848(e)(1)(A) does not create a separate offense but merely justifies additional punishment for the crime specified in § 846).

offenses, not a substantive offense itself. As an initial matter, subsection (e) is titled "Death penalty," which suggests that the subsection prescribes that particular punishment. See Almendarez-Torres v. United States, 523 U.S. 224, 234 (1998) ("[T]he title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute . . . . [and] [a] title that contains the word 'penalties' more often, but certainly not always, signals a provision that deals with penalties for a substantive crime." (citation omitted)) (quoting Trainmen v. Baltimore & Ohio R. Co., 331 U.S. 519, 528-29 (1947)). But see Castillo v. United States, 530 U.S. 120, 125 (2000) ("In this case, however, the section's title ["Penalties"] cannot help, for Congress already has determined that at least some portion of § 924, including § 924(c) itself, creates, not penalty enhancements, but entirely new crimes.").

Subsection (e)(1) begins with the introductory phrase "[i]n addition to the other penalties set forth in this section – . . . ." The phrase "[i]n addition to" suggests that what follows in subsection (e) is a penalty and that there are other penalties described in § 848. The structure of § 848 supports this interpretation: subsections (a) and (b) also appear to impose penalties and subsection (d) limits penalties imposed under § 848.

But the most glaring issue is the fact that the cases the Government cited all rely directly on, or rely on cases which themselves rely directly on, a version of § 848 that has since been amended to eliminate the language those cases found so instructive.[2]

For example, the Government's brief and the Court's decision cited United States v. Snow, 48 F.3d 198 (6th Cir. 1995). The Snow Court noted that subsection (i)(1) provides for certain conditions when "the defendant is found guilty or pleads guilty to an offense under

---

[2] The Government's relatively perfunctory briefing on this point is understandable. Defendant argued that Violation 85 fails to state an offense in a single sentence in his opposition to the Government's first motions *in limine*. In a footnote, defendant added that he "will file separately a motion to dismiss 'Violation 85' on these grounds," but he never did. The Government cited the cases discussed in this Order in its reply brief on that motion.

2

subsection (e) of this section" and that subsections (n) and (p) also refer to an "offense under subsection (e)." Id. at 200. As the Snow Court concluded, that language suggests that subsection (e) is a substantive offense, not a punishment or sentencing enhancement. But Congress repealed subsections (g) through (p) – including all of the subsections with the relevant "offense under subsection (e)" language – in 2006. See USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. 109-177, § 221(2), 120 Stat. 192, 231 (2006).

The other cases that the Government cited to support this point (most of which predate the 2006 repeal) also rely primarily on the existence of the phrase "offense under subsection (e)" in other subsections of § 848 to support their argument that subsection (e) creates a substantive offense. See, e.g., United States v. NJB, 104 F.3d 630, 633 (4th Cir. 1997).

The repeal of the relevant language in § 848 is significant – particularly because the Court is not convinced by the other arguments in the cases the Government cited. For example, the NJB Court also addressed another text-based argument raised by the defendant: that interpreting subsection (e) to create a substantive offense would "render the statutory language '[i]n addition to the other penalties set forth in this section' a nullity." 104 F.3d at 634. This argument is important because, even though other parts of § 848 have been revised or repealed, the "[i]n addition to . . ." language still appears in subsection (e)(1).

The NJB Court rejected defendant's argument by referring to Garrett v. United States, 471 U.S. 773, 779 & n.1 (1985), in which the Supreme Court (in the context of a Double Jeopardy issue and analyzing an even earlier version of the statute) concluded that a continuing criminal enterprise is a separate offense punishable in addition to the predicate offense. From that conclusion in Garrett, the NJB Court reasoned that "it seems likely that, in using the similar language on which NJB now relies, Congress hoped to make absolutely clear that the

3

punishment for a crime under § 848(e) was in addition to, and did not replace, any other punishments." 104 F.3d at 634. But the NJB Court's reasoning is just as consistent with Congress prescribing a punishment in subsection (e) and signaling that it is doing so through an introductory clause.

The other, non-textual arguments that the NJB Court relied on to support its conclusion about the "language, structure, and legislative history of § 848(e)(1)", id. at 633, are not particularly convincing either. The NJB Court stated that the fact that subsection (e) is aimed at "special and serious crimes," id. at 634, supports its conclusion that it creates a separate substantive offense.

The Court does not understand why the seriousness or unusualness of a crime addressed in a statute would make a given provision more likely to be a substantive offense than a punishment. Indeed, the Court wonders why this does not suggest that subsection (e) states a sentencing enhancement for certain categories of particularly violent crimes, the way subsection (b) appears to create a sentencing enhancement for certain categories of defendants. Furthermore, even without subsection (e), subsection (a) would still allow a life sentence to be imposed on any defendant convicted of a continuing criminal enterprise. Cf. United States v. Tidwell, 521 F.3d 236, 248 (3d Cir. 2008) (distinguishing subsection (b) from subsection (e) based both on the since-repealed language referring to an "offense under subsection (e)" and on the "qualitative difference between a sentence of death and a sentence of life imprisonment.").

Finally, the NJB Court relied on statutory history.[3] Namely, it interpreted the addition of subsection (e) to what had previously been a single statutory prohibition against engaging in a

---

[3] The NJB Court referred to it as legislative history, but described what is often referred to as statutory history. See Statutory History, Black's Law Dictionary (10th ed. 2014) (defining statutory history as "[t]he enacted lineage of a statute, including prior laws, amendments, codifications, and repeals.").

4

continuing criminal enterprise as a new penalty "for an entirely new group of offenses – intentional murders committed during certain specified felonies." 104 F.3d at 634 (quoting United States v. Villarreal, 963 F.2d 725, 728 (5th Cir. 1992)). Given the structure and content of the current version of the statute, this Court is not convinced.

Of the cases the Government cited, NJB's analysis is among the most thorough. NJB cites extensively to Villarreal, which applied similar reasoning. United States v. Chandler, 996 F.2d 1073, 1099-100 (11th Cir.), as modified, (Sept. 30, 1993), also relied significantly on Villarreal. The Chandler Court concluded that subsection (e) states a substantive offense because it "sets forth the elements of a crime" and because "the conduct proscribed in it is referred to as an offense in subsections (g), (h), (i), (j), (n), and (p)."[4] United States v. McCullah, 76 F.3d 1087, 1104 (10th Cir. 1996), assumed that subsection (e) was a substantive offense without discussing the point.

The post-2006 cases that the Government cited fare no better. In Tidwell, the Third Circuit relied entirely on NJB's reference to "[s]everal other subsections of § 848 refer[ring] to § 848(e) as a separate offense" to distinguish it from subsection (b), which the Tidwell Court concluded was a sentencing enhancement. 521 F.3d at 248. In United States v. Honken, 541 F.3d 1146, 1155-56 (8th Cir. 2008), the Eighth Circuit addressed a Double Jeopardy issue involving § 848(e) and an underlying predicate. The Honken Court focused mostly on Garrett, but cited Snow and Villarreal for the proposition that Congress created in subsection (e) a substantive offense separate from § 846. In United States v. Mitchell, No. 03-CR-227A, 2005 WL 2476159, at *6 (W.D.N.Y. Oct. 6, 2005), also cited by the Government, the district court

---

[4] Subsections (g) and (h) referred to "any offense under this section" and "an offense under this section," not to subsection (e) specifically.

5

reached the same conclusion by citing to NJB, McCullah, Villarreal, and Honken with no further analysis.

Thus, although at first glance it might appear that a majority of the Courts of Appeals have agreed with the Government's position, those cases relied on an earlier version of the statute with critical language that is no longer present. Furthermore, the reasoning in many of those cases focused on distinguishing, for Double Jeopardy purposes, subsection (e) as independent from and supplemental to the predicate of a continuing criminal enterprise. This Court does not see how that inquiry is probative of whether subsection (e), as currently enacted, states a substantive offense or a sentencing enhancement.

It is now the Court's view that subsection (e) states a sentencing enhancement or an additional penalty, not a substantive offense. However, that does not necessarily mean that the Government is not obligated to introduce evidence to support it to the jury. This is because, under Jones v. United States, 526 U.S. 227, 243 n.6 (1999) and its progeny, the Sixth Amendment requires that any fact (other than the fact of a prior conviction) that increases the statutory maximum penalty for a federal offense must be proven to the jury beyond a reasonable doubt. See also Apprendi v. New Jersey, 530 U.S. 466, 476 (2000) (same for state criminal statutes). Even when they appear in a penalty provision, facts that increase the statutory maximum operate as "'the functional equivalent of an element of a greater offense'" and "the Sixth Amendment requires that they be found by a jury." Ring v. Arizona, 536 U.S. 584, 585 (2002) (quoting Apprendi, 530 U.S. at 494 n. 19).

Subsection (e) does just that – if its elements are satisfied, the defendant "may be sentenced to death." Subsection (a) provides for a maximum possible sentence of life imprisonment for engaging in a continuing criminal enterprise. And under subsection (b), any

person who engages in a continuing criminal enterprise "shall be imprisoned for life" if he (among other things) is the principal leader of the enterprise or is one of several such leaders. But only subsection (e) creates the possibility of the death penalty for "any person engaging in an offense punishable under § 841(b)(1)(A) of this title or § 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results."

The tricky part is, of course, that the Government is not seeking the death penalty in this case. Under the progeny of Jones and Apprendi, the relevant inquiry is whether *the statute* provides for a penalty above what would otherwise be the maximum, not whether the defendant actually receives a sentence above what would otherwise by the maximum. See Alleyne v. United States, 570 U.S. 99, 115 (2013) ("[I]f a judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the Sixth Amendment, even if the defendant ultimately received a sentence falling within the original sentencing range.").

This case is unusual because, although § 848(e) technically increases the statutory maximum, it is a factual certainty that this provision will not increase defendant's maximum penalty exposure. The possibility of life imprisonment (the other option besides the death penalty under § 848(e)) already exists under § 848(a) and the Government is not seeking the death penalty. The Court does not see how Jones and Apprendi require the Government to prove the elements of § 848(e) to jury. And if they do not, the evidence that the Government previously sought to admit is not properly part of the Government's case at trial, because it is only relevant for sentencing.

Of course, even if § 848(e) is a true sentencing enhancement and not subject to Jones and Apprendi under these circumstances, the evidence that the Government seeks to admit may be

7

admissible for other reasons, such as under Federal Rule of Evidence 404(b). The evidence might also be inadmissible for one of the several reasons defendant raised in his motion that prompted this reconsideration.

The parties are therefore ordered to show cause why: (1) Violation 85 should not be stricken as a substantive count; (2) <u>Jones</u> and <u>Apprendi</u> require the Government to prove the elements of § 848(e) to the jury beyond a reasonable doubt; and (3) the evidence that the Government seeks to admit is inadmissible under Federal Rule of Evidence 404(b).[5] The parties need not re-brief the arguments in support and in opposition to defendant's recent motion to exclude evidence pertaining to Violation 85; the Court will consider those arguments in addition to the supplemental briefing in reaching a final decision on the admissibility of the proffered evidence.

The parties should file their briefs on the order to show cause by August 25, 2018. Any responses are due by August 30, 2018.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
August 15, 2018

---

[5] The parties discussed this issue only perfunctorily in their papers on the Government's first tranche of motions *in limine*.