

BALAREZO LAW
CRIMINAL DEFENSE

August 24, 2018

The Honorable Brian M. Cogan
United States District Judge
   for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

               Re:    *United States v. Joaquín Archivaldo Guzmán Loera*
                       Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

        Mr. Guzmán respectfully writes to address the concerns raised by the Court in its Order of August 24, 2018, Doc. 291, and to request reconsideration of that Order.

        Counsel was not sufficiently articulate when answering the Court's question concerning what counsel's response would be to an inquiry about possible government witnesses if the Court were to grant Mr. Guzmán's request for "attorney's eyes only" disclosure of protected material.  To clarify his response, counsel informs the Court that if protected material were disclosed for counsel's eyes only, none of Mr. Guzmán's attorneys would disclose or discuss the material or its contents with any third-party, including Mr. Guzmán.[1]

        Hopefully having now answered the Court's inquiry more clearly and succinctly, Mr. Guzmán explains why counsel answered as he did.  At the status conference, Counsel inartfully explained that he had been previously asked by the media about a specific individual that the media suspects may testify against Mr. Guzmán and that counsel's response had been that under the local rules counsel is not allowed to identify witnesses.  Counsel did not disclose any witness information and that is why he informed the Court that his actions going forward would be the same.  Because at the time he responded as he did counsel had not been under a confidentiality order and was not in violation of any rule, counsel believed that his actions in the first instance had been proper and therefore there was no need to change his conduct going forward.

        After the hearing the government filed a sealed supplement alleging that counsel had speculated about a possible witness and named five other possible witnesses.  To support its assertion that counsel had acted improperly the government cited an internet re-publication of an

---

[1] Counsel understand that they can share the information with Mr. Guzmán once the related § 3500 material is disclosed.

400 SEVENTH STREET NW   STE 306   WASHINGTON, DC 20004

A. EDUARDO BALAREZO, ESQ.       TEL 202.639.0999       EMAIL AEB@BALAREZOLAW.COM
ADMITTED IN DC, NY & MD       FAX 202.639.0899       WEB WWW.BALAREZOLAW.COM



interview given by counsel.  Counsel's response[2] made clear that the government's allegations were not based on correct facts and that counsel had said in that interview exactly what he told the Court.

       Mr. Guzmán respectfully addresses other points raised by the Court's Order:

       First, the Court's Order states that "Defense counsel has represented to the Court that they intend to continue speculating, including with the press, about whom the Government might call as witnesses in this case, and which individuals may be cooperating with the Government."  Order at 4.  Mr. Guzmán respectfully disagrees.  Again, if the information[3] at issue was disclosed for attorney's eyes only, counsel would not disclose or discuss the material or its contents with any third-party, including Mr. Guzmán.

       Second, the Court's Order leaves the unfair impression that defense counsel cannot be trusted.  In fact, the media is already reporting that very thing:

> The Brooklyn federal judge handling the case of Joaquin "El Chapo" Guzman has slapped down yet another request by the accused drug kingpin's lawyers to make the list of witnesses public — *saying he simply doesn't trust them with the information.*

"El Chapo Witnesses to Remain Protected, Brooklyn Judge Rules," N.Y. Post Aug. 24, 2018 (emphasis added).[4]  More important than the negative impression the Court's Order leaves about counsel is the negative implications for Mr. Guzmán.  The intense media attention he garners already makes selecting an impartial jury extremely difficult.  The Court suggesting it does not trust defense counsel only adds to the prejudice against Mr. Guzmán.

       In sum, counsel acknowledge the Court's concerns and assure the Court that if the material at issue were disclosed for attorney's eyes only, counsel would not disclose or discuss the material with any third parties, including Mr. Guzmán.

       For the aforementioned reasons, Mr. Guzmán respectfully requests that the Court reconsider its Order granting the government's request for deferred disclosure of Fed. R. Crim. P. 16 documents and information and that the Court order the government to disclose the material for attorney's eyes only.

---

[2] Counsel's response included a recording of the interview demonstrating that the published transcripts upon which the government relied were incorrect.

[3] The Court's Order notes that only 158 pages and one video are at issue.  However, this refers only to the government's third request for deferred disclosure and does not include the unknown number of Rule 16 material covered by the first two requests.

[4] Found at https://nypost.com/2018/08/24/el-chapo-witnesses-to-remain-protected-brooklyn-judge-rules/



Respectfully submitted,

**BALAREZO LAW**

/s/

By: _____

A. Eduardo Balarezo, Esq.
EDNY Bar # AB7088
400 Seventh Street, NW
Suite 306
Washington, DC  20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Defendant Joaquín Guzmán Loera*

cc:

Government Counsel
(via ECF)