```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   **MEMORANDUM**
              - against -                                   :   **DECISION & ORDER**
                                                            :
JOAQUIN ARCHIVALDO GUZMAN                                   :   09-cr-0466 (BMC)
LOERA,                                                      :
                                                            :
              Defendant.                                    :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

On August 15, 2018, the Court ordered the parties to show cause why: (1) Violation 85 should not be stricken as a substantive count; (2) Jones v. United States, 526 U.S. 227 (1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000), require the Government to prove the elements of 21 U.S.C. § 848(e) to the jury beyond a reasonable doubt; and (3) the evidence that the Government seeks to admit is inadmissible under Federal Rule of Evidence 404(b). The Court issued this order after reviewing the briefing on defendant's motion to strike Violation 85. In that motion, defendant argued that Violation 85 fails to state an offense, or alternatively, sought an order precluding the Government from introducing evidence relating to Violation 85 because it hadn't complied with necessary disclosure obligations, or continuing the trial and directing the Government to produce evidence relating to Violation 85.

As explained below, the Court concludes that 21 U.S.C. § 848(e) states a substantive offense under Second Circuit precedent and under the Sixth Amendment. The Court also rejects defendant's renewed argument that Violation 85 fails to state an offense, because § 846 covers a conspiracy to commit § 848(e). Having concluded that Violation 85 states a substantive offense, the Court denies defendant's motion to strike it.

Even if Violation 85 did not state a substantive offense, the evidence that the Government proposes to admit to prove Violation 85 would likely be admissible as direct evidence of the continuing criminal enterprise generally alleged in Count One, or at least as evidence of opportunity to commit the alleged continuing criminal enterprise under Rule 404(b). The Court defers ruling on whether any given piece of evidence (or the accumulation of evidence) is admissible based on Rule 403.

Finally, because the Government has met its disclosure obligations with respect to Violation 85, defendant's request to preclude the Government from introducing this evidence at trial, or for an adjournment of trial to allow the Government to produce that evidence is denied. However, as discussed below, the Government should provide a table of contents or similar device to help defendant identify which § 3500 material is relevant to the different categories under the bill of particulars for Violation 85.

**I. Violation 85 as a Substantive Offense and Other Grounds for Admissibility of Violation 85 Evidence**

The Government argues that Violation 85 states a substantive offense under Second Circuit precedent and that the Court is required to treat it as a substantive offense under the Sixth Amendment. Defendant disagrees, and further renews his argument that there cannot be a conspiracy to violate § 848(e) under § 846. The Government also argues that, even if Violation 85 is not a substantive count, the evidence it seeks to admit to support that Violation is direct evidence of the continuing criminal enterprise in Count One or admissible under Rule 404(b). Defendant counters that, despite each of these arguments, the probative value of this evidence is substantially outweighed by the risk of undue prejudice, undue delay, and needless presentation of cumulative evidence, and it should therefore be excluded under Rule 403.

### A. *Substantive Offense*

Section 848(e) provides for a mandatory minimum sentence of 20 years and a maximum possible sentence of life imprisonment or the death penalty for any person who "intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results" while (1) "engaging in" a continuing criminal enterprise; or (2) "working in furtherance of" a continuing criminal enterprise; or (3) "engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title." This means that § 848(e) can be triggered by an intentional killing (or the counseling, commanding, inducing, causing, *etc.* of a killing) in three different situations.

This is important because defendant is charged with (among other things), engaging in a continuing criminal enterprise under Count One and engaging in offenses punishable under §§ 841(b)(1)(A) and 960(b)(1) in Counts Two, Three, and Four. Specifically, Count Two alleges that defendant engaged in an international cocaine, heroin, methamphetamine, and marijuana manufacture and distribution conspiracy in violation of § 960(b)(1), Count Three alleges that defendant engaged in a cocaine importation conspiracy in violation of § 960(b)(1), and Count Four alleges that defendant engaged in a cocaine distribution conspiracy in violation of § 841(b)(1)(A).

Section 848(e) states a substantive offense for at least two reasons: Second Circuit precedent suggests it and the Sixth Amendment demands it. First, § 848(e) is functionally similar to § 848(b) – both prescribe heightened penalties for engaging in a continuing criminal enterprise (or, for § 848(e), violating §§ 841(b)(1)(A) or 960(b)(1)) under certain factual circumstances). The Second Circuit has already concluded that § 848(b) states a substantive

3

offense. United States v. Torres, 901 F.2d 205, 241 (2d Cir. 1990) (citing Amen, 831 F.2d at 381-82), abrogated on other grounds by United States v. Marcus, 628 F.3d 36, 41, (2d Cir. 2010).

Section 848(b) provides that "[a]ny person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a)" if certain conditions are met, including the condition that the defendant is the principal administrator, organizer, or leader or one of several principal administrators, organizers, or leaders of the enterprise.[1]

In Torres, the Second Circuit vacated defendants' convictions under § 848(b) because the district court failed to instruct the jury that, in order to find the defendants guilty under § 848(b), it had to determine that they functioned as principal administrators, organizers, or leaders after the statute became effective. In discussing how the jury should have been instructed, the Second Circuit stated that "section 848(b) requires the jury to find, beyond a reasonable doubt, elements in addition to those stated in section 848(a), [and therefore] section 848(b) resulted in a new offense rather than sentence enhancement." 901 F.2d at 240. The Second Circuit referred to §848(a) as "a lesser included offense of section 848(b)." Id. at 241. The Second Circuit has since affirmed that § 848(b) states "a new offense rather than a sentence enhancement." United States v. Givens, No. 05-5189-CR, 2008 WL 2796341, at *3 (2d Cir. July 18, 2008).

The Second Circuit has also explicitly affirmed "convictions" under § 848(e). In United States v. Aguilar, 585 F.3d 652, 653, 656, 657 (2d Cir. 2009), the Second Circuit referred to a "§ 848(e)(1)(A) conviction," when discussing "the 'engaging in' element of § 848(e)(1)(A)," and stated that "a § 848(e)(1)(A) offense can be committed in one of three ways." See also United

---

[1] The Torres Court was interpreting the 1988 version of the statute, and although other parts of § 848 have since been modified and repealed, § 848(b) has not (apart from the change of an internal reference to another subsection). The version of § 848(b) that exists today is functionally identical to the one the Torres Court interpreted.

4

States v. Desinor, 525 F.3d 193, 202 (2d Cir. 2008). In Desinor, the Second Circuit referred to a defendant being convicted under § 848(e)(1)(A) and said that "the government need only prove beyond a reasonable doubt that one motive for the killing (or conspiracy to kill) was related to the drug conspiracy." 525 F.3d at 202.

Thus, although the Second Circuit has not decided whether § 848(e) states a substantive offense, see United States v. Jackson, 658 F.3d 145, 151 (2d Cir. 2011), its conclusion on a similar subsection and its discussion of proving the "elements" of the § 848(e) "offense" in affirming convictions under § 848(e) strongly suggest that it would conclude § 848(e) does state a substantive offense.

Even if § 848(e) does not state a substantive offense in the abstract, it nevertheless does in this case, because it increases the minimum penalty defendant faces for Counts Two, Three, and Four. The Sixth Amendment requires that any fact (other than the fact of a prior conviction) that increases the statutory maximum or mandatory minimum penalty for an offense be proven to the jury beyond a reasonable doubt. See Alleyne v. United States, 570 U.S. 99, 115 (2013); Apprendi v. New Jersey, 530 U.S. 466, 476 (2000).

As described above, § 848(e) requires a mandatory minimum of 20 years' imprisonment with the possibility of life imprisonment or the death penalty and applies when a person is "engaging in" or "working in furtherance of" a continuing criminal enterprise and "engaging in an offense punishable under [§] 841(b)(1)(A) . . . or [§] 960(b)(1)." Two of those situations are relevant here: Count One charges defendant with engaging in a continuing criminal enterprise and Counts Two, Three, and Four charge defendant with engaging in an offense punishable under 21 U.S.C. § 841(b)(1)(A). Defendant faces a mandatory minimum of 20 years' imprisonment and the possibility of a life sentence if convicted of a continuing criminal

5

enterprise in Count One.[2]  See § 848(a).  The mandatory minimum for Counts Two, Three, and Four is 10 years' imprisonment and the maximum is life imprisonment.  See §§ 841(b)(1)(A); 960(b)(1).

Therefore, § 848(e) does not increase the mandatory minimum for Count One, because § 848(a), like § 848(e) provides for a mandatory minimum of 20 years' imprisonment.  At least in regard to the mandatory minimum,[3] the Sixth Amendment does not require that the Government prove to the jury beyond a reasonable doubt the elements of § 848(e) as the continuing criminal enterprise count.

But § 848(e) *does* increase the mandatory minimum liability defendant faces for Counts Two through Four from 10 years' imprisonment to 20.  See United States v. Guerrero, 52 F.Supp.3d 643, 649 (S.D.N.Y. 2014) (concluding that § 848(e)(1)(A) provides enhanced penalty for § 841(b) and stating that "§ 848(e)(1)(A) is best described as a sentencing enhancement statute that also establishes a separate punishable offense").  In paragraph 13 of the indictment, describing Violation 85, the Government alleges that defendant "while engaged in one or more offenses punishable under Sections 841(b)(1)(A) and 960(b)(1) of Title 21 of the United States Code, to wit: the crimes charged in Counts Two through Four, did knowingly and intentionally

---

[2] Defendant is also charged with § 848(b) and therefore faces the possibility of a mandatory minimum of life imprisonment if the jury concludes that he engaged in a continuing criminal enterprise and is "the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders" and the other requirements of § 848(b) are met.  But the possibility of a § 848(b) conviction does not affect whether § 848(e) increases defendant's potential liability for Counts Two through Four.

[3] The Court remains unconvinced that Apprendi requires the Government to prove the elements of § 848(e) to the jury.  Although the Court recognizes that the "legally prescribed range," not the sentence actually imposed, is dispositive under the Sixth Amendment, in this case, it is a factual certainty that the jury will never have to consider whether to impose the death penalty.  The Court is not willing to conclude that the Government could use the Sixth Amendment, which normally acts as a shield protecting the criminal defendant's right to have an impartial jury of his peers determine the legally operative facts, against him as a sword to permit it to introduce evidence that is otherwise not required.

conspire to kill and cause the intentional killing of one or more persons, . . . and such killings did result."

Contrary to defendant's argument, applying § 846 and § 848(e) to Counts Two, Three, or Four would not improperly "import" an overt act. The Government need not list § 848(e) in the indictment for it to apply should the Government prove the facts that satisfy its requirements to the jury. Of course, the Sixth Amendment requires the Government to prove those facts to the jury beyond a reasonable doubt and the jury to find them as to Count Two, Three, and Four as part of its verdict. For example, the Court could not sentence defendant based on those facts for Count Two if the jury only found them as to Count One. But the Government is not required to list § 846 and § 848(e) in the indictment under Count Two for it to prove the facts to support Count Two to the jury and the jury to find them.

### B. Conspiracy to Violate § 848(e) under § 846

Having concluded that §848(e) states a substantive offense, the Court also rejects defendant's argument that Violation 85 fails to state an offense because there cannot be a conspiracy to violate § 848(e) under § 846.

Section 846 states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense." The Court has already concluded that § 848(e) states a substantive offense, and it is defined in the same subchapter as § 846, so it is the proper object[4] of a § 846 conspiracy. See United States v. Snow, 48 F.3d 198, 200 (6th Cir. 1995).

---

[4] The Court does not understand defendant's distinction between § 848(e) being the subject of an § 846 conspiracy versus the object of one. Either § 848(e) states a substantive offense, or the effect of Alleyne renders one when it is charged with § 841(b)(1)(A) or § 960(b)(1). Under either approach, it is a substantive offense; therefore, attempting or conspiring to commit that offense is a separate offense under § 846.

It cannot be the case that § 846 only applies to those statutes that do not refer to a completed act – all non-attempt, non-conspiracy statutes describe a completed act. As the Government points out, 21 U.S.C. § 841(a)(1) is one such example. That section makes it a crime to "knowingly or intentionally . . . , distribute, or dispense . . . a controlled substance." Section 841(a)(1) describes a completed act (manufacturing, describing, and dispensing) and the Second Circuit has concluded that "there is no dispute that § 846 properly applies to conspiracies to violate § 841(a)." See, e.g., United States v. Baker, -- F.3d --, 2018 WL 3747345 at *1 (2d Cir. Aug. 8, 2018) (affirming conviction for conspiracy, in violation of § 846, to violate § 841(a)(1)); see also Desinor, 525 F.3d at 193, 195, 202 (referring to "engaging in a narcotics conspiracy while engaging in a conspiracy to murder" as one of the things punished by § 848(e)(1)(A)).

Defendant argues that § 846 cannot form the basis for a conspiracy to commit §848(e) because that would permit the imposition of the death penalty based on a defendant's mere conspiracy to commit murder without requiring his direct participation in the murder itself, and that would violate the Eighth Amendment. Even if defendant is correct about the relationship between conspiracy to murder and the Eighth Amendment, his argument is misplaced. As discussed above, it is a factual certainty that defendant does not and will not face the death penalty. Whether the government could have sought the death penalty for a murder conspiracy arising under § 846 and § 848(e) is simply irrelevant to whether Violation 85 states an offense. Defendant's motion to strike Violation 85 is denied.

### C. Violation 85 Evidence as Direct Evidence or 404(b) Evidence

Independent of whether the Government's proposed evidence is admissible as direct evidence of the substantive offense alleged under § 848(e), the Court concludes that it would

likely be admissible as direct evidence of the continuing criminal enterprise alleged generally in Count One.

"An act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an other act within the meaning of Rule 404(b); rather, it is part of the very act charged." United States v. Miller, 116 F.3d 641, 682 (2d Cir. 1997) (quoting United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992)). "[E]vidence of uncharged criminal activity is not considered other crimes evidence under Rule 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997).

Here, the evidence of conspiracy to commit murder alleged in Violation 85 (and evidence of actual murder that the Government has stated it will introduce) is relevant to show the existence and scope of the massive criminal enterprise the Government has alleged and defendant's role in it. The Second Circuit has previously affirmed the admission of evidence of acts of violence committed to further an alleged narcotics conspiracy as direct evidence of the conspiracy's existence. See United States v. Estrada, 320 F.3d 173, 183 (2d Cir. 2003); Miller, 116 F.3d at 682; United States v. Thai, 29 F.3d 785, 812-13 (2d Cir. 1994); see also United States v. Santos, 541 F.3d at 69 ("Thus, although a murder committed by the defendant in furtherance of a drug conspiracy cannot itself satisfy the drug-offense element of section 848(e)(1)(A), it can, in appropriate circumstances, persuade the jury that the defendant was a member of the drug conspiracy in furtherance of which the killing was committed.").

Of particular note, the Second Circuit has previously held that evidence of uncharged murders committed by members of an alleged crime family were properly admitted as proof that

9

the crime family was a criminal enterprise. United States v. Matera, 489 F.3d 115, 120 (2d Cir. 2007) (admitting evidence of multiple murders to prove "essential element" of existence of a criminal RICO enterprise, and noting that the admission of such evidence did not violate Rule 404(b)(1)).

The evidence that the Government proposes to introduce to support Violation 85 may also be necessary to complete the story of the crime at trial. See United States v. Diaz, 176 F.3d 52, 79 (2d Cir. 1999) ("[I]t is within the [trial] court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators."). As the Government points out, the violence it alleges that defendant engaged in will contextualize the evidence that the Government expects will be used to impeach its witnesses. It will also explain certain witnesses' connection to defendant and why he trusted them. The evidence might also be probative of the crime charged in Count Sixteen (that defendant knowingly and intelligently discharged a weapon in furtherance of a continuing criminal enterprise or the drug conspiracies).

For similar reasons, the evidence supporting Violation 85 is likely admissible under Rule 404(b). Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Second Circuit's approach to Rule 404(b) is "inclusionary." See United States v. Mejia, 545 F.3d 179, 206 (2d Cir. 2008). Under that approach, "prior act evidence is admissible

if offered for any purpose other than to show a defendant's criminal propensity." United States v. Dupree, 870 F.3d 62, 76 (2d Cir. 2017) (internal quotation marks and citation omitted).

As proffered, evidence pertaining to Violation 85 may very well be probative of defendant's opportunity to commit the criminal enterprise charged in Count One. It could also go to defendant's intent to commit that criminal enterprise, his knowledge of the existence of that enterprise and its objectives, his preparation or plan for the acts of that criminal enterprise, or that the criminal enterprise was not a byproduct of mistake or accident. Not having seen the evidence, the Court will reserve its final ruling on the admissibility of this evidence for trial. But as it stands, defendant has not convinced the Court that this entire category of evidence should be excluded.

Finally, defendant contends that, despite all of the above, evidence relating to Violation 85 should be excluded by Rule 403. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Under this rule, the mere fact that evidence is relevant to an issue in dispute does not ensure its admissibility, if its capacity for unfair prejudice outweighs its probative value." Matera, 489 F.3d at 121.

For the reason already discussed, the Court does not have enough information to determine whether the evidence that the Government plans to introduce should be excluded under Rule 403. However, the Court is cognizant of the Second Circuit's instruction that "[w]hen a defendant engages in a criminal enterprise which involves very serious crimes," although "there is a likelihood that evidence proving the existence of the enterprise through its acts will involve a considerable degree of prejudice[,] . . . the evidence may [nonetheless] be of

11

important probative value in proving the enterprise." Matera, 489 F.3d at 121 (citing United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991)).

But defendant makes some good points. Although much of the evidence that the Government has proffered appears to be probative of the existence of a continuing criminal enterprise and of defendant's commission of Count 16, it is possible that a given piece of evidence may be less probative than the Government represents, or its probative value may be substantially outweighed by the risk of undue prejudice. It is also possible that a certain quantity of otherwise acceptable, relevant evidence may become may become inadmissible because its probative value is substantially outweighed by the risk of wasting time or needlessly presenting cumulative evidence. The Court's ruling in this order does not preclude defendant from raising such objections at trial, and the Government is cautioned to be efficient in its presentation and not seek to introduce cumulative or unnecessary evidence.

## II. Motion to Strike

### A. Discovery Obligations

Violation 85 charges defendant with conspiracy to murder persons who posed a threat to the Sinaloa Cartel. The Government voluntarily filed a bill of particulars containing details on the victims and dates relevant to that charge. The Government listed as victims of Violation 85 certain named individuals; "[m]embers" of specific cartels; as well as unnamed "[i]nformants," "[m]embers of law enforcement," and "[a]ssociates who betrayed the Sinaloa Cartel."

In its opposition to defendant's motion at issue, the Government made three significant revisions to the bill of particulars. It limited the timeframe for unnamed "[i]nformants" from January 1989-September 2014 to 2004-2008; it removed the category of "[a]ssociates who betrayed the Sinaloa Cartel," noting that "the victims who fall into that category are specifically

12

named" in the bill of particulars; and it clarified that any victims who were members of law enforcement "properly fall into the categories outlined above concerning the rival drug trafficking organizations," otherwise included in the bill of particulars.

Defendant argues that the Government's bill of particulars does not provide him with enough information to investigate and present a defense to Violation 85. Although the Government's original bill of particulars may have been too broad, the Government has since remedied that inadequacy, and defendant's motion seriously overstates the Government's disclosure obligations. Defendant is not entitled to the relief he seeks.

### B. Bill of Particulars

Under Federal Rule of Criminal Procedure 7(f), a court may order the Government to file a bill of particulars. A bill of particulars is "a statement of what the government will or will not claim in its prosecution, United States v. GAF Corp., 928 F.2d 1253, 1260 (2d Cir. 1991), and is necessary "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (quoting United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999)). It is intended to "inform a defendant of charges with sufficient precision to allow preparation of a defense, to avoid unfair surprise, and to preclude double jeopardy." GAF, 928 F.2d at 1260.

However, a bill of particulars "is not a discovery device and 'should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense.'" United States v. Barrera, 950 F. Supp. 2d 461, 477 (E.D.N.Y. 2013) (quoting United States v. Perryman, 881 F.Supp.2d 427, 430-32 (E.D.N.Y. 2012)). "[T]he ultimate test in determining whether a bill of particulars is appropriate is whether

the information is necessary, not whether it is helpful to the defendant." Id. (quoting United States v. Wilson, 493 F.Supp.2d 364, 370 (E.D.N.Y. 2006)).

Defendant argues that the Government should disclose (1) the identity of each victim of the murder conspiracy charged in Violation 85; (2) the exact dates of the events in the murder conspiracy; (3) the location of those events; (4) any documents or other memorialization pertaining to each event; and (5) a cross-reference to the discovery produced to date for each event.[5] Although that information would certainly be helpful to defendant, it is neither necessary in this case nor required under the law. In addition to the names of victims that the Government has already provided to defendant, the Government has stated that the remaining unnamed victims are members of specified rival cartels. That information sufficiently limits the universe of potential acts that the Government intends to prove at trial, and thus fulfills the Government's obligation to provide adequate notice of the charges and allow defendant to prepare his defense.

Defendant's reliance on United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988), is unavailing. There, the defendant was charged with conspiracy to violate RICO and the indictment included various predicate extortion crimes. The RICO count in the indictment included several unspecified extortion offenses; the Government introduced at trial evidence of extortions involving three specific companies that were not identified in or related to the single company that was identified in the indictment. The Second Circuit found that it was "unrealistic" for the defendant to prepare a defense to extortion charges against wholly unidentified companies.

That is a far cry from the Government's bill of particulars. The defendant in Davidoff was surprised by the introduction of entirely new and unrelated companies; here, the

---

[5] Defendant also requests all evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The Court has no reason to believe the Government is not complying with its Brady obligations.

14

Government has named the various cartels whose members it intends to prove at trial were victims of the murder conspiracy. In addition, the bill of particulars sets forth the approximate dates during which these events took place. Those time frames, combined with the narrowed scope of the bill of particulars described above, provides defendant with sufficient information to prepare his defense – at least the amount of information which the Government is obligated to provide at this stage. Violation 85 "together with the other information available to defendant[], [is] sufficiently specific to put the defendant[] on notice of the crimes charged." See United States v. Cutolo, 861 F. Supp. 1142, 1149 (E.D.N.Y. 1994). Indeed, defendant's "request for detailed information as to [Violation 85] exceeds the scope of a bill of particulars and amounts to a demand that the government 'disclose its evidence in advance of trial.'" See id. (quoting United States v. Gottlieb, 493 F.2d 987, 994 (2d Cir. 1974)).

### III.    18 U.S.C. § 3500 Material

The Government argues that defendant's request for an adjournment of trial to allow for additional production of this evidence essentially amounts to a preemptive request for materials under 18 U.S.C. § 3500. To the extent the Government intends to prove Violation 85 through cooperating witnesses, the Government is correct. Under § 3500(b), after a Government witness has testified at trial, "the Court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in possession of the United States which relates to the subject matter as to which the witness has testified."

Here, the Government has committed to provide defendant with § 3500 material for law enforcement witnesses two months before trial (and it did on September 5, 2018) and for cooperating witnesses one month before trial (or, for certain cooperating witnesses with significant safety concerns, two weeks before the witness testifies). The Government is already

15

producing this evidence before it is statutorily required to do so.  To the extent defendant actually seeks to advance those deadlines, the Court declines to do so.  The Second Circuit has held that this statute "prohibits a District Court from ordering the pretrial disclosure of [§ 3500 material]."  United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001); see also United States v. Barret, 824 F. Supp. 2d 419, 456 (E.D.N.Y. 2011) (collecting cases) (noting that § 3500 "deprives the District Courts of the power to mandate early production of such material.").

In light of the Government's revisions to the bill of particulars and the existing schedule for disclosing § 3500 material, the Court sees no reason to preclude the Government from introducing at trial evidence relating to Violation 85 or to adjourn trial and order the early production of this evidence.  Ultimately, the Government has provided defendant with "adequate notice of the charge against him to prepare a defense" on Violation 85, which is all that the Government is required to do.  See United States v. Orena, 32 F.3d 704, 715 (2d Cir. 1994).

However, the Court recognizes that defense counsel will face a difficult task when they receive a critical portion of the Government's evidence one month before trial.  By the time the Government produces its § 3500 material for cooperating witnesses, it should have solidified the specific murder conspiracies in Violation 85 that it intends to prove at trial.  The Government must therefore make a good-faith effort to identify those victims for defendant.  When the Government makes a production containing § 3500 evidence relating to Violation 85, that production should also contain – to the best of the Government's ability – a cross-reference to the specific line item on the bill of particulars for which the Government intends to offer that evidence at trial.[6]

---

[6] The Court understands that the Government has already made its first production of § 3500 material for law enforcement witnesses.  If any evidence pertaining to Violation 85 was included in that production, the Government is ordered to, as soon as practicable, provide defendant with the relevant cross-reference as described above.

16

## CONCLUSION

Defendant's [274] motion to strike Violation 85 is DENIED.

**SO ORDERED.**

                                                    Digitally signed by Brian M. Cogan
                                    _____
                                                                     U.S.D.J.

Dated:  Brooklyn, New York
            September 7, 2018