```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :   **ORDER**
         – against –                                     :
                                                         :   09-cr-0466 (BMC)
JOAQUIN ARCHIVALDO GUZMAN                                :
LOERA,                                                   :
                                                         :
                 Defendant.                              :
-------------------------------------------------------- X
```

**COGAN**, District Judge.

With regard to the pending <u>Curcio</u> issue with Mr. Lichtman, the Government has not provided the Court with sufficient information to determine whether one witness had a relationship with Mr. Lichtman that requires a <u>Curcio</u> hearing (as to that witness).

Mr. Lichtman argues that he was never this witness's attorney because all he did was make an unsuccessful sales pitch and that he did not learn any confidential information in the course of doing so. Because this is a cooperating witness, there is no reason that the Court should have to decide the <u>Curcio</u> issue with less than full information. The Government can debrief the witness and simply ask him to describe in general terms what he discussed with Mr. Lichtman (not the specifics, just the topic areas). It can also ask him whether he regarded Mr. Lichtman as his lawyer and whether he gave any information to Mr. Lichtman that he considers confidential. The witness is presumably represented by counsel so he should have no difficulty responding to these questions.

If the witness responds that he never thought of Mr. Lichtman as his lawyer and that he didn't give Mr. Lichtman any confidential information, then we don't need a <u>Curcio</u> hearing as to that witness and Mr. Lichtman is free to cross-examine that witness. As far as disclosing the

witness's identify to the defendant, Mr. Lichtman would be under the same restrictions as defendant's other attorneys, notwithstanding any prior acquaintance with the witness. If the witness instead says that he thought Mr. Lichtman was his lawyer and that the witness relayed confidential information to Mr. Lichtman, then we probably do need a <u>Curcio</u> hearing as to that witness. But because the nature of Mr. Lichtman's relationship can be disclosed to the Court from the witness's perspective as well that of Mr. Lichtman, there is no reason for the Court to operate in the dark.

The Government is therefore directed to respond to this Order by September 18, 2018. If it feels it must disclose witness-identifying information in that submission, it can file the letter under seal, available only to Mr. Lichtman, but it should only do that if there is no effective way it can publicly convey the information the Court has requested without disclosure of the witness's identify. (For example, this Order addresses the matter in sufficient generality so that no sealing is needed.)

In the meantime, Mr. Lichtman is subject to the same restriction on disclosing any information regarding this witness or the other cooperating witnesses identified by the Government pending further Order as are his co-counsel.

**SO ORDERED.**

 

                                                             U.S.D.J.

Dated: Brooklyn, New York
       September 14, 2018