LAW OFFICES OF
# JEFFREY LICHTMAN
11 EAST 44TH STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
PAUL TOWNSEND

PH: (212) 581-1001
FX: (212) 581-4999

September 19, 2018

**FILED VIA ECF**
Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11217

      Re: <u>United States v. Guzman Loera</u>, 09 CR 466 (S-3) (BMC)

Dear Judge Cogan:

      I am writing in response to the government's September 18, 2018 letter (see Dkt. No. 318) concerning my relationship with a potential cooperating witness. With this letter I would like to clear the record of a number of factual errors in the government's letter; however, I do not wish to ultimately burden the court with a hearing on issues relating to my contact with CW#1 and will defer to my co-counsel, both of whom are capable of cross-examining the witness in my stead at trial.

      I did not travel to meet CW#1 in September of 2007 and wait several days for permission to visit him in prison as stated in the government's letter at p. 1. As corroborated in my travel records which I reviewed last night, I traveled to meet CW#1 in early November 2007 and left for home the next day. Permission for the visit from the prison was granted to me prior to leaving on the trip.

      I did not speak to CW#1 twice on this trip. As I had just a short window to see him before traveling to the airport, I met with him once in the prison. I did not speak to CW#1 in a small cubicle via telephone for approximately one hour – as I do not speak his language. I required an interpreter to speak to CW#1 and thus the only time I spoke to him was in a prison meeting room with my translator (and several corrections officers) present. I also never told CW#1 that he was likely to lose at trial. I have never told such a thing to a potential client I have just met, especially considering that I had yet to see a single piece of evidence in the case.

      I was not paid to "begin working on [CW#1's] case" after this meeting or anytime. I was paid weeks before my visit to him, <u>solely</u> for my time spent traveling to and from the prison in

**JEFFREY LICHTMAN**

Hon. Brian M. Cogan
United States District Judge
September 19, 2018
Page 2

which CW#1 was located, in order to discuss possible representation. The timing of these payments is corroborated in my bank records from October of 2007.

     Lastly, I have no recollection of meeting with any Eastern District and Southern District prosecutors on behalf of CW#1 following my return from visiting him. That being said, I presume that the government has corroborated at least this factual assertion in its letter. I do note, however, that I never entered an official appearance into his case or asked for any discovery from the government as CW#1's attorney. Therefore, there was never any reason for CW#1 to "change attorneys" as noted in the government's assertion on page 2 of its September 18, 2018 letter to the Court.

                                                    Respectfully submitted,

                                                    Jeffrey Lichtman