

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:PEN/BK
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 9, 2018

By ECF
The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Joaquin Archivaldo Guzman Loera
               Criminal Docket No. 09-0466 (S-4) (BMC)

Dear Judge Cogan:

        The government writes in connection with the upcoming trial in the above-captioned case, which is currently scheduled to commence on November 5, 2018. The criminal forfeiture allegations set forth in the above-referenced Superseding Indictment ("Indictment") state, in part, that in the event that defendant Joaquin Archivaldo Guzman Loera is convicted of any of the offenses charged in the Indictment, the government will seek forfeiture of: (a) property constituting, or derived from, proceeds obtained, directly or indirectly as a result of the charged continuing criminal enterprise offense; (b) property constituting, or derived from, proceeds obtained, directly or indirectly as a result of the charged cocaine, heroin, methamphetamine and/or marijuana trafficking; (c) firearms or ammunition involved or used in the charged firearms offense; and/or (d) property involved in the charged money laundering offense. See Indictment, ¶¶ 46–53.

        The government respectfully submits that it intends only to seek entry of a forfeiture money judgment should the defendant be convicted of any of the charges in the Indictment. Therefore, there would be no basis for retaining the jury for a separate forfeiture phase of trial if the defendant were to be convicted of any of the charged offenses. See Fed. R. Crim. P. 32.2(b)(1)(A) and (5)(A). Accordingly, for the reasons set forth below, the government respectfully requests that the Court rule, before the jury deliberations, that the jury need not be retained to determine the amount of money to be forfeited. See Fed. R. Crim. P. 32.2(b)(5)(A).

I.       There is No Constitutional Right to a Jury Determination for Criminal Forfeiture

As an initial matter, criminal forfeiture is a mandatory part of a defendant's sentence.  See United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where [a forfeiture statute] applied..."); United States v. Martin, 662 F.3d 301, 309 (4th Cir. 2011) ("Criminal forfeiture is part of defendant's sentence";  its purpose is "to deprive criminals of the fruits of their illegal acts and deter future crimes"); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) ("When the government seeks to impose criminal forfeiture, Federal Rule of Criminal Procedure 32.2(b)(1) . . . requires the sentencing court to 'determine what property is subject to forfeiture under the applicable statute").  See also 18 U.S.C. § 982 (statute mandating order of forfeiture as part of the defendant's sentence if found guilty of the offense giving rise to the forfeiture); 21 U.S.C. § 853 (statute mandating order of forfeiture as part of the defendant's sentence if found guilty of a Title 21 offense).

As the Supreme Court has made clear in Libretti v. United States, 516 U.S. 29 (1995), there is no Sixth Amendment right to have a jury determine the amount of forfeiture. 516 U.S. at 49 ("Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to jury determination as to the appropriate sentence to be imposed."). Libretti remains controlling precedent, despite subsequent Supreme Court rulings requiring a jury to find facts that increase "punishment beyond a previously specified range" because "in criminal forfeiture, there is no such previously specified range."  United States v. Stevenson, 834 F.3d 80, 86 (2d Cir. 2016) (finding that Libretti remains controlling precedent after S. Union Co. v. United States, 132 S. Ct. 2344 (2012), and holding that "[t]he calculation of the amount of forfeiture . . . remains within the province of the sentencing court."); United States v. Perkins, 994 F. Supp. 2d 272, 275 (E.D.N.Y. 2014) (Irizarry, J.) (rejecting defendant's request for jury verdict on a criminal forfeiture money judgment); United States v. Dolney, 2005 WL 1076269, at * 11 (E.D.N.Y. May 3, 2005) (Garaufis, J.) ("[F]or purposes of forfeiture's relationship to the Sixth Amendment, the only essential fact that must be found by the jury is the defendant's guilt."); see also United States v. Lo, 839 F.3d 777, 795 (9th Cir. 2016) (following Libretti); United States v. Simpson, 741 F.3d 539, 560 (5th Cir. 2014) (rejecting argument that amount of forfeiture must be submitted to jury).  Accordingly, because criminal forfeiture is a mandatory part of a convicted defendant's sentence, but is not part of a determinate sentencing regime, there is no constitutional right to a jury determination on the issue of criminal forfeiture.

II.      There is No Legal Right to a Jury Determination of the Amount of a Forfeiture
         Money Judgment

While Rule 32.2(b)(5)(B) of the Federal Rules of Criminal Procedure permits either party to timely request a jury determination as to whether "the requisite nexus between the property and the offense committed by the defendant" has been established, where the government seeks only a forfeiture money judgment, forfeiture is to be determined by the

Court.[1]  Rule 32.2(b)(1)(A) states, "if the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

> As the Court has previously recognized:
>
> The only determination that must be made when the government seeks a money judgment is the amount that the defendant will be ordered to pay.  If the government does not seek specific property, but rather a personal money judgment, the court itself determines the amount of money that the defendant will be ordered to pay.

United States v. Perkins, 994 F. Supp. 2d 272, 275 (E.D.N.Y. 2014) (Irizarry, J.)  (quotations and alterations omitted).  Indeed, the majority of courts that have addressed this issue, including those within this Circuit, have consistently held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a forfeiture money judgment. See United States v. Watts, 934 F. Supp. 2d 451, 493 (E.D.N.Y. 2013) (Matsumoto, J.) ("Rule 32.2(b)(1) does not provide a right to a jury determination of the money judgment amount."); United States v. Bourne, 08-CR-888, 2012 WL 526721 at *1 (E.D.N.Y. Feb. 15, 2012) (Garaufis, J.) (same); United States v. Roberts, 631 F. Supp. 2nd 223, 225–26 (E.D.N.Y. 2009) (Irizarry, J.) (same); United States v. Galestro, 06-CR-285, 2008 WL 2783360 at *11 (E.D.N.Y. July 15, 2008) (Ross, J.) (same); United States v. Gregoire, 638 F.3d 962, 972 (8th Cir. 2011) (where government disclaims any intent to seek forfeiture of specific property, there is no issue for the jury); United States v. Tedder, 403 F.3d 836, 841 (7th Cir. 2005) ("Rule 32.2 does not entitle the accused to a jury determination on the amount of the forfeiture."); United States v. Reiner, 393 F. Supp. 2d 52, 54–57 (D. Me. 2005) (same), aff'd, 500 F.3d 10 (1st Cir. 2007); United States v. Harrell, 11-CR-108, 2013 WL 525743 (M.D. Fla. Feb. 11, 2013) at *2 (distinguishing forfeiture of an in personam money judgment from forfeiture of specific property).

III.     Conclusion

Here, because the government seeks only entry of a forfeiture money judgment against the defendant, a jury determination of forfeiture is neither necessary nor warranted by the law.  Further, pursuant to Rule 32.2(b)(1)(A), the amount of a forfeiture money judgment

---

[1] Rule 32.2 was amended in 2009 in order to avoid an inadvertent waiver of a jury determination, while also providing timely notice to the court and the jurors themselves if they will be asked to make a forfeiture determination as to specific properties, in contrast to a forfeiture money judgment. See Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2009 Amendments, Subdivision (b)(5)(A).

must be determined by the Court. Accordingly, the government respectfully requests that the Court, and not a jury, make any forfeiture determination in the event that the defendant is convicted at trial of any of the charges in the Indictment.

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        UNITED STATES ATTORNEY
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                                        ARTHUR G. WYATT, CHIEF
                                        Narcotic and Dangerous Drug Section
                                        Criminal Division,
                                        U.S. Department of Justice

                                        OF COUNSEL:

                                        ARIANA FAJARDO ORSHAN
                                        UNITED STATES ATTORNEY
                                        Southern District of Florida

cc:     Clerk of Court (BMC) (via ECF)
           Defense Counsel (via ECF)

4