UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

        - against -

JOAQUIN ARCHIVALDO GUZMAN
LOERA,
    also known as "El Chapo," "El Rapido,"
    "Chapo Guzman," "Shorty," "El Senor,"
    "El Jefe," "Nana," "Apa," "Papa,"
    "Ingle," and El Viejo,"

                Defendant.

- - - - - - - - - - - - - - - - -X

[PROPOSED] ORDER

No. 09-466 (S-4) (BMC)

**COGAN, J.:**

    This action is before the Court on the government's *ex parte* application for a protective order pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, seeking to withhold from discovery certain classified materials ("the materials") filed on October 16, 2018.

    After *ex parte*, *in camera* inspection and consideration of the application and the accompanying exhibits, the Court finds, under CIPA § 4 and Rule 16(d)(1), that the government's application contain classified information which requires protection against unauthorized disclosure for national-security reasons. Specifically, the Court finds that disclosure of the classified materials to the defense or to the public reasonably could be expected to cause serious damage to the national security.

The First Amendment right of access to court documents may be curtailed in favor of a compelling government interest if the limitation on access is "narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Ct., 457 U.S. 596, 606-7 (1982); see also Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (common law right of access may be outweighed by an important competing interest).

Here, the Court finds that the government's interest in protecting national security and preventing the unnecessary dissemination of classified information outweighs the defendants' and the public's right of access to these materials. See Haig v. Agee, 453 U.S. 280, 307 (1981) ("[N]o governmental interest is more compelling than the security of the Nation."); Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

WHEREAS the government, in its motion and application, seeks a protective order against disclosure of certain classified information to the defense because that information is not discoverable under applicable law, or is not helpful or material to the defense;

WHEREAS the Court finds that disclosure of the motion or accompanying materials to the defense or the public would defeat the government's purpose in seeking a protective order;

WHEREAS the Court further finds that the government's application is so interrelated with classified information as to make impracticable the filing of meaningful redacted materials that do not divulge classified information, and that no reasonable alternative to closure and

sealing exists that will protect the government's interest in preventing the unauthorized dissemination of this information;

WHEREAS this sealing order is drawn as narrowly as possible under the circumstances;

WHEREAS the government has properly invoked the states secrets privilege with respect to the materials pursuant to United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008) (holding that the privilege must be "lodged by the head of the department which has control over the matter, after actual personal consideration by that officer" (internal quotation marks omitted));

WHEREAS the Court has determined that the classified materials to be withheld are not "helpful or material to the defense," see United States v. Stewart, 590 F.3d 93, 131 (2d Cir. 2009), or that the value of such discovery is outweighed by the potential danger to national security that might ensue after disclosure;

WHEREAS the Court finds that the classified information sought to be excluded from discovery is either not discoverable under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; and

WHEREAS the Court finds that the government's proposed summary substitutions of certain classified materials adequately inform the defense of information that arguably may be helpful or material to the defense, in satisfaction of the government's discovery obligations; it is hereby

ORDERED that the government's application for a protective order to withhold certain classified materials from discovery is granted; and it is

ORDERED that the government's proposed summary substitutions of certain classified documents that were made available to the Court are sufficient to comply with the government's discovery obligations; and it is

ORDERED that the government's request to file its application *ex parte* and under seal is granted because disclosure of the contents of the application to the defendants or the public would compromise the government's compelling interest in protecting national security and would defeat the purpose of the protective order.  See United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010).

**SO ORDERED.**

                                                                                               U.S.D.J.

Dated:  Brooklyn, New York
        November __, 2018