

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:PEN
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 19, 2018

**TO BE FILED UNDER SEAL**

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>United States v. Joaquin Archivaldo Guzman Loera</u>
                 <u>Criminal Docket No. 09-466 (S-4) (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this letter in connection with the trial in the above-referenced matter. The government moves to limit cross-examination regarding a factual issue raised



███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

███████████████████████████████

███████████████████████

The defendant's offer of proof is incorrect. As part of its obligations under 18 U.S.C. § 3500 and Giglio v. United States, 405 U.S. 150 (1972), the government disclosed that cooperating witness J. Zambada made bribe payments to ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The government does not dispute the defendant's right to cross-examine J. Zambada about his prior bad acts involving bribery. Indeed, the defendant may question J. Zambada about the numerous instances in which he paid bribes to Mexican government officials on his own behalf and on behalf of the leaders of the Sinaloa Cartel. ███████████████████████████████████

███████████████████████  Admission of this evidence should be precluded under Federal Rules of Evidence 402 and 403, which allow exclusion of otherwise relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . . , or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  United States v. Figueroa, 548 F.3d 222, 229 (2d Cir. 2008); United States v. Devery, 935 F. Supp. 939, 407-08 (S.D.N.Y. 1996) ("[E]ven if the prior act does concern the witness's character for truthfulness under Rule 608(b), its probative value must not be substantially outweighed by its unfairly prejudicial effect under Rule 403.").

For the foregoing reasons, the Court should preclude argument and cross-examination in regard to the fact that J. Zambada paid a bribe ████████████████████ ████████████████

Thus, sealing is warranted because of the concerns regarding ████████ ██████████████████████████████████████.  Should the Court deny the government's motion, then the government would withdraw its application to seal this letter.  As the facts set forth herein provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d. Cir. 2006), the government respectfully requests that the Court permit the government to file this motion to limit cross-examination under seal.  Should any order of the Court regarding this application describe the sealed information in question with particularity, rather than in general, the government likewise requests that those portions of the order be filed under seal.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

3

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida

cc: Clerk of Court (BMC) (via ECF)
     Defense Counsel (via Email)