

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:BCR/PEN
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 29, 2018

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Joaquin Archivaldo Guzman Loera
Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

The government respectfully requests that the Court admonish defense counsel to adhere to Local Criminal Rule 23.1(h), which prohibits "any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication if there is a substantial likelihood that such dissemination will interfere with a fair trial," when using social media or interacting with the press concerning the prosecution of the above-referenced case.

Since trial commenced, Eduardo Balarezo, Esq., and/or his firm ("Balarezo") has repeatedly used the social media platform Twitter to "tweet" comments about this case. A copy of those tweets, with translation included when necessary, is attached as Exhibit A, and include the following examples:

- On November 13, 2018, in a tweet identified as https://twitter.com/balarezolaw/status/1062353307652550658, Balarezo announced the commencement of trial by stating, "Cry Havoc and let slip the dogs of war."

- On November 22, 2018, in a tweet identified as https://twitter.com/balarezolaw/status/1065611027868463104, Balarezo stated that his "sources" were advising him that Hector Beltran Leyva, who had died of a heart attack on November 19, 2018, "died when he was notified [that he] was going to be extradited to … [New York] to testify against Chapo." (Hector Beltran Leyva has been a topic of testimony since trial began and reportedly

died of a heart attack after being transferred to a Mexican hospital from prison. Notably, he was never considered a witness in this case.)

- On November 22, 2018, in tweets identified as https://twitter.com/balarezolaw/status/1065830690271449088 and https://twitter.com/balarezolaw/status/1065601754203590657, Balarezo appeared to lament the fact that Rey Zambada testified that his brother paid Garcia Luna bribes. Balarezo then implored his followers to remember that Chapo did not make those statements and that "[t]his is how the US government witnesses testified."

- On November 23, 2018, in complaining about having to remove his shoes when walking through security, Balarezo tweeted an image from a Los Angeles Times website depicting an apparent photograph of armed NYPD officers, which was captioned, "El Chapo trial is treated as a nuclear and conventional terrorism trial."

- On November 28, 2018, government witness Miguel Martinez Martinez testified that immediately prior to one of the attempts on his life orchestrated by the defendant, a band appeared outside of the walls of the prison where Martinez was then housed and played one of the defendant's favorite songs, "Un Puno de Tierra," over and over again. Martinez understood the song to be a threat attributable to the defendant, and shortly after the band finished, grenades were thrown into Martinez's prison cell. Hours after the end of the very same court day, Balarezo tweeted a link to a recording of the very same song. See https://twitter.com/balarezolaw/status/1067969930547601408.

Another defense counsel, Ms. Mariel Colon-Miro, Esq., provided an interview on November 26, 2018, to the Spanish language news network Telemundo. On November 26, 2018, the Court first raised the issue involving telephone use by Emma Coronel Aispuro. During the interview, Ms. Colon commented on the defendant's adverse physical and/or mental health and negatively commented on his conditions of confinement. On the issue of confinement, Ms. Colon stated in substance that she visits the defendant three to six hours a day in a freezing cold place. She further commented that, because the defendant cannot have contact visits, she and the defendant put their hands on opposite sides of the glass between them as if to say, "hello." With a forlorn expression, Ms. Colon commented that the defendant misses his family the most. See https://www.youtube.com/watch?v=rlb0rMz8Ris.

Interviews and extrajudicial comments during trial create a substantial risk that they will interfere with a fair trial.[1] Pursuant to local rules and applicable law, they may

---

[1] Prior to trial, defense counsel for the defendant submitted to profiles and interviews, during which they have offered various comments about the instant case regarding potential evidence, the defendant, and trial strategy. See Tim Prudente, "Mi Hermano, El Chapo: How a Lawyer from Baltimore Came to Defend the World's Most Notorious Drug

2

therefore be prohibited.  To be clear, the government is not seeking an order restricting any media from reporting on events that occur in open court during pretrial conferences or at the trial.  Rather, the government respectfully submits that the parties and counsel (and all employees, representatives or agents of such attorneys) abide by the standards of the Local Rule 23.1, which prohibits, inter alia, "any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication if there is a substantial likelihood that such dissemination will interfere with a fair trial . . . ." See Local Criminal Rule 23.1(c).  Subsection (d) of the Rule outlines subject matters that "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of the rule," including "[t]he credibility of prospective witnesses" and "[a]ny opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case." Id. at (d)(4) and (7).  In essence, Local Criminal Rule 23.1 prohibits any lawyer associated with the prosecution or the defense to use publicity as a litigation strategy.

Courts have repeatedly recognized the possibility that extrajudicial statements can have a prejudicial impact on a trial.  In Sheppard v. Maxwell, 384 U.S. 333 (1966), and cited approvingly by the Supreme Court thereafter, the Supreme court explicitly authorized trial courts to "proscribe[] extrajudicial statements by any lawyer, party, witness or court official which divulge[s] prejudicial matters . . . ." Id. at 361; see also Nebraska Press Association v. Stuart, 427 U.S. 539, 553-554 (1976) (quoting and adding emphasis to Sheppard's admonition that "[n]either prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function"); Gentile v. State Bar of Nevada, 501 U.S. 1030, 1072 (1991) (same); Application of Dow Jones & Co., Inc., 842 F.2d 603 (2d Cir. 1988), aff'g sub nom, United States v. Simon, 664 F. Supp. 780 (S.D.N.Y. 1987) (affirming restrictions on extrajudicial statements by the parties and attorneys); United States v. Culter, 58 F.3d 825 (2d Cir. 1995); United States v. Bulger, 2013 WL 3338749 (D. Mass. July 1, 2013); Singer v. United States, 380 U.S. 24 (1965) ("The Government, as a litigant, has a legitimate interest in seeing that cases which it believes a conviction is warranted are tried before a tribunal which the Constitution regards as most likely to produce a fair result.").

Balarezo's comments appear designed to place fear in the jury and both cast aspersions on, and cause fear in, the government's witnesses.  Moreover, Balarezo's comment about Ramon Ayala's song "Un Puno de Tierra" can be interpreted not only as a comment on the evidence presented in trial that day, but as a threat to witness Martinez's safety, as that

---

Lord," Baltimore Sun (Nov. 1, 2018), available at: https://www.baltimoresun.com/news/maryland/crime/bs-md-ci-purpura-chapo-20181022-story.html; Nick Fouriezos, "He's Defending El Chapo, Because Harvey Weinstein Would Be Too Easy," Ozy (Nov. 4, 2018), https://www.ozy.com/provocateurs/hes-defending-el-chapo-because-harvey-weinstein-would-be-too-easy/90335.

song was played outside Martinez's jail cell to portend an attack on his life. Ms. Colon's comments appear designed to elicit sympathy for the defendant by offering her interpersonal opinions about him during the pendency of his trial. All of these comments create a "substantial likelihood that such dissemination will interfere with a fair trial." Moreover, Balarezo's comment that the government's eliciting testimony about paying bribes to Mexican officials was somehow improper appears to presumptively violate Local Rule 23.1 by commenting on the presentation of evidence.

Comments such as these are especially problematic in this case. As the Court has recognized, this case has generated extensive local, national, and international publicity. This pervasive publicity can be expected to continue during the pendency of this matter. The government submits that there is a substantial likelihood that extrajudicial statements by defense counsel to members of the press and media will impair the administration of a fair trial by an impartial jury.

For the reasons set forth above, the Court should grant the government's request.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida

.

cc: Clerk of the Court (BMC) (by ECF)