

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

GMP:ASF
F. #2009R01065

*271 Cadman Plaza East
Brooklyn, New York 11201*

December 7, 2018

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Joaquin Archivaldo Guzman Loera
                Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

      The government hereby renews its Motion in Limine, previously filed with the Court on two occasions, to preclude any questioning or references to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Operation Fast and Furious (the "Operation").

      As the government has set forth in the government's prior two motions in limine, filed on April 9, 2018 (Dkt. 213) and on September 21, 2018 (Dkt. 326), the details about the Operation are in no way relevant to this case. The defendant is charged with possessing and using firearms in furtherance of drug trafficking activities; however, any details of the Operation itself would have no bearing on whether the defendant or his associates possessed or used the firearms in question. On October 25, 2018, the Court denied the government's motion to preclude references to Operation Fast and Furious as "premature without prejudice to renewal at trial should defendant seek to introduce evidence that is ultimately covered by this motion and the Government believes is improper." Order on Second Tranche of Motions in Limine (Dkt 390) at 17.

      Given the amount of negative reporting on the Operation, it was not difficult for the government to predict that the defense would attempt to distract and confuse the jury by referencing the Operation during trial. On Monday, November 26, 2018, during the voir dire of government money laundering expert Donald Semesky, the government's prediction was confirmed when Mr. Balarezo engaged in the following colloquy in an improper attempt to elicit information about the Operation:

> Q  And I understand that you did write an article, you authored an article entitled *What if Fast and Furious was Investigated as a Money Laundering Crime*; is that correct?
>
> A  Yes, I did.
>
> Q  What was that about?
>
> A  What that was about was that it -- what I was pointing out was that if that case was investigated as a money laundering case instead of a gun case it would not have brought the same issues to bear that impeded that investigation, which is the Second Amendment case.
>
> Q  You talk about that case, Fast and Furious, what is that?
>
> MR. FELS: Objection.
>
> THE COURT: Sustained.

Nov. 26, 2018 Tr. at 1231. Absent a Court ruling that questions or evidence about the Operation are completely off-limits in this trial, this attempt to elicit details about the Operation will not be the last.

      The defense strategy is transparent. Given the substantial number of articles that have been written about the Operation, many of which criticize the government's handling of the movement of weapons from the United States into Mexico, the defense is attempting to use the well-known operation to place the government on trial. While the government will seek to introduce at trial seized weapons that had been identified by ATF agents within the scope of the Operation,[1] any details about the Operation itself are completely irrelevant to the issues at trial under Rule 401 of the Federal Rules of Evidence and should be excluded on those grounds alone. To the extent that the details of the Operation are in any way relevant, pursuant to Federal Rule of Evidence 403, any minimal relevance would be greatly outweighed by the substantial risk of misleading the jury and unfair prejudice against the government.

      The government respectfully seeks a ruling at this time precluding any further mention of the Operation, and in so doing, incorporates by reference its previous arguments in

---

[1] Notably, these weapons were intercepted in the United States before they could be smuggled to Mexico.

its Motions in Limine, Dkt. Nos. 213, 326. In light of the extensive reporting on the Operation, repeated references to the Operation in defense cross-examination questions create a substantial risk of tainting the jury, even if government objections to the questions are sustained by the Court and the witnesses are not required to answer the objectionable questions.

For the foregoing reasons, the Court should grant the government's motion to preclude any references to Operation Fast and Furious.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida

cc:  Clerk of Court (BMC) (via ECF)
     Defense Counsel (via Email)