

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

GMP:ASF
F. #2009R01065

December 9, 2018

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: United States v. Joaquin Archivaldo Guzman Loera
           Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

      The government submits this letter responding to defendant's December 7, 2018 motion seeking in camera review of four reports turned over to the defendant in discovery, identified as 3500-72, 3500-86, 3500-88 and 3500-89. All four reports are hereby submitted to the court in unredacted form for in camera review.

      The government has turned over all relevant material in the four reports. It has redacted the reports to prevent the dissemination of material relating to unrelated DEA or FBI investigations, most of which are ongoing. As such, the redacted information is covered by the law enforcement privilege, which "allows the Government to withhold documents . . . so as 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" United States v. Alimehmeti, 284 F. Supp. 3d 477, 493 (S.D.N.Y. 2018), quoting In re Dep't of Investigation of City of New York, 856 F.2d 481, 484 (2d Cir. 1988). The government here bears the burden of showing the application of the privilege and must show that the redacted information falls within the scope of the privilege. See In re the City of New York, 607 F.3d 923, 944 (2d Cir. 2010). "An investigation, however, need not be ongoing for the law enforcement privilege to apply as 'the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed to the public." Id. at 944 (internal citations omitted). In this case, the government redacted information both to safeguard the privacy of individuals involved in an investigation; namely, the individuals mentioned by the government's witness, as well as to prevent interference with an ongoing investigation.

To rebut the "pretty strong presumption against lifting the privilege . . . the party seeking disclosure must show (1) that its suit is non-frivolous and brought in good faith, (2) that the information sought is [not] available through other discovery or from other sources, and (3) that the information sought is important to the party's case." In re the City of New York, 607 F.3d at 945 (internal citations omitted). With regard to the third prong, the Second Circuit has held that the party seeking disclosure must show a compelling need for the information, and even then, disclosure is required only if, in balancing the competing interests, the court finds that "that compelling need outweighs the public interest in nondisclosure." Id. Here, the defendant has no compelling need for the information. None of the redacted information is within the scope of the witness's upcoming direct examination. While the reports themselves do contain information on the witness which arguably falls under Giglio v. United States, 405 U.S. 150 (1972), the information is either duplicative of other material that has already been turned over to the defense or is contained in the unredacted portions of the reports already in the defendant's possession.

The government respectfully seeks confirmation after in camera review that the redacted portions of the reports in question do not need to be disclosed to the defense.

Respectfully submitted,

RICHARD DONOGHUE
United States Attorney
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
United States Attorney
Southern District of Florida