UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| UNITED STATES, | : |
| --- | --- |
| v. | : Criminal No. 09-0466(BMC) |
| JOAQUÍN GUZMÁN LOERA, | : |
| *Defendant.* | : |

## DEFENDANT'S MOTION TO RECONSIDER

Defendant, Joaquín Guzmán Loera ("Guzmán") by and through undersigned counsel, hereby submits his Motion to Reconsider the Court's Order granting the government's motion *in limine* regarding a cooperating witness's ███████████ (Doc. 461). Mr. Guzmán states as follows:

## FACTS

The Court has succinctly summarized the facts:



███████ The Court granted the government's motion and held, ███████
███████████████████████████████████████████████████
███████████████████████████████████████ *Id*. The Court

based it's ruling partly on the observation ███████████████████████████████
████████████████████████████████████████████████████████████████████████████.

Whether ████████████████████████████ is not dispositive of the issue.
The facts put forth by the cooperator – ████████████████████████████████
████████████████████████████ – were denied by the government, █████████████
████████████ clearly suggested that the basis of the cooperator's argument was false. Mr.
Guzmán has a good faith basis for believing that the arguments ██████████████████ were
based on information provided by the cooperator to ████████.

## ARGUMENT

The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" *Davis v. Alaska*, 415 U.S. 308, 315 (1974)(quoting U.S. Const. amend. VI). Confrontation includes the right to cross-examine the witness. *Id.; see also Pennsylvania v. Ritchie*, 480 U.S. 39, 5 (1987). Cross-examination is the principal means "to show that a witness is biased, or that the testimony is exaggerated or unbelievable." *Ritchie*, 480 U.S. at 51-52. A party may conduct a "general attack on the credibility of the witness," or it may mount a "more particular attack on the witness' credibility ... by ... revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Davis*, 415 U.S. at 316. The relevancy of testimony which aids in the jury's determination of a party's credibility and veracity has been repeatedly affirmed. *See Lewis v. Baker*, 526 F.2d 470, 475 (2nd Cir. 1975).

Here, the cooperator put forth the ███████████████████████ based on facts that the government knows to be false. Additionally, the cooperator himself acknowledged in ███████ that the criminal activity for which he was pleading guilty – and for which ████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████ Thus, the cooperator's credibility is squarely at issue because he first claimed that ██████████████ and then acknowledged that the claim was false.

Mr. Guzmán will not argue ██████████████ and is not seeking to cross-examine the cooperator about ███████████████████████. Mr. Guzmán is merely seeking to ask the cooperator if ████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████. The cooperator will either answer in the affirmative, in which case the government can put forth its own witnesses to rebut that testimony. That the government may have to put on another witness to impeach the cooperator is not a reason to deny Mr. Guzmán's ability to fully cross-examine him. If the cooperator answers in the negative, the import of the answer is obvious. Either way, his credibility is at issue and is relevant.

**WHEREFORE**, for the foregoing reasons and any other that may become apparent to the Court, Mr. Guzmán respectfully requests that Court reconsider its granting of the government's motion *in limine*.

**Dated**: Washington, DC
December 9, 2018

Respectfully submitted,

**BALAREZO LAW**

By: /s/
_____
A. Eduardo Balarezo, Esq.
EDNY Bar # AB7088
400 Seventh Street, NW
Suite 306
Washington, DC 20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Defendant Joaquín Guzmán Loera*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of December 2018, I caused a true and correct copy of the foregoing Defendant's Motion to Reconsider to be delivered via Electronic Case Filing to the parties in this case.

/s/
_____
A. Eduardo Balarezo