

U.S. Department of Justice

United States Attorney
*Eastern District of New York*

GMP:ANL/BCR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 13, 2018

By Hand and ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Joaquin Archivaldo Guzman Loera
                 Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

        The government respectfully submits this opposition to the defendant's motion to reconsider the Court's order granting the government's motion in limine to preclude cross-examination of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ See Dkt. No. 496 ("Def. Br."). The defendant's analysis is unavailing, and does not reach the high bar for reconsideration of the Court's previous ruling.

        A.  Background

        The government moved to preclude cross-examination of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in his own case. See Dkt. No. 460 at 10-14. As the government explained in that motion, ▓▓▓▓▓▓▓▓▓▓ had, through counsel, argued that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ See id. at 12. The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ rejected the legal argument, finding that based on the lack of evidence put forth by ▓▓▓▓▓▓▓▓▓▓▓ through his attorneys, there were "no material issues in dispute" as to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See Dkt. No. 484 at 8. With the court having rejected the legal theory that he advanced, ▓▓▓▓▓▓▓▓ pleaded guilty to the charges against him. See United States v. ▓▓▓▓▓▓▓▓▓▓▓▓, Case No. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

        The defendant opposed the government's motion, asserting that because the court rejected ▓▓▓▓▓▓▓▓▓▓▓'s legal argument, ▓▓▓▓▓▓▓▓▓▓▓ must have been "lying" to the court in advancing the defense. See Dkt. No. 477 at 3. As the government pointed out in

its reply, however, ███████████ did not sign any affidavits, give testimony, or otherwise subscribe to factual assertions regarding the legal defense. See Dkt. No. 484 at 7-8. There is therefore no basis to cross-examine him as to the alleged inconsistency. See id. at 8-9.

The Court granted the government's motion. As the Court explained, "the fact that another court rejected this witness's legal argument does not mean it concluded that the witness was lying." Dkt. No. 486 at 7. Because ███████████████████████████ would not therefore be "probative of the witness's credibility or bias," the Court concluded that the defense had not advanced a basis for examining ███████████ about it. See id.

Now, the defendant moves for reconsideration of the Court's order. Apart from a few general citations about the Confrontation Clause and the general admissibility of testimony relating to a witness's credibility, the defendant offers no new legal authority not previously contained in the prior briefing. The defendant does offer for the first time direct quotations from the Proffer of Facts from ███████████'s plea agreement, but the alleged inconsistency between that proffer and ███████████'s unsuccessful legal arguments does not have the import that the defendant alleges.

B. Analysis

First, as an initial matter, the Statement of Facts offered by the defendant in support of the alleged inconsistency between ███████████'s plea and his public authority defense arises from charges brought against ███████████ in ███████████. See Def. Br. Exh. 1 at 1; see also United States v. ███████████████████████████████████████████. But ███████████ did not argue ███████████ in relation to the ██████ Case. His counsel only advanced that defense in relation to the charges brought against him in ███████████████████ (the ██████ Case" or the ██████ Charges"). Although the defendant may argue that the ██████ Case and the ██████ Case involve overlapping conspiracies, the Proffer of Facts in relation to the ██████ Case was not made in connection with the ██████ Case in which ███████████████████████████████████.[1]

Second, even assuming that the Proffer of Facts in the ██████ Case is relevant to the defenses asserted by ███████████ in the ██████ Case, ███████████ signed the ██████ Proffer of Facts after the ███████████████████ rejected his ███████████. By that time, it was wholly accurate for ███████████ to assert that the offenses to which he was pleading guilty were ███████████████████████████████. See Def. Br. Exh. 1 ¶ 8.[2] Even if the legal arguments in the ██████ Case could be considered

---

[1] ███████████ did not argue ███████████████████ in the ██████ Case.

[2] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

statements attributed to ▓▓▓▓ there is no inconsistency.  The legal pleading advancing ▓▓▓▓ amounts to an assertion that the facts proffered in the pleading comprise a legally cognizable defense. ▓▓▓▓ later plea, in turn, is not a statement about the underlying facts themselves, but an acknowledgement that ▓▓▓▓ does not apply in the wake of the ▓▓▓▓ rejection of the legal argument.  Nowhere in the plea does ▓▓▓▓ repudiate any prior statement or change his view of the underlying <u>facts</u>, as opposed to the legal consequences of those facts.[3]

Third, the defendant's argument that entry of a guilty plea after an unsuccessful threshold legal argument means that the legal argument was a "lie" risks chilling zealous advocacy.  Any criminal defendant is entitled to advance legal defenses such as ▓▓▓▓  It would be perverse if a court's rejection of such defenses on purely legal grounds could then be used against the defendant as substantive evidence of untruthfulness – particularly where, as here, the assertion of the legal defense did not rely on any affidavit or testimony by the defendant.

Fourth, the defendant has not addressed what the government pointed out in its reply in support of its previous motion:  that there is no evidentiary basis for admission of the ▓▓▓▓  Rule 613(b) only applies to statements made by the witness (and ▓▓▓▓ did not sign an affidavit or give testimony in relation to ▓▓▓▓, and Rule 801(d)(2)(D) permits introduction of a statement of an agent only against a <u>party</u>.  <u>See</u> Dkt. No. 484 at 8-9.

Finally, the defendant's motion for reconsideration effectively concedes that what the defendant envisions is a mini-trial on this collateral issue.  As the defendant explains, if ▓▓▓▓ testifies that he ▓▓▓▓ "the government can put forth its own witnesses to rebut that testimony."  Def. Br. at 3.  The Court should use its discretion to preclude such cross-examination, which would only waste time, risk unfair prejudice, and confuse the issues where the defendant himself has not ▓▓▓▓.  <u>See</u> Fed. R. Evid. 611.

Ultimately, the defendant's motion does not meet the high bar for reconsideration in this court and this circuit, under which the standard for reconsideration is

---

[3] Because there is no actual inconsistency, the only plausible rationale for the defendant's attempt to introduce ▓▓▓▓ is to imply ▓▓▓▓ to the jury in this case, effectively seeking to put before the jury a purely legal defense which, as the Court has recognized, the defendant did not raise to the Court.  <u>See</u> Dkt. No. 486 at 6 n.2; ▓▓▓▓

3

"strict" and should be granted "only if the moving party can point to controlling decisions or data that the court overlooked" in its original decision. <u>Fan v. United States</u>, 710 Fed. Appx. 23, 24 (2d Cir. 2018) (citing <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (internal citation and quotation marks omitted). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." <u>Id.</u>

For the reasons set forth above and in the government's prior briefing, the Court was correct to preclude ████████████████████████████ ████████████████████████ The defendant's motion should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida

.

cc:   Clerk of the Court (BMC) (by ECF)

4