

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:ASF  
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 13, 2018

**TO BE FILED UNDER SEAL**

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11217

        Re: United States v. Joaquin Archivaldo Guzman Loera
           Criminal Docket No. 09 CR 466 (S-4) (BMC )

Dear Judge Cogan:

      The government submits this reply to the defendant Joaquin Archivaldo Guzman Loera's response to the government's December 9, 2018 motion to preclude cross-examination. The motion should be granted because the allegations giving rise to the two lines of inquiry that the government seeks to preclude are unsubstantiated. As a consequence, the defendant does not have a good-faith basis to pursue cross-examination on these two lines of inquiry.

      Where questions propounded by examining counsel contain an implicit factual premise, a good faith basis is required as to the truth of the factual premise. As the Second Circuit has explained, "'[a]lthough counsel may explore certain areas of inquiry in a criminal trial without full knowledge of the answer to anticipated questions, he must, when confronted with a demand for an offer of proof, provide some good faith basis for questioning that alleges adverse facts.'" United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008) (citing United States v. Katsougrakis, 715 F.2d 769, 779 (2d Cir. 1983)). Other circuit courts of appeals have echoed this same requirement. See United States v. Zaccaria, 240 F.3d 75, 82 (1st Cir. 2001) (holding that an "unsubstantiated claim" in the form of a "secondhand assertion" does not constitute the "proof in the form of concrete facts [that] must underlie any offering that can be accepted by a trial court as evidence"); United States v. Whitmore, 259 F.3d 609, 621-22 (D.C. Cir. 2004) ("[T]he general rule…is that the questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to

which the question relates."); see also Williams v. Mensey, 785 F.2d 631, 638-89 (8th Cir. 1986) ("It is a well-settled rule that counsel may not make assertions of fact in the form of questions to a witness which he knows are not otherwise properly admissible in court."). The Second Circuit has affirmed a district court's preclusion of lines of questioning about allegations against a witness that are found to be "unsubstantiated." United States v. Akefe, 568 F. App'x 1, 4 (2d Cir. 2014).

Granting the government's motion will not adversely affect defendant's ability to cross-examine Flores in a thorough and illuminating manner. Indeed, even assuming arguendo that the allegations had been substantiated, this Court could still preclude cross-examination as cumulative under Fed.R.Evid. 403. With regard to the allegation that Flores and his twin brother withheld money from the government, the government anticipates that Flores will acknowledge that he asked family members to collect millions of dollars of drug debts while he surrendered to government authorities, and that his family members then hid that money in Flores's house. Flores will testify that he did not volunteer the existence of this money to the government, but that, when confronted about it years later, he admitted that he had asked family members to collect the debt and agreed to turn over the remainder of the money, less an agreed-upon amount of several hundreds of thousands of dollars. The defense may properly cross-examine Flores about this attempt to withhold money from the government.

The jury will, from this line of questioning, be able to draw its own conclusions about whether Flores's unauthorized efforts to collect drug debts while cooperating with the government evinced a plan to hide millions of dollars of assets. What the defendant should not be able to do, however, is to cross-examine Flores as to the unsubstantiated allegation by a fellow inmate that Flores and his brother hid $20 million dollars from the authorities. While the government concedes that Flores could be asked whether he hid any additional money from the government, apart from the debts collected by his family members, it would be wholly improper for the defendant to cloak the unsubstantiated allegation in a shroud of legitimacy by asking specifically whether he and his brother hid $20 million dollars from the authorities. Either way, the defendant will have to accept Flores's answer; however, the latter formulation strongly – and misleadingly – suggests to the jury that the allegation about a specific and precise amount of money hidden from the authorities has been substantiated.

The second line of cross-examination that the government seeks to preclude – the allegations that Flores bribed prison officials for protection and to quash an investigation into his money order scheme, and that he introduced contraband into his prison unit – is likewise improper. This set of allegations is not only unsubstantiated; many of the allegations have been proven to be false. First, the counselor who took the allegations from Flores's fellow inmate noted that he did not find them to be credible. Second, a search of the unit did not turn up most of the items alleged by the inmate to have been in the unit. Third, the allegation about terminating the money order scheme investigation is disproven by the fact that Flores did in fact receive disciplinary consequences. Simply put, the defendant has no good faith basis to believe that Flores bribed prison officials or brought in cellphones or other contraband into his prison unit.

Again, however, there is no dearth of information which the defendant can use to cross-examine Flores about his prison conduct. Flores acknowledges, among other things, his role in the money order scheme, a scheme that he perpetrated not once but multiple times; acknowledges that he used a "hacked" phone to call his wife; acknowledges that he paid for a highway billboard outside the prison with a message to his wife; and acknowledges that he impregnated his wife while in custody. Flores also acknowledges that he bribed and attempted to bribe officials in Mexico in an effort either to prevent his capture or, on one occasion, to release him from custody. Thus, not only does the defendant have no good-faith basis to question Flores about his fellow inmate's unsubstantiated and largely discredited allegations, but this second line of cross-examination is also duplicative and cumulative of lines of cross-examination already at defendant's ready disposal.

In summary, the defendant has no good-faith basis to pursue these two lines of cross-examination based on the unsubstantiated allegations, and the government's motion should be granted.

Pursuant to the protective order in this case, the government respectfully requests permission to submit this brief under seal. See Dkt. No. 57 ¶ 8. This brief details information regarding the government's cooperating witnesses. Moreover, the information discussed herein is sensitive information about which the government seeks to preclude questioning.

Thus, sealing is warranted because of the concerns regarding the safety of potential witnesses and their families, and the danger posed by disclosing the potential witnesses' identities and their cooperation with the government. Sealing is further warranted to protect the disclosure of sensitive information regarding the government's witnesses. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect integrity of ongoing investigation, including safety of witnesses and identities of cooperating witnesses, and to prevent interference, flight and other obstruction, may be compelling reason justifying sealing); see Feb. 5, 2018 Mem. & Order Granting Gov't Mot. for Anonymous and Partially Sequestered Jury, Dkt. No. 187 at 2-3 (concluding that defendant's actions could pose risk of harm to cooperating witnesses). As the facts set forth herein provide ample support for the "specific, on the record findings" necessary to support partial sealing, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d. Cir. 2006), the government respectfully requests that the Court permit the government to file this motion under seal and that any resulting order by the Court also be filed under seal.

Respectfully submitted,

RICHARD DONOGHUE
United States Attorney
Eastern District of New York

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
United States Attorney
Southern District of Florida