UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :   **ORDER**
                          - against -                          :
                                                               :   09-cr-0466 (BMC)
JOAQUIN ARCHIVALDO GUZMAN                                       :
LOERA,                                                         :
                                                               :
                          Defendant.                           :
-------------------------------------------------------------- X

**COGAN**, District Judge.

The Government filed a motion *in limine* seeking to preclude the introduction of evidence

or testimony about six different topics.  This order assumes familiarity with the facts and the

parties' positions.   For the reasons below, the motion [460, 461] is granted in its entirety.

### I.    Motion to Preclude Admission of and Cross-Examination About Government Agent's Email

The Government expects to call a Homeland Security Investigations agent to lay the

foundation for admission of BlackBerry Messenger communications obtained through a Title III

wiretap investigation.  The agent will testify about the wiretap investigation mechanics, the

structure of defendant's communication system, and the methods and means of communication

and communication patterns that the agent observed during the investigation.  The Government

seeks to preclude defendant from introducing or cross-examining the agent about an email that

the agent wrote following the close of the wiretap investigation, which contains that agent's

opinion of defendant.

Defendant read this opinion from the email during his opening statement:  "Chapo was

more myth than an actual legend and didn't move any drugs to Chicago, despite these claims that

he supplied eighty percent.  Spent almost a year listening to him and his group and we were

unimpressed."  The Government argues that this statement is hearsay and is, therefore,

inadmissible and improper extrinsic evidence for impeachment.

Defendant previously argued that this statement is not hearsay because it was made by

the agent of a party-opponent.  That is wrong.  Federal Rule of Evidence 801(d)(2)(D) provides

that a statement is not hearsay if it is offered against an opposing party and was made by the

party's agent or employee on a matter within the scope of that relationship and while it existed.

Under the common law – before the promulgation of the Federal Rules of Evidence – statements

by government agents could not be used against the Government in a criminal prosecution.  See

United States v. Santos, 372 F.2d 177, 180-81 (2d Cir. 1967); see also Weinstein's Federal

Evidence § 801.33(3).  The Second Circuit in Santos explained that:

> [A]ll persons, whether law enforcement agents, government investigators,
> complaining prosecuting witnesses, or the like, who testify on behalf of the
> prosecution, and who, because of an employment relation or other personal
> interest in the outcome of the prosecution, may happen to be inseparably
> connected with the government side of the adversary process, stand in relation to
> the United States and in relation to the defendant no differently from persons
> unconnected with the effective development of or furtherance of the success of,
> the prosecution.

Santos, 372 F.2d at 180-81.

The Second Circuit affirmed this principle under Rule 801(d)(2)(D).  See United States v.

Yildiz, 355 F.3d 80, 80 (2d Cir. 2004).  In Yildiz, the Court "affirm[ed] the common law rule

that a government agent's out-of-court statements are not admissible for their truth in a criminal

prosecution as admissions by a party opponent."  Id. (citing Santos, 372 F.2d at 180-81)

Although Yildiz involved Government informants specifically, the Second Circuit noted that

Rule 801(d)(2)(D) makes no distinction "between the civil and criminal context, the government

and other parties, or the government's attorneys and its other law enforcement agents," and that

most courts continue to follow Santos, even following the adoption of the Federal Rules of

Evidence.  Id. at 81.  The Court also noted that the Advisory Committee Notes to Rule

801(d)(2)(D) "disclose a purpose to adhere to the common law in the application of evidentiary

principles, absent express provisions to the contrary."  Id. at 82.  Yildiz therefore applies to

Government investigatory agents as well as Government informants.[1]

      In his opposition to the Government's motion, defendant argues that the agent's email

nevertheless falls within the exception to the rule against hearsay under FRE 803(3) as the

agent's present sense impression.  As relevant here, a present sense impression is "[a] statement

of the declarant's then-existing state of mind (such as motive, intent, or plan)."  Fed. R. Evid.

803.  Defendant states that he "is not seeking to elicit this information on cross-examination for

the truth of the agent's statement, but rather to show the actor's state of mind at the conclusion of

his investigation."

      This opinion is only relevant for its truth – otherwise, the agent's state of mind at the end

of the investigation is utterly extraneous to defendant's case.  But FRE 803(3) explicitly excludes

"a statement of memory or belief to prove the fact remembered or believed unless it relates to the

validity or terms of the declarant's will."  Offering the agent's opinion to show that, after the

Homeland Security investigation concluded, the agent in fact had a certain opinion is nothing

more than offering a statement of belief to prove the fact believed, which is not permitted under

the Federal Rules.  Defendant may not admit the email into evidence or cross-examine the agent

about it as substantive evidence, because it is inadmissible hearsay not subject to any exception.

---

[1] Although Government attorneys' in-court statements (for example, their opening statements) may later be admitted against the Government in its capacity as a litigant, see United States v. Salerno, 937 F.2d 797, 811 (2d Cir. 1991), rev'd on other grounds, 505 U.S. 317 (1992), this exception does not apply here.  Moreover, the Second Circuit in Yildiz implied that the types of statements which can be admitted against the Government under the Salerno exception might properly be construed as adoptive admissions rather than vicarious admissions.  As the Court explained, "[t]here is good reason . . . to distinguish sworn statements submitted to a judicial officer, which the government might be said to have adopted, and those that are not submitted to a court and, consequently, not adopted, for example, statements contained in an arrest warrant and an informant's remarks."  Yildiz, 355 F.3d at 82.  The Government obviously did not adopt the agent's statement here.

The Government and defendant also disagree whether this email or cross-examination about it are admissible for purposes of impeachment.  Both sides miss the point.  There is no circumstance under which defendant (or, for that matter, the Government) could properly elicit an opinion that is either consistent or inconsistent with the statements contained in the email or introduce the email itself into evidence to impeach the witness on a prior inconsistent statement.

Lay opinion evidence is admissible if it meets the three-prong test established by FRE 701:  it must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Under FRE 701, law enforcement witnesses may not "express opinions as to defendants' culpability based on the totality of information gathered in the course of their investigations." United States v. Garcia, 413 F.3d 201, 211 (2d Cir. 2005) (citing United States v. Grinage, 390 F.3d at 749-51; United States v. Dukagjini, 326 F.3d 45, 54 (2d Cir. 2003)).  Eliciting such an opinion violates the first prong of the FRE 701 test, because the opinion is based on the totality of the investigation rather than the agent's personal perception.  It would also permit the agent to usurp the role of the jury by offering his opinion as to defendant's culpability for the charged crimes, instead of letting the jury form its own conclusion based on the facts that the agent will testify about.

Defendant contends that, because this opinion was formed in the agent's professional capacity, rather than his personal capacity, it somehow transforms this email (or any related cross-examination or impeachment) into relevant and admissible evidence.  But a Government agent may not testify to an opinion "if the agent's reasoning process depended, in whole or in part, on his specialized training and experience." Garcia, 413 F.3d at 216.  This would violate

4

the third prong of the FRE 701 test, because the agent's opinion would be based on specialized training and, therefore, must meet the disclosure and reliability requirements of FRE 702.

The point is, whether construed as substantive proof or impeachment material, or whether construed as a personal or professional opinion, no one may elicit a government agent's opinion about defendant's culpability. That goes for this email, opinion testimony by this specific agent (either consistent or inconsistent with the opinion contained in the email), or any other law enforcement agent's opinion.

Finally, even if the email were admissible, the Court would exclude it under FRE 403. Allowing use of the email would create a side show in which the agent might try to justify why he had the opinion that he had at the time, whether he changed his mind, and whether his view was a majority view among involved agents. That inquiry would be a distraction in a case that is already protracted and complex.

## II.    Motion to Preclude Admission of "Self-Serving" Portions of Defendant's 1998 Statements to United States Law Enforcement Agents

The Government previously moved to admit certain portions of defendant's statements that he made to law enforcement agents while he was incarcerated in 1998. The Government now moves to preclude defendant from introducing any other portion of those statements, because they are hearsay and because the rule of completeness does not require their admission.

Defendant claims that he should be permitted to cross-examine the interviewing agent on the remainder of defendant's statements because they are defendant's present sense impressions under FRE 803(3). For the same reason this argument failed with respect to the Homeland Security Investigations agent's email in the Government's previous motion *in limine*, it also fails here. These statements are only relevant if they are admitted for their truth – defendant's state of mind at the time he was interviewed has no bearing on any fact at issue in the case. For example,

defendant suggests that these statements display ███████████████████████

████████. That is not relevant to his guilt or innocence of the crimes charged in the

indictment.  Defendant cannot overcome the hurdle that under FRE 803(3), statements of belief

or opinion cannot be introduced to prove the fact so believed or opined.

Defendant suggests that the Government is seeking to preclude him from introducing the

portion of his 1998 statements that the Government does not want the jury to hear.  That might

be true (indeed, that could be said for all the motions *in limine* filed to date), but it is not a reason

to admit them under the Federal Rules and defendant has not advanced any other one.

**III.    Motion to Preclude Cross-Examination About Cooperating Witness's ██████ ████████████████ in His Own Case**

The Government seeks to preclude defendant from cross-examining one of its

cooperating witnesses about the ███████████████ that the cooperating witness

unsuccessfully raised as a defense during his own prosecution in a different district court.  The

cooperating witness's argument was based on ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████. The district court rejected this

and the related arguments.  The Government moves to preclude on the grounds that the witness's

failed defense is not probative of the witness's character for truthfulness or bias against

defendant and that it would confuse the jury and encourage them to speculate about whether

defendant here is entitled to a ████████████████.[2]

The fact that this cooperating witness previously asserted a ████████████████ is not

relevant: it is not probative of the witness's character for truthfulness and does not go to bias.

---

[2] In the instant case, defendant did not ████████████████████████████████████
████████.

6

Contrary to defendant's view, the fact that another court rejected this witness's legal argument does not mean it concluded that the witness was lying.  As the Government points out, the witness did not author or sign any affidavit – only the witness's lawyer submitted an affidavit, which was in part why the court rejected the witness's argument.  Defendant does not cite to any opinion or portion of the transcript where the district court reached a conclusion about the witness's credibility or truthfulness, let alone a conclusion that the witness was lying.  Defendant does not have an "absolute right" to inquire into matters that are not probative of the witness's credibility or bias or that are irrelevant to defendant's guilt or innocence.

**IV.      Motion to Preclude Evidence of Cooperation of Non-Testifying Co-conspirator**

The Government seeks to preclude defendant from introducing evidence that a non-testifying co-conspirator of defendant cooperated with the U.S. Government from ███████████.  During that time, the non-testifying co-conspirator would ███████████████████████ ████████████████████████████████████████████ ██████████████████████████████.

The Government does not plan to call the non-testifying co-conspirator to testify or elicit testimony about cooperating with the Government.  But the Government plans to elicit testimony from another witness about the non-testifying co-conspirator's role in bribing police on behalf of defendant and the Sinaloa Cartel from ███████████.

The non-testifying co-conspirator's cooperation is not relevant to the credibility of the testifying witness or to defendant's guilt.  Further, introduction of this evidence is likely to waste time and confuse the jury by implying that the Government assented to the non-testifying co-conspirator's bribery, although the bribery occurred before the non-testifying co-conspirator cooperated with the Government.

Defendant argues that cooperators' testimony is inherently biased.  Even if defendant is correct, this inherent bias is not relevant here, where the non-testifying co-conspirator is not testifying.  Instead, another witness will testify about the non-testifying co-conspirator's role in bribing police 12 years before the non-testifying co-conspirator began cooperating with the Government.  No bias that the non-testifying co-conspirator may have developed as a cooperator would impact another the ability of another witness to testify about the non-testifying co-conspirator's conduct 12 years earlier.

Defendant also notes that the Government is required to disclose information regarding non-testifying witnesses as well as testifying witnesses and argues that these disclosures would be pointless if he is not permitted to use the information about this non-testifying co-conspirator.  But even assuming that the Government was obligated to disclose information about this particular non-testifying co-conspirator, this information is not automatically admissible.  In fact, it seems self-evident that defendant does not have a right to admit into evidence all material that the Government has disclosed.  The fact that evidence is discoverable does not mean that it is automatically admissible under the Federal Rules of Evidence.[3]

**V.  Motion to Preclude Cross-examination About Racially-Tinged Conversation Between Cooperating Witness and His Family Member**

This motion *in limine* is GRANTED as unopposed.

---

[3] Of course, defendant is not precluded from impeaching the non-testifying co-conspirator on grounds unrelated to the non-testifying co-conspirator's cooperation with the Government, provided the other grounds are admissible.

**VI.**     **Motion to Preclude Cross-examination About Information the Government Provided to Cooperating Witness After Opening Statement**

This motion *in limine* is GRANTED as unopposed.

**SO ORDERED.**

_____
                                                            U.S.D.J.

Dated:  Brooklyn, New York
            December 4, 2018