UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES,

v.

JOAQUÍN GUZMÁN LOERA,

    *Defendant.*

Criminal No. 09-0466(BMC)

UNDER SEAL

### DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER

Defendant, Joaquín Guzmán Loera ("Guzmán") by and through undersigned counsel, hereby submits his Reply to the government's Opposition to Defendant's Motion to Reconsider the Court's Order granting the government's motion *in limine* regarding a cooperating witness's ▇▇▇▇▇▇▇▇ (Doc. 461). Mr. Guzmán states as follows:

The government's initial Motion *in Limine* argued:

> In this case, to permit cross-examination as to ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ would provide the jury with no additional facts or evidence from which it could draw any conclusion as to the defendant's guilt or innocence, nor would it be probative of ▇▇▇▇▇▇▇▇ credibility. . . . Such cross-examination would, however, have an unfairly prejudicial and confusing effect, as it would suggest to the jury that the United States government ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇, from which the jury might improperly and incorrectly infer that the government ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇.

Gov. Mot. at 14 (Doc. 460). The Court granted the motion, holding that:



[REDACTED]. Order at 6-7(Doc. 486).

The government's argument relies factually upon the assertion that [REDACTED] did "not sign any affidavits, give testimony or otherwise subscribe to factual assertions regarding the legal defense. ... There is no legal basis to cross-examine him as to the alleged inconsistency." Gov. Resp. at 2 and 3 (Doc. 505). The government also advances the argument that "[i]t would be perverse if a court's rejection of such defenses on purely legal grounds could then be used against the defendant as substantive evidence of untruthfulness – particularly where, as here, the assertion of the legal defense did not rely on any affidavit or testimony by the defendant." Id. at 3. Basically, the government argues that [REDACTED] attorneys filed a motion [REDACTED] asserting that the United States government [REDACTED]. But, because [REDACTED] did not submit an affidavit to support the motion, Mr. Guzmán cannot cross examine [REDACTED] about the facts behind the asserted defense.

The government's position ignores the reality that [REDACTED], filed by his attorneys, had a factual basis underpinning them. Although [REDACTED] himself did not submit an affidavit, it strains credulity to think that the attorneys fabricated [REDACTED] or asserted it without obtaining the underlying facts from [REDACTED]. In fact, the subject was discussed by [REDACTED] during several proffer sessions with the government and what he told the government squares with what his lawyers

argued in ▮▮▮. That ▮▮▮ ▮▮▮ is irrelevant. What is relevant is that the facts put forth by ▮▮▮ ▮▮▮ – ▮▮▮ – have been denied by the government, whose opposition to ▮▮▮ ▮▮▮ clearly states that the factual basis of ▮▮▮ legal argument was false. "The government denies that defendant was ▮▮▮…" Doc. ▮▮▮; and:

> As the materials produced to defendant make clear, *at no time did* ▮▮▮ *the U.S. government bestow upon defendant* ▮▮▮. However, in an abundance of caution, the undersigned Assistant U.S. Attorneys have collectively interviewed all U.S. law enforcement personnel known to have had contact with defendant, as well as their immediate supervisors. *Without exception, each of these agents informed the undersigned that no* ▮▮▮

▮ (emphasis added). Additionally, the government argued:

> Defendant further alleges that American officials "specifically" told defendant "that he would ▮▮▮ … *No evidence exists to support defendant's claim. The government's exhaustive discovery review has revealed no such agreements.* Furthermore, as demonstrated by the affidavits of DEA Special Agent ▮▮▮ – ▮▮▮ – the attorney who was handling an indictment of the defendant from the United States District Court for the ▮▮▮ – ▮▮▮; *no promises* were *authorized to be made or made* ▮▮▮.

▮▮▮ (emphasis added).

3

Here, ▮▮▮ put forth the ▮▮▮ based on facts that the government knows to be false and has argued are false. Mr. Guzmán will not argue ▮▮▮ to the jury and is not seeking to cross-examine ▮▮▮ about the ▮▮▮ in his motion. In keeping with a theory of the defense, Mr. Guzmán is seeking to ask ▮▮▮ about the factual underpinning of the argument – his claim that he had ▮▮▮ ▮▮▮ will either admit or deny it. If he admits it, the government's position is that it is not true and the government can handle that situation as it sees fit. If ▮▮▮ denies it, then he can be impeached accordingly. Either way, his credibility is at issue and is relevant.

**WHEREFORE**, for the foregoing reasons and any other that may become apparent to the Court, Mr. Guzmán respectfully requests that Court reconsider its granting of the government's motion *in limine*.

Dated: Washington, DC
December 14, 2018

Respectfully submitted,

**BALAREZO LAW**

By: /s/
_____
A. Eduardo Balarezo, Esq.
EDNY Bar # AB7088
400 Seventh Street, NW
Suite 306
Washington, DC  20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Defendant Joaquín Guzmán Loera*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of December 2018, I caused a true and correct copy of the foregoing Defendant's Reply to Government's Opposition to Defendant's Motion to Reconsider to be delivered via Electronic Case Filing to the parties in this case.

/s/
_____
A. Eduardo Balarezo

5