UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                 - against -                               :   **ORDER**
                                                           :
JOAQUIN ARCHIVALDO GUZMAN                                  :   09-cr-0466 (BMC)
LOERA,                                                     :
                                                           :
                 Defendant.                                :
---------------------------------------------------------- X

**COGAN**, District Judge.

The Government has filed a motion asking the Court to prohibit defense counsel Mariel Colon Miro, Esq. from possessing cellphones in the courthouse for the remainder of trial.[1] The Government contends that Ms. Colon: (1) violated the Special Administrative Measures ("SAMs") imposed in this case; (2) violated Local Civil Rule 1.8(a), which prohibits the unauthorized use of cellphones in the courthouse; and (3) displayed a lack of candor to the Court when addressing these issues. All defense counsel have responded by affidavit to the Government's motion. For the reasons discussed below, the Government's motion is granted in part.

## BACKGROUND

Following court proceedings on November 20, 2018, a court security officer ("CSO") observed defendant's wife, Emma Coronel Aispuro, using a cellphone in the courthouse. The CSO approached Ms. Coronel and instructed her that she was not permitted to have a cellphone

---

[1] It its opening motion, the Government moved the Court to impose a variety of sanctions on Ms. Colon. In its reply brief, the Government has modified its request to only prohibit Ms. Colon from possessing cellphones in the courthouse for the remainder of trial. This purported modification is, however, contingent upon Ms. Colon's acknowledgement of the Government's impending request to modify the SAMs "to prohibit Ms. Colon from meeting or communicating with the defendant outside the presence or hearing of designated defense counsel."

in the courthouse. Ms. Coronel responded that her attorney gave the cellphone to her. The CSO then informed two members of the defense team, A. Eduardo Balarezo, Esq. and William Purpura, Esq., that the CSO had observed Ms. Coronel in possession of a cellphone. Mr. Balarezo "spoke to the relevant parties and reminded them that such conduct is not allowed."

The United States Marshals Service ("USMS") informed the Court of this incident and also informed the Court that Ms. Colon had been observed bringing into the courtroom four cellphones, which she was using actively during trial proceedings. The Court relayed this information to the parties during a sidebar on the morning of November 26, 2018, following the Thanksgiving break.

That afternoon, defense counsel asked the Court for a second sidebar so that Ms. Colon could address the Court directly. Ms. Colon said that another member of the defense team, Michael Lambert, Esq. – at whose law firm Ms. Colon is associated – gave Ms. Coronel his cellphone to use Google Translate. Ms. Colon stated that this happened in the cafeteria, and that she was present for it. The Court subsequently asked Ms. Colon: "You did not give a phone to Ms. [Coronel]?" to which she replied, "No, I did not." Ms. Colon also repeated: "I just wanted to make it clear that it was not my cell phone."

The Government reviewed courthouse security footage and found another instance of Ms. Coronel's unauthorized use of a cellphone inside the courthouse – this time on November 19, 2018.[2] The security footage shows that, at the same time Ms. Colon was alone with defendant in the attorney conference room, Ms. Coronel was alone on the third floor of the courthouse using a cellphone. The security footage also shows that Ms. Colon and Ms. Coronel left the courthouse

---

[2] There was no security footage corroborating the instance of Ms. Coronel's unauthorized use of a cellphone on November 20, 2018, which is the incident that the CSO observed and the USMS reported to the Court.

together soon after, but that neither of them retrieved a cellphone from the check-in point in the lobby.

Further, on November 26, 2018, when Ms. Colon was informed that because of a temporary change in policy attorneys could not bring electronic devices into the attorney conference room, Ms. Colon left instead of going into the attorney conference room without her cellphone to meet with defendant. In light of this conduct, the Government proceeded to file the instant motion.

As noted above, defense counsel filed affidavits in response to the Government's motion. Indeed, Ms. Colon submitted two – one in response to the Government's opening motion and a second in response to the Government's reply. In their affidavits, each member of the defense team stated that they have never violated the SAMs, nor are they aware of any other member of the defense team having violated the SAMs.

Mr. Lambert confirmed in his affidavit that he shared his cellphone with Ms. Coronel to use Google Translate. Ms. Colon similarly acknowledged in her affidavit that she was present for and observed Mr. Lambert's conduct, although she did not know in advance that he would share his cellphone with Ms. Coronel. Ms. Colon also explained that when she told the Court during the second sidebar that she did not give a cellphone to Ms. Coronel, she thought the Court was "asking whether or not [she] provided a phone to Ms. Coronel in the courtroom, which [she] had] never done." In her second affidavit, Ms. Colon stated again that she has never violated the SAMs and clarified certain discrepancies and omissions that the Government noted in its reply, but she did not expound upon whether she has ever given Ms. Coronel a cellphone.

After receiving and reviewing defense counsels' affidavits, the Court convened a third sidebar at which it asked Ms. Colon whether she ever gave Ms. Coronel a cellphone outside of

3

the courtroom. Ms. Colon indicated that she would like to think about her response and asked to reply in writing.[3] The Court granted her request. That sidebar was held on December 12, 2018, and Ms. Colon has failed to file a supplemental affidavit since that date.

### A. *SAMs*

The SAMs prohibit defendant from having telephone contact with Ms. Coronel. They also prohibit defendant's attorneys from passing messages from third parties to defendant or from defendant to third parties.

The Government argues that the security footage, considered alongside the CSO's and USMS's observations, is "persuasive circumstantial evidence demonstrating a substantial likelihood" that Ms. Colon deliberately violated these provisions of the SAMs by facilitating contact between defendant and Ms. Coronel. Specifically, the Government claims that Ms. Colon gave Ms. Coronel one of her cellphones on the third floor of the courthouse, then went to the attorney conference room with another one of her cellphones and allowed Ms. Coronel to send messages to defendant while Ms. Colon was in the attorney conference room with him.

The Court disagrees with the Government's conclusion. The security footage is more consistent with a coincidence than with a scheme by defense counsel to violate the SAMs. This is especially true given the averments that defense counsel do not have cellphone service or wireless internet capabilities in the attorney conference room. Although Ms. Colon uses AT&T service, which has not been tested for signal strength like Verizon or Sprint, Ms. Colon stated in her second affidavit that she does not have cellphone service or wireless capabilities in the attorney conference room, and there is no reason to think that she is lying. Moreover, Ms. Colon

---

[3] This description reflects the Court's understanding of Ms. Colon's representations during the sidebar proceedings. The unofficial transcript inaccurately conveys that Ms. Colon invoked her Fifth Amendment right in response to the Court's question.

has a reasonable explanation for her decision to leave after she was told she could not bring her electronics into the attorney conference room: her only other option was to leave her personal belongings, including her cellphone and confidential information about the case, unattended outside the conference room. She understandably chose not to do that.

Thus, the Court declines to find that Ms. Colon violated the SAMs. The Court will not accuse a member of the defense team of deliberately violating the SAMs – thereby jeopardizing their participation in this case, which they are working diligently to defend – without more definitive proof.

As noted above, the Government intends to seek authorization to modify the SAMs to prohibit Ms. Colon from meeting with defendant alone, outside of the presence of designated defense counsel. The Court will not grant such a request based on this record. As Ms. Colon explains in her affidavits, to do so would effectively eliminate her role on the defense team. Ms. Colon is one of the only members of the defense team who can translate between English and Spanish for defendant. She meets with defendant to review the § 3500 materials with him, as well as evidence, transcripts, and notes, while other defense counsel focus on trial preparation. If another defense team member must be present with Ms. Colon while she does this work, it would divert their attention away from the ongoing trial, which could result in unnecessary prejudice to defendant's case.

### B. *Local Civil Rule 1.8(a)*

Under Local Civil Rule 1.8(a), "no one . . . shall [] bring any . . . cellular telephone . . . into any courthouse." Although attorneys are exempt from this rule, see In re: Electronic Devices, Administrative Order 2007-10, https://img.nyed.uscourts.gov/files/general-

ordes/adminorder07-10.pdf, Ms. Coronel is not an attorney, so she cannot have or use a cellphone in the courthouse.

Mr. Lambert shared his cellphone with Ms. Coronel to use Google Translate. Mr. Lambert is an experienced attorney: he is no doubt aware that Ms. Coronel is not permitted to have or use a cellphone in the courthouse at any time or for any reason at all. His conduct constitutes a clear violation of Local Civil Rule 1.8(a).

Ms. Colon avers that she has never shared a cellphone with Ms. Coronel inside the courtroom. Despite submitting two lengthy affidavits and making numerous oral representations to the Court, however, Ms. Colon has remained silent as to whether she gave Ms. Coronel a cellphone outside the courtroom.

Indeed, Ms. Colon has twice failed to clarify the record on this point. In its reply to her first affidavit, the Government noted that, although Ms. Colon represented that she has never given Ms. Coronel a cellphone inside the courtroom, she said nothing about giving Ms. Coronel a cellphone outside the courtroom. The Government separately pointed out that Ms. Colon failed to state which cellphone service provider she uses, given that Sprint phones but not Verizon phones have cellphone reception in the attorney conference room. Ms. Colon filed a second affidavit in response to the Government's reply, but she only clarified that she uses AT&T service. Ms. Colon did not acknowledge her omission of critical facts surrounding Ms. Coronel's unauthorized use of a cellphone in the courthouse.

Following this second, similarly lacking, affidavit, the Court gave Ms. Colon another chance to explain. But Ms. Colon chose not to respond – either orally or in writing, as she represented that she would – when the Court asked whether she has ever given a cellphone to Ms. Coronel outside the courtroom. Ms. Colon's incomplete representations to the Court are

therefore misleading, and the Court must treat her omission as an admission that she has given Ms. Coronel a cellphone in the courthouse in violation of Local Civil Rule 1.8(a).

The Court takes very seriously the local rules governing this courthouse, as well as the increased security concerns that this case presents. The Court expects each lawyer to take them seriously as well. Mr. Lambert's and Ms. Colon's conduct demonstrates not only a flagrant disregard of the Court's rules, but also a grave misunderstanding of the need for order and the importance of the security measures imposed in this case.

In light of this conduct, and consistent with the Court's authority to impose sanctions and curtail attorneys' privileges "as circumstances may warrant" under Administrative Order 2007-10, neither Mr. Lambert nor Ms. Colon will be permitted to bring a cellphone into this courthouse for one year following the date of this order. This includes any other device, such as an iPad or an Apple watch, which is outfitted with cellular telephone capabilities.

### C. Candor to the Court

As an initial matter, and as is discussed above, Ms. Colon gave the Court incomplete and misleading affidavits, which she failed to supplement after informing the Court that she would. She also made several similarly incomplete and misleading representations on the record.

Moreover, neither Mr. Lambert's nor Ms. Colon's representations and affidavits clarify the circumstances of Ms. Coronel's multiple instances of using an unauthorized cellphone in the courthouse. For example, Ms. Colon and Mr. Lambert both refer to a situation when Mr. Lambert gave Ms. Coronel his cellphone to use Google Translate. But Ms. Colon's multiple representations indicate that this instance happened both in the courtroom and the cafeteria, and Mr. Lambert's affidavit lacks any detail that would assist the Court in gaining a firmer basis of the relevant facts.

7

Indeed, none of the instances caught on the security footage and observed by the CSO can be the one to which Mr. Lambert and Ms. Colon aver, in which Mr. Lambert gave Ms. Coronel his cellphone to use Google Translate. Mr. Lambert's affidavit and Ms. Colon's representations indicate that they were both present and nearby when Ms. Coronel used Mr. Lambert's cellphone. But the security footage shows Ms. Coronel using the cellphone by herself, with neither Mr. Lambert nor Ms. Colon anywhere in sight. The CSO also observed that Ms. Coronel was alone when she was using a cellphone the following day.

Defense counsel may not have any knowledge of how Ms. Coronel obtained a cellphone or why she was using it on November 19th and 20th, 2018. But if that were true, the Court does not understand why defense counsel did not just say so, and their omissions reflect poorly on them. Their failure to appreciate the seriousness of this issue is naïve at best.

The Court does not appreciate Mr. Lambert's and Ms. Coronel's lack of candor. They are strongly cautioned that, in the future, they must be helpful, forthcoming, and candid in the representations they make to the Court. Mr. Lambert should already know – and Ms. Colon should hopefully now understand – the importance of complete candor to this and any other court in the practice of law.

## CONCLUSION

The Government's motion [467, 468] for sanctions is granted in part as set forth above.

**SO ORDERED.**

                                                          _____
                                                                         U.S.D.J.

Dated: Brooklyn, New York
        December 20, 2018