UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
            - against -                          :    **ORDER**
                                                               :
JOAQUIN ARCHIVALDO GUZMAN                                      :    09-cr-0466 (BMC)
LOERA,                                                         :
                                                               :
                Defendant.           :
-------------------------------------------------------------- X

**COGAN**, District Judge.

This order addresses three motions:  the Government's renewed motion *in limine* [491] to preclude defendant from asking questions about or making reference to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") "Fast and Furious" Operation; the Government's motion *in limine* [494] to preclude cross-examination of two lines of questioning for one of its cooperating witnesses; and defendant's motion [496, 497] for reconsideration of the Court's December 5, 2018 order granting the Government's motion *in limine* to preclude cross-examination of another of its cooperating witnesses about his public authority defense.  The Court assumes familiarity with the facts.

    **I.**    **Renewed Motion to Preclude ATF Fast and Furious Operation**

This is the Government's third time moving *in limine* to preclude defendant from mentioning the ATF's Fast and Furious Operation.  According to the Government, public reporting on the operation has revealed that a weapon connected to the operation was seized from a residence at which defendant was hiding before he was captured.  But the Government maintains that the operation is irrelevant to defendant's case.

In response to the Government's earlier motions on this issue, defendant argued that without any information about how, when, and where he allegedly possessed this weapon, he

cannot assess the relevance or strength of the probative value of the operation in which it was reportedly seized. The Court previously agreed with defendant and denied the Government's earlier motions as premature.

In this iteration of the motion, however, the Government acknowledges that it will seek to introduce "seized weapons that had been identified by ATF agents within the scope of the [o]peration." Defendant did not file an opposition.

The Government argues that defense counsel have already attempted to cross-examine a law enforcement witness about the operation, and that a corrective instruction cannot unring the bell: once defense counsel put the phrase "Fast and Furious" before the jury, the prejudice will manifest. With the benefit of the additional context provided in this motion, the Court agrees with the Government.

The fact that the Government will seek to introduce a weapon that was seized in an unrelated government operation does not make the fact of that operation relevant too. The operative question here is whether defendant used or possessed firearms in furtherance of the drug trafficking crimes with which he is charged. If he had or used the weapons, it does not matter how he got them. Nor can defendant properly argue that this operation somehow allowed him to have the firearms that the Government seeks to admit, because defendant did not provide any notice of a public authority defense.

Instead, referencing the Fast and Furious Operation would risk confusing the issues and misleading the jury. As the Government points out, if the jury learned that the weapon was seized through this operation, the jury might think that the operation was a part of the Government's investigation and prosecution of defendant for purposes of this trial. This

inference would also introduce a risk that the jury would consider any preconceived notions they might have about the operation in weighing this evidence.

The risk of confusing the issues, misleading the jury, and prejudice to the Government substantially outweigh the probative value – if any exists – of the Fast and Furious operation. The Government's motion is GRANTED.

## II.    Motion to Preclude Cross-Examination of Cooperating Witness About Two Lines of Inquiry

As noted above, the Government seeks to preclude defendant from asking one of its cooperating witnesses about two different lines of inquiry.

First, the Government disclosed that "[s]everal years ago" it received an allegation that this cooperating witness and his brother withheld from the U.S. Government $20 million in drug proceeds and that the brothers' lawyer was paying the money to their other family members. The Drug Enforcement Administration ("DEA") investigated this allegation but could not substantiate it.  But the inmate who made the allegation correctly identified the brothers' location, provided accurate information about their family, and claimed that the brothers carried AK-47s in Mexico for protection (which the cooperating witness has admitted).

Second, the Government disclosed that it recently received a number of allegations about this cooperating witness from another inmate, including allegations that the cooperating witness bribed a prison unit manager and another prison officer to protect him; that the cooperating witness was responsible for contraband in the prison (such as illegal pills, cellphones, and pornographic DVDs); and that the allegedly corrupt prison unit manager was going to investigate a commissary scheme in which the coopering witness's family sent him money through other inmates' commissary accounts, but the cooperating witness's wife called the prison unit manager to quash the investigation.  The bribery allegations are currently being investigated by the

3

Bureau of Prisons ("BOP"), because they involve the potential corruption of prison staff.  The prison investigated the contraband allegation, which did not recover anything, although pornographic DVDs were previously confiscated from the prison unit.  And the cooperating witness admitted to the commissary account scheme when he was confronted about it by both prison officials and the DEA.

Each of these allegations go directly to this cooperating witness's character for truthfulness.  The fact that some of them have not been substantiated does not mean they cannot be employed to impeach the cooperating witness.  As the Government acknowledges, defendant only needs a good faith basis to inquire into them.  See United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008) (quoting United States v. Katsougrakis, 715 F.2d 769, 779 (2d Cir. 1983)).  A good faith basis exists here as there has been no definitive determination that the allegations are without merit.

As to the $20 million, the Government argues that because the DEA could not substantiate this allegation, it does not constitute an assertion of fact that defendant can put before the jury.  But the Government admits that this cooperating witness has previously attempted to withhold a significant amount of money from the Government.  When he surrendered to law enforcement, his family members collected millions of dollars of drug debts on his behalf, which he did not inform the Government about until years later.  The fact that this cooperating witness previously tried to withhold millions of dollars supports defendant's good faith basis to inquire into the $20 million allegation here.  This is especially the case considering that the individual who made this allegation also provided other information about the cooperating witness that was substantiated, and that the Government admits was accurate – including information about where the cooperating witness and his brother were

housed, their family, and the weapons they carried in Mexico. Thus, the allegations have some indicia of reliability, which is enough for a good faith basis to inquire. And indeed, the cooperating witness is free to deny the allegation on the stand.

The Government also argues that the allegation about withholding $20 million from the Government should be precluded under FRE 403 because it is cumulative of the substantiated evidence that this witness attempted to withhold millions of dollars in drug debts that his family members collected. But the Government admits that defendant could elicit the fact that the cooperating witness withheld millions of dollars, and then ask the cooperating witness whether he has ever withheld additional money from the Government. The Government simply does not want the jury to hear the $20 million figure.

But if the witness has on two occasions withheld multiple millions of dollars from the Government while he was cooperating, that is perfectly legitimate impeachment material. Any risk of prejudice to the Government or needless presentation of cumulative evidence does not substantially outweigh that probative value.

The Government can draw the teeth on direct examination or rehabilitate its cooperating witness to the extent it needs to on re-direct, including by eliciting the fact that the DEA was never able to substantiate this claim (assuming, of course, that either defendant or the Government has shown that this cooperating witness has personal knowledge of the allegation itself or the DEA investigation into it). The jury may properly draw whichever inference it finds more credible.

The same is true with respect to the allegations about this cooperating witness's corruption and contraband within the prison. The Government argues that not only are these allegations unsubstantiated, many have been proven false. But that is not necessarily true. First,

just because the inmate's counselor – to whom the inmate made these allegations about the cooperating witness – did not find them credible does not mean that they are not true.  Indeed, the allegations about corruption were credible enough to warrant a BOP investigation into their merit.  Second, just because the witness was eventually disciplined for the commissary scheme does not mean he did not try to stop an investigation into it – it simply means that he was not successful.  And just because prison employees did not find any contraband when they searched the prison unit does not mean that it never existed.  Moreover, just because the cooperating witness has claimed that there is another inmate in the prison with whom he disagrees and who "was making false accusations about him involving pills and cell phones" does not make these allegations a lie either.  Rather, the Government may elicit this information on re-direct and the jury may determine which testimony it finds more credible.

The Court certainly agrees with the Government that these allegations are not substantiated, but the Court disagrees that the allegations are patently false or have been disproven.  Once again, all defendant needs is a good faith basis to inquire, which exists here. The allegations are sufficiently corroborated by:  the pornographic DVDs found in the prison unit (despite the fact that they were found before the inmate made this allegation and the prison could not tie them to the cooperating witness specifically); the witness's admission to the commissary scheme itself; the witness's admission that his family members have previously facilitated his illicit conduct; the cooperating witness's admission to making unauthorized phone calls to his wife (despite the fact that those calls were made on a prison unit phone rather than a cellphone hidden in the unit); and that the BOP has taken the corruption allegations seriously enough to investigate them.  There is enough similarity between the substantiated conduct and the alleged conduct to allow defendant to inquire into them.

Notably, however, some of the information contained in the allegations does not pertain to this cooperating witness, and thus, does not constitute a good faith basis for impeaching this witness. Defendant may only impeach this cooperating witness with allegations that pertain to him specifically.  For example, defendant may not elicit the fact that another inmate had an intimate relationship with a prison employee or that the employee's underwear was part of the contraband alleged to be hidden in the prison unit.

Further, the Government represents that defendant will have a cornucopia of evidence with which it can impeach this cooperating witness.  If it appears during cross-examination that the allegations at issue here are comparatively minor, and are of a much lesser probative value, the Court will exclude them under FRE 403 at that time.  The Government's motion is therefore DENIED.

### III.     Motion for Reconsideration of Order Precluding Cross-Examination on Cooperating Witness's Public Authority Defense

Defendant has moved the Court to reconsider its order granting the Government's motion to preclude defendant from cross-examining another of the Government's cooperating witnesses about the ████████████████ that this cooperating witness unsuccessfully raised during his criminal prosecution.  Defendant argues on reconsideration that it is not whether the other district court rejected the ██████ that matters – instead, it is the fact that the Government denied any claim that the cooperating witness had ████████████████████████████ ████████████ and implied through its opposition that the cooperating witness was lying in ████████████.  Defendant further points out that the cooperating witness states in his ████████████ that the criminal activity to which he pled guilty ████████████████ ████████████████████████

As the Government points out, the cooperating witness did not sign any affidavits or give

any testimony in ███████████████████████ .  ███████████████████████



The employment of different legal

strategies does not automatically create a logical inconsistency between positions, nor does it

imply anything about their truth or falsity.

More importantly, however, there is no equivalent of Federal Rule of Civil Procedure 11

in criminal cases.  Defendants and defense counsel can take certain positions in defending a

criminal prosecution in a way that a party or a lawyer may not in a civil case.  It would set a

dangerous precedent to allow someone to be impeached for raising a defense or taking a position

in a prior criminal prosecution, at least in the absence of sworn testimony that is inconsistent

with testimony given at the subsequent trial.

The Court will also preclude this evidence under FRE 403.  Any discussion of this

witness's prior legal assertion that he had ███████████████████████

███████████████████ would create a sideshow.  The risk of undue prejudice to the

Government, confusing the issues, misleading the jury, and wasting time all substantially

outweigh any probative value this evidence may have.

Defendant's motion for reconsideration is DENIED.

## CONCLUSION

The Government's [491] motion *in limine* is granted; the Government's [494] motion *in limine* is denied; and defendant's [496, 497] motion for reconsideration is denied.

**SO ORDERED.**

_____
U.S.D.J.

redacted as of 12/27/18

Dated: Brooklyn, New York
      December 16, 2018

9