

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:BCR/AG
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 3, 2019

**TO BE FILED UNDER SEAL**

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Joaquin Archivaldo Guzman Loera
       Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

    The government respectfully submits this letter in connection with the trial in the above-referenced matter. The government hereby moves in limine to preclude cross-examination regarding mental health issues related to a cooperating witness who has not yet testified. These issues do not bear on to the witness's ability to recall events or testify accurately. In light of these reasons and the Court's previous order granting the government's motion to preclude cross-examination of past mental health issues as to another witness, see Dkt. No. 415 at 6-7, the government respectfully requests that the Court preclude cross-examination on this topic.

I. Legal Standard

    The scope and extent of cross-examination is committed to the sound discretion of the district court. See United States v. Wilkerson, 361 F.3d 717, 734 (2d Cir. 2004). The court may properly bar cross-examination that is only marginally relevant to a defendant's guilt or other issues before the court. See United States v. Maldonado-Rivera, 922 F3d. 934, 956 (2d Cir. 1990); see also Fed. R. Evid. 611 (stating that "court should exercise reasonable

control . . . so as to . . . avoid wasting time[] and protect witnesses from harassment or undue embarrassment").

A "decision to restrict cross-examination will not be reversed absent an abuse of discretion." United States v. Lawes, 292 F.3d 123, 131 (2d Cir. 2002) (citing United States v. Rosa, 11 F.3d 315, 335 (2d Cir. 1993)). The Second Circuit has repeatedly upheld district courts' exercise of discretion in imposing reasonable limits on the subjects that may be inquired into on cross-examination. See United States v. Rivera, 971 F.2d 876, 886 (2d Cir. 1992) ("The court is accorded broad discretion in controlling the scope and extent of cross-examination.").

With respect to mental health issues, in particular, the Second Circuit has held that evidence related to a witness's psychological history may properly be limited on Rule 403 grounds even where the issues in question overlapped with the time about which the witness was to testify. See United States v. Sasso, 59 F.3d 341, 348 (2d Cir. 1995) ("In assessing the probative value of [psychological] evidence, the court should consider such factors as the nature of the psychological problem, the temporal recency or remoteness of the history, and whether the witness suffered from the problem at the time of the events to which she is to testify . . ."); Davidson v. Smith, 9 F.3d 4, 7 (2d Cir. 1993) (affirming district court ruling that evidence of the plaintiff's psychiatric institutionalization 15 years prior should be excluded under Rule 403).

II.     Discussion

The witness for whom the government now seeks to preclude cross-examination of prejudicial detail related to his mental health treatment is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Thereafter, ▓▓▓▓▓▓ began cooperating with the government's investigation into the defendant.

In 2013, ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ suffered a mental breakdown, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---



1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████████████████████████, doctors diagnosed ████████████████████████, and prescribed him medication. Shortly after █████ ███████, he experienced ██████████████████████████████████████. During ███████████, doctors adjusted ██████████ medication and he underwent ████████████████. The ████ caused ███████ to lose short-term memory; specifically, ████ lost specific memory of the events the days preceding treatment and a few days after receiving the ████ treatment itself, but it did not affect any other long-term memories or his recollection of his work for the defendant. After ██████████████████████████ he fell into a debilitating depression that prevented him from working ███████████████. He remains on medication and receives therapy to this day. ███████ attributes his nervous breakdown to the stress associated with his work for the defendant, his cooperation with the U.S. government, and the fact that the Cartel suspected ████████ cooperation and attempted to locate him. Additionally, ████████ experienced stress due to the fact that he wa███████████████████████████████████████████████████████████████████████████████████████████████████. His current treatments and his past ████ do not affect his memory.

        The government intends to elicit only the fact that █████████ previously suffered a nervous breakdown after leaving the defendant's employ and learning that the organization suspected he was cooperating with the government, and that he has been successfully treated for his mental health issues. Cross-examination as to the specific details of the depth of his illness and his former and current treatment should be precluded, as his illness in no way affected his ability to perceive events at the time he was working for the defendant or cooperating with the government, and did not affect his memory of those events. The probative value of the particular treatments he received in the past or the therapy he continues to receive today have no meaningful probative value, particularly in light of the fact that the government intends to elicit the fact of his illness and treatment. In addition, the ████ ██████ did not have any impact on his long-term memory or his ability to recollect clearly the events surrounding his work with the defendant and his cooperation with the government, and therefore has little to no probative value. See Sasso, 59 F.3d at 348. This is particularly true when, as here, the illness and treatment have not impacted the witness's ability to recall events, the witness did not suffer from the problem at the time of the events to which he is to testify, and the periods during which the witness suffered the worst symptoms of his illness are relatively remote in time from the time he was interacting with the defendant. See id.

III.    Conclusion

        For the foregoing reasons, the Court should preclude cross-examination of ████████████ as to his mental health issues.

IV.     Partial Sealing is Appropriate

Pursuant to the protective order in this case, the government respectfully requests permission to submit this letter partially under seal. See Dkt. No. 57 ¶ 8. The description of the witness's role and responsibilities, as well as particularized details as to his mental health and treatment, could lead the defendant's criminal associates to identify him in advance of his testimony.

Thus, partial sealing is warranted because of the concerns regarding the safety of potential witnesses and their families, and the danger posed by disclosing the potential witnesses' identities and their cooperation with the government. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect integrity of ongoing investigation, including safety of witnesses and the identities of cooperating witnesses, and to prevent interference, flight and other obstruction, may be a compelling reason justifying sealing); see Feb. 5, 2018 Mem. & Order Granting Gov't Mot. for Anonymous and Partially Sequestered Jury, Dkt. No. 187 at 2-3 (concluding that defendant's actions could pose risk of harm to cooperating witnesses). As the facts set forth herein provide ample support for the "specific, on the record findings" necessary to support partial sealing, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d. Cir. 2006), the government respectfully requests that the Court permit the government to file this motion to limit cross-examination partially under seal. Should any order of the Court regarding this motion describe the sealed information in question with particularity, rather than

in general, the government likewise requests that those portions of the order be filed under seal.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        UNITED STATES ATTORNEY
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201

        ARTHUR G. WYATT, CHIEF
        Narcotic and Dangerous Drug Section
        Criminal Division,
        U.S. Department of Justice

        OF COUNSEL:

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY
        Southern District of Florida

cc:    Clerk of Court (BMC) (via ECF)
       Defense Counsel (via Email)