** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| January 7, 2019 at 2:59:45 PM EST | | 112 | 4 | Received |

01/07/2019 MON 14:57 FAX ☒001/004



The New York Times Company

David McCraw
Vice President &
Deputy General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

December 21, 2018

**VIA FEDERAL EXPRESS**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>United States v. Beltran-Leyva, et al., 09-cr-466 – Sealing and Redaction of Court Records</u>

Dear Judge Cogan:

I write on behalf of The New York Times Company ("The Times") regarding the public's right of access to judicial records in the ongoing trial of Joaquin Guzman Loera. To date, the public and the press have been able to attend or observe courtroom proceedings largely without impediment. However, much of the motion practice continues to be litigated in secret. A substantial number of filings – motion papers, letters, and even court orders – have been substantially redacted, withheld for extended periods, or sealed. While we appreciate the complexity of this particular case, much of the sealing is contrary to established law and runs counter to the public's First Amendment and common law rights of access, as set forth by the Supreme Court and the Second Circuit.

Below we lay out particular items of concern and propose means for giving the public appropriate access to the filings.

- *The parties' failure to consistently file publicly available, properly redacted versions of their filings.*

Your Honor has recognized that both the First Amendment and common law give rise to a right of access to a range of judicial documents. *United States v. Loera*, 2018 WL 5906846, at *4 (E.D.N.Y. Nov. 11, 2018). In this circuit, that includes motions in limine and other pretrial filings. *See Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *United States v. Silver*, 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016) (collecting cases). The more stringent First Amendment standard permits sealing only where "specific, on the record

findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Yet, here, both parties have engaged in extensive sealing of their filings. In some cases, their sealed filings are accompanied by publicly available, partially redacted versions. But in many cases they are not, with no on-the-record findings made to justify the sealing. *See, e.g.*, Dkts. 350, 354, 360, 396, 410, 413, 420, 421, 427, 451 (later released in redacted form), 477, 494, 502, 506. When the parties *do* provide redacted versions of their filings, the sealing is sometimes substantial, justified (if at all) with generic statements, and apparently not subject to the Court's oversight. *See, e.g.*, Dkts. 376, 461, 505.

The Times recognizes, as the Court did in a prior ruling, *see* Dkt. 404, that compelling interests like the safety of witnesses and their families may warrant targeted redaction.[1] But it is clear that some of the sealing has been broader than necessary to achieve those goals. And for the limited redactions that may be necessary *now*, there has apparently been no provision made – as there has in some of the Court's orders – to unseal filings once the need for sealing has passed (*e.g.*, after certain witnesses have testified or the trial is over).

Accordingly, The Times requests that the Court (i) direct the parties to unseal any fully or partially sealed filings currently on the docket, or justify the redactions with specific and compelling reasons, (ii) going forward, direct the parties to include with all sealed filings a publicly available version, with any redactions

---

[1] In that ruling, which addressed a request to unseal a tranche of motions in *limine*, the Court appeared skeptical of the need to unseal such motions. It noted that information deemed admissible would be made available to the public once introduced at trial, while information deemed inadmissible should not be made available to the public "at any point." Dkt. 404, at 2.

    The Times respectfully disagrees. Even assuming all of the evidence deemed admissible has been or will be introduced at trial, the right of access created by the First Amendment is a contemporaneous one. *See Lugosch*, 435 F.3d at 127 ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (internal marks and alterations omitted)). That the public will eventually receive that information is not a compelling reason to withhold it. As to the information deemed *in*admissible, the public should, at the very least, have access to it once trial is over. *See, e.g.*, *Silver*, 2016 WL 1572993, at *8 (information in motion in *limine* deemed "likely inadmissible" could be unsealed after trial, given that "any potential new trial [was] months, if not years, away").

justified by specific and compelling reasons, and (iii) direct the parties to unseal any of these redactions when the circumstances necessitating sealing have passed.

- *The Court's delayed issuance of redacted court opinions.*

The Court's practice for orders containing potentially sensitive information is to delay their issuance in order to review redactions proposed by the parties and effectuate those it deems appropriate. *See, e.g.*, Dkts. 453, 462, 463, 464, 469, 507. The Times has no objection to this kind of procedure in principle. But it is troubled that these orders are not visible on the docket when initially issued. The public and press learn of their existence only after a redacted version is posted on the docket, which can sometimes come two or three weeks after the fact.

The First Amendment affords the public a right of access not just to records themselves, but also to docket sheets. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93-96 (2d Cir. 2004). That right is meaningful only if the docket actually reflects the status of a case as it unfolds. And the right is infringed when the very existence of a record -- particularly a court order -- is not visible on the docket, even temporarily. *See Lugosch*, 435 F.3d at 127 (right of access is contemporaneous). At a minimum, then, The Times requests that once an order has been issued, its existence -- along with a brief description of the relief granted -- be reflected on the docket immediately.

- *The sealing of sidebar conversations in transcripts.*

Finally, The Times objects to the Court's practice of redacting sidebar conversations from the transcripts of trial proceedings. The public's right of access extends to sidebar conferences at trial, particularly where substantive rulings are made. *See, e.g., United States v. Smith*, 787 F.2d 111, 116 (3d Cir. 1986) (common law right is "fully applicable to transcripts of sidebar or chambers conferences during criminal trials at which evidentiary or other substantive rulings have been made"). To the extent that the sealing of the transcripts does not meet the high bar set by the First Amendment and common law, The Times asks that the information therein be made available to the public.

We thank the court for its consideration.

Respectfully submitted,

*[signature]*

David E. McCraw

cc:    All counsel of record (via e-mail)