```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :    ORDER
            - against -                                     :
                                                            :    09-cr-0466 (BMC)
JOAQUIN ARCHIVALDO GUZMAN                                   :
LOERA,                                                      :
                                                            :
                        Defendant.                          :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

By letters dated December 21, 2018[1] and January 3, 2019, The New York Times Company (the "NYT") and Vice Media LLC ("Vice"), respectively, make three requests of the Court relating to sealed and redacted filings and transcripts. The Government has filed a letter in response, explaining the reason why some sealed documents identified by the NYT and Vice should remain sealed. This order addresses each request, in turn.

**I.  Unsealing the Docket**

The NYT and Vice request that the Court direct the parties to unseal any filings on the docket that are fully or partially sealed, or alternatively, to provide specific findings as to the reasons for the complete or partial sealing.

First, the Court will remind the parties to be diligent in their redactions and cover only those portions of filings that are necessary to achieve the purposes they seek by sealing. The filings must also set forth specific reasons why they contend sealing is appropriate. The Court will also remind the parties of their obligations with respect to the pending orders to show cause,

---

[1] The Court received The New York Times's December 21, 2018 letter via fax on January 7, 2019.

why filings which are partially sealed cannot be unsealed at certain future dates, once the need for sealing no longer exists.

Second, the Court agrees with the NYT and Vice that the parties should review the remainder of the docket for filings which are sealed or partially sealed, which are not already subject to orders to show cause. The parties are, therefore, directed to review their respective sealed filings (and any orders which relate to those filings) and inform the Court whether the filings can now be unsealed. If the parties contend that the filings cannot be unsealed, they are to provide the reason why not; if the Court disagrees, it will unseal the filing, but if the Court agrees, it will issue a sealing order with specific, on-the-record findings supporting that sealing. In addition, moving forward, the Court will issue sealing orders with specific, on-the-record findings for each sealed or partially sealed filing.

This review of the docket cannot happen all at once, nor can it happen immediately. Because the parties and the Court are in the middle of a very large and complex criminal trial, diverting the Court's and the parties' resources and attention from the ongoing trial proceedings to review and unseal documents risks jeopardizing defendant's right to a fair trial. This is especially true with respect to older filings which were sealed years ago. As a result, the parties should inspect the docket, confer, and inform the Court within five days of the date of this order of their proposed timeline for this review, and the format in which they propose providing their positions to the Court.[2]

---

[2] For example, this could be accomplished in a joint chart submitted by the parties which includes their position as to each sealed or redacted docket entry, but the Court will leave this decision to the parties. Separately, the Government's letter envisions engaging in a similar practice at the close of trial. The Court simply asks that the parties propose as a deadline the earliest possible date on which they can complete this review without risking either the safety of witnesses or defendant's right to a fair trial.

## II. Summarizing Sealed Orders

The NYT and Vice request that, when public posting of an order is delayed while the parties propose redactions to the order for the Court's review, the Court "provide brief descriptions on the docket at the same time the orders are initially issued."

The Court will ask the parties to title any forthcoming sealed motions with as much detail as possible, so that the public can understand the nature of the document being filed. To the extent the Court can provide greater clarity through a description of the orders ruling on those motions or filings, it will.

But the Court cannot provide detailed summaries of its orders. When the Court issues an order that rules on sealed filings, the parties must inform the Court which information contained in the order must be redacted. That is because the parties, and not the Court, have the most accurate knowledge of what information can and cannot be made public. This is especially true with respect to witness security, which remains one of the Court's primary concerns supporting sealing and redacting filings in this case. Although the Court has an obligation to review the parties' proposed redactions and ensure that their stated justifications for sealing are valid, and that the redactions are narrowly tailored to achieve that purpose, the Court cannot do that in the first instance. Otherwise, it would risk disclosing sensitive information which cannot be made public. For those same reasons, the Court would also have to show any detailed summaries of those orders to the parties before posting them on the docket.

## III. Sidebar Transcripts

The NYT and Vice requests that transcripts of sidebar conversations be made public "to the extent the sealing of such conversations does not meet the stringent standards of the First

Amendment and the common law." Sidebar conversations which are not sealed are already available to the public, and the NYT and Vice are free to order those transcripts.

The Court has made specific, on-the-record findings providing reasons for complete or partial sealing with respect to a majority of the sealed or redacted sidebars. And the Court has already unsealed portions of sidebar transcripts when it found that there was no justification for sealing. Out of an abundance of caution, however, the Court orders that the transcript of sidebar proceedings at the following lines should be unsealed to the extent they are not already public: 1039:9-1040:17; 1210:1-1213:14; 1266:15-1267:4; 1308:11-1311:18; 1447:2-1450:16; 3010:2-3011:9; 3052:2-3053:13; 3409:9-10. These portions of the transcript contain either the Court's findings in support of sealing, or sidebar conversations that the Court previously found or now finds that sealing is not warranted. The party who applied for sealing is responsible for ensuring that these portions of the trial transcript are unsealed to the public.

In addition, the Court makes the following findings in support of sealing four sidebars:

- 1360:4-1361:10, 1398:4-1399:5: Complete sealing of these two sidebars is necessary to protect public dissemination of personal information about the jury.
- 1700:6-16, 1701:6-8: Partial sealing of this sidebar is necessary to protect the cooperating witness who was referenced in the sealed portion. If the redacted information is made public, it would put the cooperating witness's and the cooperating witness's family's safety at risk.

The Court will continue to scrutinize the parties' sealing applications – to the extent any are made – and the Court will deny them if it finds that there is no justification for sealing. If the

4

Court finds that there is justification to seal a sidebar transcript, the Court will continue to make specific, on-the-record findings with its reasons for full or partial sealing.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       January 13, 2019