REQUEST NO. 16

(Guilt of Substantive Offense Due to Membership in a Conspiracy)

A.    Substantive Counts in Indictment

There is another way in which you should evaluate the guilt of the defendant for the substantive charges in the indictment — Counts Five, Six, Seven, Eight and Nine — even if you do not find that the government has satisfied its burden of proof with respect to each element of those counts.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracies charged in Counts Two through Four of the indictment, then you may also, but you are not required to, find him guilty of the crimes charged against him in the corresponding substantive Counts Five, Six, Seven, Eight and Nine provided you find, beyond a reasonable doubt, each of the following elements as to the count you are considering:

First, the crime charged in the substantive count was committed;

Second, the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, the defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

1

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime you are considering even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

B.  <u>CCE Violations in Count One</u>

This alternative method for evaluating the defendant's conduct also applies to the first twenty-eight of the twenty-nine violations in Count One, which I've already listed for you.

Specifically, if, in light of my instructions, you find beyond a reasonable doubt that the defendant was a member of the conspiracies charged in Counts Two through Four of the indictment, then you may also, but you are not required to, find that he committed Violations One through Twenty-Eight of Count One, provided you find, beyond a reasonable doubt, each of the following elements as to the violation you are considering:

<u>First</u>, the crime alleged in the violation was committed;

<u>Second</u>, the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

<u>Third</u>, the crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

<u>Fourth</u>, the defendant was a member of that conspiracy at the time the crime alleged in the violation was committed; and

<u>Fifth</u>, the defendant could have reasonably foreseen that the crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find that the defendant committed the violation of Count One that you are considering even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

If you use this alternative method to find that the defendant committed one or more violations of Count One, you will still need to find that the government has met its burden with respect to the remaining elements of Count One, about which I've already instructed you. <u>See</u> pages 30-40 of these instructions.

**<u>Authority</u>:** adapted from the charge in <u>United States v. Basciano</u>, 05-CR-060 (NGG) (E.D.N.Y.); Sand, Instruction 19-03.