

**BALAREZO LAW**
CRIMINAL DEFENSE

January 21, 2019

The Honorable Brian M. Cogan
United States District Judge
　for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

　　　　　　　Re:　*United States v. Joaquín Archivaldo Guzmán Loera*
　　　　　　　　　Case No. 09-CR-0466(S-4)(BMC)

Dear Judge Cogan:

　　　　I respectfully write in response to the government's request to charge (Doc. 533).

　　　　Mr. Guzmán requests the following instructions that were omitted in the government's request:

　　　a.　Number of witnesses (Sand & Siffert 4-3)
　　　b.　Testimony, Exhibits, Stipulations and Judicial Notice in General (Sand & Siffert 5-4)
　　　c.　Stipulation of Facts (Sand & Siffert 5-6)
　　　d.　Stipulation of Testimony (Sand & Siffert 5-7)
　　　e.　Charts and summaries as evidence (Sand & Siffert 5-12)
　　　f.　Defendant's right not to testify (Sand & Siffert 5-21)
　　　g.　Witness Credibility: General Instruction (Sand & Siffert 7-1)
　　　h.　Bias and Hostility (Sand & Siffert 7-2)
　　　i.　Interest in Outcome (Sand & Siffert 7-3)
　　　j.　Government witness - not proper to consider guilty plea (Sand & Siffert 7-10)
　　　k.　Witness testifying pursuant to a cooperation agreement (Sand & Siffert 7-11)
　　　l.　Government Informers (Sand & Siffert 7-14)
　　　m.　Trial Perjury (*falsus in uno*) (Sand & Siffert 7-17)
　　　n.　Impeachment by Prior Inconsistent Statement (Sand & Siffert 7-19)
　　　o.　Expert Witnesses (Sand & Siffert 7-21)
　　　p.　Unanimity of Verdict (Sand & Siffert 9-7)

400 Seventh Street NW　Ste 306　Washington, DC 20004

A. Eduardo Balarezo, Esq.　　tel 202.639.0999　　email aeb@balarezolaw.com
Admitted in DC, NY & MD　　fax 202.639.0899　　web www.balarezolaw.com

Mr. Guzmán further submits the following comments or additions:[1]

a. Request No. 7 – Mr. Guzmán requests that the first full paragraph on page 16 read as follows:

You may, of course, find that the existence of an agreement **between two or more persons** to disobey or violate the law has been established by direct proof.

b. Request No. 8 – Mr. Guzmán requests that the fourth paragraph on page 19 read as follows:

Thus, if you **unanimously** find **beyond a reasonable doubt** that the defendant was a member of a criminal conspiracy charged, then ….

c. Request No. 9 – Mr. Guzmán requests that the last paragraph on page 22 read as follows:

**Your decision as to whether the defendant conspired to commit a particular unlawful act must be unanimous.** If you determine that the defendant is guilty beyond a reasonable doubt ….

d. Request No. 10 – Mr. Guzmán requests that the first paragraph on page 25 read as follows:

The government must prove beyond a reasonable doubt that the defendant conspired to import cocaine into the United States. **Your decision as to whether the defendant conspired import cocaine into the United States must be unanimous.**

e. Request No. 11 – Mr. Guzmán requests that the last paragraph on page 27 read as follows:

If you **unanimously** determine that the defendant is guilty beyond a reasonable doubt ….

f. Request No. 12 - Mr. Guzmán requests that the last paragraph on page 29 read as follows:

If you **unanimously** determine that the defendant is guilty **beyond a reasonable doubt** of any of the crimes charged in Counts Five through Nine….

g. Request No. 13 - Mr. Guzmán requests that fourth and fifth paragraphs on page 31 be combined to read as follows:

---

[1] Requested additions are in bold; requested deletions are stricken through.

>With respect to the first element, the government must prove beyond a reasonable doubt that the defendant committed at least one felony drug offense. The government has alleged that the defendant committed twenty-nine separate felony violations of federal drug laws.  **Some of these violations are charged in Counts Five through Nine.** ~~Each of these twenty-nine alleged violations falls into one of three categories of offenses: (1) international cocaine distribution, (2) cocaine, heroin and marijuana distribution and (3) murder conspiracy. I have already described to you the elements of international and domestic narcotics distribution, which covers the charged violations.~~
>
>~~In fact, violation three corresponds to Count Six, violation four corresponds to Count Seven, violation nine corresponds to Count Eight, violation thirteen corresponds to Count Five, and violation fourteen corresponds to Count Nine.~~ Thus, if you **unanimously** find that the government has proved beyond a reasonable doubt that the defendant is guilty of any of the offenses charged in Counts Five, Six, Seven, Eight and Nine of the indictment, then you should find that the first element of the continuing criminal enterprise charge has also been satisfied.

h. Request No. 13 – Mr. Guzmán requests that the first four paragraphs on page 32 read as follows:

>With respect to violation twenty-nine, murder conspiracy, the violation charges that the defendant, while engaged in one or more of the narcotics conspiracies as alleged in Counts Two through Four, did knowingly and intentionally conspire to kill or cause the intentional killing of one or more persons, **(**to wit: persons who posed a threat to the Sinaloa Cartel**) and such killing did result.**
>
>In order to prove this violation against the defendant, the government must prove beyond a reasonable doubt each of the following elements of the offense:
>
>First, that the defendant was engaged in a narcotics conspiracy, as alleged in Counts Two through Four. ~~The defendant is charged in Counts Two, Three and Four of the indictment with engaging in narcotics conspiracy~~. It is for you to determine **unanimously** that the government has proven beyond a reasonable doubt that the defendant committed the crime of narcotics conspiracy as charged in Counts Two, Three or Four.
>
>Second, that the defendant agreed with one or more persons to kill individuals or groups of persons, who posed a threat to the Sinaloa cartel, specifically [NOTE: the government will provide the list of individuals and groups of persons at the end of trial] **and such killing results**. ~~The government need not prove that the~~

3

~~individual or group of persons whom the defendant agreed to kill was in fact killed, only that there was an unlawful agreement to do so.~~[2]

**The third element the government must prove beyond a reasonable doubt is that such killing occurred because of, and as part of, defendant's engaging in the continuing criminal enterprise (or the offense of *e.g.,* a conspiracy to distribute controlled substances).**

**To prove this element, the government must establish that the defendant's agreement with one or more other people to counsel, command, induce, procure, or cause the killing of the victim(s) was related in some meaningful way to the activity charged in either Counts Two, Three or Four.**

**You may find that the conspiracy to murder was related to the drug conspiracy in Counts Two, Three or Four if you find that there was a connection between the defendant's role in the conspiracy to murder and his or her participation in the activity charged in Counts Two, Three or Four. For example, a defendant engaging in drug distribution who conspires to kill his or her spouse in a purely non-drug-related domestic dispute would not satisfy this element. The government must prove that at least one of the defendant's purposes or motives in conspiring to kill the victim(s) was related to the drug distribution activities charged in Counts Two, Three or Four. It not necessary for the government to prove that this was the sole purpose, or even the primary purpose, for the conspiracy. What the government must prove is that there was some substantive connection between the defendant's role in the drug distribution activity and his role in the conspiracy to murder, even if there were other motives or purposes for the conspiracy to murder.**

(Modified from Sand & Siffert 56.04 Fourth Element—Connection Between Killing and Drug Offense).

i. Request No. 13 - Mr. Guzmán requests that the recitation of the 29 alleged violations be deleted. The jury will have a copy of the indictment and reading the 29 alleged violations is duplicative and wastes time.

---

[2] Mr. Guzmán incorporates by reference his arguments concerning the alleged murder conspiracies contained in Doc. Nos. 231, 274 and 300. The language "and such killing results" indicates clearly that the *actus reus* is to be analyzed from the present to the past, not from the present to the future: a person cannot presently attempt or conspire to commit a crime from which an actual "killing results." Perhaps one could conspire to commit, counsel, command, induce, or procure, a killing, but not one from which an actual killing has resulted. Violation 85 should be dismissed. *See, e.g.*, Sandra D. Jordan, Revival of the Federal Death Penalty, Chicago-Kent Law Review (Vol. 67 April 1991) ("Congress passed legislation providing for a death penalty for drug kingpins who intentionally kill.)

    j.      Request No. 13 – Mr. Guzmán requests that last three paragraphs on page 36 read as follows:

~~Again, to satisfy the first element of Count One, the government must establish beyond a reasonable doubt that the defendant committed one of these twenty-nine violations.~~

The second element that the government must prove beyond a reasonable doubt is that this violation was one of continuing series of violations of the federal drug laws~~, which~~ . **A continuous series of violations** is defined as three or more violations of the federal drug laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts. If you find three or more of the charged 29 violations proven as part of a continuing series, this element is proven.

To find the defendant guilty, you must unanimously agree on ~~at least~~ **which** three specific violations ~~that~~ constitute a continuing series of violations.

    k.      Request No. 13 – Mr. Guzmán respectfully requests that the third paragraphs on page 37 read as follows:

You do not have to find that the five or more persons acted together at the same time, or that the defendant personally dealt with them together. You also do not have to find that the defendant had the same relationship with each of the five or more persons. However, the government must prove beyond a reasonable doubt that the defendant and at least five other persons were part of an agreement or joint action to commit the continuing series of violations of the federal drug laws. It is not necessary that you identify each of these five persons by their first and last names. ~~Identifying them by their first names or street names or even "unidentified male" or "unidentified female" is sufficient, as long as you determine that they are, in fact, five separate persons~~. You must unanimously agree on which five or more people the defendant committed the violations with.

    l.      Request No. 13 – Mr. Guzmán respectfully requests that page 39 - 40 read as follows:

occasional narcotics sales. If you determine that the defendant received only small sums of money or other insignificant gain from drug related activity, you must find him not guilty of Count One. ~~However, if you determine that the defendant derived substantial income or resources from this continuing series of federal drug law violations, you must find him guilty.~~

In considering whether the defendant derived substantial income or resources

\* \* \*

BALAREZO LAW
CRIMINAL DEFENSE

> ~~If you determine that the defendant is guilty beyond a reasonable doubt of the crime charged in Count One, you will also be asked to indicate on the verdict sheet whether the government has proven beyond a reasonable doubt that:~~
>
> ~~1. The defendant was at least one of the principal administrators, organizers, or leaders of the continuing criminal enterprise. The government does not need to prove that the defendant was the sole principal administrator, organizer or leader of the continuing criminal enterprise. An enterprise may have more than one principal administrator, organizer or leader. You should give the term principal administrator, organizer or leader its everyday meaning as you would in a public or business community.~~
>
> ~~2(a). That at least one violation involved at least 150 kilograms of cocaine or~~
>
> ~~2(b). That the enterprise received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of cocaine.~~

  m. Request No. 16 – Mr. Guzmán submits that this charge is not appropriate in this case.

Thank you for your consideration of these requests.

Respectfully submitted,

/s/

A. Eduardo Balarezo

cc: The parties via ECF