

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

GMP:HDM
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 24, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Joaquin Archivaldo Guzman Loera
            Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

      The government writes in response to the defendant's proposed jury charge requests, dated January 21, 2018.  See Dkt No. 556.  The defendant (1) requests a number of general instructions, citing Sand, Modern Federal Jury Instructions and (2) makes a number of changes to the government's proposed jury charge requests.  The government objects to the defendant's proposed jury charge requests as follows.

    I.     The Defendant's Request for Certain General Instructions

      With respect to the defendant's request for certain general instructions, the government objects to the inclusion of three of these instructions: (1) Witness testifying pursuant to a cooperation agreement; (2) Government Informers and (3) Trial Perjury (Falsus Uno).  Both the "Witness testifying pursuant to a cooperation agreement" and "Government Informers" instructions are addressed in the government's proposed accomplice testimony instruction, which is adopted from two cases in this District, United States v. Price, 05 CR 492 (NGG) (E.D.N.Y.) and United States v. Cacace, No. 08-CR-240 (BMC) (E.D.N.Y.).  Given the accomplice testimony instruction, the defendant's request for these two instructions is superfluous as they are duplicative.

      In addition, the government objects to the Trial Perjury or Falsus Uno instruction.  The Second Circuit strongly disfavors this instruction.  See United States v. Weinstein, 452 F.2d 704, 713 (2d Cir.1971) ("The maxim "Falsus in uno, falsus in omnibus" has been well said to be itself "absolutely false as a maxim of life." (citation omitted).),

Indeed, Sand states that given that numerous circuits, including the Second Circuit, "have rejected it as 'inconsistent with life's experience' . . . it is recommended that no instruction be given but rather that a general instruction on credibility be given and that this issue be left to the argument of counsel." Sand 7-17 Comment (citations omitted).

II.     The Defendant's Proposed Changes to the Government's Requests to Charge

The defendant suggests a number of changes to the government's request to charge. The government responds below to the suggested changes:

- Request No 13. The defendant deletes language from the government's request discussing how certain Counts parallel certain violations of the CCE. The defendant provides no reason for these deletions. The jury should be informed that certain Counts correspond to certain violations. The government adopted this language from Judge Gleeson's charge in a recent CCE case in this District, United States v. James Rosemond, 11-CR-424 (E.D.N.Y.). The Court should reject the defendant's deletions. The defendant also deletes, without explanation, the delineation of the 28 violations of the CCE into three distinct categories. The Court should include this language as well as the categories track the allegations in the indictment. The defendant also deletes the Court's instruction that Counts Two, Three and Four allege that the defendant was engaged in a narcotics conspiracy. Again, no explanation is provided for the suggested deletion and so it is completely unclear why such a change is necessary.

- Request No. 13. The defendant proposes adding the language "and such killing did result" throughout the instructions for the conspiracy to murder in Violation 85 of the CCE (now Violation 28) and deletes language stating that a killing need not occur. The Court should reject this proposal. The defendant mischaracterizes the law and this proposed instruction is incorrect. The government has not charged the defendant with substantive murder under 21 U.S.C. § 848(e), but a conspiracy to commit murder, as defined by 21 U.S.C. § 848(e), under 21 U.S.C. § 846. Indeed, the defendant attempts to re-litigate its argument that there can be no conspiracy to commit a violation of 21 U.S.C. § 848(e). The Court already rejected this argument: "Having concluded that §848(e) states a substantive offense, the Court also rejects defendant's argument that Violation 85 fails to state an offense because there cannot be a conspiracy to violate § 848(e) under § 846." Dkt No. 303 at 7. It is black-letter law that the object of the conspiracy need not be achieved for the conspiracy to have occurred. By its very definition, conspiracy is an inchoate crime. Thus, the Court should reject the defendant's proposed changes to the conspiracy to murder instruction because they are legally incorrect.

2

- Request No. 13.  Given the fact that the crime charged is a conspiracy to murder and not a substantive drug-related murder, the defendant's proposed additional language from Sand regarding the "killing" and its relationship is not necessary and should be struck or at the very least modified to make clear that no killing is required for the jury to convict on the conspiracy to murder.

- Request No. 13.  The defendant proposes deleting the language reiterating the first element of the CCE, again without reason.  The defendant also changes "at least three violations" to "which 3 violations."  This proposed change is confusing because the jury can find that the defendant committed more than 3 violations—only that at least 3 of them have to be unanimous.  The government's language makes that clear.

- Request No. 13.  The defendant proposes deleting the following language: "Identifying them by their first names or street names or even 'unidentified male' or 'unidentified female' is sufficient, as long as you determine that they are, in fact, five separate persons."  The Court should include this language, which is adapted from Sand 56-29 ("It is not necessary that you identify each of these five persons by their first and last names. Identifying them by their first names or street names is sufficient, as long as you determine that they are, in fact, five separate persons.").  Here, such an instruction has particular resonance, given that aliases were commonly used among drug traffickers and the defendant did not always know the names of all of his underlings, but referred to them by street names.

- Request No. 13.  The defendant proposes deleting language for the enhancement under the CCE but provides no basis for this deletion.  Over the course of this trial, the government has provided ample evidence that the defendant was one of the principal administrators of the Sinaloa Cartel, that at least one of the CCE violations involved at least 150 kilograms of cocaine and that the Sinaloa Cartel received at least $10 million in gross receipts in any 12 month period for trafficking cocaine.  Thus, the jury should be given this charge to decide whether, based on the evidence adduced at trial, the government has met its burden of proof on the 848(e) enhancement.

- Request No. 16.  The defendant objects to the Pinkerton charge, by stating, in conclusory fashion, that it is not appropriate in this case.  The defendant is incorrect.  The government has provided evidence at trial that the defendant was a member of a conspiracy to traffic narcotics and that it was reasonably foreseeable to him, especially given his leadership position, that his co-conspirators would have carried out the

3

substantive offense that is the object of the narcotics conspiracy. The Court should include the Pinkerton charge in the instructions.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        UNITED STATES ATTORNEY
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201

        ARTHUR G. WYATT, CHIEF
        Narcotic and Dangerous Drug Section
        Criminal Division,
        U.S. Department of Justice

        OF COUNSEL:

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY
        Southern District of Florida

        Counsel for the United States of America

cc:    Clerk of the Court (BMC) (by ECF)
       Counsel for Defendant (by ECF)