

U.S. Department of Justice

United States Attorney
Eastern District of New York

GMP: HDM
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 28, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Joaquin Archivaldo Guzman Loera
                Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in connection with the trial in the above-referenced matter. The government moves in limine to preclude defense counsel from arguing in summation that the government (1) selectively prosecuted the defendant and (2) suborned perjury to protect the Mexican government.

    I.    The Court Should Preclude Defense Counsel from Arguing Selective Prosecution in his Summation

      Prior to trial, the government moved in limine to preclude the defendant from arguing to the jury that the governments of the United States and Mexico selectively targeted him for prosecution. See Dkt. No. 213 at 91-94; Dkt No. 326 at 84-86. It is well-settled law in this Circuit that the "government's motive in bringing charges against a defendant is irrelevant to guilt" and thus, "by asking the jury to focus on the government's conduct, the defense would be encouraging the jury to decide the case based on something other than the elements of the charged crimes." Id. at 92 (citing United States v. Rosado, 728 F.2d 89, 93 (2d Cir. 1984)); see United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011) ("[A] selective prosecution defense alleges a defect in the institution of the prosecution, and as such is an issue for the court rather than the jury.") (internal quotations omitted); United States v. Cuervelo, 949 F.2d 559, 567 (2d Cir. 1991) ("Outrageous governmental conduct is a question of law to be directed to the trial judge . . . ."). The defendant informed the Court that he would not raise the argument of selective prosecution. The Court granted the

government's motion to preclude evidence and argument of selective prosecution as unopposed.  See Dkt. No. 390 at 15.

Notwithstanding the defendant's representation to the Court regarding selective prosecution, the defendant has consistently argued, in his opening statement and throughout trial, that the governments of the United States and Mexico have conspired to prosecute the defendant rather than other drug traffickers, specifically, his codefendant Ismael Zambada Garcia, also known as "Mayo Zambada," and that the government has engaged in outrageous conduct in a desperate bid to prosecute the defendant.  Indeed, the Court acknowledged the defendant's attempt to make a selective prosecution argument in his opening statement, "Reading over the opening yesterday, I thought there were at least six times that you made what was – what I will call a deficient selective prosecution argument."  Trial Tr. 601:3-7.  The Court further remarked:

> I think it's remarkable that the government predicted precisely what was going to happen in the opening statement. I ruled that it shouldn't happen and it still happened. It's got to be stopped. If the theory is that somebody else did it, and the defendant didn't do it, then arguments about whether the Mexican or United States governments are prosecuting or declining to prosecute for similar conduct are irrelevant and misleading.

Trial Tr. 601:18-25.

In addition, throughout trial, defense counsel has argued, without evidence, that Mayo Zambada bribed the government of Mexico to selectively prosecute the defendant.  As an initial matter, there is no evidence that any purported bribes were paid to place a "target" on the defendant's back at the behest of Mayo Zambada.  Moreover, even if there was such evidence—and there is not—such an argument about selective prosecution is completely irrelevant to the defendant's guilt on the charges before the jury.  The Court recognized this issue on the second day of trial:

> You can have two drug dealers, one of whom is paying off the government and one of whom is not. That does not mean the one who is not didn't do the crimes. Really, I just got to tell you, I'm not going -- I really have to stop you from making the argument because it's so misleading to the jury. It distracts them from the guilt or innocence of the defendant, which is what they have to determine.

Although the Court has been unequivocal on this issue, defense counsel has made every effort, though cross-examination, to elicit statements about bribes paid to the

government of Mexico by or on behalf of Mayo Zambada. Defense counsel has also attempted to cast aspersions on the motives of the United States government, asking witnesses why the government has been unable to capture and arrest Mayo Zambada. For example, defense counsel repeatedly asked Vincente Zambada Garcia, Mayo Zambada's son, why the government had been unable to locate Mayo Zambada after he had given them coordinates and location information. Defense counsel's aim is clear—to suggest that there is some conspiracy between the governments of the United States and Mexico to prosecute the defendant and leave Mayo Zambada alone. There is no evidence of this preposterous claim. Indeed, the government presented testimony that squarely contradicts this claim. During the testimony of DEA Special Agent Victor Vasquez, the government presented testimony that the Mexican government, with the support of the U.S. government, mounted a capture operation in 2014 against Mayo Zambada, just prior to the capture operation launched against the defendant in Culiacan. As such, this claim is highly prejudicial and incredibly misleading. More significantly, it is completely irrelevant to the defendant's guilt. The defendant is on trial, no one else. The Court should make clear to defense counsel that arguments about selective prosecution in his summation are prohibited.

II.  The Court Should Preclude Defense Counsel From Arguing that the Government Has Suborned Perjury to Protect the Mexican Government

During trial on January 28, 2019, defense counsel claimed that a government witness, Alex Cifuentes, lied to protect the United States government, which in turn has been "trying to protect the Mexican government since day one." 1/28/19 Trial Tr. 6333:15-17. The Court then inquired whether defense counsel was actually asserting that the United States was allowing a witness to lie because the "United States government is trying to protect the Mexican government." Id. at 18-22. Defense counsel responded, "Absolutely." Id. at 23. The Court made clear that his argument was completely irrelevant: "I don't think any of that matters, I got to tell you. I just don't." Id. at 24-25.

Defense counsel's claim that there is a conspiracy between the United States and Mexican governments to cover up Mexican government corruption is not only patently false and without any basis—it is also utterly irrelevant to the defendant's guilt. As an initial matter, the government has, through direct examination of its own witnesses, presented evidence of bribery and corruption by the defendant and his co-conspirators involving the Mexican government, military and law enforcement throughout this trial. The evidence at trial has shown that the defendant used bribery and corruption within Mexico to traffic narcotics to the United States.

Here, instead of focusing on the charged crimes alleged and evidence of the defendant's guilt, defense counsel seeks to distract the jury by arguing about a purported

3

global conspiracy between the United States and Mexican government. There is no evidence of such a conspiracy and it not relevant. Nor is there any evidence that the United States government suborned perjury to protect the Mexican government. The Court should preclude defense counsel from arguing as such.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
United States Attorney
Southern District of Florida

cc: A. Eduardo Balarezo, Esq. (counsel to defendant)
William Purpura, Esq. (counsel to defendant)
Jeffrey Lichtman, Esq. (counsel to defendant)