

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:HDM
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 28, 2019

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>United States v. Joaquin Archivaldo Guzman Loera</u>
           <u>Criminal Docket No. 09-466 (BMC) (S-4)</u>

Dear Judge Cogan:

      The government respectfully submits this letter in response to (1) the defendant's January 28, 2019 request for a multiple conspiracy charge; and (2) to submit the names of murder conspiracy victims that it intends to proceed on for Violation 27.

  I.    <u>The Evidence at Trial Shows that the Defendant Was a Member of the Charged Conspiracy</u>

      The defendant requests a multiple conspiracy charge. Unsurprisingly, the defendant provides no basis for why this charge should be included because the charge is not warranted.

      The government must prove beyond a reasonable doubt the existence of the charged conspiracy: membership only in some other conspiracy will not suffice. <u>United States v. Cambindo Valenica</u>, 609 F.2d 603, 625 (2d Cir. 1979). Where only one conspiracy has been alleged and proved, the defendant is not entitled to a multiple conspiracy charge. See <u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 962 (2d Cir. 1990). A single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance. <u>United States v. Geibel</u>, 369 F.3d 682, 689 (2d Cir. 2004) (internal quotation marks omitted). Moreover, "changes in membership, differences in time periods, and/or shifting emphases in the location of operations do not necessarily require a finding of one or more conspiracy." <u>United States v. Jones</u>, 482 F.3d 60, 72 (2d Cir. 2006). The charged conspiracy can properly be found by the jury even when there are multiple groups within it, as long as they "share a common goal and depend upon and assist each other" and the actor "was

aware of his part in a larger organization where others performed similar roles." United States v. Berger, 224 F.3d 107, 115 (2d Cir. 2000).

Here, throughout the course of this three-month trial, the government has provided abundance evidence—witness testimony, text messages, recorded calls, drug seizures, ledgers, handwritten letters, expert testimony—proving that the defendant was a member of a narcotics conspiracy as one of the leaders of the Sinaloa Cartel. The defendant had numerous co-conspirators, who changed over time, but the defendant remained at the crux of the conspiracy, as he rose to prominence in the Sinaloa Cartel over the course of the conspiracy. The trial evidence also showed that members of the Sinaloa Cartel shared a "common goal"—trafficking narcotics for eventual distribution and importation into the United States—and as numerous witnesses testified, members of the conspiracy "depend[ed] and assist[ed] each other" to accomplish that goal. Berger, 224 F.3d at 115.

Moreover, there is no evidence adduced at trial that the defendant was involved in any conspiracies other than those charged in the indictment. As the Second Circuit has made clear, if "there is ample proof from which the jury could conclude that [the] defendant was a member of the charged conspiracy," the Court need not give a multiple conspiracy charge. See United States v. Burrell, 43 F. App'x 403, 407 (2d Cir. 2002). Given the well-settled law in this Circuit and the evidence at trial, the Court should not give a multiple conspiracy charge.

II. The Government Submits the Following Murder Conspiracy Victims

The government submits the following murder conspiracy victims for Violation 27 that the Court should include in its jury charge:

- Informants (2004-2008)
- Members of Beltran Leyva Organization (January 2008-September 2014)
- Members of Carrillo Fuentes Organization (September 2004-September 2014)
- Members of Los Zetas (January 2001-September 2014)
- Members of Arellano Felix Organization (January 1990-December 2011)
- Members of Arellano Felix Organization at Christine's Discotheque (November 8, 1992)
- Miguel Martinez Martinez (1998-2000)
- Ramon Arellano Felix (February 10, 2002)
- Rodolfo Carrillo Fuentes (September 11, 2004)
- Julio Cesar Beltran Quintero (July 13, 2005)
- Juan Pablo Ledezma (also known as "JL") (2007)
- Roberto Velasco Bravo (2007)
- Nemesio (2007)
- Commander Rafita (2007)
- Jose Luis Santiago Vasconcelos (2007)

- Juan Ramon Zapata (also known as "Juan Bonito") (2009)
- Israel Rincon Martinez (also known as "El Guacho" and "El Wuacho") (October 2010)
- Juan Guzman Rocha (also known as "Juancho" or "Virgo") (December 15, 2011)
- Jose Miguel Bastidas Manjares (also known as "Guero Bastidas") (December 15, 2011)
- Cesar Gastelum Serrano (January 2014)
- Leopoldo Ochoa (also known as "Polo Ochoa") (December 7, 2012)
- Christian Rodriguez (January 2013)
- Stephen Tello (2013)
- Andrea Fernandez Velez (2013-2014)
- Manuel Alejandro Aponte Gomez (also known as "Bravo") (April 9, 2014)
- Francisco Aceves Urias (also known as "Barbarino") (February 16, 2015)

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida