```
                                                                    1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
    - - - - - - - - - - - - - - - X
      UNITED STATES OF AMERICA,    :   09-CR-00466(BMC)
                                   :
                                   :
                                   :   United States Courthouse
           -against-               :   Brooklyn, New York
                                   :
                                   :
                                   :   October 30, 2018
                                   :   9:00 a.m.
      JOAQUIN GUZMAN LOERA,        :
                                   :
             Defendant.            :
    - - - - - - - - - - - - - - - X

         TRANSCRIPT OF CRIMINAL CAUSE FOR MOTION HEARING
               BEFORE THE HONORABLE BRIAN M. COGAN
                    UNITED STATES DISTRICT JUDGE

                      A P P E A R A N C E S:


    For the Government:      RICHARD P. DONOGHUE, ESQ.
                                 United States Attorney
                                 Eastern District of New York
                                 271 Cadman Plaza East
                                 Brooklyn, New York 11201

                         BY: GINA M. PARLOVECCHIO, ESQ.
                             ANDREA GOLDBARG, ESQ.
                             MICHAEL ROBOTTI, ESQ.
                             ADAM FELS, ESQ.
                             ANTHONY NARDOZZI, ESQ.
                             AMANDA LISKAMM, ESQ.
                             Assistant United States Attorneys


    For the Defendant:       BALAREZO LAW
                                 400 Seventh Street, NW
                                 Suite 306
                                 Washington, DC 20004

                         BY: A. EDUARDO BALAREZO, ESQ.
```

2

1  A P P E A R A N C E S: (Continued.)
2
3  LAW OFFICES OF JEFFREY LICHTMAN
   11 East 44th Street
   Suite 501
4  New York, New York 10017

5  BY: JEFFREY H. LICHTMAN, ESQ.
       PAUL TOWNSEND, ESQ.
6      MARIEL MIRO, ESQ.

7

8  Court Reporter:     Denise Parisi, RPR, CRR
                       Official Court Reporter
9                      United States Courthouse
                       225 Cadman Plaza East
10                     Brooklyn, New York 11201
                       Telephone: (718) 613-2605
11                     E-mail: DeniseParisi72@gmail.com

12
   Proceedings recorded by computerized stenography.  Transcript
13 produced by Computer-aided Transcription.

14
                    *    *    *    *    *
15

16

17

18

19

20

21

22

23

24

25

1          (In open court.)

2          THE COURTROOM DEPUTY:  All rise.

3          THE COURT:  Good morning.

4          MS. PARLOVECCHIO:  Good morning.

5          THE COURT:  Have a seat, please.

6          (Defendant enters the courtroom at 9:05 a.m.)

7          THE COURTROOM DEPUTY:  United States versus Guzman,
8   Docket No. 09-CR-466.

9          Counsel, please state your appearances starting with
10  the government.

11         MS. PARLOVECCHIO:  Good morning, Your Honor.  Gina
12  Parlovecchio for the United States.  With me at counsel table
13  is Amanda Liskamm, Adam Fels, Andrea Goldbarg, Anthony
14  Nardozzi, and Michael Robotti.

15         THE COURT:  Good morning.

16         MR. BALAREZO:  Good morning, Your Honor.  Eduardo
17  Balarezo with Mr. Lichtman, Ms. Miro, and Mr. Townsend on
18  behalf of Mr. Guzman.

19         THE COURT:  Good morning.

20         Good morning, Mr. Guzman.

21         We are not supposed to be here.  I asked you all at
22  our last conference if we needed another conference and
23  everybody said no.  We are here because, notwithstanding those
24  representations, I have gotten six motions in the last three
25  weeks, and I have to say, I do not think litigating by frenzy

1  and hysteria is an appropriate way to present this case.  I'm
2  talking to both sides here.
3              But first, for the government, we had a briefing
4  schedule on motions in limine.  We had two tranches.  They
5  were set up to avoid a flurry of motions.  I understand I
6  denied part of them because I did not think the government had
7  told me enough, but if you want to remedy that, then you have
8  got 14 days to make a motion for reconsideration, not a week
9  before trial when we are coming up.  I am not going to deal
10 with those today.  The government still has a reply that is
11 due, and I'm going to wait until I get that reply before I
12 rule on those motions.
13             Now, both sides have made to chambers during this
14 case what I will call panicked telephone calls realizing that
15 they had filed something publicly that they did not mean to
16 file publicly and emergency steps have to be taken to seal the
17 things that are filing.  I got two phone calls Saturday
18 morning from Mr. Balarezo.  Counsel should know in this matter
19 that the chambers' phone is monitored 24 hours, so we are
20 hearing you.  Whether we are going to respond to you is
21 something else, but we are hearing you.  The government had
22 earlier made calls to me like that.  All of this is indicative
23 of an environment in which the parties are just in a frenzy
24 and just filing things as they occur to them, and it is really
25 got to stop.  We cannot do the whole trial like this, so I am

1  going to get increasingly severe about summary denials of
2  motions that could have been thought of earlier but were not.
3           Now, I understand the defendants' position that
4  their current motion for an extension of trial -- I think
5  there is actually several motions, but they are actually
6  replies and sur-replies and sur-sur-replies from both sides on
7  the various motion that has been filed -- I understand they
8  think they got more than they expected to get.
9           You have given me a great deal of paper on this.  I
10 have read all of the paper.  I do not think there should be
11 any need to say any more about whether to adjourn the trial,
12 but we are here, so if anyone has any more they want to say
13 which is not repetitive, let's go ahead.
14          Anything from the defense?  Anything else?
15          MR. BALAREZO:  Your Honor, with respect to the
16 motion to continue, just a little bit, the reason we put these
17 folders here is for the Court to see exactly what it is we are
18 dealing with.  Hopefully it would help.  If not, then it's
19 wasted effort on our part.
20          THE COURT:  It is not that it does not help.  I have
21 the same thing in my chambers, so I can get an idea of what it
22 was, and it looks remarkably similar to that, except I think I
23 have got black folders.  Other than that, it looks about the
24 same.
25          MR. BALAREZO:  It's probably easier reading white on

1 white, to be honest with you.

2 THE COURT: Could be.

3 MR. BALAREZO: The issue here is, Your Honor, we
4 were obviously aware that the government was going to turn
5 over the 3500 material a month before trial. We are not
6 disputing that; we are not claiming surprise. The point is,
7 when we received this material, which is here -- this is
8 14,000-odd pages that we received -- it is just impossible for
9 us to review it in time -- not just us, but to review it with
10 the client. The client, Mr. Guzman, has a right to see what
11 the evidence is. We have to take it to the jail, and because
12 we can't lug around five, six of these binders, we have to
13 look at it on the computer with him and translate it as we go
14 along.

15 THE COURT: You understand you are repeating a lot
16 of the stuff that is in your motion.

17 MR. BALAREZO: Then I will sit down, Your Honor.

18 THE COURT: But I do want to make one correction to
19 what you are saying.

20 MR. BALAREZO: Yes.

21 THE COURT: You have got 14,000 pages. What we had
22 contemplated you getting was 25,000 pages. You've got barely
23 half, just more than half of what we all anticipated you would
24 have at this stage.

25 MR. BALAREZO: And, Your Honor, I would have made

1  the same motion had I gotten 45,000 pages, except I would have
2  asked for more time.
3          THE COURT:  Would you have made the same motion if
4  you had gotten 5,000 pages?
5          MR. BALAREZO:  Probably not, because that's a little
6  more manageable, given other cases, but 14,000 pages of
7  critical material from cooperators who are going to be the
8  centerpiece of the government's case is excessive, Your Honor.
9  We cannot --
10         THE COURT:  Do you know all that material is
11 important to the cooperators and the centerpiece of the
12 government's case?
13         MR. BALAREZO:  Your Honor, the majority of it is
14 reports of investigations -- multiple, dozens of interviews
15 with these people that go on for 20, 30 pages.
16         THE COURT:  Right.
17         MR. BALAREZO:  Is every single page of 14,000 pages
18 critical?  No.  There are indictments in there, that kind of
19 thing.  Obviously, we put those aside.  We are trying to focus
20 on what's important, but in order to focus on what's
21 important, we have to review the material; and it's not only
22 reading it for one individual, there's a lot of crossover from
23 one individual to the other that we need to be able to analyze
24 and digest in order to prepare a proper cross-examination.
25         THE COURT:  Okay.  There are priority ways of

1  analyzing moderate -- and I consider it moderate -- volume of
2  documents.  14,000 pages in a case like this -- that does not
3  mean that it cannot be overwhelming.  It does.  It does not
4  mean it can't even be too much, but the number 14,000 by
5  itself, and lining up the folders, that does not strike me as
6  out of line with the expectations of what I had when you
7  agreed to this schedule after the last adjournment that I
8  granted.
9              All right.  I do not want to cut you off.  Is there
10 anything else you need to tell me?
11             MR. BALAREZO:  Apparently not, Your Honor.
12             THE COURT:  Anything from the government?
13             MS. PARLOVECCHIO:  No, Your Honor.
14             THE COURT:  I am going to make some minor
15 accommodations to the defense, but I am not going to adjourn
16 this trial again.  As I have said every time this has come up,
17 and I have had repeated applications for adjournment, many of
18 which I have granted, nobody is going to be as ready to try
19 this case as they would like to be.  That is an inevitable
20 part of trying a case this big.  If you took the time to
21 prepare thoroughly, by the time you got there, you would have
22 problems with stale information.  You already have some of
23 those problems.  It would be even worse if we insisted that
24 everybody have total control of all the documents.  I
25 understand the defense, in its characterization, does not

1   think they are asking for total control; they are asking for
2   what they consider to be a reasonable opportunity to prepare
3   for trial, but I think there has been pretty much enough
4   opportunity.  The continuance request was raised at the last
5   conference, the last two conferences -- that was on
6   October 10th, four days after the government produced 3500
7   materials for the cooperating witnesses -- and I really do not
8   see much has changed.  As I say, nothing beyond my
9   expectations of where we would be at this point and nothing
10  material.
11          Again, the government told the defendant that back
12  in July that the 3500 material would be 25,000 pages.  If the
13  government had, in fact, produced 50,000 instead of 25,000, we
14  would have a little issue, but we are at a lesser stage than
15  we expected to be when this last came up.
16          What I am going to do for the defense is this:  I am
17  going to squeeze a little more time out of the schedule to
18  help by doing two things, and that is really all I think we
19  can do.  There are too many competing considerations in terms
20  of putting on a case like this to have yet another lengthy
21  adjournment.
22          First, we should all try very hard to pick the jury
23  next week as reasonably quickly as possible.  One way of
24  incentivizing us to do that is that to the extent we finish
25  early in the week, we will not have opening statements until

1  the following Tuesday, so those will hopefully squeeze out a
2  few additional preparation days in there.
3        In addition, we had talked about sitting on some
4  Fridays in order to make up for some of the holidays that we
5  are going to be losing on the schedule.  I am prepared to
6  effectively extend the trial by not sitting on any Fridays,
7  which should also give three or four more days for document
8  review to the defense if they need that.  You know, you have
9  to remember, some of these witnesses will be on the stand for
10 a long time and not all lawyers have to be in the courtroom
11 working on that witness when they are there.  I am obviously
12 not telling the defense anything it does not know, but there
13 are ways to do track preparation during a trial as you learn
14 what witnesses are important and what witnesses are not.
15       Now, having said that, I do have to say to the
16 government, I do not see any universe in which I am going to
17 permit the government to introduce -- I think it is something
18 like 33 individual murder conspiracies and another six group
19 murder conspiracies.  It is way too much.  The government has
20 to remember that this is a drug case -- it is a drug
21 conspiracy case that involves murder, and I am not in any way
22 going to let them try a murder conspiracy case that happens to
23 involve drugs.  You have got to cut that number way down.  I
24 do not know if I want to tell you six, eight, ten, twelve, but
25 it is not going to be 33 or 38.  Not happening.  It would

1  completely overshadow what the indictment is in this case.
2              I am going to instruct the government, prioritize.
3  Decide what is your best shot what you are going to get in,
4  and then tell the defense right away so that they are not
5  wasting time preparing to rebut alleged murder conspiracies
6  that I am not going to let you put on anyway.  Take your best
7  shot and get rid of the rest.  I will cut you off in the
8  middle of the trial, and if you have not gotten in your most
9  important stuff at the time I do that, then you will not get
10 in your most important stuff.  It is just out of control.
11             Okay.  That is my ruling on the mass of papers I
12 have received.
13             There are a couple of other things that are pending,
14 I am going to get orders out this week, maybe even this
15 afternoon when I get the government's reply on the latest
16 MILs, I will take that as well.
17             Mr. Lichtman, I see you are dying to ask a question.
18 Go ahead.
19             MR. LICHTMAN:  Thank you, Judge.  One thing that
20 might help us as well -- and this has been discussed, I
21 believe informally, perhaps with Your Honor as well -- perhaps
22 the government can provide to us the week before which
23 cooperators it plans on calling the following week.
24             THE COURT:  Sounds reasonable.
25             MS. PARLOVECCHIO:  We are happy to do that, Your

1  Honor.  In fact, we had offered to do that prior to all these
2  motions being filed.
3          THE COURT:  Everyone here is cooperating, I
4  understand that.
5          MS. PARLOVECCHIO:  Correct.
6          THE COURT:  Let's just make sure we keep it that
7  way.
8          MR. LICHTMAN:  Thank you, Judge.
9          MS. PARLOVECCHIO:  Yes, Your Honor.
10         Just, if the government may, with regard to the
11 point about the murders.
12         The government charged Violation 85, it is a murder
13 conspiracy, it is also the methods and means by which this
14 defendant ran his enterprise for 25 years.  Many of these
15 murders concern our cooperators who did these murders in
16 concert with the defendant.  He conspired with them, he
17 ordered those murders, they are part and parcel of the story.
18 So this is not an issue of the government piling on, and, in
19 fact, I expect the defense will want to cross-examine our
20 witnesses about all of those murders, and that's how they've
21 ended up in our Bill of Particulars.
22         THE COURT:  Let me say this:  I have granted the
23 government's direct evidence and 404(b) motion as to getting
24 in murders.  I understand the importance.  It is very
25 difficult for me, as I sit here today, not knowing the case as

1  well as any of the lawyers here, to know where the line is.
2  Is it impossible that I will let you put in all of that
3  Violation 85 evidence?  I suppose nothing is impossible.  I am
4  just giving you my visceral reaction to that kind of number
5  and telling you it is shocking to me and, therefore, it makes
6  me think it will be very difficult for you to get anywhere
7  near that.  I mean, to prove your point that murder was an
8  important component of this conspiracy, do you need 38?  Now,
9  I know you have got 38 cooperators -- or however many you
10 have -- who can testify to those 38, but they do not have to.
11             I also agree with you if the defense opens the door
12 and says, weren't you involved in this other murder?  Well,
13 then, the door is open, and you can get that in, but I am just
14 telling you, viscerally, looking at this case, the number you
15 are putting forward, besides probably unnecessarily
16 complicating the defense's preparation efforts, it just has
17 real 403 problems as a visceral matter when I look at it, and
18 you have got to keep that in mind and try to streamline your
19 case, okay?
20             MS. PARLOVECCHIO:  Yes, Your Honor.
21             THE COURT:  I will see you on Monday at 9:30.  You
22 will have an order talking about the procedures we are going
23 to use.  I know the press has motions pending, I am going to
24 deal with that as well this week, and so we will see you on
25 Monday.

Proceedings 14

1           Thanks very much.
2           MR. LICHTMAN:  Thank you, Your Honor.
3           THE COURT:  Do you have something else?
4           MS. PARLOVECCHIO:  I'm sorry, Judge, just one issue.
5           With regard to voir dire, I know Your Honor said
6    that there will be two attorneys from each side permitted to
7    do the questioning.  I just wanted to confirm that the other
8    counsel would be permitted to be present as well.
9           THE COURT:  I do not know.  I am thinking about it.
10          MS. PARLOVECCHIO:  Okay.
11          THE COURT:  I will have an order out this week one
12   way or the other.
13          MS. PARLOVECCHIO:  Thank you, Your Honor.
14          MR. BALAREZO:  Your Honor, if I can follow up with
15   that.
16          THE COURT:  Sure.
17          MR. BALAREZO:  Is the procedure going to be that the
18   Court's going to do it here in the open courtroom?
19          THE COURT:  It is all going to be in the order, but
20   what I am contemplating is that -- wait for the order.  Your
21   questions will be answered; all will be revealed.
22          MR. BALAREZO:  There is only one thing that I would
23   like to say, though, is Mr. Guzman is not going to waive his
24   presence at --
25          THE COURT:  I am assuming that.  I have been

Proceedings 15

1 assuming that.
2          MR. BALAREZO:  All right.
3          THE COURT:  Okay.  Thank you all.
4          MR. BALAREZO:  Thank you.
5          MS. PARLOVECCHIO:  Thank you, Your Honor.
6          (Matter concluded.)

                    *   *   *   *   *

10 I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

12    /s/ Denise Parisi                October 31, 2018
13      DENISE PARISI                         DATE