

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:BCR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 14, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Joaquin Archivaldo Guzman Loera
                Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

        Pursuant to the Court's order adopting the parties' joint proposal for review of sealed and redacted documents entered on the docket in this case, see Dkt. No. 557, the government has reviewed the government filings filed under seal since October 1, 2018.

        First, the government has determined that the considerations that previously justified sealing docket entries 344, 346, 347, 369, 377, 398, 467, 490, and 494 no longer apply – generally because the cooperating witnesses identified or referenced in those entries have now been publicly revealed – and those documents may therefore be unsealed in their entirety.[1] The government asks the Court to direct the Clerk of Court to unseal them and enter them on the public docket.

        Second, with respect to docket entries 365, 384, 387, 406, 436, and 484, the government hereby attaches those filings with partial redactions. These limited redactions are necessary to (1) protect ongoing government investigations; (2) protect operational details about law enforcement operations and techniques, including details about witness security programs; (3) protect cooperating witnesses and non-testifying witnesses who, although their identities were revealed at trial, would nonetheless face security risks if additional details and

---

[1] In its previous filing regarding unsealing various documents, see Dkt. No. 569, the government explained that docket entries 413, 421, 504, and 506 could be unsealed in their entirety and asked the Court to direct the Clerk of Court to make them available on the public docket.

information about them contained in sealed filings are publicly revealed and/or who have taken steps to conceal their identities and whereabouts in their day-to-day lives in order to protect their safety; (4) protect the privacy and identities of persons who did not testify at trial; and (5) avoid the public disclosure of sensitive, private details about a cooperating witness and the defendant that were not disclosed at trial in light of the Court's rulings. See Dkt. Nos. 404, 549. For the reasons set forth in the government's prior submissions as well as in the underlying documents themselves, the government submits that there is a sufficient rationale for the redactions to these docket entries.

Third, the government submits that the following docket entries should remain under seal: 338, 348, 349, 352, 353, 378, 380, 397, 408, 434, 458, 501, 511, 516, 522, 524, 537, and 542.[2] The reasons that initially justified sealing those documents continue to apply with full force, even after the conclusion of trial. In general, these documents should remain sealed because they are, inter alia, ex parte submissions (including Charmer/PSR submissions for in camera review), Giglio letters that amount to discovery not otherwise publicly available or disclosed in Court, documents covered by existing sealing orders, and/or because a sufficient rationale for sealing is otherwise articulated in the filings themselves.[3]

---

[2] Docket entries 338, 522, 524, and 542 have already been filed in largely unredacted form at docket entries 340, 546, 525, and 543, respectively.

[3] The government submits that sealing of these documents is justified on the present record alone. If necessary, however, the government will supplement the existing record with additional detail sufficient to justify continued sealing.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida

cc:   Clerk of Court (BMC) (via ECF)
      Defense Counsel (via Email)