

U.S. Department of Justice

United States Attorney
Eastern District of New York

GMP:BCR
F. #2009R01065

271 Cadman Plaza East
Brooklyn, New York 11201

November 9, 2018

**TO BE FILED UNDER SEAL**

By ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Joaquin Archivaldo Guzman Loera
                    Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

        The government respectfully submits this opposition to the defendant's motion to reconsider the Court's order granting the government's motion to preclude cross-examination of CW10 regarding [REDACTED] and the fact that CW10 once heard voices while in solitary confinement in 2001. See Dkt. No. 420 ("Def. Br."). There is no basis for reconsideration of the Court's order.

        First, the defendant seeks "clarification" of the Court's ruling that the defense may elicit testimony that the government previously provided non-monetary assistance to CW10, but may not [REDACTED]. The government submits that the Court's order was clear on those basic contours. As the Court explained, "Defendant may [] elicit testimony that the Government previously provided substantial non-monetary assistance to CW10 and CW10's family and, although the Government continues to assist them now, it provides less assistance than it used to." See Dkt. No. 414 at 10.[1] The

---

[1] There is a risk that eliciting testimony that [REDACTED]

The government urges the Court to be attuned to this risk and not to permit the defense to argue or imply that the decrease in government assistance indicates that the government made a negative judgment about CW10.

Court also cautioned defense counsel that "should they attempt to elicit information about ███ ████████████████████████ the Court will consider cutting off the defendant's cross examination of CW10 entirely." Id. While the government expects to elicit limited testimony from CW10 on direct examination that ██████████████████████████████ ████████████████████████████████████ The Court's order thus is clear that defense counsel may cross-examine CW10 about the fact that he received substantial non-monetary assistance from the government ███████████████████████████████████████████████ but the defendant may not cross-examine CW10 about ███████████████████████████.

With respect to CW10's misrepresentation ████████████████████ █████████████ the Court's order also explained that the defendant may not ████████ ████████████████████████████████████████████████████████████████ Id. at 11. The government submits that this, too, is clear as to the contours of permissible cross-examination. The defense is free to ask CW10, therefore, whether he was untruthful with government officials in regards to whether he had smoked cigarettes in his home.

In addition to those points, however, the defendant conceals in his request for "clarification" an additional request: that the defense be permitted to elicit detail about CW10's threats ████████████████████████████████████████████████████████████ The defendant does not detail the purpose for which he intends to elicit these details, but it is clear that those threats do not bear on CW10's character for truthfulness, as there is no suggestion that CW10 lied in connection with those threats. Cross-examination is therefore not permitted by Rule 608(b). See Fed. R. Evid. 608(b) ("[T]he court may, on cross-examination, allow [specific instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of [] the witness."); see also Fed. R. Evid. 611(b) ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."). As the government explained in its opening brief, CW10's threats pose a risk of confusion and have virtually no probative value. See Dkt. No. 375 at 10. The defendant's request to be permitted to elicit detail about these threats should be denied.[2]

---

[2] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

Second, apart from the defendant's request for clarification, the defendant urges reconsideration of the Court's decision to preclude cross-examination about the instance in which CW10 heard voices while in solitary confinement in 2001-2002. This occurred three to four years after CW10 was arrested, and therefore well after the events about which CW10 will testify. In United States v. Dupree, 833 F. Supp. 2d 255 (E.D.N.Y. 2011), a case cited by the defendant in his previous motion for reconsideration, see Dkt. No. 410, another judge in this district explained that the admissibility of psychological evidence turns on the "'nature of the psychological problem, the temporal recency or remoteness of the history, and whether the witness suffered from the problem at the time of the events to which she is to testify, so that it may have affected her ability to perceive or to recall events or to testify accurately.'" Id. at 264 (quoting United States v. Vitale, 459 F.3d 190, 195 (2d Cir. 2006)). Here, CW10's episode of hearing voices occurred while he was in solitary confinement in 2001, does not persist to this day, and post-dates the events to which he is to testify. The applicable legal standards, thus, do not provide a path to admissibility on cross-examination for this psychological issue.

The two cases cited by the defendant in his motion for reconsideration—both of which are out of this jurisdiction—do not suggest a contrary conclusion. In United States v. Peters, 236 Fed. Appx. 217 (7th Cir. 2007), the Seventh Circuit affirmed the district court's exclusion of evidence of an eyewitness's diagnoses for mental illness and related hospital reports. See id. at 220. The Seventh Circuit noted that defense counsel had been permitted to "delve[] into" the witness's mental health history before drawing an objection, but did not hold, contrary to the defendant's citation, that a party is "entitled" to "delve into" any aspect of mental health history that the party wishes. Instead, as the court put it, a jury should "know about any mental health issues that would compromise a witness's ability to perceive and recall events at the time the crime occurred." Id. at 221 (emphasis added). Because CW10's instance of hearing voices occurred after the events to which he is to testify, and the ailment is not chronic or ongoing today, Peters does not support the defendant's argument.

Parker v. Ercole, 582 F. Supp. 2d 273 (N.D.N.Y. 2008), the second case cited in the defendant's motion, has no application here. It is a habeas case arising out of the petitioner's conviction in state court for first degree sodomy of a minor, in which a contested issue in the § 2254 proceeding was the trial court's order that the defendant was required to provide the victim's mental health records to the prosecution. The court rejected the petitioner's contention that providing those records to the prosecution had violated his right to present a defense. In doing so, the district court noted without analysis or comment that defense counsel at trial had explored on cross-examination a notation in the victim's

psychiatric records that the victim had heard voices. See id. at 305. Whether that cross-examination had been proper was not an issue before the federal court in the habeas proceeding. See id.

Ultimately, the defendant's motion does not meet the "strict" standard for reconsideration, which dictates that a Court should reconsider its decision "only if the moving party can point to controlling decisions or data that the court overlooked" in its original decision. Fan v. United States, 710 Fed. Appx. 23, 24 (2d Cir. 2018) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal citation and quotation marks omitted)). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." Id.

For the reasons set forth above and in the government's prior briefing related to CW10, the Court's initial rulings are correct. The Court should adhere to them.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    UNITED STATES ATTORNEY
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, New York 11201

    ARTHUR G. WYATT, CHIEF
    Narcotic and Dangerous Drug Section
    Criminal Division,
    U.S. Department of Justice

    OF COUNSEL:

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY
    Southern District of Florida

cc:    Clerk of Court (BMC) (via ECF)
       Defense Counsel (via Email)