

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MPR:BR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 5, 2019

**TO BE FILED UNDER SEAL**

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Joaquin Archivaldo Guzman Loera
                 Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

      Pursuant to the Court's March 20, 2019 order, the parties respectfully submit this joint letter regarding the defendant's proposal for unsealing docket entries.[1] This letter follows two government filings unsealing various docket entries that had previously been under seal or partially redacted. See Dkt. Nos. 569, 587. The parties have reached agreement regarding all outstanding documents under seal.

      Joint Summary

      The parties agree that the following docket entries can be unsealed and made available on the public docket: 410, 427, 445, 467, 468, 475, 476, 478, 479, 488 (letter only, not attachments 488-1 to 488-5), 508, and 531 (letter only, not attachment marked 531-1).

      The parties agree that the following documents can be unsealed with limited redactions: 420, 477, 484, and 528. Redacted versions of these documents are attached hereto.

---

[1] The parties are inadvertently filing this letter following the Court's April 3, 2019 deadline.

The parties agree that the following documents should remain under seal: 457, 488-1 to 488-5 (attachments only), and 531-1 (attachment only), and the government's Giglio letters (353, 378, 434, 459, 516).

The government's rationale for its proposed sealing and redaction is detailed below. The parties are concurrently filing a public version of this letter with redactions where certain details of the government's argument would threaten or undermine the reason for continued sealing and/or redaction.

Government's Position on Redactions and Continued Sealing

First, the government submits that redactions to documents 420, 477, 484, and 528 are necessary to protect witness security.

The proposed redactions to docket entry 420 are consistent with those made to docket entry 436, see Dkt. No. 587-5, and are necessary for the same reason. Specifically, the government proposes to redact information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See, e.g., Dkt. No. 447 at 8. Such details may properly be withheld from the public record. See United States v. Amodeo, 4 F.3d 141, 147 (2d Cir. 1995) ("Amodeo I"); see also Dkt. No. 549 (Government Response to Press Letters).

The proposed redactions to docket entry 477 are consistent with the government's previous redactions to docket entry 460 (see Dkt. No. 596-5). These redactions are necessary to protect the safety of a cooperating witness and his family. As the Court is aware from previous briefing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ could pose serious safety risks to the witness's family in Mexico.

The proposed redactions to docket entry 484 are necessary for the same reason as the government's proposed redactions to docket entry 477, described above.

The government's proposed redactions to docket entry 528 are necessary to ensure witness safety. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Second, the government submits that documents 457, 488-1 to 488-5 (attachments only), and 531-1 (attachment only) should be kept under seal, as should the government's Giglio letters.

Docket entry 457 should be kept under seal because it concerns a cooperating witness's ███████████████████████████████████████████. The Court has previously recognized the compelling need to keep these details under seal in order to ensure that witness's safety. See Dkt. No. 415 at 11-12.

Docket entries 488-1 to 488-5, 531-1, and the government's Giglio letters, should be kept under seal because they amount to discovery exchanged between the parties, and therefore are not "judicial documents" generally available to the press and the public. As the Second Circuit has explained, documents "passed between the parties in discovery" have "no role in the performance of Article III functions" and therefore "lie entirely beyond" the common-law presumption of access. United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II"). See also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) ("[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."). As the Southern District of New York explained, summarizing an exhaustive survey of case law, "discovery is a private process between the parties," so courts "generally view the documents or materials shared between them as outside the judicial function and therefore not presumptively accessible." United States v. Smith, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013).

In its Giglio letters, the government disclosed information in its possession related to the government's witnesses, and the defense presumably used that information in furtherance of its own investigation, and/or used the information at trial as it saw fit. These Giglio letters are therefore prototypical discovery.[2] As with other documentary discovery exchanged between the parties, they are not public documents and the presumptive right of access advanced by the New York Times and other press outlets when they sought to unseal documents in this case, see Dkt. No. 536, does not apply.

The same rationale applies to documents 488-1 to 488-5, which is the defendant's submission of Section 3500 material for in camera review of the government's redactions, as well as document 531-1, an excerpt of Section 3500 material that the defendant attached to a supplemental response to the government's motion in limine. With respect to document 488, the Court reviewed the Section 3500 material attached to the defendant's motion and determined that the government's redactions had been appropriate. See 12/11/2018 Transcript 2692:4-25. As Section 3500 material, documents 488-1 to 488-5 and document 531-1 constitute discovery, to which there is "no presumptive right of access." Smith, 985 F. Supp. 2d at 520. See also United States v. Wolfson, 55 F.3d 58, 61 (2d Cir. 1995) ("We are not aware . . . of any common-law

---

[2] Although the Giglio letters were filed under seal on the docket in this case consistent with local practice, in many federal jurisdictions, such letters are not filed with a district court at all.

3

principle that documents submitted to a court <u>in</u> <u>camera</u> . . . are to be deemed judicial records open to the public.").

                                                                         Respectfully submitted,

| COUNSEL FOR DEFENDANT | RICHARD P. DONOGHUE |
|---|---|
| A. Eduardo Balarezo, Esq. | UNITED STATES ATTORNEY |
| William Purpura, Esq. | Eastern District of New York |
| Jeffrey Lichtman, Esq. | 271 Cadman Plaza East |
| | Brooklyn, New York 11201 |
| | |
| | ARTHUR G. WYATT, CHIEF |
| | Narcotic and Dangerous Drug Section |
| | Criminal Division, |
| | U.S. Department of Justice |
| | |
| | OF COUNSEL: |
| | BENJAMIN J. GREENBERG |
| | UNITED STATES ATTORNEY |
| | Southern District of Florida |

cc:    Clerk of the Court (BMC) (by ECF)