```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                - against -                                 :   ORDER
                                                            :
JOAQUIN ARCHIVALDO GUZMAN                                   :   09-cr-0466 (BMC)
LOERA,                                                      :
                                                            :
                            Defendant.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

    1. In response to the Court's order dated January 13, 2019, the parties filed a jointly-proposed schedule governing the unsealing of sealed and redacted documents filed in this case. Consistent with that order, the Government made filings on February 1, 2019 [569] and March 14, 2019 [587], and the parties made a joint filing on April 5, 2019 [601], which set forth their positions with respect to documents that can be unsealed, and to what extent. The Court's findings with respect to each document addressed in those filings are as follows.

    2. Consistent with the parties' representations, there is no longer a basis to seal ECF Nos. 344, 346, 347, 369, 377, 398, 410, 413, 421, 427, 445, 467, 468, 475, 476, 478, 479, 490, 494, 504, 506, and 508.[1] These documents will therefore be unsealed in their entirety.

    3. Only the main document filed at ECF No. 488 will be unsealed. The attachments to that letter, ECF. Nos. 488-1 to 488-5, shall remain under seal, because filings that disclose information pursuant to 18 U.S.C. § 3500 are not generally considered public information, and

---

[1] In the Government's February 1st filing, the Government proposed redactions to ECF No. 494. The Court accepts as operative the Government's later representation that this document can be unsealed in its entirety. The parties also represent that ECF Nos. 467, 478, and 490 can be unsealed in their entirety. Those documents have already been unsealed. Finally, ECF Nos. 468, 475, 476, 479, and 490 were originally filed on the docket as redacted documents, so the Court cannot remove those redactions, but the un-redacted versions of those filings have subsequently been unsealed by the Court in their entirety.

complete sealing of the information contained therein is both necessary and narrowly tailored to protect the safety and privacy of cooperating witnesses.

4. Only the main document filed at ECF No. 531 will be unsealed. The attachment to that letter, ECF No. 531-1, shall remain under seal, because filings that disclose information pursuant to 18 U.S.C. § 3500 are not generally considered public information, and complete sealing of the information contained therein is both necessary and narrowly tailored to protect the safety and privacy of cooperating witnesses.

5. The Government's redactions applied to ECF No. 350, see ECF No. 569-1; ECF No. 396, see ECF No. 569-4; ECF No. 460, see ECF No. 569-5; ECF No. 477, see ECF No. 600-2; ECF No. 484, see ECF No. 600-3; and ECF No. 528, see ECF No. 600-4 are necessary to protect the safety of cooperating witnesses and are narrowly tailored to achieve that goal.

6. The Government's redactions applied to ECF No. 354, see ECF No. 569-2, are necessary to protect the privacy of non-testifying individuals, related to information that is personal and bears no relation to defendant, the substance of this trial, or the veracity of witnesses, and the redactions are narrowly tailored to achieve that goal.

7. The Government's redactions applied to ECF No. 375, see ECF No. 569-3; ECF No. 387, see ECF No. 587-3; ECF No. 406, see ECF No. 587-4; ECF No. 436, see ECF No. 587-5; ECF No. 484, see ECF No. 587-6; and ECF No. 420, see ECF No. 600-1 are necessary to (1) protect the safety of cooperating witnesses and (2) protect details about law enforcement operations, and the redactions are narrowly tailored to achieve those goals.

8. The Government's redactions applied to ECF No. 365, see ECF No. 587-1, are necessary to (1) protect the defendant from prejudice and (2) protect the private details about

sensitive issues not related to the substance of this trial, and the redactions are narrowly tailored to achieve those goals.

9. The Government's redactions applied to ECF No. 384, see ECF No. 587-2, are necessary to (1) protect the safety of cooperating witnesses and (2) protect the privacy of non-testifying individuals, related to information that bears no relation to defendant, the substance of this trial, or the veracity of witnesses, and the redactions are narrowly tailored to achieve those goals.

10. ECF No. 338 is covered by the protective order in this case and therefore shall remain under seal.

11. ECF Nos. 348, 349, 353, 378, 380, 408, 434, 458, and 459 shall remain under seal because Presentence Investigation Reports submitted for *ex parte* review by the Court pursuant to United States v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983), are not generally considered public information, and complete sealing of the information contained therein is both necessary and narrowly tailored to protect the safety and privacy of cooperating witnesses.

12. ECF Nos. 352, 397, and 522 shall remain under seal because sealing is both necessary and narrowly tailored to protect the safety of cooperating witnesses.

13. ECF Nos. 353, 378, 434, 457, 501, 516, and 537 shall remain under seal because letters exchanged between the parties disclosing information pursuant to 18 U.S.C. § 3500 and Giglio v. United States, 405 U.S. 150 (1972), are not generally considered public information, and complete sealing of the information contained therein is both necessary and narrowly tailored to protect the safety and privacy of cooperating witnesses.

14. ECF No. 511 shall remain under seal for the reasons articulated in the Court's sealing orders dated December 19, 2019 and January 10, 2019.

15. ECF Nos. 524 and 542 shall remain under seal (1) for the reasons articulated in the Court's sealing orders dated December 19, 2019 and January 10, 2019 and (2) because sealing is necessary to protect details about law enforcement operations, and the redactions applied to the publicly-available versions of these documents are narrowly tailored to achieve both goals.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       April 15, 2019