

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MPR:BCR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 5, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Joaquin Archivaldo Guzman Loera
                 Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

      Pursuant to the Court's orders of March 20, 2019 and April 15, 2019, the parties respectfully submit this joint letter regarding the unsealing of certain docket entries in this case. This letter follows prior filings unsealing various docket entries that had previously been under seal or partially redacted. See Dkt. Nos. 569, 587, 600.

      Joint Summary

      The parties are in agreement that the following docket entries can be unsealed and made available on the public docket: 124, 126, 174, 175, 230, 256, 263[1], 276[2], 283, 286, 307, 311, and 334.

---

[1] The government submits that the exhibits to Dkt. Nos. 263 and 276 should not be made publicly available, but the defense submits that they should be. The exhibits to those filings are MLAT requests, search warrants, and other investigative documents provided to the defense in discovery. The government's position is that those exhibits amount to discovery, and therefore are not presumptively afforded the common law right of access to judicial documents. This position is further articulated herein. Insofar as the Court agrees that these exhibits should be unsealed, the government respectfully requests the opportunity to propose redactions.

[2] See Note 1, above.

The parties agree that document 45 can be unsealed with limited redactions. The rationale for the proposed redactions is articulated herein, and the proposed redacted version of the document is attached hereto.[3]

The defense submits that the following documents should be unsealed in their entirety, whereas the government proposes redactions: 114, 169, 204, 264, 327, 358, and 360. The rationale for the government's proposed redactions is articulated herein, and the proposed redacted versions of the documents are attached hereto.

The defense submits that the following documents should be unsealed, and the government submits that they should remain sealed and/or redacted in their current form on the public docket: 66, 214, 250, 329, 336, and 341.

The defense submits that the following documents should be unsealed, but the government notes that they have already been addressed in the Court's April 15, 2019 Order (Dkt. No. 603), and submits that there is no reason to modify that previous order: 338, 365, 375, 378, and 384.

The parties agree that the following documents should remain in their current form on the public docket, i.e. either under seal or redacted: 31, 97, 99 (available in redacted form at 98), 102, 103, 104, 113, 116, 133 (available in redacted form at 132), 136 (available in redacted form at 135), 153 (available in redacted form at 152), 198, 199, 247 (available in redacted form at 248), 305, 316, 318, 320, 332.

The government's rationale for its proposed sealing and redaction is detailed below.

Government's Position on Redactions and Continued Sealing

First, as to the government's proposed redactions, the government submits that redactions to documents 45, 114, 169, and 204 are necessary to protect witness safety. Specifically, those documents are ex parte letters that the government submitted in support of its requests (1) for a protective order (45), (2) to compel redaction of a document filed by the defense (114), and (3) for delayed disclosure of certain discovery material (169, 204). Among other things, those letters included details as to the locations of witnesses and government efforts made to protect their safety and that of their families. The government proposes redactions to portions of those documents that reveal the current locations of witnesses and/or their families, operational details about government efforts to protect witnesses and their families, and information about ongoing criminal investigations into persons other than the defendant. Such details may properly be withheld from the public record. See United States v. Amodeo, 4 F.3d 141, 147 (2d Cir. 1995) ("Amodeo I"); see also Dkt. No. 549 (Government Response to Press Letters).

---

[3] This letter is being filed on the public docket without attachments; a copy will also be filed under seal with the proposed redacted documents attached for the Court's review.

2

The government's proposed redactions to documents 327, 358, and 360 are necessary to protect the privacy interests of a testifying witness, as they concern a sensitive personal incident that was not revealed at trial. See United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II") ("[F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."); see also Dkt. No. 549 at 2.

The government's proposed redaction to document 264 is to a portion of the filing that quotes a document produced in discovery. As the Second Circuit has explained, documents "passed between the parties in discovery" have "no role in the performance of Article III functions" and therefore "lie entirely beyond" the common-law presumption of access to judicial documents. Amodeo II, 71 F.3d at 1048. See also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) ("[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."). As the Southern District of New York explained, summarizing an exhaustive survey of case law, "discovery is a private process between the parties," so courts "generally view the documents or materials shared between them as outside the judicial function and therefore not presumptively accessible." United States v. Smith, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013).

Second, as to the documents that the government contends should remain sealed and/or redacted over the defendant's objection, the government submits the following rationales:

As to document 66, which is an ex parte submission relating to potential conflicts of interest, the government submits that it should remain sealed for the reasons stated in the filing itself. In particular, the filing identifies potential witnesses who did not testify at trial and contains non-public information about prior defense counsel's potential conflicts of interest. Sealing is necessary to protect the potential witnesses as well as the confidential nature of the attorney-client relationship, which may be implicated by the filing. See In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987); see also Amodeo II, 71 F.3d at 1049.

Document 214 is an ex parte submission detailing sensitive investigative techniques related to a witness's cooperation, details concerning law enforcement efforts to protect that witness's safety and that of his family, and sensitive personal information about the witness's medical history. The filing itself detailed the reasons justifying sealing and the government respectfully refers the Court to that filing in advocating continued sealing.

Document 250 should remain on the docket in its currently redacted form. It quotes excerpts of documents produced in discovery. As set forth above, discovery is not presumptively accessible to the public pursuant to the common-law right of access to judicial documents, and the existing redactions reflect that limitation. See Amodeo II, 71 F.3d at 1048; see also Seattle Times, 467 U.S. at 33.

Document 329 is an ex parte letter that details specific steps taken by law enforcement to protect witnesses. It should remain under seal for the reasons articulated in the letter itself, namely to protect sensitive law enforcement methods and witness safety. See Amodeo I, 44 F.3d at 147.

Documents 334, 336, and 341 are the government's motion for sanctions, the defendant's opposition, and the defendant's sur-reply thereto. The Court has already ruled that the government's reply brief is covered by the Protective Order entered in this case and discussed in those filings. See Dkt. No. 603 ¶ 10. The government submits that these related filings should remain under seal for the same reason. The government additionally notes that redacted versions of those filings are currently available on the public docket.

Third, as the government notes above, documents 338, 365, 375, 378, 384 are already covered by the Court's April 15, 2019 Order (Dkt. No. 603) and submits that there is no reason to modify that previous order.

Fourth, with respect to the documents that the parties agree should remain sealed and/or redacted, the government provides the following rationales:

Continued sealing of document 31 is warranted for the reasons stated therein in support of its original sealing. Specifically, sealing is necessary to protect the integrity of ongoing government investigations of non-parties. See Amodeo I, 4 F.3d at 147; see also Dkt. No. 549 (Government Response to Press Letters).

Continued sealing of documents 97, 102, 103, and 104 is justified by the Court's finding and order as set forth in document 104. See Dkt. No. 104 at 4-5.

Continued sealing of documents 113 and 116 is justified by the Court's finding and order as set forth in document 116. See Dkt. No. 116 at 1-2.

Continued redaction of documents 132 (under seal as Dkt. No. 133), 135 (under seal as Dkt. No. 136), and 152 (under seal as Dkt. No. 153) is necessary to protect the identity of the Metropolitan Correctional Center ("MCC") employee who signed affidavits submitted to this Court. See In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987); see also Amodeo II, 71 F.3d at 1049. The same rationale justifies the redactions to document 98 (under seal as document 99), which identifies MCC employees and provides operational details about MCC security procedures.

Continued redaction of document 198 is necessary for the reasons stated in the filing itself, i.e. to comply with the Special Administrative Measures ("SAMs") restricting the defendant's communications with non-counsel. See Dkt. No. 198.

Continued sealing of document 199 is necessary to protect the defendant's privacy interest in his medical and health concerns. See United States v. Martoma, No. 12-CR-973 (PGG), 2014 WL 164181, *6 (S.D.N.Y. Jan. 9, 2014) (holding that courts "grant the greatest protection" to information involving "medical, health-related, family, or personal financial matter[s]") (citing Amodeo II).

Continued redaction of document 248 (under seal as document 247) is warranted because the redacted portions of the document are excerpts of discovery passed between the

4

parties. As discussed above, there is no common-law presumption of access to discovery. Continued sealing of document 320 is justified for the same reason, as document 320 is a government letter directing defense counsel to a particular set of documents in discovery.

Documents 305, 316, 318, and 332 relate to a potential conflict of interest on the part of defense counsel. As such, they identify potential witnesses and contain non-public information about defense counsel's representation and potential representations of non-parties. Sealing is necessary to protect the potential witnesses as well as the confidential nature of the attorney-client relationship. See In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987); see also Amodeo II, 71 F.3d at 1049.

Respectfully submitted,

COUNSEL FOR DEFENDANT
A. Eduardo Balarezo, Esq.
William Purpura, Esq.
Jeffrey Lichtman, Esq.

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida

cc: Clerk of the Court (BMC) (by ECF)