

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP/AG:MR                                   *271 Cadman Plaza East*
F. #2009R01065                              *Brooklyn, New York 11201*

August 7, 2017

**SUBMITTED <u>EX</u> <u>PARTE</u> AND UNDER SEAL**

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Joaquin Archivaldo Guzman Loera
       <u>Criminal Docket No. 09-466 (BMC) (S-4)</u>

Dear Judge Cogan:

    The government respectfully submits this <u>ex</u> <u>parte</u> letter in further support of its motion to redact the defendant's motion to dismiss the indictment ("Motion to Redact"). <u>See</u> Dkt. No. 113. In its Second <u>Ex</u> <u>Parte</u> Submission, <u>see</u> Dkt. No. 45, the government provided information regarding the defendant's attempts to kill Miguel Angel Martinez Martinez ("Martinez") on four separate occasions and steps taken by the government to protect him. <u>See id.</u> at 2, 7, 10. In that submission, the government identified Martinez as Cooperating Witness #1 ("CW #1"). The government is submitting this <u>ex</u> <u>parte</u> submission to advise the Court that CW #1 is Martinez.

    Notably, in its Second <u>Ex Parte</u> submission, the government specifically discussed Martinez as an example of why the Court should limit disclosure of publicly available § 3500 material:

      For instance, CW #1, described above, who the defendant
      previously tried to kill four separate times, testified in a prior
      criminal proceeding against an associate of the defendant. The
      transcript of his testimony is public. The government, however,
      has not publicly confirmed that CW #1 will be a witness against
      the defendant. If Defense Counsel were to disseminate the
      transcript of CW #1's previous testimony, which the government
      ultimately will turn over as § 3500 material, that dissemination

would confirm that CW #1 is a potential witness for the government in this trial. That would pose a serious risk of harm to CW #1 and his/her family. ████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ Disclosure of CW #1's prior testimony in connection with this case would put the family in grave risk of harm, especially if that testimony is publicly disclosed. To be sure, CW #1 ultimately may need to testify at this trial, at which time, his/her identity will need be disclosed. If the defendant pleads guilty after § 3500 material is disclosed, but before trial, though, CW #1's identity may never need to be publicly disclosed. And, in any event, the government has a significant interest in minimizing the potential harm to its cooperating witnesses leading up to trial, because the defendant's incentive to harm those witnesses is greatest before they testify against him. For these reasons, the government requests that Defense Counsel be precluded from further disseminating witness statements disclosed pursuant to § 3500, as such dissemination would identify them as potential witnesses in this trial.

Id. at 10.

In publicly identifying Martinez as a potential witness against the defendant, defense counsel has significantly increased the risk of harm to Martinez and his family. Defense counsel had no countervailing interest in publicly naming Martinez in the defendant's motion to dismiss. Accordingly, for the reasons set forth herein, as well as in the government's Motion to Redact, the government respectfully requests that the Court issue an order requiring the motion to dismiss filed by the defendant be redacted. Specifically, the names of potential

witnesses, their identifying information and summaries of their previous testimony should be redacted from his motion to dismiss the indictment.

Respectfully submitted,

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

BENJAMIN GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida