```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   ORDER
              - against -                                   :
                                                            :   09-cr-0466 (BMC)
JOAQUIN ARCHIVALDO GUZMAN                                   :
LOERA,                                                      :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Defendant is currently incarcerated at the Metropolitan Correctional Center ("MCC"), following his trial and conviction for, among other crimes, leading a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). By letter [614] dated May 9, 2019, defendant moved to modify the Special Administrative Measures ("SAMs") imposed on him to allow defendant (1) at least two hours of outdoor recreation per week, (2) to access to the general population commissary, (3) to purchase six water bottles every week, and (4) to obtain a set of earplugs to alleviate pain in his ear and to help him sleep. I will address each of these requests in turn.

Defendant's motion for outdoor recreation time is denied. As defendant recognizes, he was originally placed under these conditions of confinement to further the legitimate Government objective of preventing him from escaping from prison or directing any attacks on individuals who were cooperating with the Government. But defendant notes that, as I acknowledged during trial, his conduct has been exemplary since he was placed in the custody of the United States, and he argues that his exemplary conduct suggests that the SAMs do not actually further the Government's stated goal. I agree with defendant that his conduct was and remains exemplary, but that conduct is a direct consequence of the strict conditions of

confinement in which he finds himself. His continued good behavior is not a reason to modify them, it is a reason to keep them in place.

Defendant also argues that his conditions of confinement are more onerous than those imposed on individuals who have been punished for acts of violence within the prison or other rule infractions, but defendant's conditions of confinement are tailored to his specific history, including two prior prison escapes, and his specific crimes, including previously running the Sinaloa Cartel from prison and engaging in multiple murder conspiracies to kill his enemies, which were proven beyond a reasonable doubt at trial.

The Government has pointed to credible evidence about a prison escape attempt at the MCC from the only outdoor recreation area available for SAMs inmates, which, given the evidence introduced at trial about defendant's means and methods of running the Sinaloa Cartel (especially evidence related to his previous prison escapes), makes it plausible that defendant could try to recreate such an escape attempt if the opportunity presented itself. The fact that this prior escape attempt happened in 1981 does not mean that the Government's position is incredible, just like the fact that defendant's two prior escapes also happened a while ago does not deprive them of their probative value in this instance. This SAM is not designed to punish defendant, nor is it excessive or arbitrary; it furthers very real security concerns and will therefore remain in place.

Defendant's motion for access to the general population commissary is also denied. First, the Government represents that all SAMs inmates are restricted from having access to the general population commissary for security reasons, because many items on that list can be weaponized. I will not second-guess the Bureau of Prison's ("BOP") determination that certain commissary items are too dangerous to give SAMs inmates. Moreover, defendant does not

identify in his motion any items other than water bottles (which is addressed below) and food items that he would seek to purchase from the general population commissary, so there is no articulable basis to suggest that anything is being unreasonably withheld from him in violation of his constitutional rights.

Defendant's motion to purchase six water bottles per week is denied as moot. The Government represents that the MCC's records show that he has been receiving six water bottles per week since April 2019. Defendant does not deny that claim in his reply, but instead challenges the BOP's initial denial of his request for bottled water and cites to the negative health effects that this denial had on him. Presumably, the BOP has resolved this issue by giving defendant access to the requested water bottles, and my role is not to redress defendant's prior grievances. If defendant still maintains that this is not the case, and he continues to be denied bottled water, the parties will have to supply me with proof to support their positions, and the Government will have to articulate the penological purpose that denying defendant bottled water furthers, so that I can make an informed decision on this matter. I will reiterate to the parties that these types of issues can and should be resolved without court intervention (but, of course, if they are not so resolved, defendant may still bring them to my attention).

Defendant's motion for access to earplugs is similarly denied. As an initial matter, this request is illogical. In support of his claim that he needs earplugs to help with his ear pain and irritation, defendant cites to his inability to use the Court-issued earphones during trial because of his ear pain. If earphones exacerbated his ear condition during trial, I do not see how using earplugs will help the condition now. I do understand why earplugs would help defendant sleep, which is the other basis for his motion, but the Government represents that the MCC does not permit any inmate – SAMs or otherwise – to use earplugs due to legitimate safety concerns that

3

the inmates would not hear guards in an emergency or would use them to ignore the guards. Defendant contends that this is not true, but even if other inmates can purchase earplugs, I once again will not second-guess the BOP if it determines that defendant cannot have earplugs due to the unique safety concerns that he presents.

None of these conditions of confinement, considered alone or cumulatively, violate defendant's constitutional rights. Rather, defendant's challenged conditions of confinement continue to further legitimate Government objectives and remain "reasonably related to a legitimate penological interest." Turner v. Safley, 482 U.S. 78, 89 (1987). There have been no material changes in defendant's circumstances warranting modification of the SAMs.

Finally, because I find that the challenged conditions of confinement satisfy the Turner standard, I reject defendant's proposal that I transfer him to a different facility while he awaits sentencing.

**SO ORDERED.**

                                                                                              U.S.D.J.

Dated: Brooklyn, New York
       June 3, 2019