```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
              - against -                                   :    ORDER
                                                            :
JOAQUIN ARCHIVALDO GUZMAN                                   :    09-cr-0466 (BMC)
LOERA,                                                      :
                                                            :
                        Defendant.                          :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

1. In response to my order dated January 13, 2019, the parties filed a jointly-proposed schedule governing the unsealing of sealed and redacted documents filed in this case. Consistent with that schedule, the parties submitted a joint filing [610] on May 5, 2019, which sets forth their positions with respect to documents that can be unsealed, and to what extent. My findings with respect to each document addressed in that filing are as follows.

2. Consistent with the parties' representations, there is no longer a basis to seal ECF Nos. 126, 174, 175, 283, 286, and 307.[1] These documents will therefore be unsealed in their entirety.

3. Only the main document filed at ECF No. 263 will be unsealed. The attachments to that filing shall remain under seal in their entirety because they are are items of discovery provided by the Government to defendant, which are not generally considered public information.

---

[1] ECF No. 307 is the redacted version of the document filed under seal at ECF No. 298. Thus, the Clerk of Court shall unseal ECF No. 298 in its entirety, to serve as the publicly-available version of ECF No. 307, because the redactions applied to ECF No. 307 cannot be removed. If either party disagrees with this proposal, they shall notify me within 24 hours of the filing of this order. Moreover, the parties purport to agree to unseal ECF No. 334, but later the Government moved (for reasons with which I agree below) to keep ECF No. 334 entirely under seal because it is covered by the protective order. I have therefore omitted ECF No. 334 from the consented-to list.

4.  For the same reason, the Government's redaction applied to ECF No. 264, see ECF No. 611-5, is also appropriate, as well as the redactions already applied to the filings at ECF Nos. 250, 248, and 320, because the redactions protect information contained in items of discovery which are quoted in those filings. For this reason, ECF No. 247, which is the completely-sealed version of ECF No. 248, noted elsewhere in the parties' filing, shall remain under seal in its entirety.

5.  Although the parties suggest that ECF Nos. 230, 256, and 311 can be unsealed, I disagree. These documents shall remain under seal in their entirety, because complete sealing is both necessary and narrowly tailored to protect sensitive details about law enforcement operations.

6.  The Government moves to unseal only the main document filed at ECF No. 276, but to keep under seal in their entirety its attachments. But the document at ECF No. 276 has no attachments. Within three days of the entry of this order, the Government shall file a letter indicating whether it intended to move to unseal the document filed at ECF No. 276 or another document that has attachments. Until this issue is resolved, the document filed at ECF No. 276 shall remain under seal.

7.  The Government's proposed redactions applied to ECF Nos. 45, 114, 169, and 204, see ECF Nos. 611-1, 611-2, 611-3, and 611-4, are necessary to (1) protect the safety of cooperating witnesses and (2) protect details about law enforcement operations, and the redactions are narrowly tailored to achieve those goals.

8. The Government's proposed redactions applied to ECF Nos. 326,[2] 358, and 360, see ECF Nos. 611-6, 611-7, and 611-8, are necessary to protect the privacy interests and safety of a cooperating witness and are narrowly tailored to achieve those goals.

9. The redactions previously applied to the documents filed at ECF Nos. 98, 132, 135, and 152 are necessary to (1) protect the identity of individuals unrelated to this case, and (2) protect sensitive details about law enforcement operations, and the redactions are narrowly tailored to achieve those goals. For this reason, ECF Nos. 99, 133, 136, and 153, which are the fully-sealed versions of ECF Nos. 98, 132, 165, and 152, respectively, and are noted elsewhere in the parties' filing, shall remain under seal in their entirety.

10. The redactions previously applied to the document filed at ECF No. 198 are necessary to comply with the Special Administrative Measures imposed on defendant and are narrowly tailored to achieve that goal.

11. The document filed at ECF No. 199 shall remain sealed in its entirety because complete sealing is necessary to protect defendant's private medical interests and is narrowly tailored to achieve that goal.

12. The documents filed at ECF Nos. 97, 102, 103, and 104 shall remain sealed in their entirety for the reasons explained in detail in my order dated July 7, 2017 (i.e., ECF No. 104). Although the reasoning in that order cannot be made public because it would defeat the purpose of sealing, in sum, the issue discussed in these filings is not related to the trial or any of defendant's substantive rights.

---

[2] The Government states that it is applying these redactions to ECF No. 327, but the document filed at ECF No. 327 is another redacted version of the document filed completely under seal at ECF No. 326. I have adopted the Government's revised proposed redactions pursuant to this motion, and for the reasons above, the document filed at ECF No. 326 shall remain under seal in its entirety.

3

13. The documents filed at ECF Nos. 113 and 116 shall remain sealed in their entirety for the reasons explained in detail in my order dated August 10, 2017 (i.e., ECF No. 116). Although the reasoning in that order cannot be made public because it would defeat the purpose of sealing, in sum, the issue discussed in those filings relates to the safety of witnesses. For the same reason, the documents filed at ECF Nos. 121, 124, and 127 shall remain under seal.[3]

14. The documents filed at ECF Nos. 66, 214, and 329 shall remain sealed in their entirety because complete sealing is both necessary and narrowly tailored to (1) protect the safety of witnesses and (2) protect sensitive details about law enforcement operations.

15. The documents filed at ECF Nos. 334, 336, and 341 shall remain sealed in their entirety because they are covered by the protective order in this case.

16. The document filed at ECF No. 31 shall remain sealed in its entirety because complete sealing is both necessary and narrowly tailored to protect sensitive details about law enforcement operations.

17. The documents filed at ECF Nos. 305, 316, and 332 shall remain sealed in their entirety because complete sealing is both necessary and narrowly tailored to (1) protect the privacy and safety of potential witnesses and (2) protect the confidential nature of the attorney-client relationship. For the same reasons, the redactions previously applied to the document filed at ECF No. 318 are both necessary and narrowly tailored.[4]

---

[3] The parties listed the document filed at ECF No. 124 as a document that could be unsealed, but that position is inconsistent with the reasons to keep the documents filed at ECF Nos. 113 and 116 under seal. I find that because this issue is covered by the protective order, ECF No. 124 shall remain sealed. Moreover, the parties did not address the documents filed at ECF Nos. 121 and 127 in their joint filing, but because they relate to this same issue, they are covered by the protective order and shall remain sealed for the reasons stated in this order.

[4] The Government requested that the document filed at ECF No. 318 remain under seal in its entirety, but this document is a publicly-filed redacted version of the document filed under seal at ECF No. 317, which shall remain sealed in its entirety for the same reasons.

18. The documents filed at ECF Nos. 338, 365, 375, 378, and 384 shall remain wholly or partially under seal for the reasons stated in my order dated April 15, 2019, which also identifies the ECF numbers for any publicly-available versions of those filings.

19. The Clerk of Court is also instructed to unseal the document filed at ECF 611 and its attachments.

**SO ORDERED.**

                                                                                                              U.S.D.J.

Dated: Brooklyn, New York
       June 21, 2019