# Exhibit A

SLR:LDM:BGK
F.#2009R01065 / OCDETF#: NY-NYE-0616

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JOAQUIN ARCHIVALDO GUZMAN LOERA,
    also known as "El Chapo," "El Rapido,"
"Chapo Guzman," "Shorty," "El Senor,"
"El Jefe," "Nana," "Apa," "Papa," "Inge,"
and "El Viejo,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

09-CR-466 (S-4) (BMC)

        WHEREAS, on or about February 12, 2019, JOAQUIN ARCHIVALDO GUZMAN LOERA, also known as "El Chapo," "El Rapido," "Chapo Guzman," "Shorty," "El Senor," "El Jefe," "Nana," "Apa," "Papa," "Inge," and "El Viejo" (the "defendant"), was convicted after a jury trial of Counts One through Ten of the above-captioned Superseding Indictment, charging violations of 21 U.S.C. §§ 848(c), 846, 959 and 963, and 18 U.S.C. § 1956(h);

        WHEREAS, the Court has determined that, pursuant to 21 U.S.C. §§ 853(a) and 970, the defendant must forfeit the amount of $12,666,191,704.00 (the "Drugs Forfeiture Money Judgment"), as: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of the defendant's violations of 21 U.S.C. §§ 848(c), 846, 959 and 963; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses; (c) any interest in, claims against,

and property or contractual rights affording a source of control over, the continuing criminal enterprise; and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p); and

WHEREAS, the Court has determined that, pursuant to 18 U.S.C. § 982(a)(1), the defendant must forfeit the amount of $12,666,191,704.00 (the "Money Laundering Forfeiture Money Judgment") as any property, real or personal, involved in such offense, or any property traceable to such property, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p) as incorporated by § 982(b)(1).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The defendant shall forfeit to the United States the sum of $12,666,191,704.00, pursuant to 21 U.S.C. §§ 853(a), 853(p) and 970, and the sum of $12,666,191,704.00, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(b)(1), and 21 U.S.C. § 853(p). The Drugs Forfeiture Money Judgment and the Money Laundering Forfeiture Money Judgment (collectively, the "Forfeiture Money Judgments") are concurrent.

2. All payments made by the defendant toward the Forfeiture Money Judgments shall be made by a money order, or a certified or official bank check, payable to the "U.S. Marshals Service," with the criminal docket number noted on the face of the check. The defendant shall cause said check(s) to be delivered by overnight mail to Assistant United States Attorney Brendan G. King, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgments shall be due at the defendant's sentencing (the "Due Date").

3. If the full amount of the Forfeiture Money Judgments are not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p).

4. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgments following the Court's entry of the judgment of conviction.

5. The entry and payment of the Forfeiture Money Judgments are not be considered a payment of a fine, penalty, restitution loss amount, or a payment of any income taxes that may be due, and shall survive bankruptcy.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

7. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

8. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court is directed to send, by interoffice mail, five (5) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: William K. Helwagen, FSA Senior Law Clerk, 271-A Cadman Plaza East, 7th Floor Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         _____, 2019

SO ORDERED:

_____
HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK