UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
            - against -                                  :        **ORDER**
                                                         :
JOAQUIN ARCHIVALDO GUZMAN                                 :        09-cr-0466 (BMC)
LOERA,                                                    :
                                                         :
                                Defendant.                :
-------------------------------------------------------- X

**COGAN**, District Judge.

1.  By order dated June 26, 2019, I directed the Clerk of Court to unseal certain

documents pursuant to the post-trial process of unsealing documents in this case.  After receiving

submissions from the parties, I also made public findings explaining the need to keep sealed

certain documents filed on the docket or that I received in electronic format from the

Government.  By letter dated July 15, 2019, The New York Times (the "NYT") challenged some

of those findings and has requested that I unseal certain documents that I found should remain

sealed in my June 26 order.

2.  The NYT requests that I unseal the exhibits attached to the briefing on what have

been referred to in this case as the "FlexiSpy" and the "Dutch Servers" motions to suppress (and,

with respect to the latter, a portion of the motion that contains an excerpt from one of the sealed

exhibits attached thereto).  The exhibits attached to the Government's opposition to those

motions to suppress were never filed on the docket (because they were so voluminous), but the

Government supplied those exhibits to the Court in electronic format in support of its opposition

brief.

3.  The primary basis for my finding that these documents should remain sealed is

that they were confidential discovery materials that the Government provided to defendant,

which, generally, is not considered public information.  The NYT states that my decision on

sealing was incorrect because "the Second Circuit has made clear that once documents are filed

with a court, they are subject to a right of access – even if they had once been confidential."

That, as a statement of black letter law, is correct.  But this case has involved discovery items of

a different magnitude and character than a regular criminal action.  I agree with the NYT that

attaching these items of discovery to a motion to suppress strengthens the presumption of the

public's right of access to them, but I disagree with the NYT that attaching items of discovery to

a motion to suppress necessarily means that this presumption of access is virtually irrebuttable.

    4.   Regardless, the Government has agreed to unseal the following documents that

the NYT has challenged:  ECF Nos. Nos. 263-2, 263-4, 263-7, 263-8, and 263-9 (certain exhibits

attached to the FlexiSpy motion); ECF No. 264 (the Dutch Servers motion); ECF Nos. 264-2

through 264-13 and 264-15 (certain exhibits attached to the Dutch Servers motion); and Exhibits

A-1, B, B-1, C, C-1, D, D-1, E, E-1, F, G, H, I, J, J-1, K, L, M, N, O, P, Q, R, S-1, T-1, U-1, and

HH (attached to the Government's opposition).  The Clerk of Court is therefore directed to

unseal those documents.[1]

    5.   The Government has also agreed to unseal the following documents with limited

redactions:  ECF Nos. 263-1, 263-3, 263-5, and 263-6 (certain exhibits attached to the FlexiSpy

motion); ECF Nos. 264-1, 264-14, and 264-16 (certain exhibits attached to the Dutch Servers

motion); and Exhibits A, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, and GG-1

(attached to the Governments opposition).  I have received in electronic format and reviewed

---

[1] Due to their volume, the Government has hand delivered to the Court an electronic copy of the identified exhibits attached to its opposition brief (the lettered exhibits), which, as explained above, were never filed on the docket.  To keep the docket intelligible, the Court will continue to refrain from filing these exhibits on the docket, but to the extent any member of the public seeks to view them, that member of the public should contact the Government for access, just as they would for any trial exhibit.  The Government shall provide that member of the public with the unsealed or redacted versions of the documents supplied to the Court in conjunction with its submission.

copies of the Government's proposed redactions to these documents.  I find that the Government's proposed redactions are necessary to protect witness security and safety and are narrowly tailored to achieve that goal.  These documents shall therefore be unsealed in their redacted form.[2]

      6.   In addition, the Government's redaction applied to the public version of their submission in response to the NYT's letter (filed at ECF No. 660) is necessary to protect witness security and is narrowly tailored to achieve that goal.

      7.   Finally, the Clerk of Court is directed to unseal, consistent with my previous unsealing orders, the documents filed at ECF Nos. 600-1, 600-2, 600-3, and 600-4, as well as the document filed at ECF No. 298.

**SO ORDERED.**

_____
                          U.S.D.J.

Dated: Brooklyn, New York
        August 2, 2019

---

[2] The same process described above in footnote 1 shall also apply to these documents.