

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| MPR:ASF | *271 Cadman Plaza East* |
| F. #2009R01065 | *Brooklyn, New York 11201* |

September 26, 2019

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Joaquin Archivaldo Guzman Loera</u>
            <u>Criminal Docket No. 09-466 (BMC) (S-4)</u>

Dear Judge Cogan:

      The government respectfully submits this letter and provides notice to the Court and to the defense of the recent filing of documents relating to government witness Pedro Flores, who testified in the above-styled matter last December.  The government provides this disclosure out of an abundance of caution even though the information would not provide a basis for relief under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

      As this Court is aware from previous filings and the testimony adduced at trial, Pedro Flores was prosecuted in the Northern District of Illinois.  On January 14, 2015, following extensive cooperation over the course of several years, the United States Attorney's Office in that district filed a sentencing motion with the court in Flores' and his twin brother Margarito Flores' case. The motion sought, pursuant to § 5K1.1 of the United States Sentencing Guidelines, a reduction in the Flores brothers' advisory guideline sentencing range from life down to the low end of the agreed-upon sentencing range of 10-16 years' imprisonment.  On January 17, 2015, United States District Judge Ruben Castillo granted the motion, but instead sentenced both brothers to a 14-year prison sentence.

      As the government brought out in direct examination in this case, Flores was testifying because he hoped to receive some sort of additional reduction of the remaining two years of his prison sentence. Dec. 19, 2018, Tr. at 3573-74.  Flores testified that no one promised him that he would receive a reduction, and that in order to be eligible to receive an additional reduction, he would have to testify truthfully.  <u>Id.</u> at 3574.

Following the trial, on March 20, 2019, Assistant United States Attorney Adam Fels submitted a letter to his counterpart in the Northern District of Illinois, summarizing Flores' cooperation in the above-styled matter, explaining its significance and relevance, and recommending that the prosecutors in the Northern District of Illinois file a motion to further reduce Flores' prison sentence. The NDIL prosecutors, taking the position that Flores had already received a significant reduction in contemplation of potential future testimony, including against Guzman-Loera, declined to file a motion for an additional reduction.

On July 31, 2019, Flores' attorney filed a sealed joint motion for leave to file Flores' Pro Se Motion to Compel Rule 35 Motion. Attachment "A."  Attached to this motion was an unsigned, draft pro se motion purportedly prepared by Flores. In the draft motion, Flores claimed that AUSA Fels promised Flores and his counsel in November 2018 that AUSA Fels would make sure that a sentence modification would be filed for both Flores and his brother Margarito. Flores also claimed that he and his attorney repeatedly inquired if a Rule 35(b) motion would be filed for both brothers if Flores agreed to continue to cooperate in the El Chapo case, and that he was assured by the government that such a motion would be filed on their behalf. No such promises were ever made to Flores.

Ultimately, the court in the Northern District of Illinois denied the July 31, 2019 motion for leave to file a pro se motion to compel and on August 21, 2019, Flores' attorney filed a motion to compel on Flores' behalf. Attachment "B." In this motion, Flores' attorney asserted that AUSA Fels advised Flores that upon conclusion of the trial in the above-styled matter, a Rule 35(b) motion "would be pursued" for Flores, requesting a reduction of his sentence in exchange for his trial testimony, and that Flores agreed to undertake the risk of retaliation based upon an "offered reward" of a reduction in his sentence offered by AUSA Fels and AUSA Andrea Goldbarg. Id. at 4-5. Flores' attorney asserted that AUSA Fels advised that upon conclusion of the trial, he would prepare a memorandum directed to the United States Attorney for the Northern District of Illinois directing that a Rule 35(b) motion be filed for the defendant. Id. at 5. These assertions are also incorrect. AUSA Fels explained to Flores prior to trial that, if Flores testified truthfully, a letter would be submitted to the United States Attorney's Office for the Northern District of Illinois summarizing his cooperation in the above-styled matter and recommending that a sentence reduction be filed on Flores' behalf. Prosecutors did not, however, promise that any motion for a reduction would be filed on his behalf, and explained to Flores that the Northern District prosecutors would ultimately make the decision about whether a further reduction would be sought.

On August 27, 2019, Northern District of Illinois Chief Judge Ruben Castillo held a hearing on the motion to compel. Prosecutors for the Northern District of Illinois urged that the motion be denied on a number of grounds, including that the government's initial 5K1.1 motion contemplated that Flores would have to testify in the future in cases that he helped build, including the above-styled matter. The court denied the motion, noting that the sentencing reduction he provided in January 2015 did in fact contemplate future testimony and that Flores had not made the requisite showing of bias or other issue of constitutional dimension sufficient to justify an order compelling the government to file the Rule 35 motion.

The government believes that it is appropriate, out of an abundance of caution, to provide the defense in this matter with these post-trial allegations by Flores that he was promised that a Rule 35 motion would be filed on his behalf. These false allegations by Flores would not support a motion for a new trial in this case. In United States v. Alston, 899 F.3d 135 (2d Cir. 2018), the Second Circuit rejected a convicted defendant's claim that the government's denial of discovery requests regarding post-conviction misconduct by a testifying cooperator justified the grant of a new trial. Noting that the government could not have suppressed information that did not exist until after the trial, and finding no prejudice because the defendant could not have cross-examined the witness about misdeeds he had not yet committed, the Second Circuit concluded that the district court did not err in denying discovery relating to the post-conviction misconduct by the testifying cooperator. Id. at 147-48. Likewise, in United States v. Zane, 507 F.2d 306 (2d Cir. 1974), the Second Circuit affirmed the denial of a new trial motion premised on the submission of forged letters submitted by a testifying cooperator prior to the cooperator's sentencing hearing. In so concluding, the Second Circuit found that the witness's credibility had been explored at trial and therefore the post-conviction misconduct would be both cumulative and impeaching. Id. at 348.

In this case, Flores testified truthfully at trial on direct examination that he was motivated to testify because he hoped to receive some sort of additional reduction of the remaining two years of his prison sentence but that no one had promised him that he would receive a reduction. As in Alston, his false allegation that the government had promised him a Rule 35 motion cannot support a Brady claim because the allegation was made for the first time after the trial. Moreover, Flores' credibility was thoroughly explored both on direct and cross-examination. The jury learned, among other things, that Flores was engaging in drug deals and arranging for the collection of drug debts even after he began cooperating with the government, that he had impregnated his wife while in DEA custody, and that he had lied to the federal government. Flores' post-conviction false allegation of a promised Rule 35 motion thus would provide only cumulative impeachment. See United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007) (newly discovered evidence does not support the granting of a new trial under Fed. R. Crim. P. 33 if it is "merely cumulative or impeaching").

Nevertheless, out of an abundance of caution, the government is disclosing these allegations to the defendant.

Respectfully submitted,

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

ARTHUR G. WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice

OF COUNSEL:

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
Southern District of Florida