IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CR 383 |
| v. ) | |
| ) | Judge Ruben Castillo |
| PEDRO FLORES and ) | |
| MARGARITO FLORES, ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION FOR LEAVE TO FILE DEFENDANT'S *PRO SE*
MOTION TO COMPEL RULE 35 MOTION**

Defendants, **PEDRO FLORES** and **MARGARITO FLORES.**, by and through their attorneys, ▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇▇▇, pursuant to the Due Process and Effective Assistance of Counsel Provisions of the Fifth and Sixth Amendments to the Constitution of the United States, as well as Rule 2 of the Federals Rules of Criminal Procedure, respectfully move this Court for leave to file, supplement and advocate the attached *Pro Se* Motion to Compel the Government to File a Rule 35(b) Motion.

In support of this motion, Counsel, show to the Court the following:

1. Defendant, Pedro Flores, has prepared and forwarded to his counsel a *pro se* pleading entitled "Motion to Compel the Government to File a Rule 35(b) Motion" based upon promises made to him regarding Rule 35 relief in exchange for his testimony against Joaquin Guzman-Loera in his recent and widely publicized trial in cause number 09-CR-466 (BMC), in the United States District Court, Eastern District of New York. Pedro Flores testified as a government witness at the trial in which Guzman was found guilty and recently sentenced to life without parole, plus 30 years. While the pleading is styled in Pedro Flores' name only,

the motion itself seeks the same relief for his twin brother and co-defendant, Margarito Flores, as their plea agreements with the government acknowledge that their cooperation would be treated as mutual. A copy of Pedro's *pro se* pleading is attached hereto as Exhibit A.

2. In that both Defendants do not wish for undersigned counsel to withdraw as attorneys of record, counsel would ask leave to permit this motion to be filed; and to also permit counsel to supplement the pleading and advocate the motion on their behalf. As the Court can see, the *pro se* pleading is mis-captioned and may also need some additional factual and legal development.

3. Undersigned counsel represent to the Court that while the law in this area is by no means crystal clear, Seventh Circuit precedent and the facts recited within the motion provide a good faith basis for defendants' seeking the relief sought.

Respectfully submitted,

██████████████ _____
████████████

██████████████ _____
████████████████████

Attorneys for Defendant.

██████████████████
██████████████████
████████████
██████████
██████████
████████████████

████████████████
████████████████
██████████
████████
██████████
████████████████

2

## CERTIFICATE OF SERVICE

█████████████████████, Attorney at Law, hereby certifies that the foregoing Joint Motion for Leave to File Defendant's *Pro Se* Motion to Compel Rule 35 Motion, was served on July 31, 2019.



# EXHIBIT A

```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

PEDRO FLORES,                    )
   (P.F.)                        )
                                 )
        Movant,                  )
v.                               )
                                 )       Case No. 09 CR 383-10
DEPARTMENT OF JUSTICE;           )
U.S. ATTORNEY'S OFFICE           )
OF THE NDIL,                     )
                                 )
        Respondents.             )
                                 )
```

---

**MOTION TO COMPEL THE GOVERNMENT TO FILE A
RULE 35(b) MOTION**

---

**NOW COMES** Defendant, Pedro Flores, Pro se, respectfully requests for the Court to Order the United States (Government) to uphold its agreement to file the Rule 35(b) motion in Mr. Flore's case. In support of the request please consider the following:

1) By way of the third superseding indictment the defendant, Pedro Flores, was charged with conspiracy to possess with intent to distribute and to distribute controlled substances in violation of Title 21, United Sates Code, Section 846 (Count

One), and conspiracy to import a controlled substance into the United States, in violation of Title 21, United States Code, Section 963(Count Two).

2) By way of a plea agreement, defendant agreed to enter a voluntary plea of guilty to the following count of the superseding indictment: Count one, which charges defendant with conspiring to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, namely 5 kilograms or more mixtures and substances containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, and 1 kilogram or more mixtures and substances containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United Sates Code, Section 841(a)(1); all in violation of Title 21, United States Code 846.

3) On January 27, 2015, defendant was sentenced to a period of 14 years imprisonment, by the Honorable Chief Judge Ruben Castillo, in the United Sates District Court for the Northern District of Illinois Eastern Division.

4) The Judge imposed a term of incarceration in the middle of the agreed upon range of 10 to 16 years that both parties agreed too, in the plea agreement.

5) According to the conditions in the plea agreement that both parties agreed too, defendant agreed to the postponement of his sentencing until after the conclusion of his cooperation with representatives in the Unites States Attorney's Office for the Northern District of Illinois. And since he had fulfilled his obligation of the cooperation aspect in his plea, (Please see Attachment A - Plea Agreement - Pg.15 - Captioned: **"COOPERATION"; "Defendant agrees to the postponement of his sentencing until <u>after</u> the <u>conclusion</u> of his <u>cooperation</u>."**)(See also paragraph 3 above) any further cooperative efforts **post-sentencing**, i.e., his substantial assistance, cooperation, and trial testimony in, <u>**United States v. Joaquin Archivaldo Guzman Loera A.K.A "EL CHAPO"**</u>, 09-cr-0466(BMC), would fall outside the scope of his plea agreement and outside the Northern District of Illinois. It is important to note that defendant has continued to satisfy **ALL** other aspects of his plea agreement.

6) After defendant's sentencing, notorious drug lord and the leader of the Sinaloa Cartel, Joaquin "El Chapo" Guzman Loera,

escaped from Mexican custody in July 2015. Months later, On January 8, 2016, El Chapo Guzman was recaptured by Mexican authorities. Fearing that El Chapo could possibly escape again or somehow avoid prosecution in Mexico, the United States sought to extradite El Chapo Guzman to the United States. The government (DOJ)(Northern District of Illinois) contacted the defendant, through counsel, and asked for his continuing assistance in their efforts to extradite El Chapo Guzman. The defendant, still obligated by his plea agreement, at this point, agreed. And sometime in 2016 he signed an "Extradition Declaration" for the government. (His twin brother Margarito Flores also signed an Extradition Declaration for the government around the same time). Shortly after, in January 2017, El Chapo was extradited to the United States.

7) Immediately after el Chapo was extradited and arraigned in January 2017, the government began to prepare to take El Chapo Guzman to trail. The government (DOJ)(Eastern District of New York) called upon defendant for his assistance to help in the protection of El Chapo.

8) Because any further cooperative efforts **post-sentencing** would fall outside the terms of defendants plea agreement, (Please see

Attachment A enclosed) both defendants and his counsel inquired if a Rule 35(b) motion would be filed on his(and his twin bother Margarito Flores) behalf if he agreed to continue to cooperate in the El Chapo case. Citing a concern that his twin brother was not given any consideration for a sentence modification after providing post-sentencing substantial assistance in another high profile cartel case.**(United States v. Beltran Leyva)** outside the Northern District of Illinois and outside the scope of their agreed upon plea agreement with the Northern District of Illinois. Defendant and his counsel were assured by the government, that at the conclusion of his cooperative efforts in the El Chapo Guzman case, providing that his cooperation was substantial, then a Motion to reduce (Rule 35(b)) "their" sentence, **would** be filed on "their behalf. As in the government' dealings with the Flores twins, they (government) have always considered their cooperative effort as one in the same.

    Defendant and his counsel satisfied that any cooperation with the government from this point on, would be considered in a Rule 35(b) motion, satisfied with the government's reply and feeling that the government would act in "good faith" when the time was right, continued his cooperation with the government in the case against El Chapo.

9) Between 2017 and the trial in 2018, the defendant sat with prosecutors and other officials from the U.S. Department of Justice that were involved in the cased against El Chapo, many times to debrief, collaborate, provide complete, accurate, and what would eventually be considered by the government: reliable information.

10) It is important to note that during one of the debriefing sessions specifically in November 2018, both defendant and counsel wanting to be on the same "page" as the government, again inquired whether a Rule 35(b) motion would be filed on "their" (Pedro and Margarito Flores) behalf, at the conclusion of the El Chapo case, Defendant and counsel, Attorney ████ ████, were assured by Special Prosecutor AUSA Adam Fels, acting as co-counsel for the U.S. Department of Justice in connection with the El Chapo Guzman case, replied to the inquiry: **"I feel you deserve to get out. I am going to make sure a sentence modification gets filed."** The statement from Assistance United States Attorney Adam Fels, reassured the defendant and led him to providing trial testimony, at great peril to his life and the lives of his family, in the trial of El Chapo Guzman. Where eventually El Chapo Guzman would be found

guilty in party to the testimony defendant provided for the government's case in the chief.

After the conviction of El Chapo Guzman , sometime in April 2019, the Eastern District of New York informed the Northern District of Illinois of its intention of filing a Rule 35(b) Motion on behalf of the Flores brothers, for the substantial assistance provided in the prosecution of El Chapo Guzman.

On May 24, 2019, counsel for both Pedro and Margarito Flores, had a meeting with the Untied Staes Attorney's Office in the Northern District of Illinois, to discuss the Rule 35(b) Motion recommended by the Eastern District of New York. Counsel(s) were informed that it was the decision of the United States Attorney John Lausch of the Northern District of Illinois, that **NO** Rule 35(b) Motion was going to be filed on behalf of the Flores brothers, not withstanding the good faith and now legally binding agreement made to defendant and counsel from representatives of the U.S. Department of Justice, during the following his substantial assistance and cooperative efforts in the El Chapo Case.

11) When a defendant has substantially assisted the United States government, the government has "the power, not duty," to file such a motion.(Rule 35(b)) **Wade v. United States**, 504 U.S.

181, 185, 112 S.Ct. 1840, 118 L.Ed. 2d 524 (1992). In the absence of a government motion, "[a] sentencing court ordinarily cannot grant a downward departure for substantial assistance." Simply, the government possesses a great deal of discretion as to whether to file a Rule 35(b) motion, similar to its "broad discretion" as to whom to prosecute. See **Wayte v. United States**, 470 U.S. 598, 607, 105, S. Ct. 1524. 84 L.Ed. 2d 54; **United States v. Goodwin**, 457 U.S. 368, 380, n. 11, S. Ct. 2485, 73 L.ED. 2d 74 (1982).

However, federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion if they find that a refusal was based on an unconstitutional motive, arbitrariness, or was made in bad faith. **Wade**, 504 U.S. at 185-86. Rather, a defendant must make a "substantial threshold showing" by stating a claim supported by "evidence that the Government refused to file a motion for suspect reasons…"

12) Defendant's Motion to Compel the government is centered on: DOJ counsel AUSA Adam Fels and others, **could** and **did bind** the Northern District of Illinois to the agreement to file a Rule 35(b) motion on his behalf after it was determined that he provided substantial assistance in, **United States v. Joaquin**

**Archivaldo Guzman Loera A.K.A. "EL CHAPO"**, 09-cr-0466(BMC) and by not upholding that end of the agreement the United States Attorney in the Northern District of Illinois has acted in "bad faith" - in the least. A violations of the "bad faith prong in the **Wade** exceptions.

13) Defendant's claim that DOJ counsel AUSA Adam Fels and other representatives of the government has obligated the government to file the Rule 35(b) Motion by inducing his cooperation through the agreement of a reduced sentence by "bargaining away" its discretionary powers and by binding the government, is not a novel one.

Rule 35(b) authorizes a district court to reduce a defendant's sentence to reward him for his substantial assistance only "[u]pon the government's motion." Fed. R. Crim. P. 35(b). **Normally**, the decision to file a Rule 35(b) motion rests entirely in the prosecutor's discretion, and a district court would not be empowered, based on Rule 35(b) alone, to grant a Rule 35(b) motion brought by the defendant.

Nevertheless, there are enforceable limitations to a prosecutor's discretion, including when it has been bargain away in a plea agreement or any oral agreement. See **Santobello v. New York**, 404 U.S. 257, 282, 92, S. Ct. 495, 30 L.Ed. 2d 427 (1977),

"When a plea rests in significant degree on a promise must be fulfilled."; see also **United States V. Lezine**, 166 F.3d 895,903 (7th Cir. 1999); **United v. Smith**, 953 F.2d 1060, 1065-66 (7th Cir. 1992). And as the U.S. Supreme Court explained in Wade, "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to **grant** a remedy if they find that the refusal was base…on bad faith." Id. at 185-86. While **Wade** involved a prosecutor's refusal to file a U.S.S.G § 5K1.1 motion at sentencing, the 7th Circuit and its sister Circuits have treated § 5K1.1 and Rule 35(b) alike. See **United Sates v. Doe**, 940 F.2d 199, 203 n.7 (7th Cir. 1991) (citing cases); **United States v. Moran**, 325 F.3d 790, 793 (6th Cir. 2003); **United States v. Marks**, 244 F.3d 971 n. 1 (8th Cir. 2001); **United States v. Gangi**, 45 F.3d 28, 30-31 (2nd Cir. 1995). The 7th Circuit has applied **Wade** to review a district courts denial of a motion to compel a Rule 35(b)motion.  See **United States v. Wilson**, 309 F.3d 1003 (7th Cir. 2004); **United Sates v. McDowell**, 149 Fed. Appx. 508; 2005 U.S. App. LEXIS 20702 (7th Cir. 2005); see aso **Lezine** infra; also **Marks**.

---

**1**. The government, for example can reserve for itself the question whether a defendant's assistance has been substantial; that is the norm. (That is not the claim here, as evident by the Eastern District of New York when it **did** in fact recommend a Rule 35(b) motion based on substantial assistance provided by the defendant) But, the government can also "bargain away" its discretion. (That is the claim herein.)

14) Recently in U**nited Sates v. Hughes**, 2018 U.S. Dist. LEXIS 80962, Case No. 1:02-CR-5370-AWI, although not binding upon the court, it is highly instructive to the case herein. In **Hughes**, the Petitioner, while imprisoned at FCI Victorville, in the Central District of California, Petitioner and another prisoner witnessed a "gang-related assault of another inmate." See DOC. No. 104 (the "Mandamus Writ"), at p.1. John Rayburn, AUSA for the Central District of California, sought Petitioner's assistance in the government's case against the assailants, requesting that Petitioner testify before a grand jury and, if necessary, at trial. Id. Petitioner agreed to assist, and inquired as to whether his current sentence could be reduced in exchange. Id. AUSA Rayburn allegedly responded that while the conversation "was not appropriate [sic] at the time [,] once the case was finished, a motion for a reduced sentenced would be filed on [Petitioner's] behalf in [his] sentencing District Court." Id. at p.2.

Petitioner was placed in the Witness Protection Program. He was contacted by a different AUSA working on the case. (AUSA Bhenki) also from the Central District of California, to discuss Petitioner's testimony for the case. Again, Petitioner asked AUSA Bhenki about a sentence reduction, and Bhenki allegedly responded he, "was not authorized to discuss the matter while

the case was still ongoing, but that as long as [Petitioner] remained truthful and in compliance with the government, he had no objection to filing a Rule 35(b) motion on [Petitioner's] behalf."

After the case against the assailants concluded, AUSA Bhenki contacted the AUSA for the Eastern District who handled Petitioner's original case, to inform them, the government would be submitting a Rule 35(b) motion on Petitioner's behalf due to Petitioner's substantial assistance in the assault case, and requested the AUSA in that District to file that motion with the court. The AUSA for the Eastern District refused to file the Rule 35(b) motion. The AUSA Bhenki then told Petitioner that he had "no reason to be discouraged and that the Government would do it's [sic] part and get the Rule 35(b) motion filed to {Petitioner's} District Judge. However, no further action was taken by any other involved member of the government. Petitioner eventually filed a Motion to Compel the Government to file a substantial assistance motion under Rule 35(b).

The court in **Hughes** went on to rule that Petitioner has made a "substantial threshold showing" that AUSAs Rayburn and Bhenki may have bound the government into filing the Rule 35(b) motion on Petitioner's behalf. And ordered that an evidentiary

hearing be held to address the factual bases for Petitioner's allegations. See **Hughes**, **Wade**, **McDowell**, **Wilson**, **infra**.

15) Similarly, as in the cases cited above, defendant claims that, the United States Department of Justice, the Eastern District of New York and other representatives of the United Sates, sought his assistance post-sentencing, in a case the United States (government) was prosecuting. **United States v. Joaquin Archivaldo Guzman Loera A.K.A "EL CHAPO")** Defendant asked DOJ representatives about filing a Rule 35(b) motion on his behalf, and was assured that the government **would** uphold its end of the agreement at the conclusion of the case. Furthermore, defendant claims that DOJ counsel AUSA Adam Fels has "obligated" the government to file the Rule 35(b) motion by inducing his cooperation through the agreement of a sentence modification.

16) To the extent defendant claims that DOJ counsel AUSA Fels could bind the Northern District of Illinois, 7th Circuit precedent and the plain language of Rule 35(b) support this concept. See Rule 35(b) (1)(stating in plain language that a court may reduce a sentence "[u]pon the government's motion[,]"- as the Rule fails to differentiate between governments lawyers of different districts, and as DOJ counsel AUSA Fels is "the

government," nothing in the Rule appears to preclude him from making such agreements.

17) To be sure that AUSA Adam Fels and representatives of the United States had "bargained away" the government's "discretionary powers" under the terms of the agreement, this of course includes any **oral** agreement entered into by the government, since "[t]he terms of an oral plea agreement are enforceable, as are those of any contracts…" **Brown v. Poole**, 337 F.3d 1155, 1159 (9th Cir. 2003); See also **United States v. De La Fuente**, 8 F.3d 1333, 1335 (9th Cir. 1993) at 137 ("[p]lea agreements are contractual in nature and are measured by contract law standards."); see **United States v. Martinez**, 1995 U.S. Dist. LEXIS 6033, at *16-17 (C.D.CAL., Mar.30, 1995) (holding that, in a case where an out-of-district AUSA promised a Rule 35(b) motion would be filed in exchange for the defendant's substantial assistance, specific performance would be ordered due to "the government reneging on an agreement for downward departure[.]")

## CONCLUSION

WHEREFORE, Mr. Flores has met the "substantial threshold showing" that a sentence reduction may be appropriate in this case and that the NDIL is bound to file a sentence modification

motion, that the NDIL has not acted in good faith, has no legitimate government purpose for their refusal, which in turn, constitutes judicial review in this case. (Please see Memorandum In Support for full argument on the issues).

    Movant, respectfully requests that the court grant the relief requested herein, or any other, further order this Honorable Court may deem just and proper.

Dated: July 19, 2019

                                    Respectfully submitted,

                                    _____

                                    Movant Pedro Flores
                                    <u>Pro</u> <u>se</u>