

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:MPR
F. #2009R01065

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 15, 2019

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Joaquin Archivaldo Guzman Loera
                  Criminal Docket No. 09-466 (S-4) (BMC)

Dear Judge Cogan:

        The government respectfully submits this letter regarding the restitution claim for Andrea Fernandez Velez, one of the victims of the defendant's murder conspiracy charged to the jury as Violation 27 of Count One of the Fourth Superseding Indictment ("Indictment"). In its sentencing submission, the government indicated that Fernandez Velez intended to seek restitution. <u>See</u> Dkt. No. 648 at 3-4.  The government, however, has reviewed the restitution statutes in light of the Supreme Court's decision in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), and it does not believe that the Court should order restitution in this matter.[1]

I.     <u>Background</u>

        At trial in the above-captioned matter, Alexander Cifuentes Villa testified that Fernandez Velez worked for him and the defendant as part of the Sinaloa Cartel.  <u>See</u> Tr. at 5077.  She performed a variety of tasks, including delivering drug money and assisting in efforts to obtain narcotics.  <u>See</u> Tr. at 5077, 5118.  Cifuentes Villa testified that, in approximately 2013, the defendant and Cifuentes Villa ordered Fernandez Velez killed, when she failed to arrange a $10 million bribe to a corrupt general, as the defendant had ordered. <u>See</u> Tr. at 5185-87.

---

[1] The government has informed Fernandez Velez and her attorney of its revised position in light of <u>Sessions</u>.

FBI Special Agent Steven Marston testified that Fernandez Velez proactively cooperated with the government against the Sinaloa Cartel from September 2012 through 2014. During that time period, the FBI instructed her to work in foreign locations, and she provided the FBI with voluminous recorded communications. See Tr. at 4612-13. As a result of the defendant's efforts to kill Fernandez Velez, she was relocated from Mexico to Canada and later to the United States. On November 13, 2013, in connection with her crimes committed with the defendant and Cifuentes Villa, Fernandez Velez pleaded guilty pursuant to a cooperation agreement in the Southern District of New York to an indictment charging her with conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 963 and 959.

On February 12, 2019, the jury in this case found the defendant guilty on all counts of the Indictment. Count One of the Indictment charged the defendant with operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a)-(c). Violation 27 of Count One charged the defendant with conspiring to kill Fernandez Velez as part of the murder conspiracy in violation of 21 U.S.C. § 848(e). The jury specifically found that the government proved Violation 27.

II.     The Court Should Not Order Restitution Here

    A.     The Mandatory Victim Restitution Act Does Not Apply

The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A ("MVRA"), provides that restitution is mandatory for a victim of a "crime of violence" as defined in 18 U.S.C. § 16. 18 U.S.C. § 3663A(c)(1)(A)(i). The definition of a "crime of violence" in § 16 contains (a) the elements clause and (b) the substantial risk clause. See United States v. Doe, 49 F.3d 859, 866-67 (2d Cir. 1995). Under the elements clause, a crime of violence means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Under the substantial risk clause, or residual clause, a crime of violence means "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

Prior to Sessions, conspiracy to commit murder would have been considered a "crime of violence" pursuant to the § 16 substantial risk clause. See United States v. Barrett, 903 F.3d 166, 175 (2d Cir. 2018) (recognizing that conspiracy to commit crime of violence has long been held to be crime of violence itself because it poses a substantial risk of violence). However, in Sessions, the Supreme Court held that the § 16 substantial risk clause was unconstitutionally void for vagueness, derivatively narrowing the definition of "crimes of violence" under the MVRA.[2] See 138 S.Ct. at 1210.

---

[2] The Sessions case stems from litigation resulting from the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), which held that a similar

2

Accordingly, because the Supreme Court has invalidated the substantial risk clause of § 16, it does not apply to the murder conspiracy charged under § 848(e) in Count One. Nor does the murder conspiracy satisfy § 16's elements clause, as it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16. Fernandez Velez thus is not eligible for restitution under the MVRA as a victim of the defendant's murder conspiracy.

      B.      <u>The Victim and Witness Protection Act Does Not Apply</u>

The Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. 3663, also does not apply here. Although that statute authorizes the Court to order restitution for victims of an offense under 21 U.S.C. § 848(a), it states "in no case shall a participant in an offense under such sections be considered a victim of such offense." 18 U.S.C. § 3663; <u>see</u> <u>United States v. Block</u>, No. 16-CR-595 (JPO), 2018 WL 722854, at *2 (S.D.N.Y. Feb. 6, 2018) ("[C]oconspirators cannot be 'victims' under the restitution statutes." (citing <u>United States v. Reifler</u>, 446 F.3d 65, 127 (2d Cir. 2006)).

Here, the conspiracy to which Fernandez Velez pleaded guilty was the same conspiracy that constituted the lesser included offense of the CCE charged in Count One. <u>See</u> Dkt. No. 648 at 4-5. As such, she was a participant in that offense, and she is not eligible for restitution under § 848(a).

---

substantial risk clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally void for vagueness.

3

III.	Conclusion

        For the foregoing reasons, the Court should not order restitution for Fernandez Velez in this case.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        UNITED STATES ATTORNEY
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201

        ARTHUR G. WYATT, CHIEF
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice

        OF COUNSEL:
        BENJAMIN J. GREENBERG
        UNITED STATES ATTORNEY
        Southern District of Florida

cc:	Clerk of the Court (BMC) (by ECF)
    Defense Counsel (by Email)
    Counsel for Andrea Fernandez Velez (by Email)