```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   --------------------------------x
                                          09 CR 466(BMC)
 3   UNITED STATES OF AMERICA
                                          United States Courthouse
 4        versus                          Brooklyn, New York

 5   JOAQUÍN ARCHIVALDO GUZMÁN LOERA,
                                          February 6, 2019
 6                Defendant.              9:30 a. m.
     --------------------------------x
 7
              TRANSCRIPT OF CRIMINAL CAUSE FOR JURY TRIAL
 8               BEFORE THE HONORABLE BRIAN M. COGAN
                    UNITED STATES DISTRICT JUDGE
 9

10                         APPEARANCES

11

12   For the Government:   UNITED STATES ATTORNEY'S OFFICE
                           Eastern District of New York
13                         271 Cadman Plaza East
                           Brooklyn, New York 11201
14                         BY:  GINA M. PARLOVECCHIO, AUSA
                           ANDREA GOLDBARG, AUSA
15                         MICHAEL ROBOTTI, AUSA

16                         UNITED STATES ATTORNEY'S OFFICE
                           Southern District of Florida
17                         99 NE 4th Street
                           Miami, Florida 33132
18                         BY:  ADAM S. FELS, AUSA

19                         DEPARTMENT OF JUSTICE
                           Criminal Division
20                         Narcotic and Dangerous Drug Section
                           145 N. Street N.E. Suite 300
21                         Washington, D.C. 20530
                           BY:  ANTHONY NARDOZZI, ESQ.
22                                AMANDA LISKAMM, ESQ.

23   For the Defendant:    BALAREZO LAW
                           400 Seventh Street, NW
24                         Washington, D.C. 20004
                           BY:  A. EDUARDO BALAREZO, ESQ.
25
```

Lisa Schmid, CCR, RMR
Official Court Reporter

```
 1                    (CONTINUED APPEARANCES)

 2    For the Defendant:

 3    LAW OFFICES OF JEFFREY LICHTMAN
      11 East 44th Street, Suite 501
 4    New York, New York 10017
      BY:  JEFFREY H. LICHTMAN, ESQ.
 5    PAUL R. TOWNSEND, ESQ.

 6    LAW OFFICE OF PURPURA & PURPURA
      8 E. Mulberry Street
 7    Baltimore, Maryland 21202
      BY:  WILLIAM B. PURPURA, ESQ.
 8
      LAW OFFICES OF MICHAEL LAMBERT, ESQ.
 9    369 Lexington Avenue, PMB #229
      New York, New York 10017
10    BY:  MARIEL COLON MIRO, ESQ.

11

12

13

14

15

16

17

18

19

20

21    Reported by:

22    LISA SCHMID, CCR, RMR
      OFFICIAL COURT REPORTER
23    225 Cadman Plaza East, Room N377
      Brooklyn, New York 11201
24
      Proceedings recorded by mechanical stenography.  Transcript
25    produced by computer-aided transcription.
```

7076
PROCEEDINGS

1   (In open court, outside the presence of the jury at 3:15 p. m.)

2   THE CLERK:  All rise.

3   THE COURT:  Everybody be seated, please.

4   Note number 10, Court Exhibit 10, from the jury is two
5   parts.  The first part is, "Can we please get a copy of the
6   testimonies of Rey Zambada and Damaso Lopez and Vicente
7   Zambada?"  I'll leave it to the parties to put all that
8   together.

9   The second part of that question is -- second part of
10  the note is, "If members of a drug cartel are killed from an
11  opposing cartel for personal reasons, does that constitute as a
12  drug trafficking crime?"

13  The defense can go first on this one.

14  MR. PURPURA:  A simple no.

15  THE COURT:  Okay.

16  MR. PURPURA:  No, it doesn't.  If you have the same
17  thing here.  You had a conspiracy in New York and trafficking
18  drugs and someone kills someone because they're having an
19  affair with their wife, then it's not part of the conspiracy.
20  And that's their question.

21  MS. PARLOVECCHIO:  With the hypothetical that Mr.
22  Purpura proposed, if someone called killed somebody else
23  because of, you know, a girlfriend --

24  THE COURT:  Personal reasons.

25  MS. PARLOVECCHIO:  Personal reasons, but I don't

Lisa Schmid, CCR, RMR
Official Court Reporter

1    know -- could we get more information on personal reasons?

2                THE COURT:  Personal reasons.

3                The way I propose to answer it is to say, "If members

4    of a drug cartel are killed by an opposing cartel for wholly

5    personal reasons, that does not constitute a drug trafficking

6    crime."

7                MS. PARLOVECCHIO:  (Nods head affirmatively.)

8    Purchase.

9                MR. PURPURA:  That's acceptable.  I think that's

10   appropriate.

11               THE COURT:  Let's have them in, please.

12               Oh, I should mention that the second note is, "Can we

13   leave at 4:15?"

14               MR. BALAREZO:  3:30, Your Honor.

15               MS. PARLOVECCHIO:  Your Honor, could we say wholly

16   personal reasons unrelated to drug tracking?  So if that was

17   the only reason --

18               THE COURT:  Yes.

19               MR. LICHTMAN:  That's redundant.

20               THE COURT:  It's a little redundant, but it doesn't

21   hurt.

22               MR. PURPURA:  We could simply say, "For reasons

23   unrelated to drug trafficking do not constitute" --

24               THE COURT:  I'm going to use more words instead of

25   less to make sure everything is covered.

1          (Jury enters.)

2          THE COURT:  All right.  Everyone be seated.

3          Hello, ladies and gentlemen.

4          We have your two notes, the first in two parts saying,

5   "Can we please get a copy of the testimonies of Rey Zambada and

6   Damaso Lopez and Vicente Zambada?"

7          And the answer is, yes, you can.  We'll get that to

8   you, and note again that you've asked for the whole testimony,

9   so it's going to take a little time to put that together, but

10  we will do that for you.

11         The second part of your question says, "If members of

12  a drug cartel are killed from an opposing cartel for personal

13  reasons, does that constitute as a drug trafficking crime?"

14         And the answer to that, ladies and gentlemen, is if

15  members of a drug cartel are killed by an opposing cartel for

16  wholly personal reasons not related to drug trafficking, then

17  that does not constitute a drug trafficking crime.

18         And we have your second note which says, "Can we

19  please leave at 4:15?"  The answer to that, again, is yes.

20         I will remind you of the admonition that you'll

21  operate under now, so that I don't have to call you back in

22  here at 4:15.  The marshals will just come and get you.

23         But please, remember stay away from any media

24  coverage.  Do not do any research on the case.  Do not talk to

25  anybody about the case.  Once you leave that jury room, do not

1 even talk to each other about that case, not in, you know, when
2 you're coming together, when you're separating.  You can't
3 discuss it at all until all 12 of you are back in that room
4 tomorrow.  When the twelfth person walks in, then you can start
5 deliberating again.
6          Ms. Clarke also mentioned to me that you thought you
7 might have a problem deliberating Friday.  Is that right?  Is
8 that the consensus?
9          JUROR NUMBER ONE:  For me.
10          THE COURT:  Okay.  I'm going to check with you again.
11 Things may not change, but if you really can't deliberate on
12 Friday, all of you, then we won't, but I would like you to try
13 to clear that day if you possibly can, but if you can't, I
14 understand.  That's not what we had in advance.
15          Okay.  Have a good evening.  Obviously, if between now
16 and 4:15, you have more notes you want to send, feel free to do
17 that.
18          (Jury exits.)
19          THE COURT:  Okay.  We're in recess.
20          (Recess.)
21     (Trial adjourned to February 7, 2019, at 9:30 a. m.)
22
23
24
25

Lisa Schmid, CCR, RMR
Official Court Reporter

INDEX

Court Exhibit 10 7077

Lisa Schmid, CCR, RMR
Official Court Reporter