C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
  UNITED STATES OF AMERICA       :
                                                 :
                                               :    **MEMORANDUM DECISION**
                - against -              :    **AND ORDER**
                                               :
                                             :    09-cr-466 (BMC)
  JOAQUIN ARCHIVALDO GUZMAN LOERA,  :
                                             :
                    Defendant.      :
----------------------------------------------------------------X

**COGAN**, District Judge.

      This case is before the Court on a *pro se* letter from defendant seeking modifications of the conditions of his confinement in Florence, Colorado, so as to permit more contact with his attorney. As shown below, this is not the proper court from which to request such relief, and, in any event, since defendant has a newly-appointed attorney in this case, defendant may not seek such relief *pro se* in this Court.

      Defendant's conviction was affirmed by the Second Circuit on March 9, 2022 (mandate). This Court denied his first habeas corpus petition on December 26, 2023, and he did not appeal. The Second Circuit denied leave to file a second habeas corpus petition on January 10, 2025 (mandate).

      On July 1, 2025, this Court granted the motion of attorney Israel Jose Encinosa to appear *pro hac vice* on behalf of defendant in this case.

      On or about July 15, 2025, defendant, appearing *pro se*, filed the letter that is the subject of this Order (translated at [770]). The letter asserts that this Court had "authorized Enciosa to visit me, speak with me by phone and write to me. However, his telephone calls haven't been permitted yet; the attorney wrote me a letter several weeks ago, but I haven't received the

2

letters that attorney Encinosa wrote. The attorney has been fighting for 10 months for authorization for visits [and] telephone call(s)." Defendant asks that the Court "authorize attorney Encinosa his petition to the Government to have them authorize attorney Encinosa's visit to me" [as translated].

There are at least two reasons why this Court cannot intervene to provide the relief defendant requests.

First, although the Court authorized Attorney Encinosa to file papers in this action by granting his motion to appear *pro hac vice*, and that necessarily implies that there will be some level of contact between attorney and client, the particular conditions and terms of contact are within the control of the Bureau of Prisons. As this Court has advised defendant previously, if defendant is being deprived of his constitutional rights, including his right to counsel, he must petition for relief in the federal court for the District of Colorado, where he is confined, after he has exhausted his administrative remedies with the Bureau of Prisons under 28 U.S.C. § 2241. See Adelanwu v. United States, No. 11-cv-869, 2011 WL 744528 (E.D.N.Y. Feb. 23, 2011) ("Section 2241 petitions . . . must be filed in the district where the petitioner is confined.") (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)).

Second, with counsel having been authorized by the Court to appear, the Court declines to consider defendant's *pro se* request for relief. Any relief he seeks must be through the attorney who has appeared on his behalf. See United States v. Rivernider, 828 F.3d 91, 108 (2d Cir. 2016) ("A defendant has a right either to counsel or to proceed *pro se* . . . but has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip

2

into *pro se* mode for selected presentations." (citing, Faretta v. California, 422 U.S. 806, 834 (1975); Clark v. Perez, 510 F.3d 382, 395 (2d Cir. 2008) (footnote omitted)).[1]

The Court could transfer defendant's letter to the District of Colorado but since it is not clear if he is actually seeking relief under § 2241, there is no suggestion of exhaustion, and Attorney Encinosa may wish to consider the appropriate manner to pursue defendant's request for relief, defendant's request is denied without prejudice to renewal through counsel in the appropriate forum.

Attorney Encinosa will receive notice of this Order through electronic filing as counsel of record. As a courtesy, the Court also directs the Clerk to mail a copy to defendant at his place of incarceration as reflected in the Bureau of Prisons website. However, in the future, communications from this Court will be provided only to Attorney Encinosa so long as he remains counsel of record for defendant.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
August 7, 2025

---

[1] In fact, the docket shows that a number of previously retained attorneys still appear as counsel of record for defendant: Marc A. Fernich, Jeffrey Lichtman, Mariel Colon Miro, Michael Leigh Lambert, Paul R. Townsend, Rebecca Miriam Heinegg, and William B Purpura. All of these attorneys represented defendant either at trial, on direct appeal, or in his first habeas proceeding. At least one was the subject of defendant's claims of ineffective assistance of counsel in his habeas proceedings. To avoid confusion on the docket, the Court will assume that their representation of defendant has terminated and amend the docket to reflect that if it does not hear to the contrary from each of them within 20 days.